JUDGE HO

25 CV 02132

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JOHN DOE,                                    | Case No.
                                             |
           Plaintiff,                        |
   v.                                        |           U.S. DISTRICT COURT
                                             |                FILED
COLUMBIA UNIVERSITY,                         |
                                             |             MAR 1 4 2025
           Defendant.                        |
                                             |          SOUTHERN DISTRICT OF
-----------------------------------------------------------x         NEW YORK

**PLAINTIFF'S MEMORANDUM OF LAW IN
IN SUPPORT OF PLAINTIFF'S APPLICATION TO GIVE
PSEUDONYM PROTECTION TO PLAINTIFF, THE UNIVERSITY
FEMALE COMPLAINANT, AND A NON-PARTY STUDENT
WITNESS IN THE UNIVERSITY PROCEEDING**

JOHN DOE
PO Box #250050
New York, New York 10025
(917) 450-9050
johndoe.casemail@gmail.com
Plaintiff, Pro Se

1

## INTRODUCTION

Plaintiff John Doe submits this Memorandum of Law supporting an Order giving pseudonym treatment to Plaintiff as "John Doe", to the female complainant in the university disciplinary proceedings as "Jane Roe," *and* to the non-party student witness in the university disciplinary proceeding as "Mack Roe" and supporting a Protective Order against revealing the names of Plaintiff "John Doe", the female complainant, "Jane Roe" and the non-party witness "Mack Roe". The accompanying Declaration of John Doe is also submitted in support of Plaintiff's motion.

Pseudonym treatment should be given because: (1) "the litigation involves matters that are highly sensitive and of a personal nature"; (3) Plaintiff has received death threats if he pursues litigation in this matter, (4) the Defendant is not prejudiced by allowing Plaintiff to press his claims anonymously; (5) Plaintiff's "identity has thus far been kept confidential"; (6) the public's interest in the litigation is not furthered by requiring Plaintiff to disclose his identity; and (7) there is no alternative workable mechanism to protect confidentiality. *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 189-190 (2d Cir. 2008).

## THE PLEADED FACTS

The pleaded facts in the Complaint provides the pertinent facts for the consideration of the motion. Plaintiff was a senior at Columbia University with a stellar and unblemished academic and disciplinary record when he was falsely accused of sexual misconduct and subjected to a protracted university disciplinary proceeding that spanned over two years in length. Despite the lack of credible evidence against him, and despite Columbia's own concessions that there was insufficient evidence to substantiate the charge against John Doe, Columbia found Plaintiff responsible and imposed severe sanctions, including a lengthy suspension, termination from university employment, dismissal from his scholarship program, and eviction from his student apartment.

Plaintiff's case involves claims under Title IX, alleging that Columbia's investigation and adjudication were tainted by gender bias and procedural deficiencies. Plaintiff has suffered significant reputational harm, emotional distress, and loss of educational and professional opportunities as a result of Columbia's actions. Additionally, Plaintiff has received multiple death threats from non-parties to this action warning him against pursuing litigation in this matter, increasing the risks associated with public identification.

Moreover, Plaintiff's identity has already been publicly disclosed in multiple university publications in relation to his academic and professional achievements and awards, exacerbating the risk of harm and making pseudonym protection even more necessary. The university female complainant and the non-party witness may also be at risk of reputational harm, harassment, or retaliation by non-parties to this action if their identities are disclosed. Given the sensitive nature of these claims and the potential for further harm, Plaintiff seeks to protect their identities from public disclosure as well.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 10(a) generally requires that the names of all parties appear in a complaint. However, courts have recognized exceptions to this rule where anonymity is necessary to protect a party's privacy and where the interest in confidentiality outweighs the presumption of open judicial proceedings. See *Sealed Plaintiff*, 537 F.3d at 189-90.

The Second Circuit has established a non-exhaustive list of factors to determine whether a plaintiff should be permitted to proceed pseudonymously. These factors include: (1) whether the litigation involves highly sensitive and personal matters; (2) the risk of harm from disclosure; (3) whether the defendant would suffer prejudice; (4) whether the plaintiff has maintained confidentiality; (5) the risk of retaliatory harm; (6) direct threats of violence; (7) whether non-party individuals face

harm from disclosure; (8) whether the plaintiff's identity has already been made public; and (9) the public interest in disclosure.

## ARGUMENT

Applicable to this case, the factors recognized by the Second Circuit in *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 189-190 (2d Cir. 2008), and by this Court (SDNY ECF Doc. No. 5) clearly call for giving pseudonym treatment to Plaintiff and to the university female complainant, and to the non-party witness in the university disciplinary proceeding as the courts have routinely permitted plaintiffs alleging similar claims against colleges and universities and specifically against *Columbia* to proceed with pseudonyms *see e.g. Doe v. Columbia Univ.*, 831 F.3d 46 (2d Cir. 2016)

## CONCLUSION

For the reasons stated above, the Court should issue an Order giving pseudonym treatment to Plaintiff as "John Doe", to the female complainant in the university disciplinary proceedings as "Jane Roe," and to the non-party witness as "Mack Roe" and a Protective Order against revealing the names of Plaintiff "John Doe" the female complainant, "Jane Roe" and the non-party witness "Mack Roe" in the university disciplinary proceedings, and such further and other relief as the Court deems just and proper.

I declare under the penalty of perjury that the foregoing is true and correct, pursuant to Title 28, United States Code, Section 1746.

**Dated: March 14, 2025**

**Respectfully Submitted,**
**JOHN DOE**
**By:** */s/John Doe*
John Doe
PO Box #250050
New York, New York 10025
(917) 450-9050
johndoe.casemail@gmail.com
**Plaintiff, Pro Se**