PO Box #250050<br>
New York, NY 10025<br>
(917) 450-9050

Direct Dial: (917) 450-9050<br>
Direct Email: johndoe.casemail@gmail.com

April 4, 2025

**VIA EMAIL**<br>
The Honorable Henry J. Ricardo<br>
Daniel Patrick Moynihan Courthouse<br>
500 Pearl Street<br>
New York, NY 10007

Re:  **John Doe v. Columbia University No. 1:25-cv-02132-DEH**

### LETTER MOTION REQUESTING RECUSAL OF THE MAGISTRATE JUDGE

Dear Judge Ricardo:

    I write as the Plaintiff, proceeding pro se, in the above-captioned matter, and respectfully submit this Letter Motion pursuant to 28 U.S.C. § 455(a) seeking recusal of Magistrate Judge Henry J. Ricardo from further participation as the United States Magistrate Judge in the above-captioned matter. The basis for this motion rests upon the well-established principle that a federal judicial officer must disqualify themselves from proceedings where their impartiality "might reasonably be questioned."

    **I.**    **LEGAL STANDARD**

    Under 28 U.S.C. § 455(a), recusal is mandated in any instance where the judge's impartiality may reasonably be questioned, regardless of *actual* bias. The statute is grounded in the principle that justice must not only be done, but must also be seen to be done. The standard is whether a reasonable person, with knowledge of all relevant facts, would harbor doubts about the judge's ability to be fair and impartial. See Liteky v. United States, 510 U.S. 540, 548 (1994); United States v. Bayless, 201 F.3d 116, 126 (2d Cir. 2000).

    **II.**    **FACTUAL BASIS FOR DISQUALIFICATION**

    As disclosed by the Court in your Honor's March 25, 2025 Order (ECF No. 19), and during the Court's March 31, 2025 Conference with the parties, and supplemented by Plaintiff's

subsequent inquiry, Your Honor is an alumnus of Columbia Law School, a constituent school of Defendant Columbia University, governed by the same Board of Trustees that is named as the defendant in this action. This affiliation constitutes an institutional connection that, under the circumstances presented here, may reasonably give rise to concerns regarding impartiality. Further, Your Honor's spouse is also an alumna of Columbia University and maintains ongoing professional and/or academic affiliations with the institution.

Further, as Plaintiff disclosed to the court, in the Court's March 31, 2025 Conference with the parties, Plaintiff has a professional connection with Your Honor's spouse, who has provided Plaintiff with personal encouragement, guidance, and support, in and for Plaintiff's academic endeavors at Columbia, including Plaintiff's long-standing aspiration to attend law school and pursue a career public interest law.

The substantive claims in this litigation involve allegations of serious civil rights infractions, and institutional discrimination perpetrated by Columbia administrators — *all* of whom are employed within the same institutional framework and academic hierarchy to which Your Honor *and* Your Honor's spouse are closely connected. Plaintiff respectfully submits that the unique combination of personal, professional, and institutional connections between Your Honor, Your Honor's spouse and Defendant Columbia University creates an appearance of partiality that cannot be ignored. Under well-established law, such circumstances warrant recusal.

### A. The Magistrate Judge's Affiliation with Columbia Law School Cannot Be Deemed Inconsequential Given the Shared Governance Structure

Plaintiff acknowledges that Your Honor has asserted — as noted on the record — that your affiliation is solely with Columbia Law School, and not with Columbia University more broadly. While Plaintiff does not dispute that the Your Honor's connection is through the law school, that fact is not dispositive under 28 U.S.C. § 455(a). It is a matter of public record that Columbia Law School is not a legally distinct entity, but rather a constituent school of Columbia University in the City of New York, governed by the same Board of Trustees who are named as defendants in this action. The Board exercises oversight and fiduciary control over all of Columbia's constituent schools, including the law school. As such, the Judge's ongoing affiliation with Columbia Law School constitutes a direct institutional connection to the named defendant in this action.

Plaintiff is not alleging that Your Honor *has* any personal bias or improper motive. Rather, Plaintiff submits that a reasonable person, aware of Your Honor's institutional ties to the Defendant's governing body, might reasonably question the Your Honor's impartiality in adjudicating claims that challenge the conduct and legal compliance of that same governance structure. In this context, even absent any direct involvement in the underlying facts or parties, the appearance of partiality arises from the shared governance, reputational interests, and administrative interconnectivity between the law school and the broader university system.

Therefore, under the standard set forth in § 455(a), Your Honor's affiliation with Columbia Law School — a subdivision of the Defendant institution governed by the same body — contributes to the totality of circumstances warranting recusal.

### B. The Spouse's Employment Status Is Not Dispositive Under § 455(a)

While Your Honor has asserted, as noted on the record, that Your Honor's spouse was no longer employed by Columbia University at the time of the events giving rise to this litigation, Plaintiff respectfully submits that this fact is not dispositive under the applicable standard either. 28 U.S.C. § 455(a) requires disqualification *not* based on actual bias or direct involvement, but where "impartiality might reasonably be questioned."

It is well established that a judge's (and therefore Your Honor's) impartiality *can* be reasonably questioned even in the absence of a financial or contemporaneous institutional connection, particularly where there exists a personal or professional relationship between the judge or their spouse and a party, witness, or subject of the litigation.

Here, Plaintiff has a direct and ongoing professional connection to Your Honor's spouse. That relationship — regardless of her employment status at the relevant time — creates, at minimum, an appearance of partiality in a case involving serious allegations against Columbia University, the institution with which both Your Honor and Your Honor's spouse maintain historical and institutional affiliations. Accordingly, the absence of contemporaneous employment does not negate the ongoing personal and institutional connections that, viewed in the aggregate, may reasonably cause a party — or the public — to question impartiality.

### III. PRESERVATION OF JUDICIAL INTEGRITY

Plaintiff is fully cognizant that the potential conflicts identified herein are neither the product of misconduct nor any personal failing on the part of the Magistrate Judge. Rather, this request is advanced out of respect for the judicial process and a desire to preserve the integrity, neutrality, and public confidence in these proceedings. Both Plaintiff and Defendant are entitled to adjudication before a tribunal that is — and appears to be — entirely disinterested. Given the nature of the claims and the constellation of personal and institutional affiliations identified herein, Plaintiff respectfully submits that Your Honor's recusal is the only appropriate course of action.

Taken together, these facts — whether considered individually or in the aggregate — give rise to a reasonable inference of an appearance of impropriety, and thus fall squarely within the ambit of § 455(a). While there is no allegation of actual bias, the threshold under § 455(a) is not actual partiality, but rather the appearance of it.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an Order disqualifying Magistrate Judge Henry J. Ricardo from presiding over further proceedings in this matter pursuant to 28 U.S.C. § 455(a).

Plaintiff further requests that the court award any such other relief that the court deems just and proper.

I declare under the penalty of perjury that the foregoing is true and correct, pursuant to Title 28, United States Code, Section 1746.

I appreciate the Court's time and attention to this matter.

Respectfully Submitted,

*[signature]*

John Doe
Plaintiff, Pro Se

cc: Anna Collins Peterson  (Via Email)
    Gabrielle E. Tenzer  (Via Email)