# JOHN DOE

PO Box #250050
New York, NY 10025
(917) 450-9050

**Direct Dial: (917) 450-9050**
**Direct Email: johndoe.casemail@gmail.com**

April 14, 2025

**VIA ECF**
The Honorable Robyn F. Tarnofsky
United States District Court
Southern District of New York
500 Pearl Street, Room 703
New York, NY 10007

Re: ***John Doe v. Columbia University*** **No. 1:25-cv-02132-DEH-RFT**

Dear Judge Tarnofsky:

I write as Plaintiff *Pro se* in the above captioned matter, to respectfully request an order from the court directing Defendant Columbia University to modify its institutional "No Contact Directives"[1] (NCDs), currently in effect between Plaintiff and two nonparty witnesses identified in the Complaint as "Jane Roe" and "Mack Roe," for the limited and legally necessary purpose of facilitating service of litigation-related correspondence, including preservation letters and future discovery notices pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure.

Columbia's No Contact Directives expressly state the following:

"You are prohibited from contacting [Jane Roe] until further notice. Such prohibited contact includes, but is not limited to: personal contacts, written communications, text messaging, social media and other electronic communications, and communications through a third party, whether on or off the Columbia University campus, which may be considered in conflict with the spirit of this directive." "[Jane Roe] has been notified of these directives. In addition to the above, SCCS[2] has also asked [Jane Roe] to refrain from any contact with you as detailed above. Failure by either party to comply with any of the above directives will result in disciplinary action"

---

[1] No-contact Directives are part of Columbia's Administrative Resolution process for resolving gender-based misconduct cases and prevent specific individuals from contacting the reporting party or those involved in the case. The No-contact Directives are also known as "No-contact Orders".

[2] "SCCS" is an acronym for "Student Conduct and Community Standards—Columbia's former student conduct administrative and governing body during some of the events giving rise to this action, which was later replaced by Columbia's "Center for Student Success and Intervention" (CSSI) in fall of 2022.

LETTER MOTION                           Page 1

# JOHN DOE

"You are prohibited from contacting [Mack Roe] until further notice. Such prohibited contact includes, but is not limited to: personal contacts, written communications, text messaging, social media and other electronic communications, and communications through a third party, whether on or off the Columbia University campus, which may be considered in conflict with the spirit of this directive." "[Mack Roe] has been notified of these directives. In addition to the above, SCCS[3] has also asked [Mack Roe] to refrain from any contact with you as detailed above. Failure by either party to comply with any of the above directives will result in disciplinary action".

As set forth in the Complaint, Jane Roe[4] and Mack Roe[5] are material, nonparty witnesses with substantial personal knowledge of the events giving rise to this action. In addition to their testimonial relevance, both individuals are believed to be in possession of substantial documentary and electronic evidence, including, but not limited to, communications, media files, and other electronically stored information (ESI) that bear directly on the claims and defenses at issue in this litigation. Plaintiff is prepared to issue preservation demands to these individuals in furtherance of his obligations under applicable law and in anticipation of discovery.

However, Columbia continues to enforce administrative NCDs that prohibit Plaintiff from initiating any form of communication with these witnesses, thereby placing him in the untenable position of potentially violating internal University policy in order to comply with his legal duties under the Federal Rules. To the extent such restrictions remain in force, they now function as a *de facto* bar to Plaintiff's ability to issue litigation-related correspondence which implicates procedural unfairness, and the integrity of the evidentiary process itself. Here, spoliation of evidence—whether inadvertent or deliberate—presents a grave and imminent risk. The preservation of relevant documents, communications, and ESI is essential to ensuring the fair adjudication of this matter and cannot be deferred without risk of irreparable prejudice *see Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 217 (S.D.N.Y. 2003) (holding that the duty to preserve arises when litigation is reasonably anticipated and that delays or interference with preservation efforts risk spoliation and warrant judicial intervention)

On April 3, 2025, Plaintiff contacted counsel for Defendant regarding his intent to issue preservation letters and raised the issue of the active NCDs. Counsel for Defendant responded that they would "reply promptly." Thereafter, having received no further communication from Counsel, Plaintiff followed up on April 8, 2025 at which time, counsel for Defendant indicated that they were "working on a proposal to both accommodate [his] request and respect the No Contact Orders" and would "be in touch." with Plaintiff. On April 11, 2025 counsel for Defendant contacted Plaintiff and presented their proposal.

Columbia's proposal states the following verbatim:

---

[3] "SCCS" is an acronym for "Student Conduct and Community Standards—Columbia's former student conduct administrative and governing body during some of the events giving rise to this action, which was later replaced by Columbia's "Center for Student Success and Intervention" (CSSI) in fall of 2022.
[4] Jane Roe is Plaintiff's accuser in the underlying disciplinary proceeding. See Compl. ¶ 7
[5] Mack Roe was an eyewitness in the underlying disciplinary proceedings. See Compl. ¶ 8

# JOHN DOE

"We do not represent the non-party students, Jane Roe and Mack Roe, in this action. However, in light of the No Contact Order, we propose that Columbia's Office of General Counsel provide preservation letters to Ms. Roe and Mr. Roe. Please note that to enable Ms. Roe and Mr. Roe to identify materials related to this matter, we would use your name once but otherwise refer to you as "Plaintiff," and, to preserve pseudonymity, we would not provide the case citation for the litigation.

"The letters would include the following preservation instruction:

- You are being asked to preserve any and all documents that relate in any way to this litigation, including but not limited to:
- Documents and communications with or concerning Plaintiff, including documents related to events that gave rise to any gender-based misconduct investigations or other disciplinary investigations.
- Documents and communications concerning any gender-based misconduct investigations or other disciplinary investigations involving Plaintiff, including the investigation and outcome of such proceedings.

"Please read this Notice carefully and conduct a diligent search for any relevant documents to preserve. The terms "relevant" and "documents" as used in this context are defined broadly. Accordingly, you are being asked to preserve all documents of any type, whether handwritten notes, or hard copy or electronic (documents, emails, transactional documents, text messages, call logs, audio and video recordings, photos, spreadsheets, etc., whether stored on a home or office computer, on disk, on a PDA, cell phone, tablet, on backup tapes, cloud-based site, or otherwise), whether drafts, final documents, or duplicates, that bear any relation to the matters described above. If you have any doubt as to whether a document or record is relevant, please preserve it."

"Please do not destroy, delete, or conceal any documents which could potentially relate to this matter. This includes the routine destruction of documents pursuant to any existing document retention practices. If any documents are in danger of being automatically deleted, please immediately take steps to ensure that does not occur. This Notice applies to documents that currently exist as well as ones created in the future, and this Notice will remain in effect until further notice."

Plaintiff's position is that this proposal is highly inappropriate and creates an unignorable conflict of interest. As alleged in the Complaint, Columbia has previously acted to shield both individuals—Jane Roe and Mack Roe—from accountability in the very disciplinary proceedings giving rise to this action, including through procedural favoritism, suppression of exculpatory evidence, and deliberate indifference to their misconduct. Columbia's prior actions in improperly assisting Jane Roe and Mack Roe to skirt accountability, and to hamper Plaintiff's claims and defenses in the gender-based misconduct proceedings and related matters, fundamentally disqualify it from serving as a neutral or trustworthy intermediary in this context.

# JOHN DOE

As Columbia concedes, it does not represent Jane Roe or Mack Roe in this litigation. Despite this concession, Columbia has nevertheless attempted to position itself as a procedural gatekeeper by proposing to issue preservation notices to these individuals "on Plaintiff's behalf." This is highly inappropriate. Columbia cannot simultaneously disclaim representation of these witnesses while seeking to control, curate, or filter communications intended to fulfill Plaintiff's legal obligations under the Federal Rules of Civil Procedure. Having affirmatively stated that it does not represent these individuals, Columbia lacks the authority—ethical or procedural—to intercept, redact, or reframe litigation correspondence directed at them. Moreover, Columbia's proposed language strips the preservation letters of critical context, including the case caption, the nature of the claims, and the individuals' direct relevance to this pending litigation. This manufactured vagueness is not designed to preserve evidence, but rather, to insulate Columbia from scrutiny and shield Jane Roe and Mack Roe from lawful process. It is precisely this kind of institutional maneuvering that necessitates judicial intervention to protect the evidentiary record and ensure procedural fairness.

Furthermore, as alleged in the Complaint, Columbia has demonstrated willful indifference to efforts by these same individuals to tamper with, destroy, and exploit relevant evidence. In light of that pattern of conduct, Plaintiff cannot permit Columbia or its legal representatives to serve in any capacity that could influence the content, tone, or scope of preservation communications to Jane Roe and Mack Roe—nor allow Defendant to control or otherwise interfere with the preservation process in a matter where it has a clear institutional interest in shaping the evidentiary record in this case. Moreover, it goes without saying, that a preservation letter is a legal notice that carries significant weight. It should come directly from a party—or through neutral judicial direction—not from an adverse party that has already taken a self-serving position in the litigation. Columbia's proposal to send preservation notices "on behalf of" Plaintiff, without identifying the nature of the litigation, providing the case caption, or acknowledging the specific legal claims at issue, wholly dilutes the legal effect of such a notice, and also risks undermining Plaintiff's ability to later enforce compliance or pursue remedies for spoliation of evidence should it occur.

Columbia has indicated that it may pursue dispositive motion practice with respect to the Complaint. However, any actual or anticipated motions under Rule 12, Rule 56, or any other federal rule have no bearing on Plaintiff's independent obligation to ensure the preservation of evidence central to his claims and Defendant's defenses. The duty to preserve relevant evidence arises *ipso jure* upon the reasonable anticipation of litigation and remains operative regardless of a party's litigation strategy. Columbia knows this— and their efforts to delay or condition preservation based on speculative future motion practice are both procedurally improper and incompatible with the Federal Rules of Civil Procedure and controlling precedent.

Plaintiff has an affirmative duty, under Federal Rule of Civil Procedure 26(b)(1) and related discovery provisions, to ensure the preservation of evidence that is relevant to the claims and Defendant's defenses in this action. This obligation is neither discretionary nor abstract; it arises upon the reasonable anticipation of litigation and discovery, and extends to materials within the custody or control of relevant third parties. Columbia's current posture—insisting on acting as an intermediary while simultaneously withholding critical identifying information, redacting context, and omitting the procedural posture of the case is obfuscatory, and functions as an

# JOHN DOE

impermissible impediment to the fulfillment of Plaintiff's obligations under the Rules Enabling Act and the governing discovery framework. There is no justification whatsoever, either in law or in fact that can justify procedural interference in a matter where the preservation of evidence is vital to the adjudication of the underlying claims. In short, it appears that Columbia seeks to obscure the litigation landscape under the guise of pseudonymity, while denying Plaintiff the procedural instruments necessary to maintain the evidentiary integrity of this action.

In addition, absent clear judicial clarification, Jane Roe and Mack Roe may rely on the existence of Columbia's NCD's as a basis to decline participation in lawful litigation-related efforts, including—but not limited to—the preservation of documents and electronically stored information (ESI), or the provision of written attestations or responses to requests made by Plaintiff. In such a scenario, these institutional directives would significantly impede Plaintiff's ability to fulfill obligations under the Federal Rules of Civil Procedure, and would enable nonparty witnesses—who possess critical, potentially dispositive evidence—to shield themselves from lawful process under color of administrative policy. This creates an unacceptable procedural imbalance that undermines the integrity of discovery and evidentiary preservation.

Accordingly, Plaintiff respectfully requests that the Court issue an order (1) barring Columbia from transmitting any communications purporting to serve as preservation notices on Plaintiff's behalf, (2) permitting Plaintiff to serve such notices directly to the individuals in question without alteration or editorial interference, subject to court-approved conditions to avoid violating any No Contact Orders or Directives and (3) clarifying that legal correspondence related to preservation, discovery, and litigation—including the service of preservation letters and formal discovery notices, as well as any responses or attestations by Jane Roe and Mack Roe—shall not be construed as a violation of Columbia's No Contact Directives or used as grounds for disciplinary action by the University. Plaintiff respectfully submits, that absent Court intervention, Plaintiff remains constrained from fulfilling core obligations that are fundamental to the orderly progression and resolution of this matter.

To the extent Your Honor views this request as seeking relief "in connection with discovery" under FRCP 26 through 37 or 45 and/or The Court's Individual Practices I (D) or II (C) Plaintiff respectfully submits that the instant motion is necessary to protect the integrity of the evidentiary process and ensure compliance with preservation obligations pending formal discovery. Plaintiff is available to participate in a pre-motion conference at the discretion of the Court.

I appreciate the Court's time and attention to this urgent matter.

Respectfully Submitted,

John Doe
Plaintiff, Pro Se

cc: Anna Collins Peterson (Via ECF)
    Gabrielle E. Tenzer (Via ECF)