**Hecker Fink LLP**

NEW YORK | WASHINGTON, DC | LOS ANGELES

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118

TEL (212) 763-0883 | FAX (212) 564-0883
WWW.HECKERFINK.COM

apeterson@heckerfink.com

May 16, 2025

**VIA ECF**

The Honorable Robyn F. Tarnofsky
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

        *Re:*    *Doe v. Columbia University*, No. 25-cv-02132-DEH-RFT (S.D.N.Y.)

Dear Judge Tarnofsky:

      Today, Defendant The Trustees of Columbia University in the City of New York ("Columbia" or "the University") moved to dismiss Plaintiff's Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See* ECF 41 ("Mot. to Dismiss"). Pursuant to Rule 5.a of Judge Ho's Individual Practices in Civil Pro Se Cases, Plaintiff's opposition is due June 16, and Columbia's reply is due June 30. Pursuant to Rule III.B of Your Honor's Individual Practices in Civil Cases, Columbia respectfully requests a pre-motion conference regarding a motion to temporarily stay discovery in this case pending the resolution of Columbia's motion to dismiss, to take place as part of the Initial Case Management Conference scheduled for May 23, 2025, at 11:30 a.m. As set forth below, a temporary stay of discovery is warranted here for several reasons.

      ***Applicable Standard.*** Rule 26(c) of the Federal Rules of Civil Procedure permits a court to stay discovery for "good cause." *See Alapaha View Ltd. v. Prodigy Network, LLC*, No. 20 Civ. 7572, 2021 WL 1893316, at *2 (S.D.N.Y. May 10, 2021). In determining whether good cause exists for a stay pending a decision on a motion to dismiss, courts generally consider three factors: "(1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay." *Id.* (citation omitted). Here, each factor weighs in favor of a stay.

      ***Columbia Has Made a Strong Showing that Plaintiff's Claims Are Without Merit.*** Columbia's motion to dismiss the Complaint makes a sufficient showing that Plaintiff's claims are meritless and therefore favors a stay. In weighing this factor of the stay inquiry, courts conduct an "initial review" to determine whether the motion to dismiss "appears not to be unfounded in the law." *Integrated Sys. and Power, Inc. v. Honeywell Int'l., Inc.*, No. 09 Civ. 5874, 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009) (citation omitted); *see also Izuogu v. Credit Agricole Corp. & Inv. Bank*, No. 24 Civ. 4329, 2024 WL 4903723, at *1 (S.D.N.Y. Nov. 27, 2024) (Tarnofsky, M.J.); *Gross v. Madison Square Garden Ent. Corp.*, No. 23 Civ. 3380, 2023 WL 6815052, at *2 (S.D.N.Y. Oct. 17, 2023). Columbia easily meets this standard here.

As reflected in the memorandum of law in support of its motion to dismiss, ECF 41, Columbia submits substantial, precedent-backed arguments for dismissal that expose each of Plaintiff's claims as meritless and, as a result, should fully dispose of the Complaint. Starting with Plaintiff's claims for violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.*, both claims require Plaintiff to plead "specific facts that support a minimal plausible inference" of gender discrimination. *Doe v. Columbia Univ.*, 831 F.3d 46, 56 (2d Cir. 2016); *see also Roe v. St. John's Univ.*, 91 F.4th 643, 652, 657 (2d Cir. 2024). But Plaintiff fails to allege any facts that come close to satisfying that inference. *See* Mot. to Dismiss 9-21. The Complaint boils down to Plaintiff's disagreements with the weighing of evidence and credibility determinations, *see id.* at 15-17, with a sanction that was *less* severe than University policies allowed, *see id.* at 14-15, and with other routine parts of the disciplinary process, *see id.* at 17-20. But those disagreements fall well short of the "clear procedural irregularities" required to support a claim of gender discrimination under Title IX. *See Menaker v. Hofstra Univ.*, 935 F.3d 20, 33-34 (2d Cir. 2019); Mot. to Dismiss 12-13. And the Complaint includes nothing about the circumstances surrounding Plaintiff's disciplinary proceeding to suggest that Columbia was motivated by any gender bias. *See St. John's Univ.*, 91 F.4th at 652, 657; Mot. to Dismiss 9-10. Indeed, setting aside Plaintiff's vague and conclusory allegations, the Complaint itself shows that Columbia conducted a thorough investigation, hearing, and appeal process, free from any discriminatory motive and pursuant to the University's established, gender-neutral procedures. *See* Mot. to Dismiss 9-21. Plaintiff's Title IX selective enforcement claim independently fails because he does not "identify a single instance in which [the University] treated a similarly situated female" student facing comparable allegations differently. *See Doe v. NYU*, 438 F. Supp. 3d 172, 182 (S.D.N.Y. 2020); Mot. to Dismiss 21-22. The pending motion to dismiss thus provides substantial arguments for dismissal of Plaintiff's Title IX claims.

Plaintiff's remaining claims fair no better. Plaintiff's claim under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, should be dismissed because he fails to specify what his disability is or what reasonable accommodation he either requested or was denied. *See* Mot. to Dismiss 22-23. Plaintiff's claim of deliberate indifference in violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d *et seq.*, should similarly be dismissed because his vague and conclusory allegations establish neither Columbia's actual knowledge of, nor deliberate indifference to, the alleged student-on-student harassment, nor that Plaintiff was deprived of any educational benefits. *See* Mot. to Dismiss 23-24. Finally, Plaintiff's claim of discrimination in violation of the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq.*, should be dismissed for the same reasons as his related federal claims. *See* Mot. to Dismiss 24-25.

Accordingly, Columbia's pending motion to dismiss presents substantial, case-dispositive arguments for dismissal of each and all of Plaintiff's claims, thereby weighing in favor of temporarily staying discovery. *See Izuogu*, 2024 WL 4903723, at *1; *Gross*, 2023 WL 6815052, at *2; *Boelter v. Hearst Commcn's, Inc.*, No. 15 Civ. 3934, 2016 WL 361554, at *5 (S.D.N.Y. Jan. 28, 2016).

***Discovery Will Be Burdensome and Broad.*** The breadth of discovery and the burden of responding to it also weigh in favor of a stay pending the outcome of Columbia's motion to dismiss. Discovery in this case would be burdensome because, as Judge Ramos observed when staying discovery in a similar case, "this is a Title IX case involving sensitive subject matter and requiring measures to protect party and non-party privacy." *Doe v. Columbia Univ*, No. 21 Civ.

5839, 2021 WL 4267638, at *1 (S.D.N.Y. Sept. 16, 2021). That observation reflects a common practice in this district of temporarily staying discovery in Title IX cases pending the resolution of a motion to dismiss. *See, e.g.*, Min. Entry, *Doe v. The Board of Directors of New York Univ.*, No. 23 Civ. 1307 (S.D.N.Y. May 17, 2023) ("Discovery is stayed pending resolution of the motion."); *Doe v. Yeshiva Univ.*, No. 22 Civ. 5405 (S.D.N.Y. Oct. 20, 2022), ECF 48 (same); *Doe v. Columbia Univ.*, No. 21 Civ. 5839 (S.D.N.Y. Sept. 15, 2021), ECF 40 (same); *Doe v. Columbia Univ.*, No. 20 Civ. 6770 (S.D.N.Y. Nov. 16, 2020), ECF 23 (same); *Doe v. Columbia Univ.*, No. 20 Civ. 5019 (S.D.N.Y. Oct. 20, 2020), ECF 21 (staying discovery well past the decision on the motion to dismiss); *see also, e.g.*, *Doe v. St. Lawrence Univ.*, No. 23 Civ. 426 (N.D.N.Y. June 30, 2023), ECF 31 (staying discovery pending resolution of motion to dismiss).

The burden of discovery in Title IX cases such as this one is necessarily heightened because such discovery "requir[es] measures to protect party and non-party privacy." *Doe v. Columbia Univ.*, 2021 WL 4267638, at *1 (finding that privacy interests weighed in favor of a stay); *see also Ellington Credit Fund, Ltd. v. Select Portfolio Servs., Inc.*, No. 08 Civ. 2437, 2008 WL 11510668, at *3 (S.D.N.Y. June 12, 2008) (staying discovery where "many of the documents sought would be protected by federal and state privacy laws"). Specifically, discovery here will involve education records protected by the Family Educational Rights and Privacy Act ("FERPA"). *See* 20 U.S.C. § 1232g; *see also* 34 C.F.R. § 99.1 *et seq*. That means that documents may need to be redacted, and current or former students whose education records are to be disclosed may need to be notified by Columbia and given the opportunity to object to such disclosures. *See* 20 U.S.C. § 1232g(b)(2)(B); 34 C.F.R. § 99.31(a)(9). As a result, discovery here would not only be burdensome, but also particularly intrusive to these non-party students—especially the complainant in Plaintiff's underlying gender-based misconduct proceeding, Jane Roe, from whose phone Plaintiff accessed sexually explicit nude videos and a nude photograph of Jane Roe, which he then sent to himself without Jane Roe's knowledge or consent.[1] *See, e.g.*, *Anders v. Cal. State Univ., Fresno*, No. 21 Civ. 179, 2021 WL 3021454, at *4 (E.D. Cal. July 16, 2021) (staying discovery pending resolution of defendant's motion to dismiss because the "production of the requested information implicates FERPA and the privacy of student-athletes"); *Est. of Brown v. Ogletree*, No. 11 Civ. 1491, 2011 WL 13318529, at *3 (S.D. Tex. Dec. 15, 2011) (identifying FERPA requirements and privacy concerns of non-party students as reasons to uphold discovery stay).

Further, allowing discovery to proceed at this early stage would be unduly burdensome since the discovery sought will likely be quite broad. *See, e.g.*, *Izuogu*, 2024 WL 4903723, at *1 (finding that the expected breadth of discovery weighed in favor of a stay). The sheer volume of the Complaint—more than 1,000 paragraphs, spanning nearly two-hundred pages, and covering a two-year disciplinary proceeding with multiple disciplinary charges involving Plaintiff and other students—suggests an intent to seek a broad range of discovery. *See id.* (breadth of discovery favored a stay where "the Complaint cover[ed] several incidents of alleged discrimination involving several individuals over an 18-month period"). The burden of responding to such broad discovery is further heightened when combined with the sensitive nature of the information involved and Columbia's obligation to comply with FERPA. *See, e.g.*, *Doe v. Columbia Univ.*, 2021 WL 4267638, at *1; *Shulman v. Becker & Poliakoff, LLP*, No. 17 Civ. 9330, 2018 WL

---

[1] Plaintiff has already indicated that he intends to seek discovery from Jane Roe and also Mack Roe, one of several student witnesses in Plaintiff's disciplinary proceeding.

Hecker Fink LLP

4

4938808, at *3 (S.D.N.Y. Oct. 11, 2018); *see also, e.g., Kalra v. Adler Pollock & Sheehan, P.C.*, No. 20 Civ. 1393, 2021 WL 6498259, at *5 (D. Conn. Mar. 16, 2021).

***Plaintiff Will Not Be Prejudiced.*** A temporary stay pending resolution of Columbia's motion to dismiss, which will be fully briefed by June 30, will not cause Plaintiff unfair prejudice. Courts in this district regularly reject arguments of prejudice because "[a] stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue." *Spencer Trask Software & Info. Servs., LLC*, 206 F.R.D. 367, 368 (S.D.N.Y. Apr. 9, 2002) (citation omitted); *see also, e.g., Gross*, 2023 WL 6815052, at *2; *Broccoli v. Ashworth*, No. 21 Civ. 6931, 2023 WL 6795253, at *2 (S.D.N.Y. Oct. 11, 2023) ("[T]he passage of a reasonable amount of time, without any other form of attendant prejudice, cannot itself constitute prejudice[.]" (citation omitted)); *Valentini v. Grp. Health Inc.*, No. 20 Civ. 9526, 2021 WL 861275, at *2 (S.D.N.Y. Mar. 8, 2021); *HAHA Glob., Inc. v. Barclays*, No. 19 Civ. 4749, 2020 WL 832341, at *1 (S.D.N.Y. Feb. 20, 2020). Because Plaintiff has no basis to contend that delaying discovery will prejudice him, this Court should reach the same conclusion and allow a temporary stay while the Court decides the pending motion to dismiss. *See, e.g., Izuogu*, 2024 WL 4903723, at *2 (staying discovery over plaintiff's objection because "a brief stay . . . is not generally considered sufficiently prejudicial").

\* \* \*

Pursuant to Rule III.B of Your Honor's Individual Practices in Civil Cases, Columbia has conferred in good faith with Plaintiff. Columbia discussed a stay of discovery with Plaintiff on May 15, 2025, when the parties met and conferred pursuant to Rule 26(f). Plaintiff opposes a stay of discovery. Nonetheless, for the reasons discussed above, Columbia respectfully submits that a stay of discovery is warranted under the circumstances present here and is prepared to brief such a motion if the Court so requires.

Pursuant to Rule III.B of Your Honor's Individual Practices in Civil Cases, Columbia has also considered Rules 1 and 26(b)(1) of the Federal Rules of Civil Procedure. Rule 1 directs that the Federal Rules of Civil Procedure are intended to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. For the reasons addressed above, permitting discovery into the sensitive matters at issue here, prior to adjudication of a motion to dismiss, would not be just to Columbia or any student non-parties, including because discovery here will be particularly resource intensive and, therefore, expensive. Moreover, a stay pending adjudication of the already-filed motion to dismiss will not unduly delay these proceedings. Accordingly, a temporary stay of discovery here comports with the principles of Rule 1. Rule 26(b)(1), concerning the scope of discovery, is not directly relevant to Columbia's intended motion to stay discovery.

Respectfully submitted,

*[signature]*

Anna Collins Peterson