UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN DOE,<br><br>                      Plaintiff,<br><br>   -against-<br><br>COLUMBIA UNIVERSITY,<br><br>                      Defendant. | 25-CV-2132 (DEH) (RFT)<br><br>**ORDER** |

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

Pending before me is Defendant's letter-motion to stay discovery (ECF 43) until a decision on Defendant's motion to dismiss the complaint (ECF 40).

Rule 26(c) of the Federal Rules of Civil Procedure permits a court to stay discovery "for good cause shown." *Richardson v. City of New York*, No. 21-CV-5080 (PAE) (KHP), 2022 WL 2003340, at *1 (S.D.N.Y. June 6, 2022). When determining whether discovery should be stayed pending a decision on a motion to dismiss, courts consider the breadth of the discovery being sought and the burden of responding to the discovery requests, the strength of the motion to dismiss, and the prejudice to the party opposing the stay. *See, e.g.*, *id.*; *Sigma Lithium Corp. v. Gardner*, No. 23-CV-7403 (DEH), 2024 WL 2867504, at *1 (S.D.N.Y. June 4, 2024). After reviewing the complaint (ECF 1), the memorandum in support of the motion to dismiss (ECF 41) and accompanying declaration (ECF 42), the letter-motion for a stay of discovery (ECF 43), and Plaintiff's responses to Defendant's letter-motion to stay discovery (ECF 45; ECF 46), I conclude that Defendant has not met its burden of showing that there is good cause for the stay.

The strength of the underlying motion to dismiss counsels in favor of granting a stay, because the motion is "not unfounded in the law." *See Richardson*, 2022 WL 2003340, at *2; *see also Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002). I do not, by this conclusion, predict the outcome of the motion. However, Defendant's memorandum of law in support of the motion to dismiss provides substantial arguments for dismissal of several, if not all, of the claims set out in the complaint. Those arguments are supported by case law from this Circuit, and so I cannot conclude that Defendant's motion is unfounded in the law. Because the motion to dismiss may be dispositive of some or all of Plaintiff's claims, which could narrow or eliminate the need for discovery, this factor weighs in favor of granting a stay. *See Richardson*, 2022 WL 2003340, at *2. However, the parties have not yet exchanged discovery requests, so it is not clear how broad discovery would be, a factor which weighs against granting the stay. Most significantly, Plaintiff has identified prejudice from the delay, in that if discovery does not start now, and the motion to dismiss is denied, it will take more time for the ultimate determination of whether he may resume his education at Columbia on the terms he seeks.

For the foregoing reasons, Defendant's motion to stay discovery is DENIED, without prejudice to renewal if the discovery propounded is overly broad. As I explained at the conference on May 23, 2025, deposition discovery before a decision on the motion to dismiss is likely to be overbroad. The parties are directed to meet and confer on Columbia's no-contact directive and whether any third-party discovery should take place while the motion to dismiss is pending. If the parties reach an impasse on those issues, Plaintiff shall submit a letter-motion

by **May 30, 2025**, and I will schedule a discovery conference for the next week. The Clerk of Court is respectfully requested to terminate ECF 43.

DATED:   May 23, 2025
         New York, NY

SO ORDERED.

_____
ROBYN F. TARNOFSKY
United States Magistrate Judge