UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

......................................................................X

John Doe,

        Plaintiff(s),

  -against-

     25 Civ. 2132 (DEH) (RFT)

~~PROPOSED~~ **CASE MANAGEMENT PLAN AND REPORT OF RULE 26(f) CONFERENCE**

Columbia University,

        Defendant(s).

......................................................................X

**Court Expectations**

**Rule 1 and Rule 26(b)(1).** Counsel are expected to have reviewed Rule 1 and Rule 26(b)(1) and considered their obligations thereunder in discussing and preparing a discovery plan.

**Additional consideration of proportionality.** Counsel shall discuss and consider whether phased or iterative discovery will increase efficiency, reduce costs and lead to a faster resolution of the case when preparing a discovery plan.

**Document Requests.** Counsel shall be fully familiar with their obligations under Rules 34 and 26(g) and consider and discuss ways to ensure compliance and minimize disputes regarding overbreadth and specificity of requests and responses.

**Competence**. Counsel shall be sufficiently knowledgeable in matters relating to their clients' technological systems to discuss competently issues relating to electronic discovery, or have involved someone competent to address these issues on their behalf.

Counsel are directed to the Discussion Topics for Rule 26(f) Conference on Judge Tarnofsky's Individual Practices Page.

**Status Update Letters.** After paper discovery is underway and again after the deadline for completing all discovery, on dates set by the court, the parties shall file status letters to confirm that discovery is proceeding as scheduled/is complete.

Counsel represent by their signature below that they have read and will comply with the above.

I have reviewed the parties' Proposed Case Management Plan and Report of Rule 26(f) Conference. The parties' Case Management Plan is SO ORDERED with revisions to ¶¶ 4-5(b), 7, 10-11, and 16, as reflected herein.

SO ORDERED

_Robyn Tarnofsky_ (signature)

Dated: May 29, 2025
     New York, NY

ROBYN F. TARNOFSKY
UNITED STATES MAGISTRATE JUDGE

**Proposed Discovery Plan**

**In accordance with Federal Rule of Civil Procedure 26(f) and Judge Tarnofsky's Individual Rules, the parties met on__May 15, 2025____** (at least one week before the Initial Case Management Conference) and are exchanging communications thereafter. At least one week before the Initial Case Management Conference, the parties submit the following report for the Court's consideration:

1.    **Summary of Claims, Defenses, and Relevant Issues**

Plaintiff:

PP. 1-6 of Plaintiff's Addenda to Proposed Case Management Plan.

Defendant:

Plaintiff's complaint should be dismissed pursuant to Rule 12(b)(6). Plaintiff has failed to allege gender bias, as required for his claims under Title IX, and he has failed to allege procedural irregularities in his disciplinary proceeding for purposes of his erroneous outcome claim or an appropriate comparator for purposes of his selective enforcement claim. Plaintiff's ADA claim fails because he fails to allege that he is a qualified individual with a disability or that he was denied a reasonable accommodation. Plaintiff fails to allege that he was deprived of educational opportunities due to discriminatory harassment, and he fails to allege that Columbia had actual knowledge of such harassment, dooming his Title VI claim. And for the same reasons, his NYCHRL claim fails. As to other arguments or defenses, Columbia reserves all rights.

2.    **Basis of Subject Matter Jurisdiction**

This Court has federal question and supplemental jurisdiction pursuant to 28 U.S.C. §§ 1331, 1367 because the federal claims arise under the statutes of the United States and the state law claim is closely related to the federal law claims as to form the same case or controversy under Article III of the United States Constitution.

3.    **Subjects on Which Discovery May Be Needed**

Plaintiff(s):

PP. 5-6 of Plaintiff's Addenda to Proposed Case Management Plan.

Defendant(s):
Plaintiff's underlying disciplinary proceedings and any alleged damages.

_____

_____

_____

_____

_____

**4.    Informal Disclosures**

The information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure was ***disclosed by Plaintiff(s)*** on June 20, 2025. : 14 days after the Initial Case Management Conference / Defendant's position: 14 days after the Court's decision on Columbia's motion to dismiss. In addition, on_____, Plaintiff(s) produced/will produce an initial set of relevant documents identified in its Initial Disclosures and will continue to supplement its production.

The information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure will be ***disclosed by Defendant(s)*** June 20, 2025. : 14 days after the Initial Case Management Conference / Defendant's position: 14 days after the Court's decision on Columbia's motion to dismiss. In addition, on_____, Defendant(s) produced/will produce an initial set of relevant documents identified in its Initial Disclosures and will continue to supplement its production.

**5.    Formal Discovery**

The parties jointly propose to the Court the following discovery plan: All fact discovery must be completed by 45 days after the Court's decision denying Defendant's motion to dismiss in part or in full. Conference / Defendant motion to dismiss. If the parties agree on a schedule that calls for the close of all discovery within four to six months, and the Proposed Case Management Plan meets that goal, then the Court is likely to cancel the initial Case Management Conference unless the parties request that the conference go forward.

**The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided that the parties meet the deadline for completing fact discovery set forth herein.**

a.  Depositions:  Depositions shall begin no earlier than 14 days after the Court's decision denying Defendant's motion to dismiss in part or in full, and shall be completed by the close of fact discovery. ~~the Initial Case Management Conference / Defendant's position: 21 days after the Court's decision on Columbia's motion to dismiss~~ and limited to no more than 10 depositions per party, without prejudice to the parties agreeing to or any party moving to request additional depositions. Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.

b.  Interrogatories: Initial sets of interrogatories shall be served on or before June 27, 2025. ~~position: 21 days after the Initial Case Management Conference / Defendant's position: 21 days after the Court's decision on Columbia's motion to dismiss~~. All subsequent interrogatories must be served no later than 30 days prior to the discovery deadline.

c.  Requests for Admission: Requests for admission must be served on or before <u>30 days before the close of fact discovery</u>.

d.  Requests for Production: Initial requests for production were/will be exchanged on June 27, 2025. ~~n: 21 days after the Initial Case Management Conference / Defendant's position: 21 days after the Court's decision on Columbia's motion to dismiss~~ and responses shall be due <u>30 days after service</u>. All subsequent requests for production must be served no later than 30 days prior to the discovery deadline.

e.  Supplementation: Supplementations under Rule 26(e) must be made within a reasonable period of time after discovery of such information.

**6.    Anticipated Discovery Disputes**

Are there any anticipated discovery disputes? Does either party seek limitations on discovery? Describe.

Columbia anticipates requesting a pre-motion conference on a motion to stay discovery. Columbia also anticipates issues related to records protected by the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g, and the disclosure of sensitive documents to a pro se party. Those issues are likely to necessitate a protective order.

**7.    The parties shall file an update on the status of discovery on [**the following dates**]:** the first business day of each month, beginning on July 1, 2025.

Such update shall include: the status of discovery and issues related thereto.

**8.    Amendments to Pleadings**

a.    Are there any amendments to pleadings anticipated? Not at this time.

b.    Last date to amend the Complaint: _____

**9.    Joinder of Parties**

a.    Are there other necessary parties that need to be joined? Y/(N)

b.    Is joinder of other parties anticipated? No___.

c.    Last date to join other parties:_____.

**10.    Expert Witness Disclosures**

At this time, the parties (do)/do not (circle one) anticipate utilizing experts. Expert discovery shall  be  completed  by 45 days after the Court's decision denying Defendant's motion dismiss in part or in full. ~~Defendant's position: 60 days after close of fact discovery.~~

**11.    Electronic Discovery and Preservation of Documents and Information**

a.    Have the parties discussed electronic discovery? Yes.

b.    Is there an electronic discovery protocol in place? If not, when do the parties except to have one in place? July 7, 2025.    ~~n: 30 days after the Initial Case Management Conference / Defendant's position: 30 days after the Court's decision on Columbia's motion to dismiss~~.

c.    Are there issues the parties would like to address concerning preservation of

evidence and/or electronic discovery at the Initial Case Management Conference?

Plaintiff: P.6 of Plaintiff's Addenda to Proposed Case Management Plan.

**12.    Anticipated Motions**

Columbia plans to move to dismiss Plaintiff's complaint and anticipates moving to stay discovery pending the resolution of that motion. Columbia also anticipates filing a motion for summary judgment following the completion of discovery. Plaintiff: P.6 of Plaintiff's Addenda to Proposed Case Management Plan.

**13.    Certification of Completion of Discovery**

**One week before** the scheduled completion of all discovery, the parties shall file a status letter to confirm that discovery has been completed as scheduled.

**14.    Early Settlement or Resolution**

The parties (have)/have not (circle one) discussed the possibility of settlement. The

parties request a settlement conference/referral to Court-annexed mediation

(circle one); by no later than N/A_____.

The following information is needed before settlement can be discussed:
 N/A_____

**15.    Trial**

a.    The parties anticipate that this case will be ready for trial by Spring 2027.

b.    The parties anticipate that the trial of this case will require Plaintiff's position: at least one week / Defendant's position: 3 to 4 days.

c.    ~~The parties request~~ Plaintiff requests a (jury)/bench (circle one) trial.

d.    The parties consent/(do not consent) (circle one) to Magistrate Judge jurisdiction at this time.

**16.    Other Matters**

Plaintiff anticipates requesting a ruling on his motion for modifications to Columbia's No Contact Directive.

The parties shall file a joint pretrial order 60 days after the Court's decision on any motions for summary judgment.

**The parties are advised that they may consent to Magistrate Judge jurisdiction at any time during the case pursuant to 28 USC § 636(c). To consent to Magistrate Judge jurisdiction for all purposes or specific dispositive motions, please utilize the consent form on Judge Tarnofsky's Individual Practices Webpage.**


Respectfully submitted this <u>16th </u>day of <u>May</u>, 20<u>25</u>.


<u>/s/ John Doe                                </u>                    <u>/s/ Anna Collins Peterson                </u>
Plaintiff, Pro Se                                             Counsel for Defendant(s)