**Hecker Fink LLP**

NEW YORK | WASHINGTON, DC | LOS ANGELES

350 FIFTH AVENUE | 63ʀᴅ FLOOR
NEW YORK, NEW YORK 10118

TEL (212) 763-0883 | FAX (212) 564-0883
WWW.HECKERFINK.COM

apeterson@heckerfink.com

June 5, 2025

**VIA ECF**

The Honorable Robyn F. Tarnofsky
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

            *Re:*    *Doe v. Columbia University*, No. 25-cv-02132-DEH-RFT (S.D.N.Y.)

Dear Judge Tarnofsky:

      We write on behalf of Defendant Columbia University ("Columbia" or "the University"), pursuant to Rule III.C of Your Honor's Individual Practices in Civil Cases, in opposition to Plaintiff's letter motion to compel discovery. *See* ECF 53. Following the Initial Case Management Conference, the Court ordered the parties to meet and confer on whether third-party discovery should occur while Columbia's motion to dismiss is pending and on Plaintiff's request to modify Columbia's No Contact Directives ("NCDs"). ECF 49 at 2. The parties reached an impasse on those issues, and we therefore write in advance of the June 6, 2025 conference, in an effort to facilitate a resolution of these issues at the conference.[1]

      *A.*   *Third-Party Discovery*

      Plaintiff alleges that Columbia discriminated against him in his disciplinary proceedings, and his claims therefore focus on Columbia's process and decision-making in those proceedings. *See generally* ECF 11 ("Compl."). As the Court has already determined with respect to depositions, *see* ECF 49, Columbia respectfully submits that any third-party discovery should await a decision on Columbia's motion to dismiss. Plaintiff will not be prejudiced by a temporary stay of third-party discovery, including because any third-party discovery will not bear on the core of Plaintiff's claims. Any such discovery—discovery that, by definition, is not in Columbia's possession, custody, or control—will very likely be of limited, if any, relevance to Plaintiff's claims that Columbia discriminated against him. Yet allowing such discovery at this stage would unduly burden third parties, who would be asked to produce documents and communications relating to highly sensitive matters and containing equally sensitive content. Accordingly, there is good cause under Rule 26 for a temporary stay of third-party discovery while Columbia's motion to dismiss is pending. *See* Fed. R. Civ. P. 26(c).

---

[1] Despite Plaintiff's contentions, *see* ECF 53 at 1, Columbia is complying with the Court's order denying its request to stay discovery, including through meeting and conferring with Plaintiff on the two issues identified by the Court, *see* ECF 49 at 2.

**Hecker Fink LLP**                                                                                                        2

Rule 26 provides courts with "broad discretion to manage the manner in which discovery proceeds," *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 69 (2d Cir. 2003), including "to make appropriate orders regarding the timing of discovery," *In re Buspirone Antitrust Litig.*, 208 F.R.D. 516, 522 (S.D.N.Y. 2002), and "to tailor discovery narrowly and to dictate the sequence of discovery," *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). In determining whether to stay discovery while a motion to dismiss is pending, courts consider the "related factors" of the breadth of discovery sought and the burden of responding to it, as well as the prejudice to the party opposing the stay and the strength of the pending motion. *Richardson v. City of New York*, No. 21-cv-5080, 2022 WL 2003340, at *1 (S.D.N.Y. June 6, 2022).[2]

Plaintiff will not be prejudiced by a temporary stay of third-party discovery because it will not limit his ability to seek discovery into Columbia's process and decision-making in his disciplinary proceedings. Those are the issues central to his claims that Columbia discriminated against him—*i.e.*, actions by Columbia in those proceedings. *See Roe v. St. John's Univ.*, 91 F.4th 643, 647 (2d Cir. 2024) (observing that in a Title IX case, the court's "focus is on the decisions made and related actions taken by university officials patrolling the behavior of the university's students"). His claims are not a do-over of his disciplinary proceeding. *See, e.g.*, *Yu v. Vassar Coll.*, 97 F. Supp. 3d 448, 461 (S.D.N.Y. 2015) ("The Court's role, of course, is neither to advocate for best practices or policies nor to retry disciplinary proceedings." (citing *Doe v. Univ. of the South*, 687 F. Supp. 2d 744, 755 (E.D. Tenn. 2009) ("[T]his Court's review is substantially circumscribed; the law does not allow this Court to retry the University's disciplinary proceeding.")); *see also Doe v. Univ. of Ark. - Fayetteville*, 974 F.3d 858, 864 (8th Cir. 2020) ("Federal courts are not a forum for general appellate review of university disciplinary proceedings."). Accordingly, much of the discovery material related to Plaintiff's claims will be captured in records Columbia possesses, like Plaintiff's disciplinary file, which includes transcripts of interviews with parties and witnesses, the investigator's evaluation of the evidence, records of the disciplinary hearing, and submissions to and decisions by the sanctioning dean and appellate panel. In fact, Plaintiff has represented to counsel for Columbia that he is already in possession of much of that information, including the investigative report and hearing transcripts.[3] Plaintiff therefore already has, or can seek from Columbia, the discovery materials that are most relevant to his claims. Temporarily staying third-party discovery, which would seek information *unknown* to Columbia at the time of the alleged discrimination, will not prevent Plaintiff from advancing his case while the motion to dismiss is pending.

At the same time, third-party discovery would inflict a significant burden on nonparty students, particularly the original complainant in Plaintiff's gender-based misconduct proceeding, Jane Roe. As alleged in Plaintiff's Complaint, Jane Roe reported to Columbia that Plaintiff had gained access to her phone and sent sexually explicit naked images of Jane Roe from her phone to Plaintiff's phone without her consent. Compl. ¶ 311. And although Plaintiff disputes Jane Roe's

---

[2] The Court has already found that the strength of Columbia's motion to dismiss weighs in favor of granting a stay. *See* ECF at 49 at 2.

[3] Plaintiff's inclusion of watermarked photographs from the investigative file in his Complaint similarly suggests that he is already in possession of materials from the investigative record. *See* ECF 1; *but see* Gender-Based Misconduct and Interim Title IX Policies and Procedures for Students, ECF 42-1 at 55 ("The unauthorized recording of any part of the disciplinary process or unauthorized copying of any documents in the disciplinary process by any means is prohibited. Copying includes but is not limited to: audio or video recording, streaming, photographing, scanning, transcribing, or any other form that conflicts with the spirit of this directive.").

Hecker Fink LLP

3

account, Plaintiff also alleges that sexually explicit naked images of Jane Roe were sent from Jane Roe's phone to Plaintiff's. *Id.* ¶ 221. Discovery targeting Jane Roe (or other students involved) related to Plaintiff's claims will intrude on highly personal and intimate issues, including the circumstances of the distribution of the explicit images of Jane Roe and her reaction to the same. *See Lively v. Wayfarer Studios LLC*, No. 24-cv-10049, 2025 WL 698287, at *1 (S.D.N.Y. Mar. 4, 2025) (staying discovery pending a motion to dismiss and noting that "the burden of discovery is not measured only by the number of pages the movant will be required to produce but also by the complexity of the issues that discovery will present and the sensitivity of the documents that will be requested"). Moreover, because, as discussed above, Plaintiff can obtain discovery bearing on his claims directly from Columbia, it is all the more reasonable to temporarily stay third-party discovery, rather than burden third-party students with discovery requests into sensitive and personal topics. *See Ema Fin., LLC v. Vystar Corp.*, 336 F.R.D. 75, 84 (S.D.N.Y. 2020) (staying discovery and noting, with respect to burden, that a party was "bent on obtaining discovery from third parties"); *see also O'Sullivan v. Deutsche Bank AG*, No. 17 Civ. 8709, 2018 WL 1989585, at *9 (S.D.N.Y. Apr. 26, 2018) (finding that a burden on defendants and third parties weighs in favor of a stay); Fed. R. Civ. P. 45(d) (requiring that a "party . . . responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena").

For all these reasons, good cause exists to stay third-party discovery pending a decision on Columbia's motion to dismiss.

### B. Modification of the No Contact Directives

Plaintiff requests an order "compelling Columbia University to modify its [NCDs] to allow Plaintiff the ability to serve preservation holds and relevant discovery on nonparty witnesses Jane Roe and Mack Roe" and granting other related relief. ECF 53 at 2. The NCDs—which are routine in campus disciplinary proceedings—continue to serve an important function, and it is in all of the affected students' interests to keep the NCDs in place. *See, e.g.*, Compl. ¶¶ 538–552 (describing incident in which Mack Roe allegedly pushed and threatened Plaintiff); ¶¶ 765–769 (alleging Plaintiff was found responsible in a separate disciplinary process for violating the NCD). Columbia has explained its position to Plaintiff on multiple occasions, as well as to the Court in a prior conference on the issue. *See* Apr. 22, 2025 Status Conf. Tr. at 4:9-5:21. Understanding Plaintiff's desire to send preservation notices to Jane Roe and Mack Roe, Columbia previously offered to assist in drafting and transmitting such a notice. However, Plaintiff rejected that offer.

Columbia reiterates its openness to working with Plaintiff on the language of the preservation notice and its offer to transmit the notice to the two non-party students. However, should the Court grant Plaintiff's request, Columbia will, of course, comply with any order from the Court requiring that Columbia not enforce the NCDs to prohibit Plaintiff from transmitting a preservation notice to Jane Roe and Mack Roe. Columbia intends to otherwise keep the NCDs in place. But in light of Columbia's request that third-party discovery be stayed pending a decision on Columbia's motion to dismiss, Columbia respectfully requests that any order requiring Columbia to modify its NCDs be limited to permitting Plaintiff, in this one instance, to transmit a preservation notice to Jane Roe and Mack Roe in connection with this litigation.

Hecker Fink LLP

4

### C. Plaintiff's Email Requesting Identities of Witnesses

Finally, Plaintiff's letter motion requests that the Court "order[] Columbia to disclose to Plaintiff the *true* identities and names of non[-]party witnesses relevant to this litigation." ECF 53 at 2. Specifically, on May 27, 2025, via email, Plaintiff requested "the full legal names, and Columbia/Barnard email addresses and UNI's of the individuals referenced in the investigative report and disciplinary proceedings corresponding to" a list of witness identifiers from Plaintiff's gender-based misconduct proceeding. Consistent with the Federal Rules of Civil Procedure and any Court orders, Columbia is prepared to respond to discovery requests from Plaintiff presented in accordance with the relevant Rules. *See, e.g.*, Fed. R. Civ. P. 34 (requests for production); Fed. R. Civ. P. 33 (interrogatories). But Columbia does not have an obligation to provide information in response to Plaintiff's May 27, 2025 email requesting information about the identities of non-party witnesses. Moreover, Columbia does not intend to produce any documents or information to Plaintiff until a protective order is in place. As this Court observed at the Initial Case Management Conference, "no discovery needs to occur until there is a protective order in place," as is "standard practice." Initial Case Mgmt. Conf. Tr. at 14:18-20. Columbia is working on a draft proposed protective order based on the Court's model order and anticipates sending the draft proposed order to Plaintiff early next week.

\* \* \*

We appreciate the opportunity to address these issues with the Court on Friday, June 6, 2025, at 11:00 AM.

Respectfully submitted,

Anna Collins Peterson