# JOHN DOE

RECEIVED
SDNY PRO SE OFFICE

2025 MAY 30  PM 2: 00

PO Box #250050
New York, NY 10025
(917) 450-9050

Direct Dial: (917) 450-9050
Direct Email: johndoe.casemail@gmail.com

> As discussed at the conference on June 6, 2025, Defendant shall have until June 13, 2025 to indicate its position on whether it intends to issue a subpoena to Mr. Roe and Ms. Roe.
>
> The Clerk of Court is respectfully requested to terminate ECF 53.
>
> Date: June 6, 2025
> New York, NY
>
> SO ORDERED
>
> ROBYN F. TARNOFSKY
> UNITED STATES MAGISTRATE JUDGE

**VIA ECF**

The Honorable Robyn F. Tarnofsky
United States District Court
Southern District of New York
500 Pearl Street, Room 703
New York, NY 10007

Re:  *John Doe v. Columbia University* No. 1:25-cv-02132-DEH-RFT

## MOTION TO COMPEL DISCOVERY

Dear Judge Tarnofsky:

    I write as Plaintiff in the above-captioned matter pursuant to your Honor's May 23, 2025 order, (ECF No. 49) ordering the parties to Meet and Confer on Plaintiff's Letter Motion (ECF No. 24) to modify Columbias's No Contact Directives (NCD's), to permit Plaintiff to serve third party discovery. On May 29, 2025 the parties met and conferred regarding these matters but regrettably, have reached an impasse. Columbia's position is that fact discovery of—and related service of litigation holds on—third parties is not necessary at this juncture, and should be stayed until *after* the Court's Decision denying Columbia's motion to dismiss in part or in full—and despite Plaintiff's requests have refused to modify its NCD's accordingly and disclose the *true* identities and names of other non-parties who participated in the underlying disciplinary proceeding whose identities and names "covered" by a Witness Number. Plaintiff, however, respectfully submits that (for the reasons stated in his Letter Motion to the Court ( *See* ECF No. 24) that fact discovery of third parties (except depositions as ordered by the Court) is warranted *before* the Court's Decision denying Columbia's motion to dismiss in part or in full and should proceed without delay.

    Notwithstanding the orders from the Court, Columbia shamelessly acts as if this Court's ruling on its motion to stay discovery, and subsequent scheduling order is simply nonexistent. This

# JOHN DOE

appears to be a pattern. Columbia has repeatedly asserted to Plaintiff—both directly and implicitly—that discovery "should have been stayed," and is treating its disagreement with the Court as a basis to unilaterally stall the litigation process and frustrate the orderly administration of discovery.

However, Columbia's preferences do not override judicial directives. The Court denied Columbia's requested stay and ordered that discovery proceed. (*See* ECF No. 49). Columbia's continued noncompliance and defiance under the pretense of disagreement with the Court, is borderline contemptuous and reflects a troubling disregard for the Court's authority. Indeed, Plaintiff himself, may have preferred that the Court would have ordered that deposition discovery *also* proceed *before* the Court's Decision denying Columbia's motion to dismiss in part or in full, but Plaintiff nonetheless respects the ruling(s) of the Court, and thus accepts the Court's decision.

Based on the foregoing, Plaintiff respectfully requests an order from the Court: (1) compelling Columbia University to modify its No Contact Directives (NCDs)[1] to allow Plaintiff the ability to serve preservation holds and relevant discovery on nonparty witnesses Jane Roe[2] and Mack Roe[3]; (2) ordering Columbia to disclose to Plaintiff the *true* identities and names of non party witnesses relevant to this litigation; (3) barring Columbia from interfering with, filtering, or issuing such communications on Plaintiff's behalf;  (4) clarifying that such litigation correspondence shall not violate Columbia's No Contact Directives (NCDs) or be used as a basis for further disciplinary sanctions[4] against Plaintiff and (5) ordering any such other relief the court deems just and proper.

A telephonic Conference is scheduled for Friday, June 6, 2025 at 11:00 AM.

Respectfully Submitted,

John Doe,
Plaintiff, Pro Se

cc: Anna Peterson  (Via ECF)
Gabrielle E. Tenzer  (Via ECF)

---

[1] No-contact Directives are part of Columbia's Administrative Resolution process for resolving gender-based misconduct cases and prevent specific individuals from contacting the reporting party or those involved in the case. The No-contact Directives are also known as "No-contact Orders".
[2] Jane Roe is Plaintiff's accuser in the underlying disciplinary proceeding. See Compl. ¶ 7
[3] Mack Roe was a material eyewitness in the underlying disciplinary proceedings. See Compl. ¶ 8
[4] In the underlying disciplinary proceeding giving rise to this action, Columbia has repeatedly retaliated against Plaintiff by arbitrarily and capriciously imposing baseless retaliation allegations and sanctions in direct response to Plaintiff's attempts to assert his rights and defend himself in the underlying disciplinary proceeding.

MOTION TO COMPEL DISCOVERY                                                                                               2