# JOHN DOE

RECEIVED
SDNY PRO SE OFFICE
2025 JUN 16 PM 2: 34

PO Box #250050
New York, NY 10025
(917) 450-9050

**Direct Dial: (917) 450-9050**
**Direct Email: johndoe.casemail@gmail.com**

June 16, 2025

**VIA ECF**
The Honorable Robyn F. Tarnofsky
United States District Court
Southern District of New York
500 Pearl Street, Room 703
New York, NY 10007

**Re:** *John Doe v. Columbia University* **No. 1:25-cv-02132-DEH-RFT**

Dear Judge, Tarnofsky:

    I write as Plaintiff in the above captioned matter to respectfully request the Court's reconsideration of its Order (ECF No. 65) and in response to Defendant Columbia's bad faith Letter Motion to the Court (ECF No. 64) requesting that the Court limit third-party discovery and only allow Plaintiff to request the production of text messages from Mack Roe and Jane Roe between April 25, 2022 to June 5, 2025. Notwithstanding the Order from the Court Plaintiff objects to Columbia's request, and requests reconsideration if the Court's Order limiting third-party discovery. The Courts order prejudices Plaintiff and significantly impedes his ability to develop the factual record as is needed to further prove his claims.

    With respect to third-party evidence, Plaintiff seeks *all digital communications with associated metadata* between Jane Roe and Mack Roe between April 23, 2022 and June 5 2024 including but not limited to text messages, WhatsApp messages, voice note messages, emails, and any other digital communications between Jane Roe and Mack Roe that relate in any way to Plaintiff, Jane Roe's allegations against Plaintiff, Mack Roe's involvement as a Witness, and Jane Roe's and Mack Roe's respective involvements in Plaintiff's underlying disciplinary proceedings that gave rise to this action. Columbia knows this, but has deliberately mislead the Court.

    As alleged in the Complaint, the alleged events that led to the underlying disciplinary proceeding that ultimately gave rise to this action, occurred on April 23, 2022 at 12:59 AM. ¶¶ 157. Jane Roe filed her complaint against Plaintiff on April 26 2022. ¶¶ 310. Between April 23, 2022 at 2:10 AM and April 25 2022 (which the Court's order precludes) Jane Roe and Mack Roe exchanged extensive and highly relevant communications that related to Plaintiff, Jane Roe's allegations against Plaintiff, Mack Roe's involvement as a Witness, and Jane Roe's and Mack Roe's respective involvements in Plaintiff's underlying disciplinary proceedings. ¶¶ 242-271.

**MOTION FOR RECONSIDERATION**      Page 1

# JOHN DOE

These communications involved discussing the alleged incidents at Jane Roe's apartment, "what Plaintiff would have to give to Jane Roe" and what Plaintiff "would have to give up generally" for Jane Roe not to file allegations against Plaintiff accusing Plaintiff of "serious criminal and immoral actions". ¶¶ 283, which included Plaintiff sending Jane Roe an "apology text" an "apology letter", giving up his scholarship, his student leadership awards, his photography business, and requesting that his photos features, and featured stories be removed from Columbia's website and social media accounts. Jane Roe and Mack Roe also discussed during this period, the secret audio recordings that Mack Roe had obtained, how the secret recordings could or would be used against Plaintiff, and the chain of custody of how the recordings would be disclosed to Jane Roe and Columbia as evidence against Plaintiff.

Plaintiff has made clear to Counsel for Columbia that he is seeking these specific communications beginning on April 23, 2022—an essential and well-supported date range grounded in the allegations and evidence already of record. However, Columbia did not confer in good faith or raise this specific discovery objection during any discussions with Plaintiff. Instead, Columbia backdoored a unilateral discovery limitation into its Letter to the Court (ECF No. 64) asking the Court to impose an arbitrary cut-on date of April 25, 2022, and did so without notifying Plaintiff or giving him an opportunity to respond prior to the Court's ruling knowing full well the scope of communications sought by Plaintiff. This bad faith, yet strategic maneuver by Columbia is highly prejudicial to Plaintiff, particularly given that many of the most critical and contemporaneous communications between Jane Roe and Mack Roe began on April 23 2022. Columbia knows this—and its bad faith tactics deprive Plaintiff of the opportunity to demonstrate to the Court, and potentially a jury, the centrality and probative force of these communications to his Title IX claims. The exclusion of this window materially limits Plaintiff's ability to develop the factual record further, and seek key evidence directly bearing on witness and complainant credibility, motive, collusion, coercion, retaliation and procedural irregularities.

Again, these communications are highly probative of Jane Roe's and Mack Roe's credibility and respective motives, and go directly to the heart of Plaintiff's Title IX claims. They reflect evidence of possible coercion, retaliation, fabrication, and strategic efforts to manufacture a disciplinary narrative—all of which bear on the existence of procedural irregularities and evidentiary weaknesses in Columbia's process. Under the prevailing standards set forth in *Yusuf v. Vassar College* and *Doe v. Columbia University*, such communications are plainly relevant to establishing an erroneous outcome and a pattern of selective enforcement. The discovery sought is therefore central—not peripheral—to Plaintiff's claims, and falls squarely within the bounds of permissible and necessary third-party discovery.

Plaintiff also seeks copies of *all recorded conversations with associated metadata* between Mack Roe and Plaintiff between April 23, 2025 and February 8, 2023 *including* the recorded conversations Mack Roe admitted to editing, and withholding in whole or in part from Plaintiff and Columbia in the underlying disciplinary proceeding and of which Mack Roe promised to "bring to the Court" in the event of litigation related to the underlying disciplinary proceedings and recordings. These communications are also directly relevant to Plaintiff's Title IX claims, including evidentiary weaknesses, motive(s) to lie, witness credibility, and procedural irregularities that support both the erroneous outcome and selective enforcement theories of

**MOTION FOR RECONSIDERATION**                                                                                              Page 2

# JOHN DOE

liability. Under the relevancy and proportionality framework set forth in Rule 26(b)(1) of the Federal Rules of Civil Procedure. Plaintiff's request is narrowly tailored and proportional to his needs of the case. As the Second Circuit held in *Yusuf v. Vassar College*, 35 F.3d 709 (2d Cir. 1994), and reaffirmed in *Doe v. Columbia University*, 831 F.3d 46 (2d Cir. 2016), allegations of gender bias may be supported by procedural irregularities, evidentiary weaknesses, and motive(s) to lie on behalf of the Complainant in disciplinary processes. The communications sought are reasonably calculated to uncover such evidence and fall squarely within the scope of permissible discovery.

As the Court is well aware, Columbia has made clear that it does not represent Mack Roe or Jane Roe with respect to this action. Columbia does not have standing to assert the interests of non-party witnesses as a basis to limit third-party discovery. Furthermore, any objections to the scope, burden, or content of discovery requests must be raised by the third parties themselves or their counsel. Columbia's attempts to back door representation of Jane Roe's and Mack Roe's alleged respective interests, and preemptively restrict discovery on behalf of individuals it does not represent is improper. Additionally, in the June 6, 2025 Conference with the Parties, Columbia indicated to the Court that it's No-Contact Directives apply to "recent students" and alumni. However, Columbia has yet to cite this Policy, or any other institutional policy or authority in support of its assertion, and Plaintiff is wholly unaware of the existence of any such Policy. To the extent that any such Policy exists, Plaintiff's respectfully requests that the Court order Columbia to *immediately* disclose this NCD Policy that applies to recent students. Plaintiff further requests that the Court order Columbia to also disclose when this NCD Policy was implemented by Columbia, and when, if ever, said Policy was disclosed Plaintiff. Plaintiff requests that the Court order Columbia to produce this alleged NCD Policy to both Plaintiff and the Court[1].

Plaintiff appreciates the discomfort Columbia may feel, in attempting to defend the indefensible—but Columbia's discomfort is not a legal basis to obstruct discovery and file bad faith and misleading letters with the Court. Columbia cannot rewrite the record or dictate the limits of inquiry simply because transparency would further expose the colossal procedural failures, gender-bias, and discriminatory misconduct that permeated its disciplinary process that gave rise to this action, and that would significantly weaken if not completely undermine its pending motion to dismiss the complaint. If Columbia truly believes its conduct in the underlying disciplinary proceeding was well above reproach, it should have no qualms about discovery proceeding unimpeded as required by the Federal Rules.

As such, Plaintiff respectfully requests that the Court (1) reconsider its order limiting third-party discovery, and permit Plaintiff to obtain the full scope of communications between Jane Roe and Mack Roe as requested and (2) order Columbia to immediately disclose to Plaintiff and the Court, its alleged No-Contact Directive Policy that applies to recent students and alumni.

Plaintiff further requests that the Court admonish Counsel for Columbia, for their repeated bad-faith obstruction of this litigation and discovery, their repeated willful misrepresentations to the Court, and their senseless waste of judicial recourses dedicated to resolving this matter.

---

[1] The fact that Columbia has not produced this alleged NCD Policy to Plaintiff or the Court is highly suspect.

**MOTION FOR RECONSIDERATION**                                                                 Page 3

# JOHN DOE

Respectfully Submitted,

John Doe
Plaintiff, Pro Se

Cc: Anna Collins Peterson (Via Email)
    Gabrielle E. Tenzer (Via Email)