# JOHN DOE

RECEIVED
SDNY PRO SE OFFICE
2025 JUL 11 PM 3: 20

PO Box #250050
New York, NY 10025
(917) 450-9050

**Direct Dial: (917) 450-9050**
**Direct Email: johndoe.casemail@gmail.com**

July 11, 2025

**VIA ECF**

The Honorable Robyn F. Tarnofsky
United States District Court
Southern District of New York
500 Pearl Street, Room 703
New York, NY 10007

Re:   John Doe v. Columbia University No. 1:25-cv-02132-DEH-RFT

### MOTION TO COMPEL DISCLOSURE
### OF DEFENDANT'S INSURANCE AGREEMENTS

Dear Judge Tarnofsky:

I write as Plaintiff in the above-referenced matter and respectfully move this Court Pursuant to Rule 37 of the Federal Rules of Civil Procedure and Rule III(B) of Your Honor's Individuals Rules, for an order compelling Defendant Columbia University to disclosure to Plaintiff all insurance agreements under which an insurer may be liable to satisfy part or all of a potential judgment in this action, or to indemnify or reimburse Columbia for such payments.

**I.    Introduction and Background**

On June 20, 2025, Columbia served its initial disclosures pursuant to Rule 26(a). However, Columbia's disclosure regarding insurance agreements was deficient[1]. Rather than voluntarily disclosing their responsive agreements, Columbia stated that it would only produce such agreements "upon Plaintiff's request at a mutually agreeable time and place" and "subject to the entry of a protective order." Columbia's disclosure did not specify whether any responsive insurance agreements exist, nor did it provide any description of their nature, coverage, or limits.

---

[1] A true and correct copy of Columbia's deficient disclosure is attached hereto as "Exhibit A"

1

On June 23, 2025, Plaintiff sent a good-faith letter to Columbia's counsel of record in this action, identifying these deficiencies and requesting immediate supplementation of their initial disclosures to comply with Rule 26. On June 27, 2025, counsel for Columbia responded that they were 'Working with [Columbia] on the [disclosure] issue". On July 7, 2025, the parties met and conferred regarding the deficient disclosure. During that conference, Columbia stated that it would not be disclosing any responsive insurance agreements to Plaintiff. When Plaintiff inquired further, counsel for Columbia asked Plaintiff directly and verbatim, "why did you care?"

Regrettably, despite Plaintiff's efforts to resolve this issue without court intervention, the parties have reached an impasse on this matter. Columbia has refused to comply with its clear and unconditional disclosure obligations under Rule 26. Plaintiff now seeks an order compelling immediate disclosure of all responsive insurance agreements that Columbia is *required* to disclose.

## II.     Legal Standard

Federal Rule of Civil Procedure 26(a)(1)(A)(iv) requires that, without awaiting a discovery request, a party must provide to the other parties "for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment." The rule is explicit: disclosure of such insurance agreements is automatic and unconditional, and must occur as part of the initial disclosures at the outset of discovery. The producing party must affirmatively identify and produce all responsive insurance agreements, or, if none exist, must state so unequivocally. See, e.g., *Fed. R. Civ. P. 26(a)(1)(A)(iv)*. Columbia has done neither. Columbia's refusal to comply with this mandatory obligation is grounds for sanctions and a motion to compel under Rule 37.

## III.    Columbia's Willful Non-Compliance With Rule 26

Columbia's cavalier approach to its disclosure obligations under Rule 26(a)(1)(A)(iv) is emblematic of the Columbia's broader pattern of obstructionism and outright disdain for the procedural rules governing this litigation. Rule 26 is clear and unambiguous. Columbia must, without awaiting a discovery request or imposing extraneous conditions, disclose any insurance agreement under which an insurance business may be liable to satisfy a judgment. Columbia, however, apparently believes it may condition this mandatory disclosure on Plaintiff's discovery request, a protective order, and—most audaciously—a "mutually agreeable time and place." At no point does Rule 26(a)(1)(A)(iv) permit a producing party to hedge, delay, or deflect by withholding whether responsive agreements even exist. Yet Columbia has done precisely that, culminating in counsel's brazen refusal during the July 7, 2025 meet and confer to supplement its initial disclosures to Plaintiff.

# JOHN DOE

Moreover, Columbia's counsel's dismissive "why do you care" inquiry to Plaintiff further underscores Columbia's lack of good faith in meeting its discovery obligations. The reason Plaintiff "cares," is that Rule 26 requires such disclosures precisely to inform early case assessment, facilitate settlement, and ensure all parties understand the potential sources of recovery. This is not optional. It's automatic, and clearly applies whether Columbia finds it convenient or not. In short, Columbia's refusal to confirm the existence of, let alone produce, any responsive insurance agreements is indefensible. Its qualified, conditional, and ultimately illusory disclosures fall well short of what Rule 26 mandates. If Columbia truly has no such agreements, it should say so—immediately, unequivocally, and in writing. If such agreements do exist, it must produce them without further delay or excuse. Columbia's continued noncompliance not only violates the rule, but. Columbia's conduct frustrates this purpose, impedes the orderly progress of discovery, and materially obstructs the efficient and fair resolution of this case.

Finally, it is of no secret to the Court that Counsel for Columbia has repeatedly cited Plaintiff's pro se status and has suggested that the Court draw an adverse inference against Plaintiff due to his status as a pro se litigant, and has even suggested that Plaintiff has less rights and access to the Court due to his pro se status. However, Plaintiff respectfully submits that it is not Pro se Plaintiff that is obstructing the litigation process, driving up costs, and wasting Court's resources and time—it is counsel for *Columbia*, two highly trained and experienced civil rights defense Attorneys that know what is right, but nonetheless have chosen to disregard the rules.

### IV. Conclusion

For the reasons states above, Plaintiff respectfully requests that the Court grant his Motion to Compel in its entirety, and order any such other relief that the Court deems just and proper. Plaintiff is available for a conference at the Court's convenience and appreciates the Court's time and attention to this matter.

Respectfully Submitted,

John Doe,
Plaintiff, Pro Se

cc: Anna Collins Peterson (Via ECF)
    Gabrielle E. Tenzer (Via ECF)

3

# EXHBIT A

**D.      "[F]or inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment":**

Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iv), and subject to the reservation of all rights and privileges described above, Columbia will, upon Plaintiff's request and subject to the entry of a protective order, produce for inspection and copying, at a mutually convenient place and time, any insurance agreement of which Columbia is a beneficiary and that is relevant to this litigation.