UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN DOE,<br><br>         Plaintiff,<br><br>    v.<br><br>COLUMBIA UNIVERSITY,<br><br>         Defendant. | Case No. 1:25-cv-02132 (DEH) (RFT)<br><br>**CONFIDENTIALITY STIPULATION AND PROPOSED PROTECTIVE ORDER** |

    **WHEREAS**, the parties having agreed to the following terms to protect the confidentiality of nonpublic and sensitive information that they may need to disclose in connection with discovery in this action, including, but not limited to, private personal information of current or former students of Defendant, including private personal information of Plaintiff;

    **WHEREAS**, this action may involve the production of documents containing information regulated by the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g, and associated regulations, 34 C.F.R. § 99 (together, "FERPA"); the Health Insurance Portability and Accountability Act of 1996, 42 U.S.C. § 1320d, and associated regulations, 45 C.F.R. §§ 160-164 (together, "HIPAA"); and/or other privacy laws and regulations; and

    **WHEREAS**, the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure; it is hereby

    **ORDERED** that the following restrictions and procedures shall apply to the information and documents exchanged by the parties, or provided by a third party, in connection with the pre-trial phase of this action:

1.      A producing party may designate any document or information, in whole or in part, as confidential if the producing party determines, in good faith, that such designation is necessary to protect information that is proprietary, a trade secret, or otherwise sensitive non-public information ("Confidential Information"), including but not limited to:

    (a)     any education records protected by FERPA, whether or not redacted pursuant to Paragraph 2 below;

    (b)     any information of a personal or intimate nature regarding any individual, including any health care records;

    (c)     any personal identifying information ("PII"), including that of current or former students of Defendant; or

    (d)     any other category of information given confidential status by this Court after the date of this Order.

Information and documents designated by a producing party as confidential will be stamped "CONFIDENTIAL."

2.      Pursuant to 20 U.S.C. § 1232g(b)(2)(B) and 34 C.F.R. § 99.31(a)(9), in response to discovery requests or as otherwise necessary for use in this action, Defendant and its representatives are permitted to disclose education records as defined in FERPA (referred to herein as "Education Records") as follows:

    (a)     Defendant may produce a current or former student's Education Records with all of the student's PII redacted and/or replaced with a pseudonym, provided that Defendant has made a reasonable determination that the current or former student's identity is not identifiable, whether on the face of the redacted

Education Records or in conjunction with other documents produced by Defendant, and taking into account other reasonably available information;

(b) Defendant shall make timely and reasonable efforts to provide the current or former student(s) whose Education Records are being produced (and therefore whose identities may be disclosed in the course of discovery) with written notice by any reasonable means available, including by sending such notice by first class mail to the student's last known or permanent mailing address as indicated in the records of Defendant's Office of the Registrar and to the student's Columbia email address, so that the student may seek protective action pursuant to 34 C.F.R. § 99.31(a)(9)(ii) if he or she chooses to do so;

(c) A current or former student receiving such notice shall be provided a period of ten (10) business days following Defendant's sending of the notice to inform Defendant whether the student intends to seek an order preventing disclosure, and a further period of five (5) business days to apply for protection from the Court to prevent disclosure, provided that if the student does not inform Defendant within ten (10) business days following Defendant's sending of the notice that the student intends to seek an order preventing disclosure, Defendant may disclose the Education Records and/or the student's identity;

(d) If any current or former student informs Defendant of their intent to apply for protection from the Court to prevent disclosure within (10) business days, Defendant shall not be required to produce any documents and/or information containing such Education Records until the Court rules on the application;

3

(e) Notwithstanding anything set forth above, and subject to the order regarding pseudonymization of Plaintiff and non-party students, entered by the Court on March 31, 2025, ECF 19 ("Pseudonym Order"), Defendant may, pursuant to 34 C.F.R. § 99.31(a)(9)(iii)(B), disclose Plaintiff's Education Records to the Court in order to defend itself in this action, as well as in response to Plaintiff's discovery requests, without giving Plaintiff notice or, in the case of responding to Plaintiff's discovery requests, redacting Plaintiff's PII;

(f) Nothing in Paragraph 2(g) of this Order, including redactions or pseudonymization made pursuant to the Pseudonym Order or this Protective Order, shall limit Plaintiff's right under Paragraph 5 to seek the unredacted versions of documents or to challenge the use of pseudonyms where necessary to evaluate material facts, or support claims or defenses in this action.

(g) The names and other PII of Jane Roe, Mack Roe, and any of the other witnesses in any of the disciplinary proceedings underlying this litigation will be redacted and/or pseudonymized (*e.g.*, "Witness #1," etc.) in any documents produced in this litigation; and

(h) Before any documents are used publicly in this litigation, including but not limited to in a court filing, the names and other PII of any current or former Columbia students including that of Plaintiff must be redacted and/or replaced with a pseudonym (*e.g.*, "Student"), including but not limited to the names of Plaintiff, Jane Roe, and Mack Roe, whose names should be replaced with pseudonyms consistent with the Pseudonym Order;

        (i)        Defendant shall provide Plaintiff with copies of any written notice, described in Paragraph 2(b), with the student's PII redacted and/or replaced with a pseudonym, within three (3) business days of sending such notice to any current or former student.

Disclosure of Education Records in accordance with this Paragraph 2 shall satisfy 20 U.S.C. § 1232g(b)(2)(B).

        3.        The Confidential Information disclosed will be held and used by the person receiving such information solely in connection with this litigation and for no other purpose.

        4.        Notwithstanding any other provision of this Protective Order, any documents, records, or information produced or disclosed by Plaintiff during discovery in this litigation—including, but not limited to, Plaintiff's educational, counseling, psychological, behavioral, mental health, disability, and/or disciplinary records—shall be used solely for purposes of this civil action. Such materials produced or disclosed by Plaintiff shall not be used in any concurrent or future administrative, academic, or disciplinary proceedings or review involving Plaintiff, nor disclosed or relied upon outside the context of this litigation, without Plaintiff's prior written consent or leave of the Court. However, any documents, records, or information that Columbia now possesses or later receives outside this litigation may be used at the discretion of Columbia, including, but not limited to, in connection with any other proceeding.

        5.        Plaintiff expressly reserves the right to challenge any redactions or pseudonymization that materially impair his ability to assess the relevance, authenticity, or credibility of evidence, witnesses, or factual allegations. If Plaintiff believes that any redacted or pseudonymized information conceals necessary facts, Plaintiff may seek relief from the Court, notwithstanding the protective designations made under this Order.

6. In the event a party challenges another party's designation of confidentiality, the parties shall make a good faith effort to resolve the dispute, including, if necessary, by meeting and conferring, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

7. Documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

    (a) Parties to this action and, in the case of Defendant, counsel, including in-house counsel, and employees of such counsel assigned to and necessary to assist in the litigation;

    (b) Experts retained by a party and subject to disclosure pursuant to Rule 26 of the Federal Rules of Civil Procedure, to the extent deemed necessary by the retaining party, provided that, prior to disclosing any Confidential Information to such expert, the retaining party complies with the procedure established in Paragraph 8 below; and

    (c) The Court (including any other person having access to any Confidential Information by virtue of their position with the Court).

8. Prior to disclosing or displaying the Confidential Information to any expert pursuant to Paragraph 5(b) above, the retaining party must:

    (a) Inform the expert of the confidential nature of the information or documents;

      (b)    Inform the expert that this Court has enjoined the use of the information or documents by them for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person;

      (c)    Require each such expert to sign an agreement to be bound by this Order in the form attached as Exhibit A; and

      (d)    File an executed copy of Exhibit A with the Court and provide a copy to the other party and any producing party, with sufficient time for the other party or any producing party to object to such disclosure, but in no event less than ten (10) business days prior to the anticipated disclosure.

9.    The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thereafter be treated as Confidential Information subject to all the terms of this Stipulation and Order.

10.    If at any time before the termination of this action a party realizes that it should have designated as Confidential Information some portion(s) of discovery material that it previously produced without limitation, the party may so designate such material by notifying all parties in writing. Thereafter, all persons subject to this Order will treat such designated portion(s) of the discovery material as Confidential Information. In addition, the producing party shall provide the other parties with replacement versions of such discovery material that bears the "CONFIDENTIAL" designation within two (2) business days of providing such notice. Notwithstanding the corrective designation process described in this Paragraph, the receiving party

may challenge the producing party's redesignation of confidentiality under the procedure established in Paragraph 6.

11. Any PII (*e.g.*, names, social security numbers, financial account numbers, passwords and/or other uniquely identifying data exchanged in discovery shall be maintained by the receiving party in a manner that is secure, confidential and shared only with authorized individuals in a secure manner. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

12. Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

13. Notwithstanding the designation of information as "CONFIDENTIAL" in discovery, there is no presumption that such information shall be filed with the Court under seal. For requests to file information under seal, the parties shall follow the individual rules of the judge for whom the information is being submitted, as well as Section 6 of the Court's ECF Rules & Instructions. If a party seeks to file Confidential Information with this Court, or file any pleading, motion, or other paper that reveals Confidential Information, the party must first make a good faith effort to attempt to resolve all issues relating to confidentiality, including, if necessary, by meeting

and conferring. In the event that no resolution is agreed to among the parties, the filing party shall follow the individual rules of the judge for whom the information is being submitted, as well as Section 6 of the Court's ECF Rules & Instructions, and make an application to file under seal, and the parties may present their respective positions on sealing to the Court. In following any judge's individual rules with respect to an application to file under seal, the names and other PII of current and former Columbia students that are redacted/pseudonymized pursuant to Paragraphs 2(f)–(g) shall remain redacted/pseudonymized in any unredacted filing made under seal.

14. At the conclusion of this litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or, upon permission of the producing party, destroyed.

15. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena, provided that the party required to make such disclosure gives written notice to the producing party as soon as reasonably possible, and if permitted by the time allowed under the request, at least ten (10) days before any disclosure. Upon receiving such notice, the producing party shall bear the burden of seeking relief from the Court or other appropriate authority if it wishes to oppose compliance with the subpoena, court order, or other legal process.

SO STIPULATED AND AGREED.

Dated: July 25, 2025
New York, New York

_____
Plaintiff

Date: July 28, 2025
New York, NY

SO ORDERED

_____
ROBYN F. TARNOFSKY
UNITED STATES MAGISTRATE JUDGE

_____
Counsel for Defendant

9

**Exhibit A**

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOHN DOE,<br><br>                    Plaintiff,<br>         v.<br><br>COLUMBIA UNIVERSITY,<br><br>                    Defendant. | Case No. 1:25-cv-02132 (DEH) (RFT)<br><br>**NON-DISCLOSURE AGREEMENT** |

    I, _____, acknowledge that I have read and understand the Confidentiality Stipulation and Protective Order ("Order") in this action governing the non-disclosure of those portions of discovery material that have been designated as Confidential. I agree that I will not disclose such material to anyone, and that at the conclusion of the litigation I will either return all discovery material to the party or attorney from whom I received it, or upon permission of the producing party, destroy such discovery material. By acknowledging these obligations under the Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Order could subject me to punishment for contempt of Court.

_____
         Date

_____
         Name (typed or printed)

_____
         Signature