UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN DOE,

        *Plaintiff*,

v.

COLUMBIA UNIVERSITY,

        *Defendant*.

No. 1:25-cv-02132-DEH-RFT

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK'S MOTION TO DISMISS THE COMPLAINT**

Gabrielle E. Tenzer
Anna Collins Peterson
HECKER FINK LLP
350 Fifth Avenue, 63rd Floor
New York, NY 10118
Tel: (212) 763-0883
Fax: (212) 564-0883
gtenzer@heckerfink.com
apeterson@heckerfink.com

August 1, 2025

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT ................................................................................................................................ 1

I.      Plaintiff's Title IX Erroneous Outcome Claim Should Be Dismissed ............................... 1

        A.   Plaintiff Has Not Plausibly Alleged That the University Had a Motive to Discriminate Based on Gender ..................................................................................................... 2

        B.   Plaintiff Does Not Allege Any Clear Procedural Irregularity ......................................... 3

II.     Plaintiff's Title IX Selective Enforcement Claim Should Be Dismissed ........................... 8

III.    Plaintiff's ADA Claim Should Be Dismissed ..................................................................... 9

IV.    Plaintiff's Title VI Claim Should Be Dismissed ................................................................. 9

V.     Plaintiff's NYCHRL Claim Should Be Dismissed ........................................................... 10

CONCLUSION .......................................................................................................................... 10

# **TABLE OF AUTHORITIES**

**CASES**

*Dean v. Univ. at Buffalo Sch. of Med. & Biomedical Scis.*,
    804 F.3d 178 (2d Cir. 2015) ................................................................................................ 9

*Doe v. Columbia Univ.*,
    831 F.3d 46 (2d Cir. 2016) ........................................................................................ 1, 2, 3, 5

*Doe v. Columbia Univ.*,
    No. 20 Civ. 6770, 2022 WL 4537851 (S.D.N.Y. Sept. 28, 2022) ........................................ 9

*Doe v. NYU*,
    No. 23-1246, 2024 WL 4834965 (2d Cir. Nov. 20, 2024) .................................................... 8

*Doe v. NYU*,
    No. 20 Civ 1343, 2023 WL 5293688 (S.D.N.Y. Aug. 17, 2023) ......................................... 8

*Freckleton v. Mercy Coll. NY*,
    No. 22 Civ. 1985, 2023 WL 2648827 (S.D.N.Y. Mar. 27, 2023) ........................................ 7

*Guzman v. Macy's Retail Holdings, Inc.*,
    No. 09 Civ. 4472, 2010 WL 1222044 (S.D.N.Y. Mar. 29, 2010) .......................... 2, 7, 9, 10

*Khen v. U.S. Coachways, Inc.*,
    No. 23 Civ. 10762, 2025 WL 252901 (S.D.N.Y. Jan. 21, 2025) ........................................ 10

*Komatsu v. City of New York*,
    No. 20 Civ. 7046, 2021 WL 3038498 (S.D.N.Y. July 16, 2021) ......................................... 2

*Manolov v. Borough of Manhattan Cmty. Coll.*,
    952 F. Supp. 2d 522 (S.D.N.Y. 2013) ............................................................................ 8, 10

*Menaker v. Hofstra Univ.*,
    935 F.3d 20 (2d Cir. 2019) ........................................................................................ 2, 3, 4, 5

*Prasad v. Cornell Univ.*,
    No. 15 Civ. 322, 2016 WL 3212079 (N.D.N.Y. Feb. 24, 2016) .......................................... 8

*Roe v. St. John's Univ.*,
    91 F.4th 657 (2d Cir. 2024) ............................................................................................. 2, 4

*Schiebel v. Schoharie Cent. Sch. Dist.*,
    120 F.4th 1082 (2d Cir. 2024) ............................................................................................. 2

*Sutton v. Stony Brook Univ.*,
    No. 18 Civ. 7434, 2021 WL 3667013 (E.D.N.Y. Aug. 18, 2021) ........................................ 10

*Sutton v. Stony Brook Univ.*,
    No. 21-2055, 2022 WL 4479509 (2d Cir. Sept. 27, 2022) .................................................. 10

*Tew v. Town of Stony Point*,
    No. 22 Civ. 6148, 2023 WL 6146651 (S.D.N.Y. Sept. 20, 2023) ......................................... 9

*Tudor v. Whitehall Cent. Sch. Dist.*,
    132 F.4th 242 (2d Cir. 2025) ............................................................................................. 9

*Wilkov v. Ameriprise Fin. Servs. Inc.*,
    753 F. App'x 44 (2d Cir. 2018) .......................................................................................... 2

*Yusuf v. Vassar Coll.*,
    35 F.3d 709 (2d Cir. 1994) ................................................................................................. 1

*Zeno v. Pine Plains Cent. Sch. Dist.*,
    702 F.3d 655 (2d Cir. 2012) .............................................................................................. 9

Columbia respectfully submits this reply memorandum of law in further support of its motion to dismiss the Complaint.[1]

## PRELIMINARY STATEMENT

In his Opposition, Plaintiff decries Columbia's disciplinary process as "indefensible," Opp'n 1, and its Brief as "diabolical," *id.* 9. But, like the conclusory allegations in his Complaint, Plaintiff's assertions crumble upon the most basic of reviews. Plaintiff does not allege facts to support a plausible inference that gender bias affected the outcome of his GBM proceeding. That deficiency alone is fatal to his Title IX claims. Moreover, Plaintiff's arguments about irregularities in his GBM proceeding are untethered to his Complaint, the GBM Policy, or any specific facts that Plaintiff offers. On his ADA and Title VI claims, Plaintiff does not respond to Columbia's arguments that he failed to allege required elements, nor does he identify any allegations in his Complaint to support his claims. And all of these same pleading failures similarly doom his NYCHRL claim.

At bottom, Plaintiff offers nothing more than invective and his own say-so to support his claims. That is insufficient, even for a pro se plaintiff. Accordingly, the Complaint should be dismissed.

## ARGUMENT

**I.    Plaintiff's Title IX Erroneous Outcome Claim Should Be Dismissed**

In his Opposition, Plaintiff argues that Columbia's Brief did not "contend with the clear and binding precedent" relevant to Plaintiff's Title IX claims. Opp'n 8-9 (citing, *inter alia*, *Yusuf v. Vassar Coll.*, 35 F.3d 709 (2d Cir. 1994); *Doe v. Columbia Univ.*, 831 F.3d 46 (2d Cir. 2016);

---

[1] Capitalized terms and abbreviations have the same meaning as in the Memorandum of Law in Support of Defendant The Trustees of Columbia University in the City of New York's Motion to Dismiss the Complaint ("Brief" or "Br."), ECF 41. References to "Opposition" or "Opp'n" are to Plaintiff John Doe's Memorandum of Law in Opposition to Defendant's Motion to Dismiss Complaint, ECF 76.

1

*Menaker v. Hofstra Univ.*, 935 F.3d 20 (2d Cir. 2019); *Schiebel v. Schoharie Cent. Sch. Dist.*, 120 F.4th 1082 (2d Cir. 2024)). But Columbia's Brief did, in fact, address these precedents, including where Columbia explained that, to plead a Title IX erroneous outcome claim, "Plaintiff must cast doubt on the outcome and allege 'specific facts that support a minimal plausible inference' of gender discrimination." Br. 9 (quoting *Doe v. Columbia Univ.*, 831 F.3d at 56). Plaintiff fails to meet this pleading standard.

### A. Plaintiff Has Not Plausibly Alleged That the University Had a Motive to Discriminate Based on Gender

Plaintiff erroneously claims that Columbia's Brief "[d]eliberately [m]isstates the [l]aw" by asserting that Plaintiff "*must* allege *direct evidence* of gender bias." Opp'n 12 (emphasis added). Rather, Columbia explained in its Brief that a plaintiff can establish a plausible inference of gender bias through direct evidence *or* though clear procedural irregularities combined with public pressure sufficient to provide a motive to discriminate on the basis of gender. Br. 9-10 (citing *Roe v. St. John's Univ.*, 91 F.4th 643, 657 (2d Cir. 2024); *Menaker*, 935 F.3d at 33). Plaintiff does neither.

Plaintiff seems to concede that he lacks direct evidence of gender bias. *See* Opp'n 12-13. Instead, Plaintiff argues that Columbia was motivated to discriminate due to what he describes as "public relations fallouts" and pressure from Jane Roe.[2] *Id.* at 13-15. But nothing in his Opposition explains how the allegations in his Complaint—although numerous—demonstrate that Columbia had a motive to discriminate against Plaintiff in his GBM proceeding because of his gender.

---

[2] Plaintiff's Opposition does not address, and therefore forfeits, his claim that the 2011 Dear Colleague Letter and Obama-era federal guidance created the requisite pressure. *See* Br. 10-11; *Guzman v. Macy's Retail Holdings, Inc.*, No. 09 Civ. 4472, 2010 WL 1222044, at *8 (S.D.N.Y. Mar. 29, 2010); *see also Komatsu v. City of New York*, No. 20 Civ. 7046, 2021 WL 3038498, at *9 n.8 (S.D.N.Y. July 16, 2021) (noting pro se plaintiff "does not appear to address the [defendant's] arguments on this point in his response, arguably abandoning his claim" (citing *Wilkov v. Ameriprise Fin. Servs. Inc.*, 753 F. App'x 44, 47 n.1 (2d Cir. 2018))).

First, Plaintiff contends that various sources demonstrate a "public relations fallout[] related to [Columbia's] handling of sexual misconduct complaints brought by female Columbia students, against male Columbia students." *Id.* at 13 (citing ¶¶ 115-156). But in fact, the allegations Plaintiff cites in support of this point do not relate to Columbia's handling of complaints by or against Columbia students. *See* ¶¶ 115-156; Br. 11-12.

Nonetheless, Plaintiff claims that his "allegations fall squarely within the *Menaker* framework." Opp'n 14; *see also id.* at 15-16. But in *Menaker*, the university "faced internal criticism for its assertedly inadequate response to male sexual misconduct on campus" and had been identified in the national press "as one of several universities under investigation by the Department of Education for possible mishandling of sexual misconduct claims." 935 F.3d at 27. By contrast, Plaintiff relies on allegations entirely unrelated to student misconduct or on events that occurred years before Jane Roe's complaint against him. *See* Opp'n 15-16; ¶¶ 118-140. As explained in Columbia's Brief, *see* Br. 11-12, such allegations fall far short of the "specific facts" that have been found to support a plausible inference of sex discrimination. *See Doe v. Columbia*, 831 F.3d at 56.

Second, Plaintiff attempts to save his theory that alleged pressure from Jane Roe created a motive to discriminate, arguing that the fact that Jane Roe did not start a "movement" or deliver "speeches" shows that Columbia was motivated by gender bias. Opp'n 14-15. But Plaintiff still does not explain how any pressure from Jane Roe was related to Plaintiff's gender, nor does Plaintiff offer any authority to support his theory that purported pressure from a student party in a campus disciplinary proceeding can demonstrate a motive to discriminate on the basis of gender. *See id.*

B.   **Plaintiff Does Not Allege Any Clear Procedural Irregularity**

Having failed to allege direct evidence of gender bias or that Columbia had a motive to

3

discriminate, Plaintiff's Title IX claims fail. In addition, Plaintiff has not alleged the type of "clearly irregular investigative or adjudicative process" sufficient to raise an inference of bias—providing an independent basis for dismissal of his Title IX claims. *See Menaker*, 935 F.3d at 33; Br. 12-13. Plaintiff's Opposition does not seriously contest (nor could it) that Plaintiff's disciplinary proceeding followed the process outlined in the GBM Policy and that Plaintiff received robust procedural protections. *See* Opp'n 9-11; Br. 13. Instead, Plaintiff attempts to characterize unsound arguments about his GBM proceeding as procedural irregularities. Without factual allegations to support his theories, however, each argument falls short.

***Plaintiff's Illicit Purpose.*** Plaintiff argues that the finding that he acted with an "illicit purpose" in sending the Explicit Images without Jane Roe's consent is an irregularity sufficient to show bias. *See* Opp'n 7-8. But Plaintiff offers no factual allegations to support his theory that this finding was erroneous, let alone allegations of a procedural irregularity sufficient to show bias. *See Roe v. St. John's Univ.*, 91 F.4th at 657.

As Plaintiff acknowledges, the GBM Policy defines Sexual Exploitation as "[n]on-consensual abuse or exploitation of another person's sexuality for the purpose of sexual gratification, financial gain, personal benefit or advantage, or any other illicit purpose." GBM Policy 11; Opp'n 2. Here, the content of the Explicit Images and Plaintiff's transfer of the Explicit Images to himself without Jane Roe's consent constitute clear circumstantial evidence of an illicit purpose.[3] *See* Br. 16-17. Plaintiff offers no citation for his claim that the GBM Policy "requires . . . *actual* proof of illicit purpose," nor does he explain what "actual proof" means or why the

---

[3] Plaintiff argues that Columbia's Brief "descends into absurdity" by offering citations for the point that courts use comparable reasoning (*i.e.*, that the absence of a legitimate purpose can suggest an illicit one) and claims that "[t]he fact that Columbia cannot locate a single controlling Title IX case to support its argument . . . is not at all surprising." Opp'n 11-12. But Plaintiff offers no citations to any authority in support of his argument on this point. *See id.* at 7-8, 11.

4

proof relied on by Columbia's investigators was deficient. Opp'n 7. To the extent Plaintiff means that the GBM Policy requires direct, rather than circumstantial, evidence of his illicit purpose, he offers no authority for that position, nor can he. *See id.* at 7-8.[4]

Ultimately, the investigators concluded that "[t]here was no legitimate or lawful reason why John Doe would share the picture and videos of [Jane Roe] with himself, other than for an illegitimate or illicit purpose." ¶ 724. Plaintiff appears to view this formulation of the investigators' conclusion as a "concession[] that there was insufficient evidence to substantiate the charge against Plaintiff." Opp'n 4. Not so. Far from constituting an "irregularity," the investigators' findings comported with the evidentiary requirements of the GBM policy, *see* Br. 3 (citing GBM Policy at 54 (investigators' recommendation based on preponderance of the evidence standard)), and Plaintiff does not point to a single factual allegation suggesting otherwise.

***Plaintiff's Timeline.*** Next, Plaintiff contends that his "factual timeline" establishes, "incontrovertibly," that the investigators' factual conclusions were erroneous. Opp'n 18. But upon even cursory inspection, Plaintiff's "timeline" does not demonstrate that a decisionmaker "accept[ed] an unsupported accusatory version" of events or that "the evidence substantially favor[ed]" Plaintiff. *Menaker*, 935 F.3d at 34 (quoting *Doe v. Columbia*, 831 F.3d at 57). Indeed, Plaintiff's argument does not suggest Columbia's conclusions were erroneous at all.[5]

Plaintiff's four-page narrative of events contains no citations to the Complaint, but appears to contend that timestamps on photographs and the statements of Eyewitness 2 prove that he was not in possession of Jane Roe's phone at 12:59 AM on the night of the party when the Explicit

---

[4] Plaintiff further suggests that Columbia's argument is based on Plaintiff's male gender, *see* Opp'n 7-8, but fails to explain how or cite to any part of Columbia's argument supposedly revealing "gender biased assumptions," *id.* at 8.

[5] Plaintiff argues that "Columbia does not present any argument whatsoever for dismissing Plaintiff's erroneous outcome cause of action." Opp'n 22. Yet Columbia's Brief addressed Plaintiff's erroneous outcome claim at length, *see* Br. 9-21, including Plaintiff's timeline argument, *id.* at 16.

5

Images were transmitted from Jane Roe's phone to his. Opp'n 21. Specifically, Plaintiff argues that Jane Roe took photographs on her phone at 12:50 AM. *See id.* at 19. But of course, that does not establish who possessed her phone nine minutes later. *See* Br. 16. Plaintiff additionally argues that Eyewitness 2 told investigators that he saw Plaintiff with Jane Roe's phone around 12:30 AM and that he saw Plaintiff with the same phone around 1:00 AM. Opp'n 18-19. Plaintiff contends Eyewitness 2's statement that he saw Plaintiff with Jane Roe's phone at 12:30 AM was false. *Id.* at 19. Plaintiff seems to suggest that, because Eyewitness 2 did not immediately explain to the investigator how he recognized Jane Roe's phone, Eyewitness 2 must have actually seen Plaintiff with Plaintiff's own phone, rather than Jane Roe's. *Id.* And despite Plaintiff's contention that Eyewitness 2 made false statements, Plaintiff argues that Eyewitness 2's statement that he saw Plaintiff with "the same phone" around 1:00 AM refers to Plaintiff's phone and is part of the "overwhelming evidence" that Plaintiff did not possess Jane Roe's phone at 12:59 AM, when the Explicit Images were transferred. *Id.* at 20-21.[6] This re-casting of a statement by a witness who Plaintiff takes pains to allege was not credible falls far short of showing an irregularity sufficient to demonstrate bias.

**Plaintiff's Other Claimed Irregularities.** While Plaintiff claims to allege "a *plethora* of procedural irregularities," *id.* at 10, he simply lists purported irregularities without citation or analysis and does not engage with Columbia's arguments that none of those purported irregularities show bias, *see* Br. 17. Plaintiff does not support his conclusory assertions with specific facts, citations to the GBM Policy, or other authority. *See* Opp'n 10-11. Furthermore,

---

[6] In his Opposition, Plaintiff argues that Columbia "intentionally misconstru[ed] and misrepresent[ed] critical exculpatory evidence, including witness statements, photos, timestamps and timelines." Opp'n 18. To the extent that Plaintiff refers to evidence *other* than the 12:50 AM photographs and the statements of Eyewitness 2, Plaintiff's allegations are too vague and conclusory to provide the sort of specific factual allegations necessary to state a claim. *See* Br. 15-16.

6

Plaintiff's Opposition does not address, and therefore Plaintiff forfeits, various alleged irregularities that are addressed in Columbia's Brief.[7] *See Guzman*, 2010 WL 1222044, at *8.

Where he offers some discussion, Plaintiff argues that Mack Roe's participation in the hearing for the consolidated GBM proceedings was improper, including because the particular provision of Columbia's Gender-Based Misconduct and Interim Title IX Policies and Procedures for Students—which Columbia's Brief defines and refers to as "the GBM Policy," *see* Br. 2—discussing the consolidation of complaints pertains to proceedings brought under the Interim Title IX Policy, rather than the Gender-Based Misconduct Policy. *See* Opp'n 8. Regardless, Plaintiff does not identify *any* policy that disallows the consolidation of complaints.

In discussing other alleged "procedural irregularities" in his Opposition, Plaintiff continues his practice of relying on conclusory allegations that lack any factual specifics. *See* Opp'n 9-11; *see* Br. 15-16. Plaintiff complains that Columbia "deliberately misconstrued or outright excluded witness statements," but does not in any way identify or describe the statements. Opp'n 10. He claims Columbia "refused to correct known and identified factual errors," but does not identify or describe the purported errors. *Id.* Plaintiff claims that he was found responsible "despite digital, testimonial, undisputed evidence to the contrary." *Id.* at 14. But neither in his Complaint nor in his Opposition does Plaintiff identify this evidence or explain its significance—even after Columbia's Brief highlighted these deficiencies. *See* Br. 15-16. These conclusory assertions are simply insufficient to state a claim. *Freckleton v. Mercy Coll. NY*, No. 22 Civ. 1985, 2023 WL 2648827, at *6 (S.D.N.Y. Mar. 27, 2023) (dismissing pro se complaint and noting that a "plaintiff alleging

---

[7] *E.g.*, severity of sanction and assumption of guilt by the sanctioning Dean, *see* Br. 14; mischaracterization of Plaintiff's statements, *see id.* at 16; investigators' tone and manner of questioning, *see id.* at 17-18; denial of extension requests, *see id.* at 18; lack of cross-examination, *see id.* at 19; use of mental health evidence, *see id.*; delay, *see id.* at 20; redaction of an email; *see id.* at 18 n.10; determination that certain correspondence was not relevant, *see id.*; questioning about evidence without advance review, *see id.*; lack of questions about Plaintiff's Retaliation allegations at the hearing, *see id.*; investigators' absence at the hearing, *see id.*

7

racial or gender discrimination by a university must do more than recite conclusory assertions" (quoting *Manolov v. Borough of Manhattan Cmty. Coll.*, 952 F. Supp. 2d 522, 532 (S.D.N.Y. 2013))).

## II.     Plaintiff's Title IX Selective Enforcement Claim Should Be Dismissed

Without a plausible allegation of gender bias, Plaintiff's Title IX selective enforcement claim should also be dismissed. *See* Br. 21; *see supra* Section I. But Plaintiff's selective enforcement claim also fails because Plaintiff has not plausibly alleged that Columbia treated him differently than a similarly situated student—*i.e.*, a female student "facing comparable disciplinary charges[.]" *Prasad v. Cornell Univ.*, No. 15 Civ. 322, 2016 WL 3212079, at *18 (N.D.N.Y. Feb. 24, 2016) (collecting cases); *see* Br. 21-22.

Plaintiff does not allege that Jane Roe faced a formal complaint comparable to Plaintiff's, and therefore he has not alleged they were similarly situated. *See* Br. 21-22; *Doe v. NYU*, No. 20 Civ 1343, 2023 WL 5293688, at *5 (S.D.N.Y. Aug. 17, 2023) (noting that two students were not similarly situated because "although they both complained (in the colloquial sense) of abuse by the other, Jane was the only one to file a formal complaint"), *aff'd*, No. 23-1246, 2024 WL 4834965 (2d Cir. Nov. 20, 2024). Even if Plaintiff accused Jane Roe of sending the Explicit Images to him, *see* Opp'n 23; ¶¶ 185-189, Plaintiff has not alleged that he ever filed a formal complaint against Jane Roe, nor does he explain how Columbia's mandatory reporting policy required a response other than the review that he acknowledges was conducted by the Investigative Team in his GBM proceeding. Opp'n 23.

Furthermore, Plaintiff and Jane Roe are not similarly situated because, accepting Plaintiff's allegations as true, their alleged conduct was materially different. Plaintiff alleges Jane Roe sent Plaintiff unsolicited explicit images of herself. ¶ 220. But Jane Roe reported to Columbia that

8

Plaintiff, without her consent, accessed and distributed explicit images of Jane Roe. ¶ 311. *Cf. Doe v. Columbia Univ.*, No. 20 Civ. 6770, 2022 WL 4537851, at *28 (S.D.N.Y. Sept. 28, 2022) (dismissing selective enforcement claim because "the severity of the allegations against [female complainants] did not bear a reasonably close resemblance to those faced by Plaintiff" (citation and quotations omitted)).

### III.   Plaintiff's ADA Claim Should Be Dismissed

In its Brief, Columbia identified multiple, independently fatal deficiencies in Plaintiff's ADA claim. *See* Br. 22-23. Plaintiff's Opposition does not address, and therefore forfeits, any argument as to whether he was denied an opportunity or benefit by reason of his disability. *See Guzman*, 2010 WL 1222044, at *8; Opp'n 23-24. That alone dooms his claim. Plaintiff's sole argument in support of his ADA claim is that his Complaint need not specify his disability. Opp'n 23-24.[8] But it is well established that a plaintiff must "allege what disability he suffers from" in order to "allege[] a claim under the ADA." *Tew v. Town of Stony Point*, No. 22 Civ. 6148, 2023 WL 6146651, at *8 (S.D.N.Y. Sept. 20, 2023); *see also* Br. 22-23. Plaintiff does not cite any case law or other authority to the contrary (nor could he).

### IV.   Plaintiff's Title VI Claim Should Be Dismissed

Plaintiff does not respond to Columbia's argument that he has failed to allege "deprivation of educational benefits or opportunities" due to any purported harassment. *Zeno v. Pine Plains Cent. Sch. Dist.*, 702 F.3d 655, 665–67 (2d Cir. 2012); *see* Br. 23-24. Because Plaintiff has

---

[8] In his Opposition, Plaintiff argues that Columbia "does [not] contend with the clear and binding precedent in . . . *Tudor v. Whitehall Central School District*, No. 23-1217 (2d Cir. 2025)[, and] *Dean v. University at Buffalo School of Medicine*, No. 21-2040 (2d Cir. 2023)." Opp'n 8-9. Counsel for Columbia has been unable to locate authorities precisely matching those citations, although there are Second Circuit decisions related to ADA claims matching those case names, albeit with different case numbers and, as to one case, year. *See Dean v. Univ. at Buffalo Sch. of Med. & Biomedical Scis.*, 804 F.3d 178 (2d Cir. 2015); *Tudor v. Whitehall Cent. Sch. Dist.*, 132 F.4th 242 (2d Cir. 2025). Notably, in both cases, the plaintiff specifically identified their disability. *See Dean*, 804 F.3d at 183, 187 (describing plaintiff's treatment for "situational depression"); *Tudor*, 132 F.4th at 244 (describing symptoms of plaintiff's post-traumatic stress disorder).

forfeited any argument that he pleaded this essential element, his Title VI claim should be dismissed. *See Guzman*, 2010 WL 1222044, at *8.

Moreover, Plaintiff's argument regarding actual knowledge of purported harassment again lacks factual specifics. *See* Br. 23. Without any citations, Plaintiff argues that his Complaint "details multiple instances where Plaintiff [verbally] notified Columbia of specific racial coercion[] and harassment by Mack Roe." Opp'n 24. Plaintiff does not explain, however, when or how a report was made, to whom, or what details were provided. He therefore fails to establish the required actual knowledge. *See Sutton v. Stony Brook Univ.*, No. 18 Civ. 7434, 2021 WL 3667013, at *8 (E.D.N.Y. Aug. 18, 2021), *aff'd*, No. 21-2055, 2022 WL 4479509 (2d Cir. Sept. 27, 2022). Even Plaintiff's new assertion, absent from his Complaint, that he "cited the race-based harassment and coercion in his 'Impact Statement' in the disciplinary proceeding," Opp'n 24, still falls short of pleading actual knowledge because it does not provide any facts about the information Plaintiff supposedly reported to Columbia, *see Manolov*, 952 F. Supp. 2d at 533.

## V.     Plaintiff's NYCHRL Claim Should Be Dismissed

Although the elements of Plaintiff's state and federal claims are not wholly coterminous, there are common requirements, as explained in Columbia's Brief. Br. 24-25. Plaintiff's NYCHRL claim therefore fails for substantially the same reasons as his federal claims, including but not limited to his failure to allege discriminatory intent—the gravamen of an NYCHRL claim. *See* Br. 25; *see also Khen v. U.S. Coachways, Inc.*, No. 23 Civ. 10762, 2025 WL 252901, at *7 (S.D.N.Y. Jan. 21, 2025) (dismissing plaintiffs' NYCHRL claim for the "same reasons that their Title VI claim is dismissed: they have not pled facts supporting an inference of discriminatory intent").

## CONCLUSION

For the foregoing reasons and those stated in Columbia's Brief, the Court should dismiss the Complaint in its entirety with prejudice.

10

|  |  |  |
|---|---|---|
|  |  | Respectfully submitted, |
| Dated: | August 1, 2025<br>New York, New York | By: _____<br>Gabrielle E. Tenzer<br>Anna Collins Peterson<br>HECKER FINK LLP<br>350 Fifth Avenue, 63rd Floor<br>New York, NY 10118<br>Tel: (212) 763-0883<br>Fax: (212) 564-0883<br>gtenzer@heckerfink.com<br>apeterson@heckerfink.com<br><br>*Counsel for Defendant The Trustees of Columbia University in the City of New York* |

11

## CERTIFICATE OF COMPLIANCE

I, Anna Collins Peterson, hereby certify that this memorandum of law complies with the word-count limitations set forth in Local Civil Rule 7.1(c) and Rule 4(c)(ii) of Your Honor's Individual Rules and Practices in Civil Cases because it contains 3,464 words and 10 pages, exclusive of the caption, the table of contents, the table of authorities, the signature blocks, and this certificate.

Dated:    August 1, 2025
          New York, New York

Anna Collins Peterson

*Counsel for Defendant The Trustees of Columbia University in the City of New York*