# Exhibit A

John Doe
PO Box #250050
New York, New York 10025
(917) 450-9050
johndoe.casemail@gmail.com
Plaintiff, Pro Se

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
JOHN DOE,                                  |    Case No. 1:25-CV-02132-DEH-RFT
                                           |
            Plaintiff,                     |
                                           |
    v.                                     |
                                           |    **Rule 33 Interrogatories**
COLUMBIA UNIVERSITY,                       |
                                           |
            Defendant.                     |
---------------------------------------------------------x

**TO:**   Columbia University and its attorneys Anna Collins Peterson and
          Gabrielle E. Tenzer.


### PLAINTIFF'S FIRST SET OF INTERROGATORIES DIRECTED AT DEFENDANTS

Please take notice that the Defendant is hereby required, pursuant to Rule 33 of the Federal Rules of Civil Procedure, to serve upon the undersigned, within thirty (30) days after service of this notice, its answers in writing and under oath to the following Interrogatories. These interrogatories are propounded for the purpose of

**PLAINTIFF'S FIRST SET OF INTERROGATORIES**                              Page -   1

obtaining information relevant to the claims and defenses in this action, as defined by Rule 26(b)(1) of the Federal Rules of Civil Procedure. The information sought is within the knowledge, custody, or control of Defendant Columbia University and is necessary to evaluate the factual basis of Plaintiff's allegations. Plaintiff reserves the right to supplement or amend these interrogatories as discovery progresses and additional information becomes available.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Please describe Columbia University's policies, procedures, or practices (if any) for internally correcting or reversing an erroneous determination of responsibility in a Gender-Based Misconduct ("GBM") proceeding, including any mechanisms for reconsideration, rehearing, post-adjudication review, or administrative error correction. In your answer, state whether Plaintiff was ever informed of or offered any such opportunity in connection with his GBM proceeding. For your response, please:

1. Identify and describe any official policies or protocols currently in effect or in effect at the time of Plaintiff's GBM proceeding that permit reversal, modification, or vacatur of a responsibility finding;

2. State whether such policies or procedures were available or made known to Plaintiff following the outcome of his GBM hearing and/or appeal;

3. Identify the office(s), administrator(s), or decision-making body responsible for reviewing and granting such reversals or modifications;

4. Describe any circumstances, criteria, or procedural prerequisites Columbia requires before such review or correction may be initiated;

5. Please state whether Columbia has ever, between July 1, 2016 and the present, reversed, vacated, or materially modified a finding of responsibility in any GBM matter and identify the number of such instances.

**INTERROGATORY NO. 2:**

Identify each individual—whether employed by Columbia University or otherwise including but not limited to employees, contractors, and third parties—who participated in, advised on, or had any involvement in the investigation, adjudication, appeal, or related decision-making concerning Plaintiff's Gender-Based Misconduct ("GBM") proceeding and Center for Student Success and Intervention ("CSSI") proceeding. For each such individual, state:

1. Full name;

2. Job title or role at the relevant time;

3. Employer or institutional affiliation;

4. A description of their involvement or responsibilities with respect to the proceedings; and

5. The dates during which they were involved in the matter.

## **INTERROGATORY NO. 3:**

Please identify and describe any and all actual or potential conflicts of interest raised by or about any individual involved in Plaintiff's Gender-Based Misconduct (GBM) proceeding that was not disclosed to Plaintiff, including but not limited to investigators, hearing panelists, appeal officers, advisors, and witnesses. For each conflict or potential conflict:

1. State the name and title of the individual;

2. Describe the nature of the conflict or potential conflict;

3. State the date on which the conflict was identified, disclosed, or otherwise became known to Columbia;

4. Identify who reviewed or addressed the conflict;

5. State the outcome of any review and the rationale for allowing or removing the individual from the proceedings, if applicable.

6. Identify any documentation, communication, or record evidencing the same.

## **INTERROGATORY NO. 4:**

Please identify and describe any and all institutional accommodations —academic, financial, procedural, or otherwise, including procedural related extensions —provided to Jane Roe by Columbia University during the pendency of the Gender-Based Misconduct (GBM) disciplinary proceedings involving Plaintiff. For each accommodation, please:

1. Describe the nature of the accommodation;
2. State the date it was requested and the date it was granted;
3. Identify the office, administrator, or official who approved the accommodation;
4. Explain the stated rationale or justification for providing the accommodation; and;
5. Identify any documentation, communication, or record evidencing the accommodation.

## INTERROGATORY NO. 5:

Please describe in detail the "illicit purpose" that Columbia University contends motivated Plaintiff's alleged misconduct in connection with the alleged events giving rise to the Gender-Based Misconduct (GBM) proceedings. For each such contention, please:

1. State the specific illicit purpose;

**PLAINTIFF'S FIRST SET OF INTERROGATORIES**                                     Page -  5

2. Identify all evidence Columbia relies upon to support this contention, including dates and sources;

3. Identify each individual who made or endorsed this assessment, including their title and role;

4. State when Columbia first formulated this contention;

5. Identify all documents or records that reference, record, or support the assertion of such illicit purpose.

## INTERROGATORY NO. 6:

Please identify with specificity any all evidence Columbia University contends supports its finding that Plaintiff committed sexual exploitation against Jane Roe, including all evidence that Columbia contends was "overwhelming evidence" against Plaintiff including:

1. A detailed description of each item of evidence relied upon;

2. The date on which each item of evidence was obtained;

3. The individual(s) who obtained, reviewed, or evaluated each item of evidence;

4. How and by whom each item of evidence was interpreted or weighed during the investigative and adjudicatory process;

5. The authentication process used to verify the reliability and integrity of each item of evidence, including any metadata review, chain of custody procedures, or corroborating testimony or documentation;

6. The specific conclusions drawn from each item of evidence by the Investigative Team, the Hearing Panel, and the Appellate Panel, respectively.

## **INTERROGATORY NO. 7:**

Please describe in detail any and all communications to, from, or involving Columbia University's Office of the President, Office of the Provost, Title IX Coordinator, and the Board of Trustees between April 23, 2022, and June 5, 2024 that relate to or reference Plaintiff's Gender-Based Misconduct (GBM) and/or Center for Student Success and Intervention (CSSI) disciplinary proceedings. For each such communication, please:

1. Identify the date of the communication;

2. State the medium of the communication (e.g., email, letter, meeting, phone call);

3. Identify all individuals involved in or copied on the communication, including their titles and institutional affiliations at the relevant time;

4. Provide a detailed summary of the content of the communication; and

5. Identify any documentation, notes, memoranda, or records memorializing or evidencing the communication.

**INTERROGATORY NO. 8:**

Please describe in detail the role that Columbia University's Title IX/Gender-Based Misconduct (GBM) Office played in the evaluation, handling, involvement with, or denial of Plaintiff's requests for disability accommodations during the gender-based misconduct disciplinary proceedings. For each requested accommodation, please:

1. Identify the nature of the accommodation requested by Plaintiff (e.g., academic, procedural, support-related);
2. State the date the request was made and the means by which it was communicated;
3. Identify all individuals involved in reviewing, evaluating, granting, or denying the request, including their titles and departments;
4. Indicate whether the accommodation was granted, denied, or modified;
5. Provide the rationale or stated justification for any denial or limitation imposed on the requested accommodation; and
6. Identify and describe any communication, documentation, or internal record concerning the request or the decision rendered.

**INTERROGATORY NO. 9:**

Please identify each individual—whether employed by Columbia University or otherwise—who was involved in any way in the consideration, recommendation, decision, communication, or implementation of the revocation of Plaintiff's PALS Scholarship. For each such individual, state:

1. Full name;

2. Job title or role at the time of involvement;

3. Department, office, or institutional affiliation;

4. The nature of their involvement in the decision to revoke the scholarship;

5. The date(s) in which they were involved;

6. The stated reason(s) or rationale for the revocation.

## INTERROGATORY NO. 10:

Please identify each individual—whether employed by Columbia University or otherwise—who was involved in any way in the consideration, recommendation, decision, communication, or implementation of the termination of Plaintiff's employment or paid position(s) with Columbia University. For each such individual, state:

1. Full name;

2. Job title or role at the time of involvement;

3. Department, office, or institutional affiliation;

4. The nature of their involvement in the decision;

5. The date(s) in which they were involved and;

6. The stated reason(s) or rationale for the termination.

## INTERROGATORY NO. 11:

Please describe in detail all actions taken by Columbia University in response to Plaintiff's reports, complaints, or disclosures of sexual harassment/coercion/retaliation/misconduct by Jane Roe, and race-based harassment/coercion/retaliation or threats—including any death threats—by Mack Roe and and by any other Columbia University student or affiliate pertaining to Plaintiff's Gender-based misconduct or CSSI proceeding. For each such action, please:

1. Identify the date the report or complaint was made and the means by which it was communicated.

2. Identify all individuals involved in receiving, reviewing, investigating, or responding to the complaint, including their titles and departments;

3. Describe any investigation, inquiry, disciplinary action, or protective measure initiated in response to Plaintiff's reports;

4. State whether Columbia made any finding regarding the complaint and, if so, describe the finding and the rationale;

**PLAINTIFF'S FIRST SET OF INTERROGATORIES**  Page - 10

5. Identify any documentation, communication, or record concerning Columbia's handling, evaluation, or resolution of the complaint; and

6. If no action was taken, state the reasons why no action was deemed necessary or appropriate.

## INTERROGATORY NO. 12

Please identify and describe in detail the process by which the members of the Hearing Panel were selected, assigned, or appointed to adjudicate Plaintiff's Gender-Based Misconduct (GBM) disciplinary case. For each individual who served on the Hearing Panel, please:

1. State the full name, title, and department or institutional affiliation at the time of the hearing.

2. Describe the criteria, procedures, or institutional policies used to select or assign the individual to Plaintiff's case;

3. State whether any conflict-of-interest screening was conducted for that individual, and if so, describe the nature, date, and outcome of such screening;

4. Identify whether the individual received any Title IX, GBM, or adjudicatory training, including the date(s) and content of such training;

5. Describe any concerns, objections, or communications raised regarding the individual's impartiality, qualifications, or role on the panel; and

6. Identify all documents or communications that memorialize, support, or reflect the above.

## INTERROGATORY NO. 13:

Please identify and describe in detail the process by which the members of the Appellate Panel were selected, assigned, or appointed to hear and decide Plaintiff's appeal of the Gender-Based Misconduct (GBM) disciplinary findings or sanctions. For each individual assigned to the Appellate Panel, please:

1. State the full name, title, and department or affiliation of the individual at the time of the appeal;
2. Describe the criteria, procedures, or institutional policies used to select or assign the individual to Plaintiff's appeal;
3. State whether any conflict-of-interest screening was conducted for that individual, and if so, describe the nature, date, and outcome of the screening;
4. Identify whether the individual received any Title IX, GBM, or appellate decision-making training, including the date(s) and content of such training;
5. Describe any concerns, objections, or communications raised regarding the individual's impartiality or qualifications to serve on Plaintiff's appellate panel; and

6. Identify all documents or communications that memorialize, support, or reflect the above.

## INTERROGATORY NO. 14

Please identify and describe all training, instruction, workshops, certification programs, or professional development sessions provided by Columbia University for any individual who participated in the investigation, adjudication, appeal, or related decision-making concerning Plaintiff's Gender-Based Misconduct (GBM) or Center for Student Success and Intervention (CSSI) proceedings. For each such individual and each training instance, please:

1. State the full name, title, and role of the individual at the relevant time;
2. State the date(s) of the training or instruction;
3. Describe the subject matter or curriculum of the training, including any focus on Title IX, GBM policy, trauma-informed approaches, respondent rights, bias awareness, or evidentiary standards;
4. Identify the provider or department responsible for delivering the training;
5. State whether the individual completed, passed, or was certified in any capacity as a result of the training; and

## INTERROGATORY NO. 15

Please identify all instances between July 1, 2016, and the present in which a Complainant in a Gender-Based Misconduct (GBM) proceeding was determined—by Columbia University or any of its agents, investigators, adjudicators, or administrative officers—to have made false, materially misleading, or knowingly inaccurate allegations or statements in connection with a GBM investigation or disciplinary process. For each such instance, please:

1. State the date of the proceeding

2. Identify the nature of the false or misleading allegation(s) or statement(s);

3. State the method by which Columbia determined the falsity or material inaccuracy;

4. Indicate whether Columbia imposed any disciplinary action on the Complainant, and describe the nature of such action;

5. State whether Columbia reversed, vacated, or modified any prior finding of responsibility or sanction against the Respondent as a result of the false or misleading allegation(s).

**Dated: June 27, 2025**  
**New York, New York**

**Respectfully Served,**  
**JOHN DOE**

**By:** _____

John Doe  
PO Box #250050  
New York, New York 10025  
(917) 450-9050  
johndoe.casemail@gmail.com  
Plaintiff, Pro Se

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was served upon the following counsel of record, by the means designated below, this <u>27th</u> day of June, 2025.

| | |
|---|---|
| ___ | CM/ECF |
| ___ | Hand delivery |
| ___ | Mail |
| ___ | Overnight delivery service |
| ___ | Fax |
| _1_ | Email |

1. Anna Collins Peterson
   Hecker Fink LLP
   350 Fifth Avenue | 63rd Floor
   New York, NY 10118
   apeterson@heckerfink.com

   Gabrielle E. Tenzer
   Hecker Fink LLP
   350 Fifth Avenue | 63rd Floor
   New York, NY 10118
   apeterson@heckerfink.com
   *Attorneys for Defendant*

John Doe, Plaintiff Pro Se

__/s/ [signature]