# BELDOCK LEVINE & HOFFMAN LLP
## 99 PARK AVENUE, PH/26TH FLOOR
### NEW YORK, N.Y. 10016

JONATHAN C. MOORE
DAVID B. RANKIN
LUNA DROUBI
MARC A. CANNAN
JONATHAN K. POLLACK
HENRY A. DLUGACZ
STEPHEN J. BLUMERT
MYRON BELDOCK (1929-2016)
LAWRENCE S. LEVINE (1934-2004)
ELLIOT L. HOFFMAN (1929-2016)

TEL: (212) 490-0400
FAX: (212) 277-5880
WEBSITE: blhny.com

COUNSEL
PETER S. MATORIN
CYNTHIA ROLLINGS
KAREN L. DIPPOLD
JODY YETZER
MARJORY D. FIELDS
EMILY JANE GOODMAN
    (JUSTICE, NYS SUPREME COURT, RET.)
FRANK HANDELMAN

October 9, 2025

REF: 8328.01

WRITER'S DIRECT CONTACT:
(212) 277-5825
drankin@blhny.com

**VIA ECF ONLY**

Robyn F. Tarnofsky
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

    Re:    **John Doe v. Columbia University**
                **25 Civ. 02132 (SDNY)**

Your Honor:

    My name is David B. Rankin, and I represent a student who was at Columbia University. I represent them in this action to object to Columbia University turning over the files which may contain their statements or other communications to John Doe and for no other purpose at this juncture. I write to request an additional two weeks to move the court for a protective order barring the production of documents related to our client's participation in the disciplinary proceeding at issue in this litigation. Both Columbia University and John Doe consent to this request. Should this request be granted our motion would be filed on October 24, 2025.

    On October 3, 2025, the undersigned informed Columbia University counsel that we would be lodging an objection with the court. We understand that the terms of the protective order Dkt No. 86 at ¶2(c)(d) state that such a motion would need to be filed by this Friday, October 10, 2025.

    The decision to object to the production was made on October 3rd and we require more than one week to properly present this matter. We have requested that Columbia University provide counsel copies of the documents which they understand would be responsive to the plaintiff's production request, and a copy of the production request. Once we are in possession of those documents, we can effectively argue why they should not be produced. Columbia and I are

BELDOCK LEVINE & HOFFMAN LLP

Hon. Robyn F. Tarnofsky
October 9, 2025
Page 2

in discussions about what information can be exchanged prior to our moving for a protective order.

    We thank you for your consideration of this matter.

                                          Respectfully Submitted,

                                          David B. Rankin