UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN DOE,

Plaintiff,

v.

No. 1:25-cv-02132-DEH-RFT

COLUMBIA UNIVERSITY,

Defendant.

**STIPULATION AND PROPOSED ORDER GOVERNING PRODUCTION OF
ELECTRONICALLY STORED INFORMATION**

Plaintiff John Doe and Defendant Trustees of Columbia University in the City of New York

("Columbia" or the "University," and with Plaintiff, the "Parties" and each a "Party") hereby

stipulate to a protocol for the production of Documents and Electronically Stored Information

("ESI"). The Parties are in possession of ESI that may be produced in this matter and the Court

hereby orders as follows regarding the production of ESI.

1.  Definitions: In this Stipulation, the following terms have the following meanings:

    a.  "Electronically Stored Information" or "ESI" is equal in scope to
        "electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A) and
        includes information or data (including files, databases, and programs)
        stored or recorded in or on electronic, digital, magnetic, or similar Media.
        For the avoidance of doubt, ESI includes Electronic Communications.

    b.  "Metadata" means (i) structured, i.e., fielded, information embedded in a
        Native Format file which describes, inter alia, the characteristics, origins,
        usage, and/or validity of the electronic file; and (ii) information generated
        automatically by the operation of a file system or application when a native

1

file is created, modified, transmitted, deleted, or otherwise manipulated by a user of such system.

c.      "Native Format" means the file format of ESI in the application in which such ESI was originally created.

d.      "Custodian" means the Person who is responsible for, has administrative control over, or has access to potentially responsive ESI.

e.      "Discovery Material" includes all information exchanged between the Parties, whether gathered through informal requests or communications between the Parties or their counsel or gathered through formal discovery conducted pursuant to Rules 30 through 36. Discovery Material includes information within documents, depositions, deposition exhibits, and other written, recorded, computerized, electronic, or graphic matter, copies, and excerpts or summaries of documents disclosed as required under Rule 26(a).

f.      "Document" is defined as set forth in Local Civil Rule 26.3(c)(2)—that is: (1) "synonymous in meaning and equal in scope to the usage of the term 'documents or electronically stored information' in Fed. R. Civ. P. 34(a)(1)(A)"; and (2) "a draft or non-identical copy is a separate document within the meaning of this term." For the avoidance of doubt, the term "Document" as used herein includes Hard-Copy Documents and ESI.

g.      "Electronic Communication" means a message transmitted electronically or digitally and includes emails, text messages, multimedia messages, communications from any social media platform (whether public or private posts or private messages) or messages from any chat application or chat

feature (including Microsoft Teams, Slack, Skype, Zoom, Signal, Hangouts, Messenger, and WhatsApp), as well as any file (document, photo, video, audio, or otherwise) incorporated as an attachment or embedded file or sent or received independently (that is, not accompanied by an electronic message containing text).

h.      "Party" means any party to the Action, as well as its or their directors, principals, employees, and agents.

2.      <u>Scope</u>: All Parties preserve their privileges, including work product privileges and attorney‑client privileges, and there is no intent by this Stipulation, or the production of Documents pursuant to this Stipulation, to in any way waive or weaken these privileges. Nothing in this Stipulation shall limit the Parties' respective rights and obligations concerning confidential, proprietary or private information, with respect to which they may make such agreements or Stipulations as they see fit, subject to applicable law. All Documents produced pursuant to this Stipulation are fully protected and covered by the protective order governing this action, as well as any Court orders. Nothing in this Stipulation is intended to be an exhaustive list of discovery obligations or rights of a Party requested to produce Documents or ESI or a Party requesting Documents or ESI. To the extent additional obligations or rights not addressed in this Stipulation arise under the Federal Rules of Civil Procedure, local rules, or applicable state and federal statutes, they shall be controlling. The Parties reserve all rights to object to any demand to produce or collect ESI of any particular type or from any particular source.

3.      The Parties agree to comply with this Stipulation, but reserve all rights to produce Documents in a manner not described in this Stipulation to the extent the obligations imposed on the producing Party are impractical or unreasonable. The producing Party shall provide written

notice to the receiving Party of the reasons for any deviation and, if requested, the Parties shall meet and confer in good faith to resolve any disputes before seeking relief from the Court. The Parties further reserve the right to seek to supplement or modify this Stipulation at a later date.

4.      <u>Endorsements</u>: Each page of each Document produced in PDF Format, and each Document produced in Native Format, shall contain a unique numeric identifier ("Bates Number"). Bates Numbers shall be at least eight (8) digits (with zero-padding), and they shall be created so as to identify the producing Party or non-party and the unique Document number (e.g., "ABC00000001"). Where applicable, Documents shall also contain the confidentiality legend "CONFIDENTIAL." Bates Numbers and confidentiality legends shall be rendered according to the following specifications:

        a.      <u>PDF Format Files</u>: For Documents produced in PDF Format, each page of each Document shall be endorsed with a legible Bates Number electronically "burned" onto the page at a place on the Document that does not obscure, conceal, or interfere with any information originally appearing on the Document. Each page of each Document shall also be endorsed with a confidentiality legend, where applicable. Bates Numbers and confidentiality legends must be printed with a font size comparable to 10-point Arial. Bates Numbers shall be printed in the right footer of Documents and confidentiality legends shall be printed in the left footer of Documents.

        b.      <u>Native Format Files</u>: Documents produced in Native Format shall have a file name reflecting the Bates Number for such Document, along with the confidentiality designation where applicable.

5.      <u>Production of ESI in PDF Format</u>: Except as noted below, ESI shall be produced

primarily as PDF files with at least 300 DPI resolution ("PDF Format"). Each PDF Format file must be text searchable. Each PDF Format file will use the Bates Number of the first page of the Document as its unique file name. Page size shall be 8.5 x 11 inches unless, in the reasonable judgment of the producing Party, a particular item requires a larger page size. Black-and-white Documents must be produced in black-and-white, and color Documents must be produced in color. PDF Format files shall also be accompanied by a cross-reference spreadsheet containing the agreed-upon Metadata ("Metadata Spreadsheet"), as reasonably available, associated with each field as specified in Schedule A hereto.

6.    <u>Production of ESI in Native Format</u>: Other than as specifically set forth below, a producing Party need not produce Documents in Native Format. Documents produced in Native Format will be produced with a Metadata Spreadsheet containing the agreed-upon Metadata, as reasonably available, associated with each field as specified in Schedule A hereto. Each Native Format file should be named according to the Bates Number it has been assigned. If a Document is produced in Native Format, a single-page, Bates-stamped PDF Format slip sheet stating the Document has been produced in Native Format will also be provided. No Document produced in Native Format shall be intentionally manipulated to change the appearance or substance of the Document prior to its collection or production. For Documents that would ordinarily be produced in Native Format as set forth below, a producing Party need not produce them in Native Format where the producing Party in good faith believes necessary redactions—whether for privilege, confidentiality, privacy, compliance with foreign data protection and privacy laws or the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g, and associated regulations, 34 C.F.R. § 99 ("FERPA"), consistent with Paragraph 21—render the Document more appropriately produced in PDF Format. Notwithstanding, the Parties hereby reserve their rights to request production of

Documents in Native Format should the need to do so arise. Should such need arise, the Parties shall meet and confer concerning production of any discovery materials in Native Format. If the Parties are not able to reach agreement concerning the production of discovery materials in Native Format, they shall bring such matter to the Court's attention.

7.    <u>Documents to Be Produced in Native Format</u>.

a.    Microsoft Excel and other spreadsheet files, including comma or tab delimited text files, photographs, video files, audio files, animation files, and other multimedia files shall be produced in Native Format, if available.

b.    Photographs, PowerPoint, and other presentation files may be produced either in Native Format or as color images in PDF Format.

c.    The Parties agree to meet and confer regarding the ability to produce other file types in Native Format.

d.    If a Document to be produced in Native Format contains privileged information or information subject to any other applicable protection, the Document will be produced either in Native Format with redactions or in PDF Format with redactions, in accordance with Paragraphs 5, 6, and 21 of this Stipulation.

e.    Each Document produced in Native Format shall be assigned a unique Bates Number, as set forth in Paragraph 4, and the production for that Document shall include a single-page, Bates-stamped PDF Format slip sheet stating the Document has been produced in Native Format. To protect the confidentiality of files produced in Native Format, any confidentiality designations pursuant to the protective order shall appear on the associated

PDF slip sheet. Files produced in Native Format shall be given file names that include the Bates Number, along with the confidentiality designation where applicable.

f.    Production of Additional Documents in Native Format. Each Party reserves the right to request production in Native Format for any ESI that it believes is not adequately represented in the PDF Format specified in Paragraph 5 and, upon a showing of reasonable need, such requests will not be unreasonably denied.

8.    Privilege Redactions: Redactions on grounds of attorney-client privilege or attorney work product shall be logged on a privilege log in the form agreed to by the Parties. Any Metadata fields that contain information subject to redaction shall not be produced; however, the remainder of the Metadata fields for that Document that are not subject to redaction will be produced.

9.    Email Production Format: Email, together with all attachments, shall be produced as follows:

a.    Emails will be converted from their Native Format into PDF Format. The Parties will provide a single PDF Format file for each Document representing the email that would have been viewable in the ordinary course of business prior to collection, and a separate PDF Format file for each attachment. Each page of such PDF Format files will show the Bates Numbers and confidentiality designation for each such email and attachment. Attachments and any embedded files shall follow the parent email sequentially in Bates numbering.

b.    The Parties shall ensure, to the extent reasonably available for each email,

that the following metadata for each email shall be unredacted, visible, and easily accessible: SendFrom ("From"), SendTo ("To"), CopyTo ("CC"), BlindCopyTo ("BCC"), DateSent, TimeSent, and Subject of the email.

c. All such metadata shall be produced in a manner that preserves its integrity and association with the corresponding email message, and shall be viewable in the PDF production.

d. On the Metadata Spreadsheet, the Parties will produce the original source or custodian of each email, as well as the following metadata: FIRSTBATES, LASTBATES, BEGATTACH, ENDATTACH.

10. <u>Short Messaging Production Format</u>: Short messaging formats, such as text messages, SMS messages, instant messages, iMessages, Skype messages, Slack messages, Microsoft Teams messages, messages exchanged on social media platforms, or any other message board, chat, or social media message or post, together with all attachments, shall be produced in a format that shows all participants and permits both review of individual messages and threading of messages contained in a single conversation. To the extent such messages originate from a platform that allows requests for archival or otherwise authenticated records, the messages shall be produced as such records requested directly from the platform. To the extent such messages were exchanged in other media, the device or system shall be appropriately preserved, and to the extent necessary, the Parties will meet and confer regarding the production format. The Parties will provide appropriate Metadata fields for each type of short messaging format. To the extent available, the Metadata fields will include the fields listed in Schedule A.

11. <u>Paper Production Format</u>: Documents stored in paper form in the ordinary course of business shall be converted to electronic form and produced in PDF Format. The Parties will scan

Documents stored in paper form such that they appear in PDF Format the same as they do in paper form as kept in the ordinary course of business. Original orientation as displayed in the paper form Document shall be maintained in the PDF Format file (e.g., portrait to portrait and landscape to landscape). Reducing image size may be necessary to fit page size or display Bates Numbers and confidentiality designations without obscuring text. If a paper Document is more than one page, or contains attachments or notes affixed thereto, to the extent possible, the organization of the Document and any attachments or affixed notes shall be maintained as they existed when collected by the Parties, with separate PDF Format files for each separate paper Document as maintained by the Parties in the normal course. Attachments or similar Documents shall follow the parent Document sequentially in Bates numbering. If organization cannot be maintained, the original organization shall be documented or otherwise electronically tracked.

12.    <u>Spreadsheets, PowerPoint, and Media Files</u>: Spreadsheets (e.g., Excel and Excel-type files) and all video, animation, audio, or PowerPoint (e.g., PPT, PPTX) files shall be produced in their Native Format in accordance with Paragraph 6.

13.    <u>Other File Types</u>: In some cases, it may be necessary to produce Documents in their Native Format because such Documents cannot be rendered into PDF Format. In other cases, it may be necessary to alter a Native Format file to create a format suitable for production purposes (e.g., compiled web pages, etc.). If alteration of a Native Format file is necessary to create a format suitable for production, the Parties will discuss and agree upon an acceptable format.

14.    <u>Specific Requests for Production of ESI in Native Format</u>: Other than the specific file types identified above to be produced in Native Format, after initial production of ESI in PDF Format, a Party must make a showing of good cause demonstrating particularized need for production of other ESI in its Native Format. In the event that a receiving Party requests production

of Native Format ESI, the Parties shall negotiate in good faith about the timing, cost, and method of such production.

15.    De-Duplication of Non-Emails: All non-email Documents will be de-duplicated across Custodians prior to production, with an "All Custodians" Metadata field identifying all the custodians who possessed copies of the Documents, to the extent such field is reasonably practical to include. "De-duplicated across Custodians" means that exact duplicates of Documents (where the Document family is identical), as identified by MD5 hash value, will not be produced.

16.    De-Duplication of Emails: For emails, in addition to de-duplication across custodians, thread de-duplication may be applied prior to production. Thread de-duplication allows emails that are wholly contained in a later, surviving email, with all of the recipients and attachments contained, to be identified and suppressed from production. An email is only removed from production by reason of thread de-duplication if 100% of the message body is contained, all addresses are included, and all attachments are included in a later email that is produced. The receiving Party may upon a showing of good cause request that specific email(s) be produced without threading. When the latest version of an email thread is considered privileged and withheld from production, the Parties are obligated to "re-thread" the most complete non-privileged earlier emails in the thread and produce such non-privileged emails.

17.    De-Nisting of ESI: The Parties may remove operating system files and program files with the assistance of their respective vendors prior to conducting searches of such data in accordance with the National Software Reference Library De-Nisting Process.

18.    Placeholders: In the event that any production contains Documents that are not produced in Native Format and could not be rendered in PDF Format, the producing Party will insert a numbered PDF Format placeholder page as a replacement for, and to identify, any Document

that could not be rendered in PDF Format or produced for some other reason. The placeholder page(s) will bear the text "Document Cannot Be Rendered."

19.     Produced PDF Format Files Not Readable: Where PDF Format files of certain Documents are not readable, or do not represent the files as maintained in the ordinary course other than for reasons of appropriate redactions, and replacement images do not cure the concern, the Parties will produce such Documents in Native Format or in hard copy. To the extent the receiving Party obtains through discovery a file or Document that the Party believes is not adequately represented in PDF Format, the receiving Party may request that file or Document be produced in Native Format, the production of which shall not be unreasonably withheld.

20.     Original Documents: Nothing in this Stipulation shall eliminate or alter any Party's obligation to retain Native Format copies, including associated Metadata, of all ESI that a Party produces in this matter and original hard copy Documents for all paper Documents that a Party produces in the matter.

21.     Necessary Redactions: The foregoing provisions do not limit a producing Party's right to make narrowly tailored redactions necessary to protect information subject to attorney-client privilege, work product doctrine, confidentiality obligations, privacy rights, FERPA, or applicable foreign data protection and privacy laws. All redactions shall be rendered as white boxes with a black border and shall be labeled with the specific basis for the redaction (e.g., "Attorney-Client Privilege," "FERPA," "PII"). Documents shall not be redacted on the basis of "relevance".

22.     Documents Produced by Third Parties: Notwithstanding the other provisions of this Stipulation, a Party receiving Documents from a third party in response to any request for Documents in this action will provide those Documents to the other Party within five (5) business days of receipt in the same form and with the same Metadata that was provided by the third party.

23.    Reservation of Rights: Nothing contained herein is intended to create, serve as precedent for, or constitute a waiver or relinquishment of any Party's objections or argument pertaining to any potential future ESI production(s). Nothing contained herein constitutes waiver of any Party's rights or obligations under any law, including but not limited to law regarding any matter or information that is or may be claimed to be privileged, confidential, proprietary, or otherwise personal or private.

24.    The Parties shall make their best efforts to comply with and resolve any differences concerning compliance with this Stipulation.

DATED: October 10, 2025
        New York, New York

By: _____

John Doe
PO Box #250050
New York, New York 10025
Tel: (917) 450-9050
johndoe.casemail@gmail.com

*Plaintiff, Pro Se*

By: _____

Gabrielle E. Tenzer
Anna Collins Peterson
Hecker Fink LLP
350 Fifth Avenue, 63rd Floor
New York, New York 10118
Tel: (212) 763-0883
Fax: (212) 564-0883
gtenzer@heckerfink.com
apeterson@heckerfink.com

*Counsel for Defendant Trustees of
Columbia University in the City of New
York*

SO ORDERED.

Dated: October 14, 2025
        New York, New York

_____

ROBYN F. TARNOFSKY
United States Magistrate Judge

12

## Schedule A

| Production Field Labels | Description | Required for: |
|---|---|---|
| FIRSTBATES | First Bates Number of Document | All |
| LASTBATES | Last Bates Number of Document | All |
| BEGATTACH | First Bates Number of attachment range | All |
| ENDATTACH | Last Bates Number of attachment range | All |
| PAGES | Number of pages | All |
| CUSTODIAN | Mailbox where the email resided; individual from whom the Documents originated | All |
| ALL CUSTODIANS | For de-duplicated Documents; all individuals who possessed a copy of the Document | All |
| FROM | Sender | All |
| TO | Recipient(s) | All |
| CC | Carbon copy recipient(s) | All |
| BCC | Blind carbon copy recipient(s) | All |
| SUBJECT | Subject of the email | Email only |
| DATESENT (mm/dd/yyyy) | Date the email was sent | Email only |
| TIMESENT (HH:mm:ss) | Time the email was sent; must be a separate field and cannot be combined with the DATESENT field | Email only |
| FILENAME | File name | Attachments/loose files |
| FILE_EXTEN | The file extension of the email or attachment; will vary depending on the email format | Attachments/loose files |
| FILE SIZE | Size of file | Attachments/loose files |
| DATE MOD (mm/dd/yyyy) | Empty for email; attachment/native file metadata | Attachments/loose files |
| CONFIDENTIALITY DESIGNATION | Confidentiality designation assigned to Document | Any Document assigned a Confidentiality Designation |
| REDACTION (Y/N) | Indicating whether or not a Document contains redactions | Any Document containing redactions |
| DATE CREATED (mm/dd/yyyy) | Document's creation date | Attachments/loose files |
| TIME CREATED (HH:mm:ss) | Document's creation time | Attachments/loose files |