# JOHN DOE

RECEIVED
SDNY PRO SE OFFICE

2025 OCT 10  PM 4: 38

PO Box #250050
New York, NY 10025
(917) 450-9050

**Direct Dial: (917) 450-9050**
**Direct Email: johndoe.casemail@gmail.com**

October 10, 2025

**VIA ECF**

The Honorable Robyn F. Tarnofsky
United States District Court
Southern District of New York
500 Pearl Street, Room 703
New York, NY 10007

Re:    John Doe v. Columbia University No. 1:25-cv-02132-DEH-RFT

Dear Judge Tarnofsky:

I write as Plaintiff in the above-referenced matter to respectfully respond to Mr. David Rankin's Notice of Appearance in this action dated October 9, 2025 (ECF 100) and Mr. Rankin's letter to the Court dated October 9, 2025 (ECF 101). Plaintiff notes respectfully, that in Mr. Rankin's Notice of Appearance (ECF 100), and in his letter to the Court (ECF 101), Mr. Rankin does not identify which non-party individual he represents in this action other than "a student who was at Columbia University" and therefore, the record is not clear who Mr. Rankin *actually* represents. Since Mr. Rankin seeks various forms of relief from the Court on behalf of his non-party Client, Plaintiff respectfully submits that Mr. Rankin should be ordered by the Court to sufficiently identify his Client in his Notice of Appearance to the Court, subject to any pseudonym protections ordered by the court[1].

In further response to Mr. Rankin's letter to the Court, dated October 9, 2025 (ECF 101) Mr. Rankin states that "[his Client] objects to Columbia University turning over the files which may contain their statements or other communications to John Doe" (Letr. Par. 1). Plaintiff is unsure if Mr. Rankin's Client is objecting to disclosure of Columbia's "files" containing statements or communications from Columbia to Plaintiff, which would already be in Plaintiff's possession, or if his Client is objecting to the production of Columbia's "files" containing statements or

---

[1] On March 31, 2025, this Court ordered pseudonym protections for Plaintiff, non-party witness Jane Roe, and non-party witness Mack Roe (ECF 19).

# JOHN DOE

communications from his Client to Plaintiff being to the audio recordings that Mack Roe secretly created between himself and Plaintiff, and that he edited prior to submitting them to Columbia to be used as evidence against Plaintiff in the underlying disciplinary proceeding. However, while whether Mr. Rankin is referring to the former or the latter is confusing, Columbia's statements and communications to Plaintiff would already be in Plaintiff's possession, and Plaintiff would have no need to request them from Columbia. However, to the extent Mr. Rankin's Client is seeking an order from the Court preventing Columbia's disclosure of the latter, Plaintiff will obviously object on the multiple grounds including  grounds that these "files" in Columbia's custody, possession, and control are relevant, proportional to the needs of the case, relevant to Plaintiff's claims in this action, and fair game under FRCP Rule 26. Mr. Rankin's letter is vague, and ambiguous in this regard, and Plaintiff will expect Mr. Rankin to clarify this issue in his motion.

Additionally, while plaintiff did consent to Mr. Rankin's request for a two-week extension of time to file a motion on behalf of his Client seeking an order from the Court barring Defendant Columbia University from disclosing his Client's education records to Plaintiff. Plaintiff did *not* consent to Mr. Rankin's request for an extension of time in order to review Plaintiff's discovery requests directed at Columbia, as well as a full review of the documents Columbia has identified as responsive to Plaintiff's discover requests directed at Columbia *prior to* filing a motion with the court. In fact, Mr. Rankin never indicated to Plaintiff that he was seeking an extension of time in order to review Plaintiff's discovery requests directed at Columbia, as well as a full review of the documents Columbia has identified as responsive to Plaintiff's request for production directed at Columbia *prior to* filing a motion to the Court. Plaintiff would not have consented to such a request. However, Plaintiff does not object to Columbia providing Mr. Rankin's Client with copies of his Client's own education records in connection with his privacy interests under FERPA to the extent that any objection that Mr. Rankin's Client makes regarding Columbia's production of any specific education records has no legal bearing on what Columbia ultimately produces to Plaintiff pursuant to Court order , and  provided that such production by Columbia to Mr. Rankin's Client does not delay or prejudice Plaintiff's right to receive the same responsive documents in an expedited manner following the Court's resolution of any motion for protective order. Plaintiff respectfully submits that Mr. Rankin's Client does not control the flow of discovery in this action under FRCP Rule 26, and expressly reserves all rights to move to compel production of such records promptly thereafter should Columbia decide to ultimately withhold them from Plaintiff.

Furthermore, based on Mr. Rankin's letter, Mr. Rankin and his Client have already made the decision to object to Columbia's disclosure of his Client's education records, and indicates that the decision to object was made on October 3, 2025. However, Mr. Rankin concedes that he does not know *how* to object on behalf of his Client, and is simply seeking fodder and additional time to tailor his Client's motion to the same. Considering that Plaintiff intends to oppose any such request from Mr. Rankin's Client to prevent Columbia from disclosing their education records, and

# JOHN DOE

considering that Plaintiff would not enjoy the benefit of reviewing any such records prior to his filing of an objection to Mr. Rankin's motion with the Court, Plaintiff fears he could be prejudiced by any such responsive documents furnished to Mr. Rankin's Client prior to his filing for a protective order on the documents. Moreover, since Mr. Rankin has conceded to the Court that his Client does not have a valid legal basis to object to the disclosure of his Client's education records without the benefit of reviewing Plaintiff's discovery requests directed at Columbia, as well as a full review of the documents Columbia has identified as responsive to Plaintiff's request for production directed at Columbia, Plaintiff respectfully requests that the Court take notice of Mr. Rankin's statements on this record.

Plaintiff notes, that Plaintiff and Columbia University "the parties" to this action, have previously agreed to provide responsive documents to one another other on a rolling basis. However, notwithstanding this agreement by the parties, and should Columbia agree to provide Mr. Rankin and his Client, a copy of Plaintiff's discovery requests directed at Columbia, as well as copies of the documents Columbia has identified as responsive to Plaintiff's discovery requests directed at Columbia prior to Mr. Rankin's Client filing a motion with the Court, Plaintiff would respectfully request that the Court order Columbia to provide the same documents to Plaintiff that Columbia has identified to Mr. Rankin's Client as responsive to Plaintiff's discovery requests directed at Columbia within three (3 business) days following the Court's decision on any motion seeking the prevention of disclosure of Mr. Rankin's Client's education records.

Finally, it should go without saying, that while Defendant Columbia University has the obligation under FERPA to provide Mr. Rankin's Client with a notice of records disclosure, and the opportunity to object to such disclosure with the Court, Defendant Columbia University does not have the right to connive with Mr. Rankin or his Client to circumvent the Federal Rules of Civil Procedure to deny Plaintiff access to evidence and information to which Plaintiff is entitled, in an effort to limit Columbia's exposure in this action. Strategically, Defendant Columbia University has not provided Plaintiff copies of any notices that they received from non-party witness Jane Roe or non-party witness Mack Roe in response to Columbia's notices of potential disclosure of FERPA-protected education records.

Based on the foregoing Plaintiff respectfully requests that the Court order (a) order Mr. Rankin to sufficiently identify who *specifically*, he represents in his Notice of Appearance (b) order Columbia University to provide Plaintiff with copies of any notices that they received from non-party witness Jane Roe or non-party witness Mack Roe in connection with Columbia's notices of potential disclosure of FERPA-protected education records and (c) order Columbia University to provide the same documents to Plaintiff that Columbia has identified to Mr. Rankin's Client as responsive to Plaintiff's discovery requests directed at Columbia within three (3 business) days following the Court's decision on any motion seeking the prevention of disclosure of Mr. Rankin's Client's education records.

3

# JOHN DOE

I appreciate the Court's time and attention to this matter.

Respectfully Submitted,

John Doe,
Plaintiff, Pro Se

cc: Anna Collins Peterson (Via ECF)
    Gabrielle E. Tenzer (Via ECF)
    David B. Rankin (Via ECF)

4