# JOHN DOE

PO Box #250050
New York, NY 10025
(917) 450-9050

**Direct Dial: (917) 450-9050**
**Direct Email: johndoe.casemail@gmail.com**

October 20, 2025

**VIA ECF**
The Honorable Robyn F. Tarnofsky
United States District Court
Southern District of New York
500 Pearl Street, Room 703
New York, NY 10007

Re:    John Doe v. Columbia University No. 1:25-cv-02132-DEH-RFT

Dear Judge Tarnofsky:

    I write as Plaintiff in the above-referenced matter to respectfully request an order from the Court permitting Plaintiff to effectuate service of a FRCP Rule 45 Subpoena To Produce Documents, Information, or Objects or To Permit Inspection of Premises, on non-party witness Mack Roe in this Action, through alternative means, being verified email, and certified mail.

## I. FACTUAL BACKGROUND

    On June 24, 2025, pursuant to this Court's June 23, 2025 order (ECF 71) Defendant Columbia University served notice via verified email[1] on non-party witness Mack Roe[2], that Defendant Columbia University had modified the no-contacted directive between Plaintiff and Mack Roe, to allow for Plaintiff to serve Mack Roe with a FRCP Rule 45 Subpoena To Produce Documents, Information, or Objects or To Permit Inspection of Premises, in this Action. Subsequently, on September 22, 2025 this Court issued a FRCP Rule 45 Subpoena To Produce Documents, Information, or Objects or To Permit Inspection of Premises, in this Action directed at Mack Roe. Thereafter, on September 23, 2025 Plaintiff promptly served Defendant Columbia University with Notice of Subpoena directed at Mack Roe. On September 26, 2025 at approximately 6:45 PM Plaintiff, through a licensed process server, attempted to effectuate service

---

[1] The noted email address is Mack Roe's verified Columbia University-issued student email address.
[2] Mack Roe (a pseudonym) is a material non-party to this action, and was a witness in the underlying disciplinary proceedings that gave rise to this action.

1

# JOHN DOE

of the subpoena on Mack Roe at his government-verified and court-ordered[3] physical permanent address. Note, that as a condition of Mack Roe's release on bail in an unrelated federal action, a federal judge has ordered that Mack Roe maintain this physical address as his permanent address until that litigation is resolved.

On Plaintiff's first attempt at service on September 26, 2025 Mack Roe's roommate "DF[4]" confirmed to the process server that Mack Roe resided at the address, but indicated that "[Mack Roe] was not present, and that Mack Roe resides at Columbia University while in school". DF further indicated that "he [DF] would not give the process server Mack Roe's Columbia University address, and could give no more assistance with personal service to the process server. Subsequently, On October 4, 2025 at approximately 9:00 AM, and again on October 6, 2025 at approximately 10:45 AM, Plaintiff, through the process server, attempted to effectuate service of the Subpoena on Mack Roe at his government-verified and court-ordered permanent address. However, each of those additional attempts to serve Mack Roe were also unsuccessful. On October 6, 2025, Plaintiff sent an email to David B. Rankin, who Defendant Columbia University had identified as counsel for Mack Roe. Plaintiff inquired of Mr. Rankin as to whether he represented Mack Roe for purposes of accepting service of, and responding to a subpoena issued in this action directed at Mack Roe. On October 7, 2025 Mr. Rankin responded to Plaintiff's email informing Plaintiff that he was not authorized by Mack Roe to accept service of a subpoena issued in this action directed at Mack Roe, and on October 9, 2025, Mr. David Rankin wrote a letter to this Court (ECF 101) informing the Court that Mr. Rankin does not represent Mack Roe for any purposes related to a subpoena issued in this action directed at Mack Roe.

Subsequently, on October 13, 2025 at 11:54 AM, Plaintiff placed a phone call to Mack Roe's personal cell phone number to inquire as to whether or not Mack Roe was represented by counsel for purposes of accepting service of, and responding to a subpoena issued in this action. Mack Roe answered the phone, and Plaintiff identified himself to Mack Roe. Mack Roe answered Plaintiff's call, but upon Plaintiff's introduction of himself, and Plaintiff's attempted conveyance to Mack Roe, as to the reason for Plaintiff's call, Mack Roe abruptly hung up the phone on Plaintiff effectively ending the call. Thereafter, at 12:12 PM, Plaintiff sent Mack Roe a follow-up text message re-introducing himself, stating the case caption for the action, and the reason for Plaintiff's correspondence to Mack Roe. Specifically, Plaintiff informed Mack Roe of his various unsuccessful attempts at service of the subpoena on Mack Roe at his physical permanent address, and requested that Mack Roe provide Plaintiff with the most efficient way to effectuate service of the subpoena and informed Mack Roe that if Plaintiff did not receive a response by Wednesday, October 15, 2025 at 5:00 PM, that Plaintiff would seek assistance from the Court. While Plaintiff's

---

[3] As a condition of Mack Roe's release on bail in an unrelated federal action, a federal Judge has ordered that this physical address remain Mack Roe's permanent address until that litigation is resolved.
[4] In an abundance of caution "DF" are the initials of Mack Roe's roommate's name.

2

JOHN DOE

follow-up text message to Mack Roe was marked "Delivered", Mack Roe has not responded to Plaintiff's text message, or returned Plaintiff's call.

On October 15, 2025 at 4:50 PM Plaintiff emailed a Notice of Subpoena, with the subpoena attached, to Mack Roe, at his Columbia University-issued email address with Mack Roe's counsel, Mr. David Rankin copied on the email. Specifically, Plaintiff inquired of Mack Roe if he would authorize Mr. Rankin to accept service of the subpoena. Plaintiff informed Mack Roe, that if Mack Roe authorized Mr. Rankin to accept service of the subpoena, Plaintiff would promptly reissue the subpoena and transmit the subpoena via counsel, and afford Mack Roe a reasonable amount of time to comply with the subpoena, including reasonable time to move to quash the subpoena, or otherwise object to the subpoena as permitted by FRCP Rule 45. Plaintiff informed Mack Roe that if Plaintiff did not receive a response from Mack Roe or his counsel, by Friday, October 17, at 5:00 PM, Plaintiff would file a motion with the Court requesting that the Court permit Plaintiff to serve the subpoena by substituted or alternative means on Mack Roe. On Sunday, October 19, 2025 Mr. David Rankin responded to Plaintiff, and informing Plaintiff, that if Plaintiff moved for an order from the Court permitting Plaintiff to effectuate service of the subpoena on Mack Roe through alternative means, that Mr. Rankin and his Client Mack Roe, would "likely oppose" Plaintiff's application to the Court.

In a nutshell, Mr. David Rankin's position, is that he is not authorized by Mack Roe for any purposes related to accepting service of, or responding to a Subpoena directed at Mack Roe in this action, but that he represents Mack Roe for purposes of *opposing* an application by Plaintiff to the Court to effectuate service of a subpoena directed at Mack Roe in this action, through alternative means. Plaintiff respectfully submits that this is *textbook* evasion of service of process by Mr. David Rankin and his Client Mack Roe, if not outright obstruction of the same.

      II.     **LEGAL STANDARDS THAT APPLY**

        **A. Service of a Subpoena through Alternative Means Comports with the Federal Rules and Due Process.**

Service of a subpoena via alternative means besides personal service," has been "routinely authorized" under Rule 45 of the Federal Rules *see* Three Arrows Cap., Ltd., 647 B.R. 440, 453 (Bankr. S.D.N.Y. 2022). The functional purpose of requiring delivery is to "ensure receipt," which then allows the enforcement of a subpoena to be consistent with due process. *See id.* Furthermore, Rule 45(b) explicitly authorizes service of subpoenas "at any place within the United States" *see* Fed. R. Civ. P. 45(b)(2) as well as "to a United States national or resident who is in a foreign country." *See* Fed. R. Civ. P. 45(b)(3). In any proceeding, "[a]n elementary and fundamental requirement of due process . . . is notice reasonably calculated to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *see* Mullane v. Central Hanover Bank & Trust Company, 339 U.S. 306 (1950). The method of delivery is not

explicitly stated in Rule 45. *See* Ultradent Products, Inc. v. Hayman, 2002 WL 31119425 (S.D.N.Y. 2002) ("[T]here is no such specific requirement within the language of Rule 45."). As such, Rule 45's language "neither requires in-hand service nor prohibits alternative means of service." Sec. & Exch. Comm'n v. Pence, 322 F.R.D. 450 (S.D.N.Y. 2017) Importantly however, in order to serve a subpoena through alternative means, courts have required a plaintiff to show (1) a diligent effort to first serve the defendant personally and (2) that service is reasonably calculated to provide notice and actual receipt *See* Government Employees Insurance Company v. Kalitenko, No. 22-CV-3804 (ARR), 2022 WL 16798219, at *1 (E.D.N.Y. Nov. 8, 2022) (holding courts have permitted alternative service "personal service was previously attempted" and "where the requested method of service reasonably ensures actual receipt")

### III.   ARGUMENT

#### A. Plaintiff has Made a "Diligent Effort" to Personally Serve the Subpoena

As Plaintiff detailed *supra,* Plaintiff has made a diligent effort to personally serve the subpoena on Mack Roe through traditional means. Plaintiff made three (3) separate attempts through a licensed process server at different days and times over a nearly two (2) week period. On the first such attempt Mack Roe's roommate stated that Mack Roe stays at Columbia University a nearly three hundred (300) mile trek from Mack Roe's residence. Additionally, according to Columbia University's Academic Calendar Mack Roe's semester will not officially conclude until December 19, 2025. Moreover, Mack Roe's roommate "DF" has indicated that he is unwilling to be of any assistance in personal service of the subpoena on Mack Roe. Plaintiff has attempted to reach Mack Roe through counsel, text message, email, and by phone to no avail. It is clear, that Mack Roe, being fully aware of the court-issued subpoena as well as Plaintiff's multiple and various attempts to serve Mack Roe with the subpoena, is actively evading being served with the subpoena through traditional methods of service.

#### B. Alternative Service Via Verified Email and Certified Mail is Reasonably Calculated to Provide Notice to Mack Roe.

An alternative means of service of the subpoena directed at Mack Roe Via Verified Email and Certified Mail is reasonably calculated to provide notice to Mack Roe, and that any further requiring of personal service on Mack Roe would be duplicative and ineffective. The purpose of requiring delivery is to "ensure receipt, so that notice will be provided to the recipient, and enforcement of the subpoena will be consistent with the requirements of due process. Med. Diagnostic Imaging, PLLC v. CareCore Nat., LLC, No. 06 CIV. 13516 VM THK, 2008 WL 3833238, at *2 (S.D.N.Y. Aug. 15, 2008) (quoting 9 MOORE'S FEDERAL PRACTICE § 45.21 (3rd ed. 2008)). Thus, when an alternative means of service is "reasonably designed to ensure" such receipt, there is no reason for courts to strictly require in hand delivery of a subpoena *Sec. & Exch. Comm'n v. Pence,* 322 F.R.D. at 454; King v. Crown Plastering Corp., 170 F.R.D. 355, 356 (E.D.N.Y. 1997); *see In re* Shur, 184 B.R. 640, 642 (Bankr. E.D.N.Y. 1995) (holding the delivery of a subpoena includes "any act . . . that reasonably assures the entity to which it is addressed fair and timely notice of its issuance, contents, purpose and effect")

# JOHN DOE

### C. Alternative Service Via Verified Email is Likely to Reach Mack Roe.

Mack Roe, to whom the subpoena is directed, is a current student at Columbia University, who utilizes an active, encrypted, and highly secure Columbia University issued and controlled email address. Mack Roe has been receiving official notices at this email address specifically from Defendant Columbia University regarding correspondence related to this action. On June 24, 2025 Defendant Columbia University served Mack Roe at this very email address with notice pursuant to this Court's June 23, 2025 order (ECF 71). All things considered, alternative service of the subpoena on Mack Roe via verified email is very likely to reach Mack Roe.

### D. Alternative Service Via Certified Mail is Likely to Reach Mack Roe.

Alternative service of the subpoena on Mack Roe via certified mail is also likely to reach Mack Roe. Mack Roe has a permanent physical mailing address which he frequents, and where he has resided for 10 or more years. Mack Roe also has a roommate "DF" (who has even referred to Mack Roe as his "son") and who also permanently resides at this address. Mack Roe's roommate is more than capable of physically receiving the subpoena on Mack Roe's behalf and then forwarding the subpoena to Mack Roe at Mack Roe's temporary physical address at Columbia University.

## IV.     CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Court grant Plaintiff leave to effectuate service of the subpoena directed at Mack Roe on Mack Roe via Mack Roe's Columbia University issued email address, and via certified mail at Mack Roe's permanent physical address. Plaintiff further requests, that the Court deem service of subpoena effectuated at the time Plaintiff transmits the subpoena to Mack Roe's verified Columbia University email address and deposits the same in the United States mail via certified mail, return receipt requested. Moreover, should the Court require proof of Plaintiff's attempts at service of the subpoena on Mack Roe for purposes of ruling on this motion notwithstanding Plaintiff's declaration to the Court in section (V) of this motion, Plaintiff respectfully requests leave of the Court to file said proof under seal, to protect the identities of Plaintiff and Mack Roe consistent with the Court's March 31, 2025 order[5] (ECF 19) regarding pseudonym protections.

## V.     PLAINTIFF'S DECLARATION

I, John Doe, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the factual statements set forth herein are true and correct to the best of my knowledge and belief.

I appreciate the Court's time and diligent attention to this matter.

---

[5] On March 31, 2025, this Court-ordered pseudonym protections for Plaintiff, non-party witness Jane Roe, and non-party witness Mack Roe (ECF 19).

# JOHN DOE

Respectfully Submitted,

John Doe,
Plaintiff, Pro Se

cc: All Counsel of Record (Via ECF)