**BELDOCK LEVINE & HOFFMAN LLP**
99 PARK AVENUE, PH/26TH FLOOR
NEW YORK, N.Y. 10016

JONATHAN C. MOORE
DAVID B. RANKIN
LUNA DROUBI
MARC A. CANNAN
JONATHAN K. POLLACK
HENRY A. DLUGACZ
STEPHEN J. BLUMERT
MYRON BELDOCK (1929-2016)
LAWRENCE S. LEVINE (1934-2004)
ELLIOT L. HOFFMAN (1929-2016)

TEL: (212) 490-0400
FAX: (212) 277-5880
WEBSITE: blhny.com

COUNSEL
PETER S. MATORIN
CYNTHIA ROLLINGS
KAREN L. DIPPOLD
JODY YETZER
MARJORY D. FIELDS
EMILY JANE GOODMAN
    (JUSTICE, NYS SUPREME COURT, RET.)
FRANK HANDELMAN

October 20, 2025

REF: 8328.01

WRITER'S DIRECT CONTACT:
(212) 277-5825
drankin@blhny.com

**VIA ECF ONLY**

Robyn F. Tarnofsky
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

**Re:   John Doe v. Columbia University**
       **25 Civ. 02132 (SDNY)**

Your Honor:

Thank you for the opportunity to respond to John Doe's letter of October 10, 2025 at Dkt. 107. As a preliminary matter John Doe ("JD") has offered no legal support for any of his requests for relief. Responding to a routine request for additional time to present legal arguments with a three-page letter requesting wide-ranging relief is curious.

Be that as it may, we respond as follows:

(a)     JD requests we identify the Columbia University ("Columbia") student to his satisfaction. Should JD believe that the undersigned does not have a client with standing in this action, that could be a basis for opposing an application for relief and is premature at this juncture. The undersigned requests this court not order the production of my client's identity, even as it relates to the previously ordered pseudonyms, as they are not a party to this litigation and they have been dragged here against their will. Further, JD has produced no evidence or argument supporting this request other than a generalized dissatisfaction with the specificity of my notice of appearance.

BELDOCK LEVINE & HOFFMAN LLP

Hon. Robyn F. Tarnofsky
October 20, 2025
Page 2

    (b)    JD requests correspondence related to our involvement in this case. A request for production of any correspondence between the defendant and the undersigned should require a formal discovery demand. Should a discovery demand be forthcoming, upon a properly lodged objection JD would need to show the relevance of such document to the claims or defenses in this action. It is difficult to see how such a showing could be made, as such, the request should be denied, especially in the form it is presently before the Court.

    (c)    JD requests documents received by the undersigned, if any, from Columbia University. Again, a request for documents from the defendant should be the subject of a formal discovery demand. Should there be any documents exchanged between the undersigned and Columbia, those documents' relevance to this action would be what guides the documents production to JD, not its use between the undersigned and Columbia. Further, the undersigned has provided no basis for why the documents would need to be produced at all, let alone within three business days.

    As such, JD's three applications should be denied. We thank you for your consideration of this matter.

Respectfully Submitted,

David B. Rankin