# EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| JOHN DOE,<br><br>        *Plaintiff,*<br><br>    v.<br><br>COLUMBIA UNIVERSITY,<br><br>        *Defendant.* | 25 Civ. 02132 (DEH) (RFT) |

**NON-PARTY JANE ROE'S RESPONSES AND OBJECTIONS TO
PLAINTIFF'S SUBPOENA DUCES TECUM**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, non-party Jane Roe ("Ms. Roe"), by and through her undersigned counsel, hereby responds and objects to Plaintiff John Doe's subpoena to Ms. Roe dated September 22, 2025, which was served via email on undersigned counsel on October 6, 2025 (the "Subpoena"). Ms. Roe's responses and objections to the Subpoena are as follows:

**GENERAL RESPONSES AND OBJECTIONS**

1.      As used herein, "Requests" refers to Attachment A to the Subpoena, entitled "Documents Demanded for Production Under Subpoena to [Jane Roe]."

2.      Ms. Roe responds to the Requests subject to the General Objections set forth below. Each General Objection is incorporated into each specific Response and Objection set for the below. Failure to refer to a General Objection in a specific Response or Objection should not be construed, and is not intended to be, a waiver of any General Objection.

3.      Ms. Roe objects to the Requests insofar as they attempt to impose upon her obligations beyond those established by the Federal Rules of Civil Procedure, the Local Rules of the U.S. District Courts for the Southern and Eastern Districts of New York ("Local Rules"),

1

the June 16, 2025 Order entered in this case relating to the scope of any subpoenas directed to non-parties Jane Roe and Mack Roe, *see* ECF No. 65 (the "June 16 Order"), in addition to all other applicable rules and legal authority describing, defining, or interpreting the applicable rules.

4.      Ms. Roe objects to the Definition of "Communication" as used in the Requests because it is vague, ambiguous, overly broad, and inconsistent with the Local Rules.  Ms. Roe will interpret "Communication" consistent with Local Rule 26.3(c)(1), which defines "Communication" as "the transmittal of information (in the form of facts, ideas, inquiries, or otherwise)."

5.      Ms. Roe will interpret "Document" as used in the Requests consistent with Local Rule 26.3(c)(2), which defines that term to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations.  Rule 34(a), in turn, defines "Document" to include "writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form."  A draft or non-identical copy is a separate "Document" within the meaning of this term.

6.      Ms. Roe will interpret "Identify" as used in the Requests consistent with Local Rule 26.3(c)(3), which (1) with respect to persons, defines "Identify" to mean to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, the present or last known place of employment.  Once a person has been identified in accordance with this section, only the person's name need be listed in response to

subsequent discovery requesting the identification of that person; and (2) with respect to Documents, defines "Identify" to mean to give, to the extent known, the (i) type of Document; (ii) general subject matter; (iii) date of the Document; and (iv) author(s), addressee(s), and recipients(s).

7.      Ms. Roe will interpret "Relating To" as used in the Requests consistent with Local Rules 26.3(c)(7)'s definition of "concerning," which means relating to, referring to, describing, evidencing or constituting.

8.      Ms. Roe objects to the Requests to the extent they fail to describe with reasonable particularity the documents sought.  *See* Fed. R. Civ. P. 34(b)(1)(A).

9.      Ms. Roe objects to the Requests to the extent they seek the disclosure of documents and communications that are protected by the attorney-client privilege, the work product doctrine, the common interest privilege, the doctor-patient privilege, the psychotherapist-patient privilege, the spousal privilege, or any other protections of privilege (collectively, "Privileged Information").  Ms. Roe hereby asserts all applicable privileges and protections and will withhold Privileged Information from any production of documents in response to the Requests.   The inadvertent disclosure of any Privileged Information in response to the Requests shall not constitute a waiver of any such privilege or of any ground for objection to discovery with respect to such information, the subject matter of the information, or of Ms. Roe's right to object to the use of any such information in the above-captioned proceeding or elsewhere.  The production of documents and information in response to the Requests may be made subject to redaction of documents or information that is non-responsive, privileged, or irrelevant.

10.      Ms. Roe objects to the Requests to the extent they call for the production of

3

documents or electronic information that is not within her possession, custody, or control.

11.    Ms. Roe objects to the Requests to the extent that they impose an obligation to produce documents that are already in Plaintiff's possession, custody, or control, or are publicly available or otherwise readily accessible by Plaintiff.

12.    Ms. Roe objects to the Requests to the extent they seek documents that may be obtained through other sources or other means of discovery that are more convenient, more efficient, more practical, less burdensome, or less expensive.

13.    Ms. Roe objects to the Requests to the extent they are incomplete, vague, duplicative, cumulative, ambiguous and/or unduly burdensome, including, without limitation, to the extent that the Requests are phrased in absolute terms and are not limited to a particular subject matter.  To the extent a Request calls for "all," "any," or "any and all" documents or information on a particular subject (where provided), Ms. Roe will undertake in responding to such Request to supply documents or information known to her at the time of the response or located after a reasonably diligent search, and will not undertake any obligation, express or implied, to represent that the response includes all of the documents or information that may exist.

14.    Ms. Roe objects to the Requests to the extent they constitute or seek legal conclusions or characterize information, allegations, or ideas as undisputed fact.

15.    Ms. Roe objects to the Requests to the extent they assume the existence of certain documents that do not exist and the occurrence of certain events that did not occur. Any Response by Ms. Roe to a Request is not intended to be, and shall not be construed as, an admission that any factual predicate contained within the Request is accurate.

16.    A Response by Ms. Roe that she will produce documents in response to a

4

specific Request or relating to a specific subject, or that Ms. Roe objects to the production of such documents, is not a representation that any responsive documents exist or are in her possession, custody, or control.

17.    All information and documents provided by Ms. Roe in response to the Requests are provided solely for use in this litigation and for no other purpose.

18.    Any documents produced by Ms. Roe are subject to and covered by the Protective Order executed between the parties and entered by the Court.  *See* ECF No. 86. Upon the conclusion of this litigation, Ms. Roe expects Plaintiff and Defendant to return or certify in writing that they have destroyed all information produced by her that is marked "CONFIDENTIAL."

19.    Ms. Roe's responses and objections are made based on a reasonable investigation to date.  That investigation is ongoing.  As a result, Ms. Roe's responses and objections are limited to information obtained to date and are made without prejudice to Ms. Roe's right to amend or supplement her responses and objections.

20.    To the extent that Ms. Roe responds to a Request to which she objects, such response shall not constitute a waiver of any General Objections or Specific Objections.

21.    Ms. Roe will produce all responsive, non-privileged documents in her possession, custody, or control in response to the Requests only to the extent that they are consistent with the June 16 Order.  Specifically, Ms. Roe will produce "text messages from April 25, 2022 until June 5, 2024 between Ms. Roe and [Mack] Roe related to Plaintiff's disciplinary history."  June 16 Order at 2.  Ms. Roe does not have in her possession, custody, or control any "native-format recordings of conversations between Plaintiff and [Mack] Roe." *Id.*

5

**SPECIFIC RESPONSES AND OBJECTIONS TO PLAINTIFF'S REQUESTS**

**REQUEST NO. 1:**

Produce all communications[1] limited to text messages, WhatsApp messages, voice note messages, emails, and recorded phone calls with associated metadata including the date and time stamps of said communications between You and [Mack Roe] in Columbia University's gender-based misconduct investigation proceeding involving [Plaintiff] between the dates of April 23, 2022 and June 5, 2024 that relate in any way to [Plaintiff] in the gender-based misconduct proceeding, Your gender-based misconduct allegations generally against [Plaintiff], Your allegations against [Plaintiff] generally, and Your own respective involvement as a Complainant, Witness, or Respondent in the gender-based misconduct investigation and proceeding, and collectively, and You and [Mack Roe]'s joint and collective involvement in Columbia University's gender-based misconduct investigation and proceeding involving [Plaintiff].

**RESPONSE TO REQUEST NO. 1:**

Ms. Roe objects to this Request as vague, overbroad, unduly burdensome, and not proportional to the needs of this case. Ms. Roe further objects to this Request to the extent it seeks documents and communications beyond the scope of the June 16 Order.

Subject to the foregoing Specific and General Objections, and in accordance with the June 16 Order, Ms. Roe is conducting a reasonable search and will produce all "text messages from April 25, 2022 until June 5, 2024 between Ms. Roe and [Mack] Roe related to Plaintiff's disciplinary proceeding" that are in her possession, custody, or control.

---

[1] In a footnote, the Subpoena defines the term "Communications" to mean "any transmission or documentation of information by way of text messages, audio recordings, email messages, WhatsApp messages, and voice note messages." Subpoena at 3 n.1.

**REQUEST NO. 2:**

Produce your telephone call log sufficient to identify, evidence, or memorialize any and all telephonic communications between You and [Mack Roe] during the period of April 23, 2022 through June 5, 2024, including but not limited to call detail records, call logs, internal billing or routing records, metadata, or other records reflecting the date, time, duration, participants, and originating/receiving telephone numbers associated with each such communications.

**RESPONSE TO REQUEST NO. 2:**

Ms. Roe objects to this Request as vague, overbroad, unduly burdensome, and not proportional to the needs of this case.  Ms. Roe further objects to this Request because it seeks documents and communications outside the scope of the June 16 Order.  The June 16 Order only requires Ms. Roe to produce "text messages," as described in the General Objections ¶ 3 and in response to Request No. 1, above.  The June 16 Order does not authorize Plaintiff to seek, nor require Ms. Roe to produce, any "telephone call log" information regarding any "telephonic communications" between Ms. Roe and Mack Roe as requested in this Request.

Accordingly, Ms. Roe will not produce any documents in response to this Request.

Dated:  October 20, 2025                          Respectfully submitted,

                                                  By: /s/ *Molly K. Webster*
                                                  Molly K. Webster, Esq.
                                                  KKL LLP
                                                  350 Fifth Avenue, 77th Floor
                                                  New York, New York 10118
                                                  Tel.: (212) 390-9550

                                                  *Counsel for Non-Party Jane Roe*