# Hecker Fink LLP

**NEW YORK | WASHINGTON, DC | LOS ANGELES**

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118

TEL (212) 763-0883 | FAX (212) 564-0883
WWW.HECKERFINK.COM

apeterson@heckerfink.com

October 21, 2025

**VIA ECF**

The Honorable Robyn F. Tarnofsky
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

        *Re:*    *Doe v. Columbia University*, No. 25-cv-02132-DEH-RFT (S.D.N.Y.)

Dear Judge Tarnofsky:

We write on behalf of Defendant The Trustees of Columbia University in the City of New York ("Columbia") in response to Plaintiff's October 10, 2025 letter ("Pl. Lt."). *See* ECF 107. As relevant to Columbia, in his letter, Plaintiff requests that the Court order Columbia to (1) provide Plaintiff certain correspondence from non-party witnesses Jane Roe and Mack Roe in connection with Columbia's FERPA notices, and (2) produce documents identified to Mr. Roe's counsel as responsive to Plaintiff's discovery requests within three business days of an order from this Court on any motion from Mr. Roe seeking to prevent the disclosure of such records. *Id.* at 3. Columbia addresses these requests below and, relatedly, proposes a process to facilitate the efficient production of FERPA-protected education records in this litigation.

**FERPA Notice Responses.** Plaintiff's request for an order requiring Columbia "to provide Plaintiff with copies of any notices that they received from nonparty witness Jane Roe or non-party witness Mack Roe in connection with Columbia's notices of potential disclosure of FERPA-protected education records," *id.*, is procedurally improper and, in part, unnecessary. Columbia understands Plaintiff to be requesting correspondence from Ms. Roe and Mr. Roe to Columbia, indicating whether each non-party student intends to object to the production of their FERPA-protected records to Plaintiff ("FERPA Responses"). Such FERPA Responses are contemplated by the Protective Order entered in this case, but Plaintiff is not entitled to copies of the FERPA Responses under the Protective Order. *See* ECF 86 at 2-5.

Ms. Roe's FERPA Response was filed on the Court's docket on October 10, 2025. *See* ECF 104-1. Accordingly, Plaintiff may access it without a Court order. With respect to Mr. Roe's FERPA Response, Plaintiff has not requested that Columbia provide him with a copy, whether through a formal discovery request or otherwise. In so by-passing the Federal Rules of Civil Procedure and this Court's required meet-and-confer process, Plaintiff is placing an unnecessary burden on this Court, Columbia, and the non-parties to this matter. *See* Fed. R. Civ. P. 34; U.S. Magistrate Judge Robyn F. Tarnofsky's Individual Practices in Civil Cases, Rule III.B (requiring meet-and-confer prior to raising a discovery dispute with the Court); *see also* ECF 110. Had Plaintiff requested the FERPA Responses from Columbia, Columbia likely would have provided them to Plaintiff. Columbia now respectfully defers to the Court on Plaintiff's request.

Hecker Fink LLP

***Document Production to Plaintiff.*** Plaintiff's request that Columbia be ordered to produce all documents it provides to Mr. Roe within three business days of any decision on Mr. Roe's objection, Pl. Lt. at 3, is both arbitrary and premature. Columbia is subject to this Court's case management plan, ECF 52, and will produce any documents the Court orders it to produce in a timely manner.[1]

***FERPA Document Review Procedure.*** Plaintiff's and Mr. Rankin's recent letters to the Court, *see* ECF 107 & 110, raise a related issue concerning Mr. Roe's request to review copies of his FERPA-protected education records ("FERPA Documents") responsive to Plaintiff's production request, in order to effectively object to their production.

FERPA seeks to both protect student privacy and provide students with the opportunity to review their own education records. *See* 34 C.F.R. §§ 99.2, 99.10. Under FERPA, and consistent with the Protective Order, consent or a court order and notice are generally required for the disclosure of current or former students' FERPA Documents. *See id.* § 99.31(a)(9)(ii). A particular document, however, can be a FERPA Document of more than one student. *See* U.S.C. § 1232g(a)(4)(A). Based on Columbia's review of potentially responsive documents, some of Mr. Roe's FERPA Documents are also Plaintiff's and/or Ms. Roe's FERPA Documents.[2] Therefore, providing Mr. Roe with copies of his FERPA Documents responsive to Plaintiff's production requests would also implicate Plaintiff's and/or Ms. Roe's FERPA Documents.

To comply with FERPA's general guidance and to facilitate efficient sharing of documents (including with respect to redactions contemplated by the Protective Order), Columbia respectfully requests that the Court enter an order:

- requiring Columbia to produce to Mr. Roe his FERPA Documents that Columbia intends to produce to Plaintiff, in the same form as those documents would otherwise be produced to Plaintiff in this litigation; and

- providing Plaintiff and Ms. Roe (a) a period of ten business days from the date of such order to notify Columbia if they object to the disclosure to Mr. Roe, and (b) a further period of five business days to apply for protection from the Court to prevent any such disclosure.

Consistent with FERPA's requirements, Plaintiff and Ms. Roe would receive notice via ECF of any such order. *See* 34 C.F.R. § 99.31(a)(9)(ii). And if, following review of Mr. Roe's FERPA Documents provided by Columbia, Mr. Roe does not seek to prevent disclosure, or if the Court denies Mr. Roe's motion seeking to prevent disclosure, Columbia will produce those documents to Plaintiff in a timely manner.

\* \* \*

---

[1] Although Plaintiff's request is not limited to decisions by the Court *denying* any motion from Mr. Roe seeking to prevent disclosure, Columbia would, of course, not produce to Plaintiff any documents that the Court orders should not be produced.

[2] Based on documents reviewed thus far, it appears that at least one additional student's FERPA Documents may be subject to production. Columbia is working to identify the FERPA Documents related to that student and provide appropriate notice. Should the Court order Columbia to provide Mr. Roe's FERPA Documents to Mr. Roe, any notice to this or additional students will identify both Plaintiff and Mr. Roe, as appropriate, as potential recipients of the documents.

Hecker Fink LLP

For the reasons discussed above, Columbia respectfully requests that the Court (1) deny Plaintiff's request related to the production of documents to Plaintiff following a decision on Mr. Roe's objection, and (2) enter an order as described above with respect to the disclosure of Mr. Roe's FERPA Documents.

Respectfully submitted,

Anna Collins Peterson