**Hecker Fink LLP**

NEW YORK | WASHINGTON, DC | LOS ANGELES

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118

TEL (212) 763-0883 | FAX (212) 564-0883
WWW.HECKERFINK.COM

apeterson@heckerfink.com

November 5, 2025

**VIA ECF**

The Honorable Robyn F. Tarnofsky
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

      Re:    *Doe v. Columbia University*, No. 25-cv-02132-DEH-RFT (S.D.N.Y.)

Dear Judge Tarnofsky:

      We write on behalf of Defendant The Trustees of Columbia University in the City of New York ("Columbia"), pursuant to this Court's October 29, 2025 order (ECF 122), to provide the Court with Columbia's best estimate of when it expects to substantially complete its review of "core disciplinary documents" such that it can provide appropriately redacted documents to Mack Roe's counsel for FERPA review purposes.

      By way of background, the files in Columbia's conduct records management system related to Plaintiff's discipline at issue in this litigation include approximately 1,200 documents comprising over 6,000 pages. Those documents include correspondence with parties and witnesses; over 60 video recordings, including party and witness interviews (and corresponding transcripts) as well as CCTV footage; evidence and statements submitted by the parties and witnesses, including photographs, screenshots, and audio recordings; investigator notes; and the investigative report, which, with exhibits, spans more than one thousand pages.

      Consistent with the ESI Protocol, ECF 106 at 11, and the Protective Order, ECF 86 at 2-4, counsel for Columbia has been working diligently to redact student names, images, and other personal identifying information ("PII"), such as addresses, phone numbers, and academic details, that could, collectively, identify a student. Since the ESI Protocol was so ordered on October 14, 2025, ECF 106, Columbia has been redacting the documents for purposes of production to Plaintiff—that is, with non-party students' names and PII redacted, but with Plaintiff's name and PII unredacted. *See* ECF 86 at 2-4. The redaction process is labor-intensive given the assortment of PII that needs redacting and the challenges inherent in applying redactions to various file types, including video and audio files.

      In light of the discussions during the October 29, 2025 conference with the Court and Plaintiff's position regarding the redaction of his name and PII, counsel for Columbia is now working on redacting both Plaintiff's *and* all other students' PII (except for the PII of Mack Roe) as well as any portions of the documents that do not directly relate to Mack Roe from a set of isolated documents that are both subject to production to Plaintiff *and* the FERPA-protected education records of Mack Roe. Given the sensitive nature of the documents and the complexity of the redactions, including redacting text documents, photographs, audio recordings, and video

Hecker Fink LLP

2

recordings, we estimate that these disciplinary records can be appropriately redacted and ready for production to Mack Roe's counsel for FERPA review purposes within four to six weeks. To the extent the Court intends to set a deadline for such production, we respectfully request a deadline of December 17, 2025, which is six weeks from today's date.

      To the extent that Columbia is required to provide similar sets of documents to other student and former student non-parties, Columbia respectfully requests that it be given the opportunity to assess the scope of necessary redactions and similarly propose a schedule for any further such productions.

Respectfully submitted,

Anna Collins Peterson