# JOHN DOE

RECEIVED
SDNY PRO SE OFFICE

2025 NOV 10 PM 3: 57

PO Box #250050
New York, NY 10025
(917) 450-9050

**Direct Dial: (917) 450-9050**
**Direct Email: johndoe.casemail@gmail.com**

November 10, 2025

**VIA ECF**

The Honorable Robyn F. Tarnofsky
United States District Court
Southern District of New York
500 Pearl Street, Room 703
New York, NY 10007

Re:   John Doe v. Columbia University No. 1:25-cv-02132-DEH-RFT

Dear Judge Tarnofsky:

I write as Plaintiff in the above-referenced matter to respectfully request that the Court order Defendant Columbia University to (a) comply with its obligations under the Family Educational Rights and Privacy Act ("FERPA") in relation to its handling of Plaintiff's Education Records and (b) order Defendant Columbia University to provide Plaintiff with copies of the "joint" Mack Roe/Plaintiff education records with Plaintiff's PII unredacted that it has identified as responsive to Mack Roe's request for discovery directed at Columbia at the same time that Columbia produces the "joint" education records to Mr. Roe for review, so that Plaintiff can also review the education records prior to Plaintiff filing any motion to the Court seeking a protective order preventing Columbia's disclosure of Plaintiff's education records to Mack Roe. Afterall, the "joint" education records that Mack Roe shares with Plaintiff, are Plaintiff's records too.

### I.   Factual Background

On June 27, 2025 Plaintiff served Defendant Columbia University with 10 Requests for the Production of Documents ("RFPs") which included RFPs related to Mack Roe's education records. On September 19, 2025, as required by the Family Educational Rights and Privacy Act ("FERPA"), Columbia sent Mack Roe a notice of potential disclosure of his education records. On October 9, 2025 David B. Rankin, counsel for Mack Roe submitted a letter to the court, indicating that he had requested that Columbia provide counsel for Mack Roe with copies of the documents which they understand would be responsive to Plaintiff's production request directed at Columbia,

1

as well as copies of Plaintiff's discovery requests directed at Columbia. Counsel for Mack Roe indicated that he needed to review the copies of the responsive documents related to Mack Roe's education records, before he could "effectively argue" why the responsive documents related to Mack Roe's education records should not be produced to Plaintiff. Counsel for Mack Roe further indicated that he and counsel for Columbia were "in discussions about what information can be exchanged prior to [his] moving for a protective order". (*See* ECF No. 101).

On October 21, 2025, counsel for Columbia submitted a letter to the court, stating the following verbatim in relevant part:

> "Based on Columbia's review of potentially responsive documents, some of Mr. Roe's FERPA Documents are also Plaintiff's and/or Ms. Roe's FERPA Documents. Therefore, providing Mr. Roe with copies of his FERPA Documents responsive to Plaintiff's production requests would also implicate Plaintiff's and/or Ms. Roe's FERPA Documents." (*See* ECF No. 114):

> "Based on documents reviewed thus far, it appears that at least one additional student's FERPA Documents may be subject to production. Columbia is working to identify the FERPA Documents related to that student and provide appropriate notice. Should the Court order Columbia to provide Mr. Roe's FERPA Documents to Mr. Roe, any notice to this or additional students will identify both Plaintiff and Mr. Roe, as appropriate, as potential recipients of the documents." (*See* ECF No. 114):

Counsel for Columbia also requested that the court enter an order (a) "requiring Columbia to produce to Mr. Roe his FERPA Documents that Columbia intends to produce to Plaintiff, in the same form as those documents would otherwise be produced to Plaintiff in this litigation; and (b) providing Plaintiff and Ms. Roe (a) a period of ten business days from the date of such order to notify Columbia if they object to the disclosure to Mr. Roe, and (b) a further period of five business days to apply for protection from the Court to prevent any such disclosure." (*See* ECF No. 114)

On October 29, 2025 this Court held a conference with the parties to discuss Mack Roe's request for discovery directed at Columbia, the unique nature of the "joint" education records that Mr. Roe shares with Plaintiff, as well as the parties' related responses, and letters to the Court. In particular, Counsel for Columbia highlighted the burden, and related delay that Mack Roe's discovery request has imposed on Columbia, and proposed a vague aspirational date for producing discovery to Mack Roe, which the Court rejected, ordering Columbia to provide its best estimate of when it expects to substantially complete its review of "core disciplinary documents" and be in a position to provide those documents to students for FERPA review purposes. (*See* ECF No. 122). On November 2, 2025 Plaintiff sent an email to counsel for Columbia notifying counsel that he intended to seek an order of protection from the Court, preventing Columbia from disclosing

Plaintiff's education records to Mr. Roe. Plaintiff further requested that Columbia provide Plaintiff with the requisite notice under FERPA, of potential disclosure of Plaintiff's education records to Mack Roe. Plaintiff further requested that Columbia provide Plaintiff with copies of the "joint" Mack Roe/Plaintiff education records that it has identified as responsive to Mack Roe's request for discovery directed at Columbia so that Plaintiff can also review the "joint" education records prior to Plaintiff filing any motion to the Court seeking a protective order on the education records preventing Columbia's disclosure of Plaintiff's education records to Mack Roe. On November 5, 2025 Columbia responded to Plaintiff's requests, informing Plaintiff that Plaintiff should "seek such relief from the Court." Thereafter, on November 5, 2025 Columbia submitted a letter to the Court again highlighting the burden that Mack Roe's discovery request have imposed on Columbia and requested a compliance deadline of December 17, 2025.

For any avoidance of doubt, Plaintiff consents to Columbia's requested deadline of December 17, 2025 to substantially complete its review of "core disciplinary documents" and be in a position to provide those documents to students for FERPA review purposes, but only insofar as Columbia agrees to provide Plaintiff with copies of the "joint" Mack Roe/Plaintiff education records with Plaintiff's PII unredacted that it has identified as responsive to Mack Roe's request for discovery directed at Columbia at the same time that Columbia produces the "joint" education records to Mr. Roe.

Finally, should Columbia wish to revive its argument that providing Plaintiff with copies of the "joint" Mack Roe/Plaintiff education records with Plaintiff's PII unredacted that it has identified as responsive to Mack Roe's request for discovery directed at Columbia at the same time that Columbia produces the "joint" education records to Mr. Roe, would create "additional burden" on Columbia, Plaintiff respectfully reminds Columbia, and respectfully submits to the Court, that any "burden" thereto, would stem from Mr. Roe's discovery requests directed at Columbia. Furthermore, the discovery that Mr. Roe seeks from Columbia regarding Columbia's litigation work product and responsive sets of discovery is not required by FERPA for Columbia to produce to Mack Roe as FERPA provides no such provision. As such, any burden that stems from Columbia's courtesy interest in producing its litigation work product to Mr. Roe, a key, but clearly problematic witness for Columbia, for the purpose of Mr. Roe seeking to block Plaintiff's efforts at discovery, should be solely on Columbia and not on Plaintiff. Accordingly, any attempt that Columbia should make to blame Plaintiff for discovery burdens that are imposed on Columbia from a party other than Plaintiff, specifically from Mr. Roe, and to surreptitiously attempt to assist Mack Roe in blocking Plaintiff from seeking discovery related to Mack Roe, or attempt to give Mack Roe a strategic advantage over Plaintiff should be expeditiously, rejected by the Court[1].

---

[1] The Court has already rejected Defendant Columbia University's efforts to block Plaintiff from seeking third-party discovery from Mr. Roe in this action.

## II. Relief Requested From the Court

Based on the foregoing, and pursuant to Columbia's November 5, 2025 instruction to Plaintiff that Plaintiff should "seek such relief from the Court", Plaintiff does so now, and respectfully requests an order from the Court (a) ordering Defendant Columbia University to comply with its obligations under the Family Educational Rights and Privacy Act ("FERPA") in relation to its handling of Plaintiff's Education Records (b) ordering Defendant Columbia University to provide Plaintiff with copies of the "joint" Mack Roe/Plaintiff education records that it has identified as responsive to Mack Roe's request for discovery directed at Columbia with Plaintiff's PII unredacted at the same time that Columbia produces the "joint" education records to Mr. Roe for review, so that Plaintiff can also review the "joint" education records prior to Plaintiff filing any motion to the Court seeking a protective order on the education records preventing Columbia's disclosure of Plaintiff's education records to Mack Roe. Afterall, the "joint" education records that Mack Roe shares with Plaintiff, are Plaintiff's records too.

Plaintiff is available for a conference with the parties and the Court at the Court's convenience and appreciates the Court's time, responsiveness, and diligent attention to this matter.

Respectfully Submitted,

*(signature)*

John Doe,
Plaintiff, Pro Se

cc: All Counsel of Record (Via ECF)