# JOHN DOE

RECEIVED
SDNY PRO SE OFFICE

2026 JAN -8 PM 4: 53

PO Box #250050
New York, NY 10025
(917) 450-9050

**Direct Dial: (917) 450-9050**
**Direct Email: johndoe.casemail@gmail.com**

January 8, 2026

<u>**VIA ECF**</u>
The Honorable Robyn F. Tarnofsky
United States District Court
Southern District of New York
500 Pearl Street, Room 703
New York, NY 10007

Re:    John Doe v. Columbia University No. 1:25-cv-02132-DEH-RFT

Dear Judge Tarnofsky:

I write as Plaintiff in the above-referenced matter, to respectfully request a global pre-motion conference with the Parties and all other counsel of record in this action to address (a) Plaintiff's anticipated motion compel Defendant Columbia University to answer Plaintiff's interrogatories that Plaintiff served on Columbia on June 27, 2025, (b) Plaintiff's anticipated motion to compel a narrow document production from Columbia (c) Plaintiff's discovery dispute with Counsel for Jane Roe and (d) Counsel for Mack Roe's January 7, 2026 request at ECF No. 139 for an indefinite extension of time to review Mack Roe's education records[1]. Pursuant to Rule III (B) of Your Honor's Individual Rules Plaintiff met and conferred with Defendant Columbia University on October 8, 2025 and December 22, 2025, and with Counsel for Jane Roe on October 27, 2025. Regrettably, the Parties are unable to resolve these disputes their own and require the Court's intervention. Plaintiff therefore, respectfully requests a global conference with the Parties and the Court, and the Court's assistance in resolving these disputes.

### A.  Plaintiff's Motion to Compel Columbia University to Answer Interrogatories

Six (6) months ago, on June 27, 2025  Plaintiff served Defendant Columbia University with his first set of interrogatories directed at Columbia. Thereafter, on July 28, 2025 Columbia objected to certain of Plaintiff's interrogatories and refused to answer them on the grounds that certain of Plaintiff's  interrogatories were "premature, and "inconsistent with the restrictions imposed by Local Civil Rule 33.3(a)" and [sought] information not within the categories of information permitted by such Rule." On August 18, 2025 after a meet-and-confer with counsel for Columbia, Plaintiff filed a motion to compel arguing that Local Civil Rule 33.3(a) should not restrict his interrogatories. (*See* ECF No. 89).  On September 5, 2025 after a Conference with the Parties, the Court ordered that Local Civil Rule 33.3(a) applied to the case. (*See* ECF No. 96).

---

[1] Counsel for Mack Roe, Mr. David Rankin has not met-and-conferred with Plaintiff regarding this request as required by Rule III(B) of Your Honor's Individual Rules and Practices in Civil Cases. Plaintiff does not consent to this request.

1

On December 22, 2025 Plaintiff met-and-conferred with counsel for Columbia regarding his anticipated motion to compel Columbia University to answer his Interrogatories that he served on Columbia on June 27, 2025, on the grounds that discovery is no longer in its infancy, and thus ripe for full interrogatory discovery under FRCP 33. Counsel for Columbia did not give Plaintiff their position on the motion, but indicated to Plaintiff that counsel for Columbia would "discuss a position with Columbia" and follow-up with Plaintiff. Defendant Columbia has failed to do so despite Plaintiff's multiple requests.

### B.  Plaintiff's Motion to Compel a Document Production From Columbia University

The basis for Plaintiff's anticipated Motion to Compel a Document Production from Columbia is straightforward, and finds safe haven in **Attachment A**[2] and **Attachment B.** As a preliminary matter, Plaintiff only seeks to compel the production of the following narrow subset of the larger set of documents that Plaintiff has already requested from Columbia:

1.  All documents and communications between employees at Columbia University's Gender-based Misconduct Office (GBMO) and Mack Roe between April 23, 2022 and March 5, 2024 that relate to the secret audio recordings in the evidence file of Columbia University's Investigative Report involving Plaintiff that Mack Roe created and produced to Columbia to be used as evidence against Plaintiff in the underlying GBMO proceeding giving rise to this action.

2.  All documents and communications between employees at Columbia's GBMO and Mack Roe between April 23, 2022 and March 5, 2024 that relate to the "demands" that Mack Roe made of Columbia University's Investigative Team, and Columbia University's Director of Title IX Investigations Colleen Walsh regarding Mack Roe's production of said recordings to Columbia.

3.  All documents and communications between employees at Columbia's GBMO and Mack Roe between April 23, 2022 and March 5, 2024 that relate to the "demands" that Mack Roe made of Columbia University's Sr. Director of Title IX Investigations Colleen Walsh, and Columbia University's Investigative Team regarding Columbia University's usage of said recordings.

For the avoidance of doubt, Plaintiff has already requested "all communications and agreements—whether written, electronic, or oral (memorialized in any format)— in Columbia's possession between Columbia University, including any of its employees, administrators, investigators, Title IX staff, or representatives, and Mack Roe, from April 23, 2022, to the present, that relate in any way to Plaintiff, the Gender-Based Misconduct (GBM) or CSSI proceedings." Plaintiff understands that these documents are currently being reviewed by Mack Roe, and Mack Roe's counsel prior to their decision on whether they will seek a protective order on the documents seeking to prevent Columbia from disclosing the documents to Plaintiff.

---

[2] Plaintiff appreciates that Columbia will, in due course, be required to account for its decision to lie to Plaintiff, misrepresent the basis for its objections, and to withhold documents, communications, and relevant evidence to which Plaintiff was expressly entitled under Title IX. Although that reckoning is not presently before the Court, these very communications are directly relevant to Plaintiff's instant motion to compel.

While this narrow subset of documents and communications (B(1) to B(3) *supra*) that Plaintiff seeks to compel would ordinarily be protected by the Family Educational Rights and Privacy Act ("FERPA") at this juncture, and require providing Mack Roe the opportunity to object to the disclosure of these records prior to their production to Plaintiff, **this specific subset is materially different and should be exempt from any such requirements, as these documents and communications should have already been produced by Columbia to Plaintiff in the underlying disciplinary proceeding pursuant to Title IX and its regulations.**

This narrow subset of documents and communications that Plaintiff seeks to compel, should not be subject to FERPA's "notice and objection period" on the grounds that at the time of Plaintiff's initial request to Columbia for the production of these documents on October 22, 2023, November 8, 2023, January 8, 2024, and March 5, 2024, and Columbia University's subsequent impermissible refusal to provide this information to Plaintiff (contrary to Title IX and its regulations) on the grounds that "FERPA prohibited Columbia's disclosure of the documents" to Plaintiff, (which it did not). As Columbia concedes, Plaintiff had a had a right under Title IX and its regulations to review this information, for the purpose of the disciplinary proceeding that would otherwise be considered education records of multiple students and require notice under FERPA.

And just as Plaintiff *plausibly* alleges in Paragraphs 511-517 in his Complaint, Columbia University impermissibly withheld these communications from Plaintiff, and breached Plaintiff's rights under Title IX. Incredibly, as evidenced by Plaintiff's correspondence with Columbia's administrators (at the highest level) in Attachment A of this letter, Columbia University's Vice President and Title IX Coordinator Marjory Fisher, and Columbia University's Vice Provost for Equal Opportunity and Affirmative Action Laura Kirshtein lied to Plaintiff on two separate occasions, falsely indicating that FERPA prohibited Columbia's disclosure of the communications to Plaintiff when in reality, Title IX and its regulations, as well as FERPA *explicitly* provided Plaintiff a right of access to these communications for the purpose of Plaintiff's disciplinary proceeding. Columbia's indications to Plaintiff were materially untrue. Columbia explicitly agrees affirming on the record to the Court that:

> "As a general rule, in the disciplinary proceedings, under Title IX and its regulations, the parties have a right of access to various documents and evidence and information in the disciplinary file. And so there is -- within the disciplinary process, students get access to information that would be otherwise considered education records of -- typically, like, of multiple students for the purpose of that disciplinary proceeding" (*Collins Peterson See* **Attachment B**)

As evidenced by Columbia University's responses and objections to Plaintiff's requests for production regarding the larger subset of these documents and communications, Columbia does not dispute that the information Plaintiff seeks to compel is relevant to the underlying disciplinary proceeding giving rise to this action, as Columbia University has agreed to produce them to Plaintiff, nor does Columbia dispute that Title IX and its regulations provided Plaintiff with the right of access to this information at the time Plaintiff requested it from Columbia, and Columbia concedes that FERPA did *not* in fact prohibit Columbia from producing this information to Plaintiff "for the purpose of Plaintiff's disciplinary proceeding" at the time of Plaintiff's request.

Columbia merely seeks to benefit from its breach of Plaintiff's rights under Title IX, by requiring Plaintiff to spend time and resources to litigate the production of documents and communications under FERPA, when, **by Columbia's own statements to the Court, and Title IX's and FERPA's own provisions, these documents should have already been provided to Plaintiff.** By requiring Plaintiff to engage in unnecessary motion practice under FERPA to obtain documents and communications to which Plaintiff is already entitled under Title IX, serves no *legitimate* purpose whatsoever. Columbia's vexatious insistence on such practice, is a colossal waste of Plaintiff's resources and time, and is needlessly obstructing the process of discovery, the very process through which Plaintiff seeks redress. The Court should not reward such antics.

To date, Defendant Columbia has made one (1) document production to Plaintiff which consisted only of a few random "cherry picked" emails between Columbia and Plaintiff, all of which, as Columbia full well knows are already in Plaintiff's possession custody or control, were not requested by Plaintiff, and are not responsive to any of Plaintiff's requests for production of documents directed at Columbia. This is "curious", (Mr. Rankin's term) as Defendant Columbia made a full redacted document production of approximately three-thousand (3,000) pages to Mack Roe within thirty (30) days of the Court's order. Plaintiff respectfully submits that there is no *legitimate* reason whatsoever why Columbia cannot do the same for Plaintiff with respect to documents *not* subject to FERPA or documents where no FERPA objections have been raised with respect to their production. Plaintiff has met and conferred with counsel for Columbia a *plethora* of times and Columbia's position has consistently remained that the Court "should have stayed discovery" and that "Columbia will produce all responsive documents to Plaintiff by the close of fact discovery within 45 days after the Court's decision on Columbia's motion to dismiss, *contrary* to the spirit and the letter of your Honor's prior order at ECF No. 49 denying Columbia's Motion to Stay Discovery pending the Court's decision on its motion to dismiss the complaint.

In your Honor's prior Order denying Columbia's Motion to Stay Discovery pending the Court's decision on its motion to dismiss, Your Honor concluded that "Defendant has not met its burden of showing that there is good cause for the stay" and that "Plaintiff has identified prejudice from the delay, in that if discovery does not start now, and the motion to dismiss is denied, it will take more time for the ultimate determination of whether [Plaintiff] may resume his education at Columbia on the terms [Plaintiff seeks." (*See* ECF No. 49). Incredibly, despite the fact that Plaintiff's 18-month suspension has concluded, Columbia University has barred Plaintiff from resuming his education at Columbia, forcing Plaintiff to miss yet *another* semester of academic progress, effectively continuing the very discrimination that this lawsuit seeks to remedy.

**C. Plaintiff's Discovery Dispute with Counsel for Jane Roe**

On June 23, 2025 this Court ordered Defendant Columbia University to modify it's no contact directive (NCD) between plaintiff and Jane Roe in order to permit Plaintiff to serve a subpoena on Jane Roe seeking "the production of: (a) text messages, recordings, email messages, WhatsApp messages, and voice notes from April 23, 2022 until June 5, 2024 between Ms. Roe and Mr. Roe related to Plaintiff's disciplinary proceeding, and (b) native-format recordings (including metadata) (*See* ECF No. 71). On October 6, 2025 Plaintiff effectuated service of a subpoena on counsel of record for Jane Roe, Molly K. Webster. Plaintiff's subpoena directed at Jane Roe demanded for production the following verbatim: (*See* **Attachment C**)

4

1. All communications limited to text messages, WhatsApp messages, voice note messages, emails, and recorded phone calls with associated metadata including the date and time stamps of said communications between [Jane Roe] and [Mack Roe] in Columbia University's gender-based misconduct investigation proceeding involving [Plaintiff] between the dates of April 23, 2022 and June 5, 2024 that relate in any way to [Plaintiff] in the gender-based misconduct proceeding, Your gender-based misconduct allegations generally against [Plaintiff], Your allegations against [Plaintiff] generally, and [Jane Roe's] own respective involvement as a Complainant, Witness, or Respondent in the gender-based misconduct investigation and proceeding, and collectively, and [Jane Roe's] and [Mack Roe's] joint and collective involvement in Columbia University's gender-based misconduct investigation and proceeding involving [Plaintiff].

2. *[Jane Roe's] telephone call log sufficient to identify, evidence, or memorialize any and all telephonic communications between [Jane Roe] and [Mack Roe] during the period of April 23, 2022 through June 5, 2024, including but not limited to call detail records, call logs, internal billing or routing records, metadata, or other records reflecting the date, time, duration, participants, and originating/receiving telephone numbers associated with each such communications.[3] (WITHDRAWN)*

On October 20, 2025 Counsel for Jane Roe responded to Plaintiff's subpoena directed at Jane Roe with a slew (no less than 15) of boilerplate objections, but notwithstanding said objections agreed to produce to Plaintiff "all responsive, non-privileged documents in her possession, custody, or control in response to the Requests only to the extent that they are consistent with the June 16 Order". On October 27, 2025 Plaintiff and Counsel for Jane Roe met-and-conferred with regard to scope of the subpoena, and costs related to Jane Roe's compliance with the subpoena. The meet-and-confer was productive with the parties reaching an agreement on the scope of the subpoena as well as the associated costs of compliance, and a stipulation that Plaintiff would withdraw demand for production #2.

On January 5, 2026 Counsel for Jane Roe informed Plaintiff that counsel intended to make a production to Plaintiff on January 16, 2026. Counsel indicated that counsel would only be producing "text messages, recordings, email messages, WhatsApp messages, and voice notes from April 23, 2022 until June 5, 2024 between Ms. Roe and [Mack] Roe related to Plaintiff's disciplinary proceeding," which is consistent with the Court's June 23 Order.". Counsel for Jane Roe *insisted* that Plaintiff's demand for "all communications between Jane Roe and Mack Roe in Columbia University's gender-based misconduct investigation and proceeding involving Plaintiff between the dates of April 23, 2022 and June 5, 2024 that relate in any way to Plaintiff" was "beyond the scope" of the Court's June 23, 2025 order at ECF No. 71.

---

[3] Upon a stipulation by the parties Plaintiff has withdrawn demand for production #2.

Plaintiff explained to Counsel for Jane Roe that these communications were (a) well within the scope of the Court's order June 23, 2025 order, (b) within the scope of Rule 26 FRCP, (c) within the scope of Rule 45 FRCP, (d) relevant to Plaintiff's disciplinary proceeding, (e) proportional to the needs of the case, and (f) *highly* relevant to Plaintiff's claims and Columbia's defenses in this action. Plaintiff also explained to Counsel for Jane Roe that the Court's June 23, 2025 order was related to Plaintiff's motion to modify Defendant's no-contact directive between Plaintiff and Jane Roe for purposes *of* the subpoena, and was not intended to narrow the scope of the subpoena. Put simply, the parties' discovery dispute resolves around one single issue:

1. Does The Court's June 23, 2025 order at ECF No. 71 preclude Plaintiff from seeking "all communications between Jane Roe and Mack Roe in Columbia University's gender-based misconduct investigation and proceeding involving Plaintiff between the dates of April 23, 2022 and June 5, 2024 that relate in any way to Plaintiff" under Subpoena directed at Jane Roe?

***Jane Roe's Position:*** Jane Roe's position is that the Court's June 23, 2025 order was intended to narrow the scope of discovery that Plaintiff is permitted to seek under subpoena to Jane Roe, and therefore precludes Plaintiff from seeking "all communications between Jane Roe and Mack Roe in Columbia University's gender-based misconduct investigation and proceeding involving Plaintiff between the dates of April 23, 2022 and June 5, 2024 that relate in any way to Plaintiff" on the grounds that *inter alia* the Court's order only allowed Plaintiff to seek communications "related to Plaintiff's disciplinary proceeding" under Subpoena directed at Jane Roe. Jane Roe contends that any comments she or Mack Roe made about Plaintiff in the context of, but not *technically* related to Plaintiff's disciplinary proceeding "have no bearing on the lawsuit".

***Plaintiffs Position:*** Plaintiff's position is that the Court's order June 23, 2025 does not preclude Plaintiff from seeking "all communications between Jane Roe and Mack Roe in Columbia University's gender-based misconduct investigation and proceeding involving Plaintiff between the dates of April 23, 2022 and June 5, 2024 that relate in any way to Plaintiff" on the grounds these communications are within the scope of the Court's order, and Rule 45 FRCP, relevant to Plaintiff's disciplinary proceeding, proportional to the needs of the case, and relevant to Plaintiff's claims and Columbia's defenses in this action.

- **Applicable Rules and Legal Standards**

FRCP Rule 26(b)(1) states "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information"."Information within this scope of discovery need not be admissible in evidence to be discoverable."And as the Second Circuit explained in *Yusuf v. Vassar College*, "a [Title IX] complaint may allege particular evidentiary weaknesses behind the finding of an offense such as a motive to lie on the part of a complainant or witnesses, particularized strengths of the defense, or other reason to doubt the veracity of the charge. " *See Yusuf v. Vassar College*,35 F.3d 709, 715 (2d Cir. 1994)

Plaintiff respectfully submits, that as a matter of law, these communications are relevant to Plaintiff's claims and Columbia's defenses and discoverable Under Rule 26(b)(1), as they may reveal motive, bias, coordination, or credibility issues on the part of Ms. Roe and Mr. Roe, bearing directly on the accuracy and fairness of the Plaintiff's disciplinary outcome, evidence expressly recognized as probative in Title IX actions. Plaintiff submits that nothing in the Court's June 23, 2025 Order at ECF No. 71 limits otherwise permissible discovery under FRCP Rules 26 or 45.

Based on the foregoing, Plaintiff respectfully requests that the Court clarify that the Court's June 23, 2025 order at ECF No. 71 does not limits otherwise permissible discovery Rules 26 or 45 or preclude Plaintiff from seeking "all communications between Jane Roe and Mack Roe in Columbia University's gender-based misconduct investigation and proceeding involving Plaintiff between the dates of April 23, 2022 and June 5, 2024 that relate in any way to Plaintiff"

### D.  Counsel for Mack Roe's Request for Indefinite Extension of Time

With regard to Counsel for Mack Roe's January 7, 2026 letter to the Court at ECF No.139, seeking an indefinite extension of time to complete the document review related to Mack Roe, and the Court's January 8, 2026 subsequent order at ECF No. 140 ordering counsel for Mack Roe to "file [his] next update by February 9, 2026, Plaintiff respectfully requests that the Court address this matter at the conference. Plaintiff respectfully submits that Mr. Rankin's request is premature, as Mr. Rankin has not met-and-conferred with Plaintiff regarding this matter pursuant to Rule III (B) of Your Honor's Individual Rules and Practices in Civil Cases.

### E.  Relief Requested from the Court

Based on the foregoing, and in an effort to move along discovery, and to quell the prejudice that Plaintiff continues to suffer as a result of Defendant's delays, Plaintiff respectfully requests that this Court issue an order (a) compelling Defendant Columbia University to answer Plaintiff's First Set of Interrogatories Directed at Columbia that Plaintiff served on Columbia more than six (6) months ago on June 27, 2025 (b) compelling Defendant Columbia University to produce to Plaintiff the documents that Plaintiff requests for production in sections B(1) to B(3) of this letter, (c) clarifying the Court's June 23, 2025 order (d) addressing Counsel for Mack Roe's request for an indefinite extension of time and (e) granting to Plaintiff any other and further relief that the Court deems just and proper at this juncture.

I am available for a global conference with the parties and all other counsel of record at the Court at the Court's convenience.  I thank the court for its time and diligent attention to this matter.

Most Respectfully Submitted,

John Doe,
Plaintiff, Pro Se

cc: All Counsel of Record (VIA ECF)

# **<u>ATTACHMENT A</u>**

LIONMAIL
@COLUMBIA                                    ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

## Request for the Production of Evidence (Emails)

6 messages

**JOHN DOE**                                                    Sun, Oct 22, 2023 at 3:32 PM
To: "Marjory D. Fisher"
Cc:

Dear Marjory,

I hope this message finds you well. I am reaching out to formally request the preservation and production of any and all emails sent and received between April 23, 2022 and present, between ██MACK ROE██ and Sr. Director of Title IX Investigations Colleen Walsh, ██MACK ROE██ and Investigator Jamie Kleidman, and ██MACK ROE██ and Investigator Michelle Ashcroft, that relate to the audio recordings in evidence and/or that relate to the use and/or production thereof, and/or that relate to any and all of the "demands" that ██MACK ROE██ made to or of the Investigative Team regarding the recordings, and that ██MACK ROE██ mentioned on 4 separate occasions during his interview(s) with the Investigative Team.

> **See Exhibit 3 page 139**
>
> ██ MACK ROE ██
>
> "Yes. Uh, yes. The use of the recordings. I had some demands, and I asked in several emails that this is what I want. Um, there was, uh, the part where I felt pressured and threatened by the credibility report."
>
> **See Exhibit 3 page 140**
>
> ██ MACK ROE ██
>
> "Um, I sent the recordings, um, at the beginning, and I thought about it, and I said, "This is not right. No student sh- is... If it's voluntarily, I shouldn't br pressured by that." This is one. And the second part is about my emails. I asked certain things, and my demands were not answered, and the committee wanted to meet with me."
>
> **See Exhibit 3 page 177**
>
> ██ MACK ROE ██
>
> "Now when I ask, when I needed the protection in terms of the recording, this is something after my consultation with Gregg, the demands that we sent you via email, and they were approved at certain point after our meetings."

**See Exhibit 3 page 177**

**MACK ROE**

"I have a clarity now, um, about the recording. I have material and I want my- the material, whatever material I'm gonna turn in to be classified. Uh, to not be, uh, public or to not be shared. Uh, it's just for the- the committee who's gonna investigate- investigate and judge this situation, not for the, uh, defendant or for the plaintiff to have an access to. I'm not sure if this is something I could demand and that you could, uh, that you could accommodate or not?"

This request for the production of evidence (emails) is made on the following grounds:

1. The requested emails are not privileged.
2. The requested emails are reliable as they were sent and received from Official Columbia University issued accounts.
3. The requested emails are authentic as they were sent and received from Official Columbia University issued accounts.
4. The requested emails are relevant, as they relate to the facts and issues of this case.
5. The requested emails contain valuable evidence that relates to my claims.
6. The requested emails contain valuable evidence that relates to my defense.
7. The requested emails have been confirmed (in real time) to actually exist.
8. The Sr. Director of Title IX investigations and the Investigative Team withheld the requested evidence (emails) from the evidence file of the Investigative Report.

In order to ensure that I and my Attorney Advisor have adequate time to review and respond to the information contained therein, I kindly request that you make this evidence (emails) available to me and my Attorney Advisor for review by Wednesday, October 25 at 5:00 PM.

Thank you for your cooperation,

**JOHN DOE**

---

**Marjory D. Fisher** <mdf2166@columbia.edu>                     Fri, Oct 27, 2023 at 9:21 AM
To: JOHN DOE
Cc:

Dear JOHN DOE

I received your message requesting the production of emails between the Investigative Team and MACK ROE I have reviewed those emails and made the determination that those

emails are not relevant to the facts and issues in this investigation. Therefore, you will not be provided with a copy of these emails. Moreover, the production of these emails is prohibited by the Federal Education Rights and Privacy Rights Act. (FERPA)



Thanks for your note.


Marjy Fisher


Marjory D. Fisher, JD
Associate Vice President, Title IX Coordinator
Columbia University
The Interchurch Center, Room 3121
61 Claremont Avenue
New York, NY, 10115
Pronouns: she/her/hers

Office: 212-853-1276
Mobile: 917-509-0405
mdf2166@columbia.edu
https://sexualrespect.columbia.edu/


*Confidentiality Notice: The information (including any attachments) contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) name above. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, disclosure, dissemination, distribution, or copying of*

*this message is strictly prohibited. If you have received this communication in error, please notify me immediately by e-mail, and delete the original message.*

**JOHN DOE**                                                              Fri, Oct 27, 2023 at 3:29 PM
To: "Marjory D. Fisher" <mdf2166@columbia.edu>
Cc:

Dear Marjory,

I have noted your response. I am inclined to disagree with you on both of your positions on the emails for the following reasons:

1. The requested emails are in fact relevant to the facts and issues of this investigation, as they directly relate to the production and/or usage of evidence that is currently being used against me. Furthermore, the "demands" referenced in these emails directly relate to Mack Roe's participation and actions as a witness, which I have plausibly alleged was extortionary, coercive, and retaliatory. The requested emails also contain valuable information as it pertains to the dates and times that these relevant evidentiary conversations were occurred.
2. The requested emails are not protected by FERPA, as FERPA protects the privacy of student education records. The requested emails are not student education records, and therefore not protected by FERPA.
3. The Investigative Team included, and your office approved the inclusion of Exhibit 21.pdf , an evidentiary email exchange between Jamie Kleidman, Michelle Ashcroft, and JANE ROE and Exhibit 48.pdf an evidentiary email exchange between JOHN DOE (Self) Jamie Kleidman, and Michelle Ashcroft in the evidence file of the Investigative Report.

Therefore, and based on the foregoing, your assertions that requested emails are not relevant, and FERPA protected, are unreasonable, not plausible, illogical, and have no merit. Furthermore, your response reveals yet another procedural irregularity engaged by the Title IX Office, and Investigative Team.



Please note, that my own, independent investigation into the Investigative Team's bias against me over the course of this investigation, and the Title IX Office/Investigative Team's unethical, and inappropriate, and procedurally irregular relationship with MACK ROE will continue. Please expect additional correspondence, comments, or requests in this regard.

Best regards,
**JOHN DOE**

**Marjory D. Fisher** <mdf2166@columbia.edu>                                      Wed, Nov 8, 2023 at 3:23 PM
To: JOHN DOE
Cc:

Dear JOHN DOE

Thank you for your note inquiring about an appeal of my decision regarding the provision of emails to you between the Office and MACK ROE in this case. As I told you in my previous email, I have reviewed those emails and made the determination that those emails are not relevant to the facts and issues in this investigation. Therefore, you will not be provided with a copy of these emails. Moreover, the production of these emails is prohibited by the Federal Education Rights and Privacy Rights Act. (FERPA). There is no appeal of this decision allowed by the Interim Title IX/Gender based Misconduct Policy.

Sincerely,

Marjy Fisher

Marjory D. Fisher, JD
Associate Vice President, Title IX Coordinator
Columbia University
The Interchurch Center, Room 3121
61 Claremont Avenue
New York, NY, 10115
Pronouns: she/her/hers

Office: 212-853-1276
Mobile: 917-509-0405
mdf2166@columbia.edu
https://sexualrespect.columbia.edu/

*Confidentiality Notice: The information (including any attachments) contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) name above. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, disclosure, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify me immediately by e-mail, and delete the original message.*

On Sun, Oct 22, 2023 at 3:32 PM ███████ **JOHN DOE** ███████ wrote:

███████████

| **JOHN DOE** | Wed, Nov 8, 2023 at 3:35 PM |

To: "Marjory D. Fisher" <mdf2166@columbia.edu>
Cc: ████████████████████████████████████

Marjory,

I have noted your response. The requested emails are in fact "discoverable" as you'll learn further down the road.

Regards,

**JOHN DOE**

███████████

| **Marjory D. Fisher** <mdf2166@columbia.edu> | Mon, Jan 8, 2024 at 9:52 AM |

To: **JOHN DOE**
Cc: ████████████████████████████████████

Dear **JOHN DOE**

Here is my response to the request from November 8, 2023.

Thanks.

Marjy Fisher

Marjory D. Fisher, JD
Associate Vice President, Title IX Coordinator
Columbia University
The Interchurch Center, Room 3121
61 Claremont Avenue
New York, NY, 10115
Pronouns: she/her/hers

Office: 212-853-1276
Mobile: 917-509-0405
mdf2166@columbia.edu

https://sexualrespect.columbia.edu/

*Confidentiality Notice: The information (including any attachments) contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) name above. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, disclosure, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify me immediately by e-mail, and delete the original message.*

LionMail
@Columbia

███████████████

---

## Request for the Production of Evidence that is Being Withheld by GBM/TIX

4 messages

---

**JOHN DOE**                                                    Tue, Mar 5, 2024 at 2:14 PM
To: Laura B Kirschstein <lbk2136@columbia.edu>
Cc: ████████████████████████████████████

Dear Laura,

I hope this message finds you well. I write to formally request that the Gender-Based Misconduct/Title IX Office produce any and all emails sent and received between April 23, 2022 and present, between **MACK ROE** and Sr. Director of Title IX Investigations Colleen Walsh, **MACK ROE** and Investigator Jamie Kleidman, and *MACK ROE* and Investigator Michelle Ashcroft, that relate to the audio recordings in the evidence file of the Investigative Report of my case, and/or that relate to the use and/or production thereof, and/or that relate to any and all of the "demands" **MACK ROE** made to or of the Investigative Team regarding the recordings, and that **MACK ROE** mentioned on 4 separate occasions during his interview(s) with the Investigative Team.

> **See Exhibit 3 page 139**
>
> **MACK ROE**
>
> "Yes. Uh, yes. The use of the recordings. I had some demands, and I asked in several emails that this is what I want. Um, there was, uh, the part where I felt pressured and threatened by the credibility report."
>
> **See Exhibit 3 page 140**
>
> **MACK ROE**
>
> "Um, I sent the recordings, um, at the beginning, and I thought about it, and I said, "This is not right. No student sh- is... If it's voluntarily, I shouldn't br pressured by that." This is one. And the second part is about my emails. I asked certain things, and my demands were not answered, and the committee wanted to meet with me."
>
> **See Exhibit 3 page 177**
>
> **MACK ROE**
>
> "Now when I ask, when I needed the protection in terms of the recording, this is something after my consultation with Gregg, the demands that we sent you via email, and they were approved at certain point after our meetings."

See Exhibit 3 page 177

`MACK ROE`

"I have a clarity now, um, about the recording. I have material and I want my- the material, whatever material I'm gonna turn in to be classified. Uh, to not be, uh, public or to not be shared. Uh, it's just for the- the committee who's gonna investigate- investigate and judge this situation, not for the, uh, defendant or for the plaintiff to have an access to. I'm not sure if this is something I could demand and that you could, uh, that you could accommodate or not?"

Please note the following:

1. I reviewed portions of these emails with *Mack Roe* in September of 2022, and can confirm that they exist, and are relevant to crucial facts and issues of my case.
2. The requested emails are not privileged, and therefore discoverable.
3. The requested emails are reliable as they were sent and received from Official Columbia University issued email accounts.
4. The requested emails are authentic as they were sent and received from Official Columbia University issued email accounts.
5. The requested emails are relevant, as they relate to the facts and issues of this case, specifically the production and use of evidence being used against me.
6. The requested emails contain valuable evidence that relates to my claims.
7. The requested emails contain valuable evidence that relates to my defense.
8. The Sr. Director of Title IX investigations and the Investigative Team improperly withheld the requested evidence (emails) from the evidence file of the Investigative Report despite it being relevant to the facts and issues of my case.

In order to ensure that I and my Attorney Advisor have adequate time to review and respond to the information contained therein, I kindly request that you require this evidence (emails) to me made available to me and my Attorney Advisor for review by Friday, March 8, 2024 at 5:00 PM.

Thank you for your cooperation,

`JOHN DOE`

---

**Laura B Kirschstein** <lbk2136@columbia.edu>                                         Wed, Mar 6, 2024 at 10:01 AM
To: `JOHN DOE`
Cc: '

Dear `JOHN DOE`

Thank you for your email.

I have reviewed your request, as well as your emails to Title IX Coordinator, Marjory Fisher on October 22, 2023, November 8, 2023 and January 8, 2024 that relate to this matter. As explained in Marjory's response to you, a determination was made that those emails are not relevant to the facts and issues in this investigation. Furthermore, the production of these emails is prohibited by the Federal Education Rights and Privacy Act (FERPA).

Accordingly, you will not be provided with a copy of these emails.

Best,

Laura

**Laura Kirschstein, JD**
**Vice Provost**
Office of Equal Opportunity and Affirmative Action
103 Low Library
Telephone: 212 853 4677
Email: Lbk2136@columbia.edu

[Quoted text hidden]

---

**JOHN DOE**                                                    Wed, Mar 6, 2024 at 10:20 AM
To: Laura B Kirschstein <lbk2136@columbia.edu>
Cc:

Dear Laura,

I have noted your response, and disagree with your assertions.
I will obtain the emails on subpoena.

Regards,
**JOHN DOE**
[Quoted text hidden]

---

**JOHN DOE**                                                    Wed, Mar 6, 2024 at 10:33 AM
To: Laura B Kirschstein <lbk2136@columbia.edu>
Cc:

Dear Laura,

Please ensure that the requested emails are preserved for future examination and review.

Thank you,
**JOHN DOE**
[Quoted text hidden]

# **ATTACHMENT B**



Document 83  Page 10

25    **JOHN DOE:** The bigger issue that I have here, your

*Document 83 Page 11*

1    Honor, is the inconsistency with which Columbia has

2    operated as it pertains to FERPA.  In the underlying

3    disciplinary proceeding, as is established and

4    proven by the evidence file, during the proceeding,

5    I had communications with Investigator Kleidman, and

6    it was in regards to the uses and production of

7    evidence in my defense.

8            In that communication, my attorneys were

9    cc'd on that chain.  Without my permission, without

10   my consent, without giving me any notice, Columbia

11   uploaded -- Investigator Kleidman uploaded that

12   communication between me and university officials to

13   the Google Drive and to the docket; that way, it

14   could be seen by other parties.

15           So the problem I have, your Honor, is if my

16   discovery requests are seeking e-mails between the

17   investigators, between Columbia administrators

18   involved in the underlying disciplinary proceeding,

19   as well as Jane Roe and Mack Roe, but those are

20   protected by FERPA and require notice, then why

21   wasn't my communications with investigators in the

22   underlying disciplinary proceeding -- why was that

23   not protected by FERPA?  And why did that not

24   require notice?  Why did that not require my

25   consent?  And why did that not require giving me the

Document 83 Page 12

1    ability to object to that disclosure?

2            That's the problem I have here, your Honor.

3    It's almost like there's two separate rules.  And so

4    I believe that this process is being exploited and

5    abused by Columbia.  That's the problem that I have.

6    ████████████████████████████████████████

7    ██████████████████████████████████████████████

8    ███████████████████████████████████████████████

9    ████████████████████████████████████████████

10   █████████████████████████████████████████████

11   █████████████████████████████████████████████

12   ███████████

13   █████████████████████████████████████

14   █████████████

15   ██████████████████████████████████████

16   █████████████████████

17   ███████████████████████████████████████

18   ███████████████████████████████████████

19   ████████████████████████████████████████

20   ██████████████████████████████████

21   ██████████████████

22   ██████████████████████████████████

23   ████████████████████████████████████████

24   ██████████████████████████████████████████

25   █████████████████████████████████

Document 83 page 13

1    ████████████████████████████████

2    ██████████████████████████████████████

3    ████████████████████████████████████

4    ████████████████████.

5    **THE COURT:** I guess I will ask Ms. Peterson to respond

6    to your question about differential enforcement of

7    FERPA requirements.

8            Ms. Peterson?

9            MS. PETERSON:  Your Honor, yes, I'm not

10   familiar with the specific incident that plaintiff

11   is talking about.

12           As a general rule, in the disciplinary

13   proceedings, under Title IX and its regulations, the

14   parties have a right of access to various documents

15   and evidence and information in the disciplinary

16   file.  And so there is -- within the disciplinary

17   process, students get access to information that

18   would be otherwise considered education records

19   of -- typically, like, of multiple students for the

20   purpose of that disciplinary proceeding.

21   ████████████████████████████████

22   ██████████████████████████████████

23   ██████████████████████████████████

24   ██████████████████████████████████

25   ██████████████████████████████████

# **ATTACHMENT C**



## DOCUMENTS DEMANDED FOR PRODUCTION
## UNDER SUBPOENA TO ▮ JANE ROE ▮

1. Produce all communications[1] limited to text messages, WhatsApp messages, voice note messages, emails, and recorded phone calls with associated metadata including the date and time stamps of said communications between You and ▮ MACK ROE ▮ in Columbia University's gender-based misconduct investigation proceeding involving ▮ JOHN DOE ▮ between the dates of April 23, 2022 and June 5, 2024 that relate in any way to ▮ JOHN DOE ▮ in the gender-based misconduct proceeding, Your gender-based misconduct allegations generally against ▮ JOHN DOE ▮, Your allegations against ▮ JOHN DOE ▮ generally, and Your own respective involvement as a Complainant, Witness, or Respondent in the gender-based misconduct investigation and proceeding, and collectively, and You and ▮ MACK ROE'S ▮ joint and collective involvement in Columbia University's gender-based misconduct investigation and proceeding involving ▮ JOHN DOE ▮

2. 

---

[1] For purposes of this Subpoena, the term "Communications" shall mean any transmission or documentation of information by way of text messages, audio recordings, email messages, WhatsApp messages, and voice note messages.