# KKL

KKL LLP
350 Fifth Avenue, 77th Floor
New York, NY 10118
+1 212 390 9550
www.KKLllp.com

January 15, 2026

**Via ECF**

The Hon. Robyn F. Tarnofsky
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

    Re: **_John Doe v. Columbia University_, No. 25 Civ. 02132 (S.D.N.Y.)**

Dear Judge Tarnofsky:

  I represent non-party Jane Roe in the above-referenced litigation. I write in response to Plaintiff's January 8, 2026 letter seeking a pre-motion conference to discuss, among other things, the subpoena directed to Ms. Roe. ECF No. 143.

  In recounting our dispute regarding the scope of the subpoena, Plaintiff omits important background. On June 23, 2025, the Court issued an order stating, as relevant here, that "Plaintiff may serve subpoenas on Ms. Roe and/or Mr. Roe seeking production of: (a) text messages, recordings, email messages, WhatsApp messages, and voice notes from April 23, 2022 until June 5, 2024 between Ms. Roe and Mr. Roe _related to Plaintiff's disciplinary proceeding_." ECF No. 71 (emphasis added).[1] On October 6, I accepted service of the subpoena to Ms. Roe, which sought documents and communications beyond the Court's June 23 order. _See_ ECF No. 143 at 5. On October 22, I served Revised Responses and Objections to Plaintiff's Subpoena, which, consistent with the Court's June 23 order, stated that Ms. Roe would produce all "text messages, recordings,

---

[1] In his January 8 letter, Plaintiff appears to argue that the June 23 order was intended to only apply to the No Contact Directives and not to the scope of third-party discovery. That argument, however, is belied not only by the plain language of the Court's order, but also the procedural history. On June 16, Plaintiff expressed his understanding that an earlier version of the June 23 order entered on June 16, _see_ ECF No. 65, governed third-party discovery and not only the modification of the No Contact Directive, as Plaintiff now claims. _Compare_ ECF No. 66 at 1 (Plaintiff seeking "reconsideration if [_sic_] the Court's Order limiting third-party discovery"), _with_ ECF No. 143 at 6 (arguing that the June 23 order related only to "Plaintiff's motion to modify Defendant's no-contact directive between Plaintiff and Jane Roe for purposes _of_ the subpoena, and was not intended to narrow the scope of the subpoena"). In his June 16 letter, Plaintiff asked that the Court modify its earlier order to permit him to obtain "all digital communications with associated metadata between Jane Roe and Mack Roe between April 23, 2022 and June 5, 2024 including but not limited to text messages, WhatsApp messages, voice note messages, emails, and any other digital communications between Jane Roe and Mack Roe _that relate in any way to Plaintiff_, Jane Roe's allegations against Plaintiff, Mack Roe's involvement as a Witness, and Jane Roe's and Mack Roe's respective involvements in Plaintiff's underlying disciplinary proceedings." _Id._ (emphasis added). While the Court did expand its June 16 order to include other messaging platforms, it did not permit—as Plaintiff is now (again) requesting—communications "that relate in any way to Plaintiff." _See_ ECF No. 71.

January 15, 2026
Page 2 of 2

email messages, WhatsApp messages, and voice notes from April 23, 2022 until June 5, 2024 between Ms. Roe and [Mack] Roe related to Plaintiff's disciplinary proceeding."

Following additional email correspondence regarding the scope of the subpoena, on October 27, Plaintiff and I engaged in a telephonic meet and confer during which I reiterated that Ms. Roe would produce documents consistent with the Court's June 23 order, and that if Plaintiff wanted to modify the scope of the order, he should raise it with the Court. Plaintiff responded that "at [that] point, [he would] not" seek to modify the Court's order. Thus, following the meet and confer, I was under the impression that we had reached agreement that Ms. Roe would produce documents consistent with the June 23 order. Despite this agreement, on January 5, 2026, Plaintiff stated in an email that he expected Ms. Roe's production to include all documents and communications exchanged between Jane Roe and Mack Roe "that related in anyway to" Plaintiff. I responded that we would not agree to produce documents beyond the scope of the Court's June 23 order.

The Court's June 23 order should not be modified. The Court's ordered scope of discovery as limited to "Plaintiff's disciplinary proceeding" comports with the fact that this is a lawsuit between Plaintiff and Columbia University—*not* Plaintiff and Ms. Roe or Mr. Roe. Whether Ms. Roe and Mr. Roe made any comments about Plaintiff outside of the context of the disciplinary proceeding is not relevant to Plaintiff's claims. Plaintiff's cited case—*Yusef v. Vassar College*, 35 F.3d 709 (2d Cir. 1994)—does not call for a different conclusion. There, the Court was considering a motion to dismiss the complaint, not a discovery motion, and noted that a plaintiff could plausibly plead a Title IX claim by alleging that the complainant had "a motive to lie." *Id.* Even there, though, the Court noted that "Plaintiffs who claim that an erroneous outcome was reached must allege particular facts sufficient to cast some articulable doubt on the accuracy of the outcome of the disciplinary proceeding," and that "[i]f no such doubt exists based *on the record before the disciplinary tribunal*, the claim must fail." *Id.* (emphasis added). Here, any discovery into Ms. Roe's communications with Mr. Roe about Plaintiff unrelated to the Columbia disciplinary proceeding could have no bearing on Plaintiff's claims relating to the disciplinary proceeding. Accordingly, Plaintiff's attempt to seek discovery beyond the Court's June 23 order should be denied.

Thank you for the Court's time and attention to this matter.

                                                Respectfully,

                        By:    */s/ Molly K. Webster*
                                  Molly K. Webster