**MEMO ENDORSED**

# JOHN DOE

2026 JAN 1    11: 1

PO Box #250050
New York, NY 10025
(917) 450-9050

Direct Dial: (917) 450-9050
Direct Email: johndoe.casemail@gmail.com

January 15, 2026

**VIA ECF**
The Honorable Dale E. Ho
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Re:    John Doe v. Columbia University No. 1:25-cv-02132-DEH-RFT

**<u>Letter-Motion for Expedited Pre-Motion Conference and
Order to Show Cause for Emergency Injunctive Relief</u>**

Dear Judge Ho:

  I write as Plaintiff in the above-referenced action to respectfully submit this letter-motion requesting an expedited pre-motion conference and, if the Court deems appropriate, an emergency Order to Show Cause regarding a narrowly tailored motion for emergency injunctive relief requiring Defendant Columbia University to immediately process Plaintiff's reinstatement to Columbia University, restore Plaintiff's scholarship and academic funding, and permit Plaintiff to enroll in classes for the Spring 2026 term, which begins on January 20, 2026. Plaintiff respectfully refers the Court to the operative Complaint and prior submissions on the docket for the general factual and procedural background of this action, which are incorporated here by reference solely for purposes of context in support of the limited procedural relief requested herein.

  The disciplinary sanction imposed on Plaintiff by Defendant provided that "Plaintiff would be eligible to return for the Spring 2026 semester" following the completion of his 18-month suspension, which concluded on December 5, 2025. Notwithstanding that promise, Defendant has since imposed additional procedural and administrative requirements on Plaintiff that were not part of the sanction, including demands that Plaintiff resolve unrelated disciplinary matters, and pay costs and fees allegedly accrued as the result of Plaintiff's suspension, before Defendant will permit Plaintiff to re-enroll in classes. **<u>None of these conditions were imposed by the sanction itself,</u>** and, despite Plaintiff's repeated and exhaustive requests over several months, Defendant has largely ignored Plaintiff and has refused to assist Plaintiff in satisfying these conditions. Incredibly, Defendant's Vice President and Title IX Coordinator Marjory Fisher, who is purportedly "in charge" of Plaintiff's reinstatement has refused to assist Plaintiff and has stated that she "has no idea what is next" [regarding Plaintiff's reinstatement] considering the [pending] litigation".

1

Defendant Columbia University has deliberately "ran out the clock", and as a result, Plaintiff is stuck in academic limbo, unable to timely complete Columbia's purported "reinstatement process" and unable to enroll in classes for the Spring 2026 term beginning January 20, 2026 and complete his remaining twenty-one (21) credits of coursework required for him to graduate and receive his diploma *despite the fact* that Plaintiff's 18-month suspension has concluded. . **Plaintiff is now on the cusp of missing yet another full semester of academic progress further compounding the very discrimination that this lawsuit seeks to remedy.** Defendant has refused to reinstate Plaintiff's scholarship and academic funding which Defendant impermissibly revoked without affording Plaintiff any internal appeal process notwithstanding that the applicable Gender-Based Misconduct Policy requires such appellate process and review.

On October 8, 2025 Plaintiff met-and-conferred with Counsel for Defendant Columbia University regarding this request and Defendant does not consent to this request. Counsel for Columbia contends that "there is no legal basis for the Court to award any such relief to Plaintiff." on the grounds that "matters related to Plaintiff's reinstatement to Columbia, and restoration of Plaintiff's scholarship and academic funding are not relevant to Plaintiff's underlying claims". Counsel for Columbia further contends albeit oddly, that "matters related to Plaintiff's reinstatement to Columbia and restoration of Plaintiff's scholarship and academic funding are "beyond the scope" of Counsel's representation of Columbia" and that Counsel for Columbia is not authorized to represent Defendant Columbia University on matters related to the restoration of Plaintiff's scholarship and academic funding or Plaintiff's reinstatement to Columbia.

Plaintiff does not seek a determination on the merits of his underlying Title IX, Title VI, ADA, and state law claims in this request, as the instant request is limited to Defendant's ongoing post-sanction retaliatory conduct towards Plaintiff that is preventing Plaintiff's reinstatement and enrollment for the upcoming term *contrary* to the letter and spirit of Defendant's own sanction on Plaintiff. Rather, Plaintiff seeks a brief, expedited process to request narrowly tailored injunctive relief from the Court addressing only that conduct. Given the imminent cut-off of course registration, and the start of classes on January 20, 2026, Plaintiff respectfully requests that the Court set an expedited schedule for a pre-motion conference and, if appropriate, issue an Order to Show Cause why the emergency injunctive relief requested by Plaintiff should not be granted.

I am available for an expedited pre-motion conference with the parties and the Court at the Court's convenience and I appreciate the Court's time and urgent attention to this matter.

There is a telephonic conference scheduled for January 20, 2026 at 2:00 PM with the parties and all counsel of record in this action and Magistrate Judge Tarnofsky to address Plaintiff's letter at ECF No. 143 regarding a discovery dispute. (*See scheduled conference at* ECF No. 144).

The Court is in receipt of the endorsed correspondence. Defendants are **DIRECTED** to respond to this submission in a letter not to exceed two (2) pages by January 23, 2026. Plaintiff shall have an opportunity to reply by January 28, 2026.

The Clerk of Court is respectfully directed to close ECF No. 145.

cc: Anna Collins Peterson (VIA ECF)
    Gabrielle E. Tenzer (VIA ECF)

Most Respectfully Submitted,

John Doe,
Plaintiff, Pro Se

SO ORDERED.

Dale E. Ho
United States District Judge
Dated: January 16, 2026
New York, New York

2