# JOHN DOE

RECEIVED
SDNY PRO SE OFFICE

2026 JAN 16  PM 1:51

PO Box #250050
New York, NY 10025
(917) 450-9050

**Direct Dial: (917) 450-9050**
**Direct Email: johndoe.casemail@gmail.com**

January 16, 2026

**VIA ECF**
The Honorable Robyn F. Tarnofsky
United States District Court
Southern District of New York
500 Pearl Street, Room 703
New York, NY 10007

Re:   John Doe v. Columbia University No. 1:25-cv-02132-DEH-RFT

Dear Judge Tarnofsky:

I write as Plaintiff in the above-referenced matter, to respectfully submit this brief reply in response to Defendant Columbia University's January 15, 2026 letter at ECF No. 146. While I would have preferred to wait until the upcoming conference to respond, Columbia's submission rests on two gross mischaracterizations of Plaintiff's positions, which warrant clarification.

First, Columbia incorrectly suggests that Plaintiff seeks to "relitigate" the Court's prior ruling that Local Civil Rule 33.3(a) applies in this case. Not so. Plaintiff does not seek to relitigate rulings, nor does he dispute that Rule 33.3(a) governed interrogatory practice during the *early* phase of discovery, nor does Plaintiff challenge the Court's prior ruling on that issue. Plaintiff's position, as Columbia full well knows, is that discovery is no longer in its early stages i.e "infancy" and that full interrogatory discovery under Federal Rule of Civil Procedure 33 is now appropriate. Importantly, Local Rule 33.3(a) is a timing rule, not a permanent limitation on discovery, and nothing in the Court's prior ruling at ECF. No 96 forecloses Plaintiff from seeking ordinary Rule 33 discovery now that the case has progressed. Columbia's assertion that Plaintiff is attempting to undo the Court's prior orders is therefore baseless and attacks a position that Plaintiff has not taken.

Second, Columbia likewise mischaracterizes Plaintiff's position regarding the documents and communications involving Mack Roe. Plaintiff does *not* seek to bypass the Court-ordered FERPA process for records that are properly protected under FERPA. Rather, Plaintiff's position is that the specific communications at issue were required to be disclosed to Plaintiff during the underlying Title IX disciplinary proceeding, as Columbia itself acknowledged on the record, and therefore should not be restricted by FERPA at this juncture. Plaintiff submits that the applicability of the Court's FERPA procedures depends on whether FERPA applied to these records in the first place, which is the very question Plaintiff raises to the Court. By assuming that these materials are FERPA-protected and then invoking the Court's FERPA process as a bar to production, Columbia begs the question rather than addressing the *real* legal issue that Plaintiff has *actually* presented.

1

Third, Plaintiff has a fundamental right under the Federal Rules of Civil Procedure to seek discovery, develop the factual record, raise legal questions, and prosecute his claims as he sees fit. Afterall, the overarching purpose of the Federal Rules of Civil Procedure is "to secure the just, speedy, and inexpensive determination of every action and proceeding." (*See* Fed. R. Civ. P. 1.). Plaintiff submits that his papers and requests for relief from the Court are closely aligned with that purpose. The Rules do not exist at Columbia's convenience, nor do they yield to Defendant's preference for obstruction and delay. Defendant's disagreement with Plaintiff's litigation strategy does not constitute undue burden or expense on any party or non-party to this action, nor does it provide a basis to curtail Plaintiff's rights under those very same rules.

For these reasons, Columbia's characterization of Plaintiff's requests as "tax[ing] the resources of the Court, the non-parties to this action, and Columbia" and "an improper effort to relitigate settled issues" is illusory and has no basis in fact. Plaintiff respectfully requests that the Court evaluate Plaintiff's requests and anticipated motions based on the issues *actually* presented by Plaintiff including whether (a) full interrogatories are now appropriate under FRCP Rule 33, and (b) whether the Mack Roe communications at issue are subject to FERPA restrictions given the disclosure obligations imposed by Title IX and its regulations.

There is a telephonic conference scheduled in this matter for January 20, 2026 at 2:00 PM. I appreciate the Court's time and attention to this matter.

Respectfully Submitted,

John Doe,
Plaintiff, Pro Se

cc: Anna Collins Peterson (VIA ECF)
    Gabrielle E. Tenzer (VIA ECF)

2