**Hecker Fink LLP**

NEW YORK | WASHINGTON, DC | LOS ANGELES

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118

TEL (212) 763-0883 | FAX (212) 564-0883
WWW.HECKERFINK.COM

apeterson@heckerfink.com

January 23, 2026

**VIA ECF**

The Honorable Dale E. Ho
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

              Re:    *Doe v. Columbia University*, No. 25-cv-02132-DEH-RFT (S.D.N.Y.)

Dear Judge Ho:

      We write on behalf of Defendant The Trustees of Columbia University in the City of New York ("Columbia") in response to Plaintiff's January 15, 2026 letter. *See* ECF 145 ("Pl.'s Ltr."); ECF 148. Plaintiff seeks "an expedited pre-motion conference and, if the Court deems appropriate, an emergency Order to Show Cause regarding a narrowly tailored motion for emergency injunctive relief." Pl.'s Ltr. at 1. Pursuant to Your Honor's Individual Practices in Civil Pro Se Cases, a pre-motion conference is not required. Further, Columbia respectfully submits that a pre-motion conference is not necessary. Nonetheless, Columbia, of course, will proceed however the Court directs. And if Plaintiff moves for injunctive relief, Columbia will provide a formal response. In the meantime, we provide some background below for context.

      As Plaintiff acknowledges, his sanction for gender-based misconduct provides that he will become "eligible" to return for the Spring 2026 semester, following his one-and-a-half-year suspension. Like any other Columbia student, however, Plaintiff may not enroll in classes unless and until he has cleared any existing holds on his student account.[1] As Plaintiff has known since at least October 3, 2025, when he was so informed by a Columbia administrator, there are four holds on Plaintiff's student account that he must resolve before he can enroll in classes.

      Importantly, two of these holds are entirely unrelated to the gender-based misconduct sanction Plaintiff challenges in this litigation, and so the preliminary relief Plaintiff intends to seek is unavailable. *See, e.g.*, *Komatsu v. City of New York*, No. 23 Civ. 5406, 2023 WL 5050971, at *3 (S.D.N.Y. July 20, 2023) (denying pro se plaintiff's motion for preliminary relief and observing that "much of the preliminary injunctive relief Plaintiff is seeking appears to have little, if any, relationship to the claims he raises"). First, Plaintiff's financial account reflects substantial arrears, which include a variety of charges but are primarily attributable to Plaintiff's failure to pay rent while continuing to reside in Columbia Residential housing. Consistent with both Plaintiff's lease and Columbia's financial policies, Plaintiff will be unable to register for classes until his outstanding balance is satisfied. Second, Plaintiff has two additional pending disciplinary matters that he is required to address prior to reinstatement. Since at least October 9, 2025, Columbia's Center for Student Success and Intervention, which oversees student conduct matters, has been asking Plaintiff to provide his availability for a hearing so that those matters may proceed. Plaintiff has not provided his availability, and he has declined to schedule a hearing for one charge until

---

[1] *See, e.g.*, Columbia School of General Studies, *Academic Policies: Registration*, https://bulletin.columbia.edu/general-studies/academic-policies/registration/ ("A 'hold' on an account prevents a student from registering.").

Hecker Fink LLP

2

Columbia complies with various demands he has made related to the evidence file. Therefore, no hearing for either pending matter is scheduled at this time.

In addition, Plaintiff's sanction in the gender-based misconduct matter imposed requirements that he has not yet met, rendering him ineligible for reenrollment. Those requirements, which have been known to Plaintiff since he received his sanction letter on April 11, 2024, include vacating Columbia Residential housing, completing a training on Columbia's Gender Based Misconduct and Interim Title IX Policy and Procedures for Students, and submitting a formal request for reinstatement to the Gender-Based Misconduct Office. Until Plaintiff has completed those requirements, he is not "eligible" to return under the terms of the sanction itself.

Even if reenrollment were an available form of injunctive relief here—which it is not, particularly since two holds preventing Plaintiff's reenrollment are unrelated to this litigation—Plaintiff provides no legal basis for his anticipated motion for emergency injunctive relief. *See, e.g.*, *Blash v. BCS Placements, LLC*, No. 19 Civ. 6321, 2020 WL 2832777, at *3 (S.D.N.Y. May 31, 2020) ("A preliminary injunction is an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." (cleaned up)). And there is good reason to believe that, if Plaintiff were to move for such relief, he would not be able to make the required legal showings. *See, e.g.*, *Sibanda v. Elison*, No. 23 Civ. 5752, 2023 WL 7165046, at *1 (S.D.N.Y. Oct. 31, 2023) (observing that "[d]efendants' motions to dismiss cast doubt on whether [plaintiff] can show a likelihood of success or raise serious questions going to the merits" and noting that the plaintiff also failed to establish irreparable harm); *see also* ECF 40, 41 & 88 (Columbia's motion to dismiss the complaint, which remains *sub judice*).

Further, although Plaintiff seeks an "expedited" pre-motion conference regarding "emergency" relief, Pl.'s Ltr. at 1, as Plaintiff notes, the parties have been discussing for months Plaintiff's potential return to Columbia following his suspension. The parties met and conferred on this issue on October 8, 2025. *See id.* at 2. Before then, on October 3, 2025, Plaintiff was informed by a Columbia administrator of the actions necessary for Plaintiff to lift the holds on his student account in order to reenroll. Moreover, as early as July 2025, in correspondence with counsel for Columbia, Plaintiff indicated that he might seek preliminary injunctive relief related to his reinstatement. Plaintiff nonetheless waited until January 15, 2026, two business days before the date he sought to begin classes, to request "an expedited pre-motion conference." *Id.* at 1. Plaintiff's letter offers no explanation for this delay. *See, e.g.*, *UGX Brands, LLC v. City of Norfolk*, No. 24 Civ. 5839, 2025 WL 2083797, at *2 (S.D.N.Y. July 24, 2025) (Ho, J.) ("Plaintiffs' delay in seeking a preliminary injunction, for which they provide no explanation, suggests that there is, in fact, no irreparable injury." (cleaned up)); *Council for Responsible Nutrition v. James*, No. 24 Civ. 1881, 2024 WL 1700036, at *9 (S.D.N.Y. Apr. 19, 2024) (explaining that "months-long delays in seeking preliminary injunctions have repeatedly been held by courts in the Second Circuit to undercut the sense of urgency accompanying a motion for preliminary relief"), *aff'd*, 159 F.4th 155 (2d Cir. 2025).

Columbia respectfully submits that a pre-motion conference is not provided for by the Court's individual practices and is unnecessary. Nevertheless, Columbia will, of course, participate in a conference or otherwise proceed however the Court directs.

Respectfully submitted,

Anna Collins Peterson