# Hecker Fink LLP

NEW YORK | WASHINGTON, DC | LOS ANGELES

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118

TEL (212) 763-0883 | FAX (212) 564-0883
WWW.HECKERFINK.COM

apeterson@heckerfink.com

January 29, 2026

**VIA ECF**

| | |
|---|---|
| The Honorable Dale E. Ho | The Honorable Robyn F. Tarnofsky |
| United States District Court | United States District Court |
| Southern District of New York | Southern District of New York |
| Thurgood Marshall U.S. Courthouse | Daniel Patrick Moynihan U.S. Courthouse |
| 40 Foley Square | 500 Pearl Street |
| New York, NY 10007 | New York, NY 10007 |

Re:   *Doe v. Columbia University*, No. 25-cv-02132-DEH-RFT (S.D.N.Y.)

Dear Judge Ho and Judge Tarnofsky:

We write on behalf of Defendant Trustees of Columbia University in the City of New York ("Columbia") regarding Plaintiff's Letter Reply, which is dated January 27, 2026, and which was entered on the public docket in the above-captioned action yesterday, January 28, 2026. *See* ECF 152. Columbia respectfully requests that Plaintiff's Letter Reply be removed from the docket entirely and not considered by Judge Ho until Plaintiff replaces it with a version omitting any discussion of the parties' settlement negotiations.

As Judge Tarnofsky is aware, the parties have twice requested a settlement conference with the Court. Consistent with Judge Tarnofsky's Individual Practices in Civil Cases, in connection with those conferences, Columbia sent confidential settlement communications to Plaintiff. The communications were clear about their confidential, non-public nature. Further, Rule V.A of Judge Tarnofsky's Individual Practices in Civil Cases provides that settlement conferences and related communications are "strictly confidential" and requires parties to sign confidentiality agreements with respect to settlement conferences. *See also E-Z Bowz, L.L.C. v. Pro. Prod. Rsch. Co.*, No. 00 Civ. 8670, 2003 WL 22416174, at *2 (S.D.N.Y. Oct. 23, 2003) (where magistrate judge's standing order provided that settlement conference communications were "strictly confidential," "settlement offers could not have been included in any filings with the Court, whether in a sealed record or not").

Courts in this district recognize that magistrate judges overseeing settlement conferences are privy to settlement negotiations because they "function not as the Court, but as a mediator, and settlement conferences are not adjudicatory in nature." *Lee v. Grand Sichuan E. (N.Y.) Inc.*, No. 12 Civ. 08652, 2014 WL 199512, at *4 (S.D.N.Y. Jan. 17, 2014) (cleaned up); *see also* Hon. Robyn F. Tarnofsky, Individual Practices in Civil Cases, Rule V.B ("The magistrate judge functions as a mediator, attempting to help the parties reach a settlement."). That role is distinct in important ways from the role of a district court judge. In settlement conferences facilitated by magistrate judges, the "guarantee of confidentiality permits and encourages counsel to discuss matters in an uninhibited fashion," whereas parties would "feel constrained to conduct themselves in a cautious, tight-lipped, non-committal manner" if settlement negotiations could be disclosed to

Hecker Fink LLP

2

the district court judge tasked with adjudicating the merits of the claims during the normal course of litigation. *Bernard v. Galen Grp., Inc.*, 901 F. Supp. 778, 784 (S.D.N.Y. 1995) (quoting *Lake Utopia Paper Ltd. v. Connelly Containers, Inc.*, 608 F.2d 928, 930 (2d Cir. 1979)) (sanctioning attorney for disclosing statements made in mediation program to court). For all these reasons, stringent restrictions on the disclosure of settlement discussions serve, among other important functions, "to prevent a party's settlement offer from being made part of the record and hence available to the District Judge and to the judges of the United States Court of Appeals (or any other reviewing court)." *E-Z Bowz, L.L.C.*, 2003 WL 22416174, at *2.

Moreover, removing the confidential settlement information contained in Plaintiff's Letter Reply from the docket would be consistent with the principles articulated in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). Both the Second Circuit and courts in this District have concluded that, in the context of settlement negotiations, the presumption of public access is weak and competing considerations weighing against disclosure are strong. *See, e.g.*, *United States v. Glens Falls Newspapers, Inc.*, 160 F.3d 853, 858 (2d Cir. 1998) ("[T]he presumption of access to settlement negotiations, draft agreements, and conference statements is negligible to nonexistent."); *Locus Techs. v. Honeywell Int'l Inc.*, No. 19 Civ. 11532, 2024 WL 5103334, at *3 (S.D.N.Y. Dec. 13, 2024) ("[D]ocument[s] . . . prepared for use in a confidential mediation . . . are subject to sealing."); *Atl. Specialty Ins. Co. v. Royal All. Assocs., Inc.*, No. 23 Civ. 9555, 2023 WL 8600548, at *2 (S.D.N.Y. Dec. 12, 2023) (granting motion to redact portions of complaint disclosing confidential settlement negotiations and collecting cases).

Accordingly, Columbia respectfully requests that Plaintiff's Letter Reply be removed from the docket entirely and not considered by Judge Ho until Plaintiff replaces it with a version omitting any discussion of the parties' confidential settlement negotiations.

Respectfully submitted,

*[signature]*

Anna Collins Peterson