# JOHN DOE

RECEIVED
SDNY PRO SE OFFICE

2026 JAN 30 AM 9:42

PO Box #250050
New York, NY 10025
(917) 450-9050

**Direct Dial: (917) 450-9050**
**Direct Email: johndoe.casemail@gmail.com**

January 30, 2026

**VIA ECF**
The Honorable Dale E. Ho
United States District Court
Thurgood Marshall
40 Foley Square
New York, NY 10007

**VIA ECF**
The Honorable Robyn F. Tarnofsky
United States District Court
Southern District of New York
500 Pearl Street, Room 703
New York, NY 10007

*[handwritten: urgent Request (expedite)]*

Re:    John Doe v. Columbia University No. 1:25-cv-02132-DEH-RFT

Dear Judge Ho and Judge Tarnofksy:

I write as Plaintiff in the above-referenced action to respectfully object to Defendant's request to strike Plaintiff's Letter Reply at ECF No.152 and Defendant's request to exclude Plaintiff's Reply from consideration by the Court in connection with Plaintiff's Request for Emergency Injunctive Relief at ECF No 145. For the reasons stated *infra*, the Court should deny Defendant's requests.

In a last-ditch effort to delay this Court's ruling on Plaintiff's Request for Emergency Injunctive Relief and to prevent the Court from considering context highly relevant to Defendant's inconsistent and self-serving positions regarding Plaintiff's reinstatement to Columbia, Defendant asks this Court to take the extraordinary step of striking Plaintiff's January 27, 2026 Letter Reply at ECF No. 152 from the docket and to exclude the Court from considering it at all, without citing any authority for any such relief. Defendant contends that Plaintiff's Reply makes reference to settlement discussions that occurred in connection with settlement conferences before Magistrate Judge Tarnofsky and that those discussions are inadmissible for the purpose of Plaintiff's Request for Emergency Injunctive Relief pursuant to Judge Tarnofsky's Individual Rules and Practices in Civil Cases. Not so. *First,* for avoidance of doubt, Plaintiff is well read and on *all* of Judge Tarnofky's Individual Rules and Practices in Civil Cases, including the rules and practices related to settlement discussions. *Second,* in relevant part, section V(A) of Judge Tarnofky's Rule states

that "[a]ll communications relating to settlement may not be used in discovery and will not be admissible at trial." This individual rule directly tracks Federal Rule of Evidence 408, which Defendant does not dare to cite in support of its motion to strike and exclude nor would they, as Rule 408 is inapplicable here, as nothing in Plaintiff's reply violates Federal Rule of Evidence 408 nor could it, as Plaintiff's Reply addresses Defendant's opposition to Plaintiff's Request for Emergency Injunctive Relief and does not in *anyway* seek to admit confidential settlement discussions as evidence at trial or to prove Defendant's liability through settlement discussions.

However, even assuming *arguendo* that Federal Rule of Evidence 408 applies—which it does not—Rule 408 provides that "settlement offers regarding disputed claims – or other statements made during settlement negotiations – are inadmissible as evidence "to prove or disprove the validity or amount of a disputed claim." Rule 408 only prohibits admitting into evidence settlement offers or statements used "to prove or disprove the validity or amount of a disputed claim." For example, if a student Plaintiff sued a university for 50 million for a discriminatory suspension, and during settlement talks the university defendant offered the student Plaintiff an expungement of the plaintiff's disciplinary record, an award of course credits for time lost by the plaintiff, and a letter of good standing for the plaintiff, in leu of a payment of monetary damages to the plaintiff, Rule 408 would prohibit the student plaintiff from using those offers at trial to prove that the student plaintiff's claim was valid. While Plaintiff does not seek to admit these communications at trial at this time, he certainly *could* at the appropriate time as Rule 408(b) expressly permits settlement communications to be admitted when offered "for another purpose," including to demonstrate bad faith, See, e.g., *Athey v. Farmers Ins. Exch.*, 234 F.3d 357, 362 (8th Cir. 2000) (holding that statements made during settlement negotiations were admissible because they constituted independent evidence of bad faith rather than proof of liability or damages). *Here*, Plaintiff's Reply references settlement-related *context* not to prove liability or the amount of any claim, but rather to expose Defendant's gross misrepresentations to the Court and evidence of bad faith retaliatory conduct. So even assuming *arguendo* that Rule 408 applies—Rule 408 provides no basis whatsoever, to strike Plaintiff's Reply from the docket or exclude it from consideration.

Finally, Plaintiff acted in good faith to avoid leaving the Court with a materially misleading impression created by Defendant's prior misrepresentations to the Court regarding whether *inter alia* the disputed holds on Plaintiff's student account are truly "mandatory" as Defendant has *falsely* represented to the Court, or merely "discretionary" at Columbia's convenience, as Defendant has represented to Plaintiff. Moreover, it should go without saying that generalized confidentiality doctrines on which Defendant appears to rely in support of its motion to strike Plaintiff's Letter Reply from the docket, and exclude Plaintiff's Reply should not be weaponized to skirt judicial scrutiny and suppress evidence of retaliation, bad faith, or material misrepresentations to the Court. Plaintiff respectfully submits that striking Plaintiff's Letter Reply from the docket, and excluding it from consideration by the Court, would impose severe prejudice on Plaintiff, delay resolution of this matter, and impede Plaintiff's access to the Court.

For these reasons, Plaintiff respectfully requests that the Court deny Defendant's request to strike Plaintiff's Letter Reply and Defendant's request to exclude Plaintiff's Reply from consideration by the Court in connection with Plaintiff's Request for Emergency Injunctive Relief.

I appreciate the Court's time, diligence, and urgent attention to this matter.

                                                Most Respectfully Submitted,

                                                John Doe,
                                                Plaintiff, Pro Se

cc: Anna Collins Peterson  (VIA ECF)
    Gabrielle E. Tenzer (VIA ECF)