# Hecker Fink LLP

NEW YORK | WASHINGTON, DC | LOS ANGELES

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118

TEL (212) 763-0883 | FAX (212) 564-0883
WWW.HECKERFINK.COM

apeterson@heckerfink.com

January 30, 2026

**VIA ECF**

| | |
|---|---|
| The Honorable Dale E. Ho | The Honorable Robyn F. Tarnofsky |
| United States District Court | United States District Court |
| Southern District of New York | Southern District of New York |
| Thurgood Marshall U.S. Courthouse | Daniel Patrick Moynihan U.S. Courthouse |
| 40 Foley Square | 500 Pearl Street |
| New York, NY 10007 | New York, NY 10007 |

Re:   *Doe v. Columbia University*, No. 25-cv-02132-DEH-RFT (S.D.N.Y.)

Dear Judge Ho and Judge Tarnofsky:

We write on behalf of Defendant Trustees of Columbia University in the City of New York ("Columbia") regarding Plaintiff's Letter dated January 30, 2026, *see* ECF 156 ("Pl.'s Ltr."), which responded to Columbia's Letter-Motion dated January 29, 2026, *see* ECF 155 ("Def.'s Ltr.-Mot.").

Plaintiff's Letter misconstrues Columbia's Letter-Motion. Columbia objected to Plaintiff's disclosure of confidential information regarding settlement discussions and requested that Plaintiff be required to resubmit his Letter Reply without the improper discussion of the parties' settlement negotiations. *See* Def.'s Ltr.-Mot. 1. Columbia does not, as Plaintiff contends, seek "to delay this Court's ruling" or "to exclude the Court from considering [Plaintiff's Letter Reply] at all." Pl.'s Ltr. 1.

Plaintiff also asks this Court to conclude that his disclosure of confidential settlement discussions is permissible because his purported use of that information—"to expose Defendant's gross misrepresentations to the Court and evidence of bad faith retaliatory conduct"—is not proscribed by Federal Rule of Evidence 408. *Id.* at 2.[1] But courts in this district are clear that disclosing discussions from settlement conferences is "entirely improper" and sanctionable. *See, e.g.*, *Lee v. Grand Sichuan E. (N.Y.) Inc.*, No. 12 Civ. 08652, 2014 WL 199512, at *4 (S.D.N.Y. Jan. 17, 2014) (citing *Calka v. Kucker Kraus & Bruh*, 167 F.3d 144, 146 (2d Cir. 1999)); *E-Z Bowz, L.L.C. v. Pro. Prod. Rsch. Co.*, No. 00 Civ. 8670, 2003 WL 22416174, at *2 (S.D.N.Y. Oct. 23, 2003); *Bernard v. Galen Grp., Inc.*, 901 F. Supp. 778, 784 (S.D.N.Y. 1995); *see also Hubbuch v. Mullooly, Jeffrey, Rooney & Flynn LLP*, No. 25 Civ. 5547, 2025 WL 2782410, at *2 n.1 (S.D.N.Y. Sept. 30, 2025) (denying motion for sanctions against pro se party, but warning that he must "respect the confidentiality of settlement negotiations" and if he did not, "sanctions will

---

[1] Plaintiff's Letter provides an "example" of a "student Plaintiff" and a settlement offer from "the university defendant." Pl.'s Ltr. at 2. To the extent Plaintiff intends this example to suggest anything about the parties' settlement discussions, such information would be improper for all the reasons addressed in Columbia's Letter-Motion. And to the extent it attempts to mislead the Court about those discussions, such an effort would be sanctionable. *See Shepherd v. Annucci*, 921 F.3d 89, 97-98 (2d Cir. 2019) (affirming sanction of pro se party for misleading the court).

Hecker Fink LLP

2

remain an option"). Plaintiff cites one out-of-circuit case for his position, *Athey v. Farmers Ins. Exch.*, 234 F.3d 357 (8th Cir. 2000), in which state law expressly authorized insurance settlement information to be used as evidence for a bad faith claim. *Id.* at 362. Plaintiff has offered no comparable legal basis to authorize his disclosure here.

    For these reasons, Columbia respectfully requests that its Letter-Motion, ECF 155, be granted.

Respectfully submitted,

Anna Collins Peterson