# JOHN DOE

RECEIVED    RECEIVED
SDNY PRO SE OFFIC SDNY PRO SE OFFICE
2026 JAN 30  AM 9: 42 2026 FEB -2  AM 9:

PO Box #250050
New York, NY 10025
(917) 450-9050

**Direct Dial:** (917) 450-9050
**Direct Email:** johndoe.casemail@gmail.com

January 27, 2026

**VIA ECF**
The Honorable Dale E. Ho
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

# EXPEDITE

**NOTICE of Redacted 152 Letter Reply
re: 155 LETTER MOTION to Seal Plaintiff's 152 Letter Reply**

Re:    John Doe v. Columbia University No. 1:25-cv-02132-DEH-RFT

Dear Judge Ho:

I write as Plaintiff in the above-referenced action to respectfully submit this reply to Defendant's January 23, 2026 response to Plaintiff's Request for Emergency Injunctive Relief.

Defendant Columbia University's response in partial opposition only underscores why judicial intervention and emergency injunctive relief is timely and warranted. Importantly, Columbia does not dispute that Plaintiff fully served the 3-semester 18-month disciplinary suspension imposed, nor does it dispute that Plaintiff is eligible to re-enroll pursuant to Columbia's original sanction, nor does it dispute that the "reinstatement requirements" were *not* part of the original sanction. Instead, Columbia attempts to justify its continued retaliatory exclusion of Plaintiff through a patchwork of post hoc administrative barriers, and pretextual "discretionary holds" that were never part of the original sanction that Defendant Columbia University imposed.

Defendant asserts that "like any other Columbia student Plaintiff may not enroll in classes unless and until he has cleared any existing holds on his student account." Not so. This requirement was *not* imposed on Plaintiff as part of the original sanction, Nor are these administrative "holds" "mandatory" as Columbia suggests. The plain language of the administrative holds expressly states that the holds are placed "*at the discretion* of the corresponding office" that issued the hold. But even assuming the administrative "holds" on Plaintiff's account are mandatory, rather than "discretionary," which they are not as the holds themselves confirm, Defendant does not dare to deny or even address Plaintiff's claim that Defendant has outright refused to assist Plaintiff in resolving the holds, effectively, "running out the clock" for Plaintiff to timely complete the purported "requirements". **Defendant Columbia University has retroactively transformed "discretionary" administrative barriers into a de facto extension of Plaintiff's completed sanction barring Plaintiff from completing the few remaining classes he needs to complete his degree, further compounding the very discrimination that this lawsuit seeks to remedy.**

**<u>Put simply, Defendant Columbia University demands that this Court defer to its "discretionary" decision to implement "discretionary" administrative holds that prevent Plaintiff from registering for classes and completing the few remaining classes needed to complete his degree. However, Defendant's "discretionary" actions have imposed severe irreparable harm on Plaintiff, which warrants immediate emergency injunctive relief.</u>**

Notably, Defendant Columbia University does not deny *or even deign to respond* to Plaintiff's claim that Defendant's Associate Vice President and Title IX Coordinator Marjory Fisher who is purportedly "in charge" of Plaintiff's reinstatement indicated *in writing* in response to Plaintiff's request for assistance with the reinstatement process, that she "has no idea what is next" [regarding Plaintiff's reinstatement] considering the [pending] litigation". Logically, If Defendant's own Associate Vice President, Title IX Coordinator, and senior Columbia University administrator with nearly 10 years experience in her role "has no idea what is next" [regarding Plaintiff's reinstatement] considering the [pending] litigation" then how could Plaintiff? And while Columbia contends that Plaintiff's reinstatement *or lack thereof* is completely unrelated to the pending litigation, Columbia's own Title IX Coordinator has *clearly* stated otherwise.  Plaintiff should not have to choose between access to his education and his legal right to seek appropriate relief. Defendant does not deny *or even deign to respond* to Plaintiff's claim that Defendant has refused to reinstate Plaintiff's scholarship and academic funding that Defendant impermissibly revoked without affording Plaintiff any internal appeal, notwithstanding that Defendant's own Policy requires such appellate process and review. Accordingly, Plaintiff respectfully requests that the Court take notice of Defendant's willful silence on this issue, and treat Plaintiff's request for emergency injunctive relief and immediate reinstatement of Plaintiff's scholarship and academic funding as unopposed by Defendant.

Columbia states that " Plaintiff has two additional pending disciplinary matters that he is required to address prior to reinstatement." Not so. As Plaintiff stated *supra,* this requirement was *not* part of the original sanction despite the fact that one of the pending disciplinary matters was pending at the time of Plaintiff's sanction, and could have been cited in the sanction and included in the reinstatement process. However, it was not. The other "pending "disciplinary matter was only *recently* brought by Defendant *after* Plaintiff notified Defendant that he intended to return to Columbia, despite the fact that the alleged policy "violation" allegedly occurred *years* prior in 2024. The Court should note, that these alleged "pending disciplinary matters" are being brought against Plaintiff by the same Columbia offices, ran by the same Columbia administrators that Plaintiff alleges discriminated against him on the basis of his gender, disability, and race in the underlying disciplinary proceedings that gave rise to this lawsuit. This context, that Defendant fails to provide to the Court, makes it *demonstrably* clear that these are not legitimate disciplinary inquiries, but rather a mere continuation of the same retaliatory animus that gave rise to this action in the first place.

Plaintiff should not have to choose between retaliatory student conduct proceedings, and his legal right to seek appropriate relief.

    Finally, a party seeking an injunction in this Circuit must demonstrate (1) irreparable harm and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation, with a balance of hardships tipping decidedly in the movant's favor. *See* UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc., 660 F. 3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); Wright v. Giuliani, 230 F.3d 543, 547 (2000). Defendant states that Plaintiff's request for relief is untimely and that "Plaintiff offers no explanation for this delay". Not so. Plaintiff has explained in vivid detail the basis for his timing. Defendant also states that "Plaintiff is unable to make the required legal showings for injunctive relief" to address Defendant's conduct, and argues that "Plaintiff cannot demonstrate irreparable harm." In support, Defendant relies on *wholly* inapposite authority namely, *Komatsu v. The City of New York* Case No. 1:23-cv-05406 and *Sibanda v. Elison*, Case No. 1:23-cv-05752. *Komatsu* is plainly inapposite, as it is a case in which the pro se plaintiff, *a "vexatious and harassing litigant"*, alleged a general "violation of his rights" and sought injunctive relief ordering *inter alia* the defendant "to immediately reimburse him for public assistance benefits allegedly "stolen" from his account" but failed to persuade the Court that the purported harms could not be remedied through money damages. *Sibanda* is also inapposite as it is a copyright case in which the pro se plaintiff, *an experienced attorney,* alleged copyright infringement and sought an injunction ordering *inter alia* the defendant "to set aside a sum of five (5) million dollars" but failed to persuade the Court that the purported harms could not be remedied through money damages, the preferred remedy in copyright cases. *Here*, Plaintiff has *plausibly* alleged *severe civil rights discrimination* under Title IX, the ADA, Title VI, New York State Law, and now retaliation, and has *clearly* demonstrated that if the emergency injunction is not granted, he faces irreparable harm of denial of access to his education, further delay in completing his degree, and continued disruption of his academic and career trajectory. Plaintiff has also demonstrated that he is likely to succeed on the merits, or, at minimum, has raised sufficiently serious questions going to the merits including whether Defendant is unlawfully extending a completed disciplinary sanction, imposing post hoc reinstatement conditions that were never part of the original punishment, and engaging in bad-faith "discretionary" retaliatory, and discriminatory conduct against Plaintiff for Plaintiff commencing this lawsuit. Moreover, the balance of hardships tips *decidedly* in Plaintiff's favor.

    Based on the foregoing, and in the interest of justice and the essence of time, Plaintiff most respectfully requests that the Court grant his timely request for emergency injunctive relief, and order Defendant Columbia University to (a) immediately lift its administrative holds, process Plaintiff's reinstatement to Columbia University and permit Plaintiff to register for classes and (b) immediately reinstate Plaintiff's Scholarship and academic funding. Plaintiff further requests that the Court award Plaintiff any other and further relief that the Court deems just and proper.

    I appreciate the Court's time, diligence, and urgent attention to this matter.

Most Respectfully Submitted,

John Doe,
Plaintiff, Pro Se

cc: Anna Collins Peterson  (VIA ECF)
    Gabrielle E. Tenzer (VIA ECF)