# JOHN DOE

RECEIVED
SDNY PRO SE OFFICE

2026 FEB -3 AM 10: 07

PO Box #250050
New York, NY 10025
(917) 450-9050

**Direct Dial: (917) 450-9050**
**Direct Email: johndoe.casemail@gmail.com**

February 3, 2026

**VIA ECF**
The Honorable Dale E. Ho
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

**EXPEDITE**

**VIA ECF**
The Honorable Robyn F. Tarnofsky
United States District Court
Southern District of New York
500 Pearl Street, Room 703
New York, NY 10007

    Re:    John Doe v. Columbia University No. 1:25-cv-02132-DEH-RFT

Dear Judge Ho and Judge Tarnofksy:

    I write as Plaintiff in the above-referenced action to briefly clarify some issues raised by Defendant Columbia in its sur-reply letter dated January 30, 2026, at ECF No. 157.

    In its letter, Columbia cites several *new* authorities in purportedly, further support of its Letter Motion at ECF No. 155, namely Lee v. Grand Sichuan E. (N.Y.) Inc., No. 12 Civ. 08652, 2014 WL 199512, at *4 (S.D.N.Y.) Jan. 17, 2014), Hubbuch v. Mullooly, Jeffrey, Rooney & Flynn LLP, No. 25 Civ. 5547, 2025 WL 2782410, at *2 n.1 (S.D.N.Y. Sept. 30, 2025), and *Shepherd v. Annucci*, 921 F.3d 89, 97-98 (2d Cir. 2019) all of which are plainly inapposite. *First,* in *Lee* the plaintiff "extensively paraphrase[d] [the statements] of the magistrate judge who conducted the parties' settlement conference" in his letters to the Court and sought to admit the statements made by the magistrate judge during the settlement conference "as evidence in support of his motion for Rule 11 sanctions against the defendant" and "in support of his opposition to the defendant's motion for summary judgment." That is *clearly* not the case here, nor does Columbia even allege such a thing to be the case here. Columbia's reliance on *Lee* is absurd. *Second,* Columbia's reliance on *Hubbuch* is just as absurd as its reliance on *Lee*. In *Hubbuch* the pro se plaintiff cited settlement discussions in motion papers that were "not relevant to the motion at hand for the inappropriate purpose of prejudicing the Court against [the defendant] through evidence of alleged misconduct, "having no bearing on the motion [at hand] or any other then-pending motion" and while doing

so, repeatedly "engaged in ad hominem attacks" against opposing counsel. *Here,* Plaintiff has done no such thing, nor does Columbia even allege that Plaintiff has done such thing. *Third,* Columbia's reliance on *Shepherd* is just as absurd as the rest. In *Shepherd,* the pro se plaintiff, an incarcerated person, *lied* to the Court "regarding his litigation history" and "deliberately mislead" the Court that he was eligible to proceed *in forma pauperis"* which he was not. The plaintiffs false and misleading representation to the Court resulted in the Court imposing a sanction on the plaintiff which the plaintiff appealed for "abuse of discretion" by the District Court Judge but that was ultimately affirmed on appeal. *Clearly,* this is not the case *here. Here,* Plaintiff has not made *any* misrepresentations to the Court related to Plaintiff's litigation history, or anything else. Rather, Plaintiff has fulfilled his duty of candor to the Court, even to the ire of Defendant. But be that as it may, Columbia's repeated and unyielding attempts to shoehorn the facts of *this* case into irrelevant case law through its competent counsel are disturbing, not to mention needlessly taxing on the precious time and resources of Plaintiff and the Court dedicated to resolving this matter.

Finally, Columbia's letter violates Rule 4(c)(v) of Judge Ho's Individual Rules and Practices in Civil Cases, which states that "Sur-reply memoranda are not allowed (unless specifically permitted in extraordinary situations for good cause)". However, in the event that the Court considers Columbia's improper sur-reply, Plaintiff submits that Columbia has failed to effectively impugn the validity of the subject argument contained in Plaintiff's 152 Letter Reply.

I appreciate the Court's time, diligence, and attention to this matter.

Most Respectfully Submitted,

John Doe,
Plaintiff, Pro Se

cc: Anna Collins Peterson (VIA ECF)
    Gabrielle E. Tenzer (VIA ECF)

2