# JOHN DOE

RECEIVED
SDNY PRO SE OFFICE

2026 FEB 18 PM 3: 26

PO Box #250050
New York, NY 10025
(917) 450-9050

**Direct Dial: (917) 450-9050**
**Direct Email: johndoe.casemail@gmail.com**

February 18, 2026

**VIA ECF**
The Honorable Robyn F. Tarnofsky
United States District Court
Southern District of New York
500 Pearl Street, Room 703
New York, NY 10007

Re:   Doe v. Columbia University No. 1:25-cv-02132-DEH-RFT

Dear Judge Tarnofsky:

    I write as Plaintiff in the above-referenced matter, Pursuant to Federal Rule of Civil Procedure 45 and Rule III(B) of Your Honor's Individual Rules and Practices in Civil Cases to respectfully request a pre-motion conference regarding Plaintiff's anticipated Motion to Compel non-party Jane Roe's production of "Jane Roe's telephone call log sufficient to identify, evidence, or memorialize any and all telephonic communications between [Jane Roe] and [Mack Roe] during the period April 23, 2022 through June 5, 2024". Jane Roe does not consent to this request on the grounds and contention that Plaintiff's request "exceeds the scope of the Court's June 23, 2025 order precluding Plaintiff from seeking this discovery from Jane Roe" and that the requested documents "are not relevant to any party's claim or defense in this action." and thus "not discoverable under FRCP 26." On February 10, 2026, pursuant to Rule III(B) of Your Honor's Individual Rules and Practices in Civil Cases, Plaintiff met and conferred in good faith with Counsel for Jane Roe regarding this dispute, at which time Counsel for Jane Roe told Plaintiff that "Jane Roe will not produce these documents absent an order from the Court." Regrettably, the parties have reached an impasse on this matter, which warrants the Court's assistance to resolve.

    **I.**    **Factual Background**

    On October 6, 2025, Plaintiff effectuated service of a Subpoena Duces Tecum[1] on Counsel for Jane Roe directed at Jane Roe seeking under Category #2[2] of the Subpoena Jane Roe's production of Jane Roe's "telephone call log sufficient to identify, evidence, or memorialize any and all telephonic communications between [Jane Roe] and [Mack Roe] during the period April

---

[1] A true and correct copy of the Subpoena Duces Tecum served on Jane Roe is attached here to as Attachment A
[2] Plaintiff previously withdrew Category #2 *without prejudice* pending his review of anticipated discovery from Jane Roe pursuant to Category #1 of the subpoena but formally renewed this demand on February 11, 2026

23, 2022 through June 5, 2024". *See* **"Attachment A"**. Counsel for Jane Roe objected to this request. On October 27, 2025 Plaintiff met-and-conferred in good faith with Counsel for Jane Roe at which time Plaintiff agreed to withdraw *without prejudice* his demand for documents under Category #2 of the Subpoena to be revisited after Plaintiff received Jane Roe's production of documents under Category #1 of the Subpoena, related to Plaintiff's disciplinary proceeding, which Jane Roe agreed to produce to Plaintiff, and *did* produce to Plaintiff on February 3, 2026.

On February 3, 2026, Plaintiff received Jane Roe's production of documents related to Jane Roe's communications with [Mack Roe], related to Plaintiff, and related to Plaintiff's disciplinary proceeding that gave rise to this lawsuit. Upon Plaintiff's review of said communications Plaintiff discovered, *among many other things*, that Mack Roe *a material "witness"* in Defendant's underlying disciplinary proceeding involving Plaintiff informed Jane Roe, *the "complainant"* in Defendant's underlying disciplinary proceeding, that Mack Roe had placed a "test" telephone call to Jane Roe while Mack Roe was being interviewed by Columbia University's investigative team in connection with Jane Roe's sexual misconduct allegations against Plaintiff; to which Jane Roe replied "Did it work?". The communications also reveal that Jane Roe placed a telephone call to Mack Roe while Jane Roe was being interviewed by Columbia University's investigative team in connection with Jane Roe's sexual misconduct allegations against Plaintiff. The communications also reveal that Jane Roe coordinated testimony and evidence production and withholdings with Mack Roe specifically Jane Roe's withholding from Columbia, her call log data of phone calls with Mack Roe, discussed evidence "alignment" with Mack Roe, and in August of 2023 *extensively* discussed with Mack Roe the investigative materials furnished by Columbia in advance of Plaintiff's disciplinary hearing *despite* Jane Roe's indicating to Columbia during the April 2024 hearing that ["Jane Roe had no communications with Mack Roe related to [Plaintiff's] disciplinary proceeding "since the process started" or "after May of 2023"]. The communications also reveal that preceding the hearing, Mack Roe instructed Jane Roe to "tell them that Jane Roe's thoughts were unclear and foggy". Based upon these findings, Plaintiff promptly reinstated his demand for "Jane Roe's telephone call log "sufficient to identify, evidence, or memorialize any and *all* telephonic communications between [Jane Roe] and [Mack Roe] during the period April 23, 2022 through June 5, 2024" to which Jane Roe vehemently objected for the reasons stated *supra*.

## II.    Legal Standards and Applicable Law

FRCP Rule 45 authorizes a subpoena duces tecum to be served on nonparties to a civil litigation for the production of documents that are "relevant to any party's claim or defense" subject to the proportionality limits of FRCP Rule 26(b)(1). FRCP Rule 26(b)(1) provides that "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information" *see United States v. Rowe,* 2025 WL 895396 (E.D.N.Y. Mar. 24, 2025) (establishing that to succeed on a motion to compel compliance with a subpoena duces tecum, the moving party must demonstrate that the information sought is relevant and material to the allegations and claims at issue) *see also United States ex rel. Ortiz v. Mount Sinai Hosp.*, 169 F. Supp. 3d 538 (S.D.N.Y. 2016). (providing that when a non-party fails to comply with a subpoena duces tecum, the remedy for the party seeking compliance with the subpoena is to file a motion to compel the non-party to produce the requested material, made in the district where compliance was required) *id.*

### III.    Argument

#### A. Jane Roe's Call-Log Data with Mack Roe is Probative, *Highly Relevant* to Plaintiff's Claims, and *Exceptionally Proportional* to the Needs of the Case

*As for Plaintiff's claims* against Defendant Columbia University, Plaintiff plausibly alleges that Defendant Columbia University violated Title IX under an "erroneous outcome" theory of liability due to anti-male sex-based bias in connection with Defendant's sexual misconduct disciplinary proceeding involving Plaintiff *see Yusuf v. Vassar Coll.,* 35 F.3d 709, 715 (2d Cir. 1994) (holding that Plaintiffs who claim that an erroneous outcome was reached must allege particular facts sufficient to cast some articulable doubt on the accuracy of the outcome of the disciplinary proceeding.) *Here,* Plaintiff alleges that his disciplinary proceeding was tainted, and rife with *clear* procedural irregularities and sex-based bias including but not limited to: material witness bias in favor of the complainant and against the respondent, complainant coordination and collusion with a material witness, false and materially misleading statements by the complainant and a material witness that were erroneously accepted as fact and relied on by Defendant, and slanted and sex-biased credibility assessments of the complainant. Put another away, Plaintiff alleges that *Jane Roe*, the "complainant" in Defendant's underlying disciplinary proceeding involving Plaintiff, colluded with *Mack Roe*, a "material witness" in Defendant's underlying disciplinary proceeding involving Plaintiff, pertaining to investigative interviews, hearing testimony, evidence alignment, evidentiary productions and withholdings, and false statements.

Plaintiff claims that there is *substantial* "reason to doubt the accuracy of the outcome" of Defendant's disciplinary proceeding involving Plaintiff *see* Yusuf v. Vassar Coll., 35 F.3d 709, 715 (2d Cir. 1994) (holding that a complaint may allege particular evidentiary weaknesses behind the finding of an offense *such as a motive to lie on the part of a complainant or witnesses*, particularized strengths of the defense, or other reason to doubt the Veracity of the charge or particular procedural flaws affecting the proof.) *see also Feibleman v. Trs. of Columbia Univ. in City of New York*, No. 19-CV-4327 (VEC), 2020 WL 882429, at *9 (S.D.N.Y. Feb. 24, 2020) (citing *Doe v. Syracuse Univ.*, 341 F. Supp. 3d 125, 138 (N.D.N.Y. 2018) (applying Doe v. Columbia Univ., 831 F.3d (2d Cir. 2016) (finding plausible allegation of bias based on university's failure to investigate complainant's credibility, examine contradictions in her statements, and crediting complainant's testimony despite her having "very little memory of the [i]ncident"). Accordingly, in light of the fact that Jane Roe's text communications with Mack Roe evince at least two phone calls exchanged between them during their respective investigative interviews with Defendant's investigative team, which Plaintiff submits is a *clear* procedural irregularity under *Yusuf* if not a *dispositive* one, Plaintiff has the right under FRCP Rule 26 and Rule 45 to further discover, and to obtain the metadata associated with these telephonic calls as well as any other documentation of relevant calls and associated metadata between Jane Roe and Mack Roe in order to prove the extent of Jane Roe's telephonic communications with Mack Roe during Defendant's procedurally irregular and sex-biased disciplinary proceeding involving Plaintiff.

3

### B. Jane Roe Has Not Claimed *Much Less Demonstrated* any Undue Burden or Expense, or Privilege as to Justify Non-compliance With the Subpoena

As the heading states, Jane Roe has not claimed *much less demonstrated* any undue burden, expense, or privilege as to justify her non-compliance with the Subpoena, nor can she. But even assuming that she could demonstrate some undue burden or expense, Plaintiff, *at Jane Roe's demand*, has agreed to assume the reasonable cost of production related to Jane Roe's compliance with the Subpoena. But notwithstanding this agreement, Jane Roe has refused to comply with the subpoena. *As for privilege*, Jane Roe has conceded that the withheld documents are not privileged but rather, in her own subjective view, "not relevant to the lawsuit". However, *Yusef* disagrees, and Jane Roe lacks authority to unilaterally determine the relevance of documents requested in a validly issued subpoena. Federal courts have consistently held that relevance determinations are judicial functions, not decisions to be made by third-party witnesses based on their subjective views. The proper procedure for challenging a subpoena's scope or relevance requires formal motion practice before the court, not self-help through non-compliance *see United States ex rel. Ortiz v. Mount Sinai Hosp.,* 169 F. Supp. 3d 538 (S.D.N.Y. 2016) (establishes that while nothing in Rule 45 prevents a party from serving objections to a non-party subpoena, such objections standing alone have no effect on the non-party's obligation to respond to the subpoena). Accordingly, Jane Roe's assertion that the documents are 'not relevant to the lawsuit' in her subjective view is legally insufficient and procedurally improper. Courts in this district apply a liberal relevance standard in discovery, permitting discovery of information that has any tendency to make a fact more or less probable than it would be without the evidence, provided the fact is of consequence in determining the action *see Hughes v. Twenty-First Century Fox, Inc.,* 327 F.R.D. 55 (S.D.N.Y. 2018) (confirming case that any subpoena issued to non-parties pursuant to Rule 45 is subject to Rule 26(b)(1)'s broad relevance requirement). *see also Perry v. The Margon & Weinreb L. Grp. LLP*, No. 14-3511, 2015 WL 4094352, at *4 (E.D.N.Y. July 7, 2015) (finding cell phone records to be relevant and necessary to test the accuracy of previous assertions made by party subject to subpoena in relation to material facts).

### C. The Court's June 23, 2025 Order Does not Preclude Plaintiff from Seeking This Discovery From Jane Roe Under FRCP 26 and FRCP 45

Finally, the Court's June 23, 2025 Order does not preclude Plaintiff from seeking this discovery from Jane Roe despite what Counsel for Jane Roe, who was not even present at the conference with the parties and the Court, or even retained at the time of the Court's order, and who had not moved to quash or modify the Subpoena Duces Tecum, insistently contends. As Plaintiff has *exhaustively* explained to Counsel for Jane Roe, and as the parties have already discussed during the January 20, 2026 conference with the Court, and as Counsel for Jane Roe has already come to know, the Court's June 23, 2025 order was related to Plaintiff's motion to modify Defendant's no-contact directive between Plaintiff and Jane Roe for purposes *of* the subpoena, and was not intended to unilaterally narrow the scope of the subpoena.

### IV.  Relief Requested

For all of the foregoing reasons, Plaintiff respectfully requests that the Court Order non-party Jane Roe to produce to Plaintiff "Jane Roe's telephone call log sufficient to identify, evidence, or memorialize any and all telephonic communications between [Jane Roe] and [Mack Roe] including relevant meta data, during the period April 23, 2022 through June 5, 2024" as Plaintiff has requested under subpoena directed at Jane Roe in Category #2 of the subpoena as these communications are potentially dispositive, and *bear directly* on the accuracy, reliability, and ultimate outcome of Plaintiff's disciplinary proceeding that gave rise to this lawsuit.

Plaintiff is available for a conference with the Court and Counsel for Jane Roe.
I appreciate the Court's time and attention to this matter.

Respectfully Submitted,

*/s/ John Doe*

John Doe,
Plaintiff, Pro Se

cc: Molly K. Webster (VIA ECF)
    Anna Collins Peterson (VIA ECF)
    Gabrielle E. Tenzer (VIA ECF)

# ATTACHMENT A

# ATTACHMENT A

## DOCUMENTS DEMANDED FOR PRODUCTION UNDER SUBPOENA TO [JANE ROE]

1. Produce all communications[1] limited to text messages, WhatsApp messages, voice note messages, emails, and recorded phone calls with associated metadata including the date and time stamps of said communications between You and [MACK ROE] in Columbia University's gender-based misconduct investigation proceeding involving [JOHN DOE] between the dates of April 23, 2022 and June 5, 2024 that relate in any way to [JOHN DOE] in the gender-based misconduct proceeding, Your gender-based misconduct allegations generally against [JOHN DOE], Your allegations against [JOHN DOE] generally, and Your own respective involvement as a Complainant, Witness, or Respondent in the gender-based misconduct investigation and proceeding, and collectively, and You and [MACK ROE'S] joint and collective involvement in Columbia University's gender-based misconduct investigation and proceeding involving [JOHN DOE].

2. Produce your telephone call log sufficient to identify, evidence, or memorialize any and all telephonic communications between You and [MACK ROE] during the period of April 23, 2022 through June 5, 2024, including but not limited to call detail records, call logs, internal billing or routing records, metadata, or other records reflecting the date, time, duration, participants, and originating/receiving telephone numbers associated with each such communications.

---

[1] For purposes of this Subpoena, the term "Communications" shall mean any transmission or documentation of information by way of text messages, audio recordings, email messages, WhatsApp messages, and voice note messages.