

KKL LLP
350 Fifth Avenue, 77th Floor
New York, NY 10118
+1 212 390 9550
www.KKLllp.com

February 20, 2026

**<u>Via ECF</u>**

The Hon. Robyn F. Tarnofsky
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

    Re: <u>*John Doe v. Columbia University*</u>, No. 25 Civ. 02132 (S.D.N.Y.)

Dear Judge Tarnofsky:

  I represent non-party Jane Roe in the above-captioned litigation. I write in connection with Plaintiff's pre-motion letter filed yesterday, ECF No. 163. While I intend to respond more fully to Plaintiff's pre-motion letter within three business days, as Your Honor's Individual Rules provide, I write with an urgent matter regarding Plaintiff's quotation of and reference to communications marked "Confidential" pursuant to the Confidentiality Stipulation and Proposed Protective Order signed by Your Honor on July 28, 2025, ECF No. 86 ("Protective Order"). I respectfully request that Your Honor order Plaintiff to withdraw his pre-motion letter and refile with redactions and a motion to seal in accordance with the Protective Order and Your Honor's Individual Rules.

  In his pre-motion letter, Plaintiff quoted from and summarized several of the communications that we produced on behalf of Jane Roe in response to a third-party subpoena, which were all marked as Confidential pursuant to the Protective Order. The Protective Order, however, bars the public filing of information marked as Confidential. Specifically, the Protective Order states that "[i]f a party seeks to file Confidential Information with this Court, or file any pleading, motion, or other paper that reveals Confidential Information, the party must first make a good faith effort to attempt to resolve all issues relating to confidentiality," and if "no resolution is agreed . . . the filing party shall . . . make an application to file under seal." *See* ECF 86 ¶ 13. Plaintiff has done neither.

  On February 6, 2026, in anticipation of a potential pre-motion letter, I informed Plaintiff that he "may not file any of the communications or reproduce or summarize any excerpts therein." On February 10, 2026, I reiterated this same position during a telephonic meet-and-confer with Plaintiff, which he dismissed and declined to discuss further. After his pre-motion letter was filed yesterday, I emailed Plaintiff this morning to request that he "withdraw ECF 163 as soon as possible, redact any information that 'reveals Confidential Information,' and refile the letter with

February 20, 2026
Page 2 of 2

an application to file under seal" pursuant to the Protective Order and Your Honor's Individual Rules. In response, Plaintiff refused to withdraw his letter.

Plaintiff appears to make two arguments as to why he is not required to follow the Protective Order's and the Court's clear requirements with respect to meeting and conferring and filing Confidential Information under seal. *First*, Plaintiff argues that the Protective Order only requires the redaction of "the names or other PII of any current or former Columbia students." Not so. Paragraph 13 plainly sets forth a procedure by which a party may challenge a confidentiality designation through a meet and confer process, and then, if "no resolution is agreed among the parties, the filing party shall . . . make an application to file under seal, and the parties may present their respective positions on sealing to the Court." Protective Order ¶ 13. Nevertheless, Plaintiff has failed to engage in any discussion regarding the appropriateness of Ms. Roe's confidentiality designations, nor did he "make an application to file under seal."

*Second*, Plaintiff points to language in the Protective Order stating that "there is no presumption that such information shall be filed with the Court under seal." But that provision does not render meaningless the process by which the parties must meet and confer regarding confidentiality designations and the fact that in the absence of an agreement, the filing party must in the first instance file any Confidential Information under seal. At that point, the parties may present their arguments for sealing (or not) to the Court, at which point it is the *Court* that decides whether to maintain sealing. The Protective Order does not give a party the right to unilaterally and subjectively determine what should be sealed prior to the Court's consideration and determination as to appropriate confidentiality designations.

Plaintiff's willful violation of the Protective Order is sanctionable, and we reserve all rights. *See Nat'l Academy of Television Arts & Scis., Inc. v. Goodman*, No. 22-592, 2023 WL 3989876, at *1 (2d Cir. June 14, 2023) (discussing sanctions standard); *Greer v. Mehiel*, No. 12-CV-6119, 2017 WL 543453, at *3 (S.D.N.Y. Feb. 10, 2017) (noting "willful intransigence" of protective order "will result in the dismissal of a pro se plaintiff's action with prejudice") (quoting *Carvalho v. Reid*, 193 F.R.D. 149, 151 (S.D.N.Y. 2000)); *Dorsett v. County of Nassau*, No. 10-CV-01258, 2012 WL 2076911, at *7 (E.D.N.Y. June 7, 2012).

To remedy Plaintiff's willful violation of the Protective Order, I respectfully request that Your Honor order Plaintiff to withdraw ECF No. 163, redact or remove the portions that quote from or reference Confidential Information, and refile it under seal in accordance with the Protective Order and Your Honor's Individual Practices.

Thank you for the Court's attention to this matter.

Respectfully,

By:    */s/ Molly K. Webster*
Molly K. Webster