

KKL LLP
350 Fifth Avenue, 77th Floor
New York, NY 10118
+1 212 390 9550
www.KKLllp.com

February 24, 2026

**Via ECF**

The Hon. Robyn F. Tarnofsky
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

                         *Re:  John Doe v. Columbia University*, No. 25 Civ. 02132 (S.D.N.Y.)

Dear Judge Tarnofsky:

       I represent non-party Jane Roe in the above-captioned litigation. I write in response to Plaintiff's pre-motion letter filed on February 18, 2026, ECF No. 163.

       By way of background, on June 23, 2025, the Court ordered that "Plaintiff may serve subpoenas on Ms. Roe and/or Mr. Roe seeking production of: (a) text messages, recordings, email messages, WhatsApp messages, and voice notes from April 23, 2022 until June 5, 2024 between Ms. Roe and Mr. Roe related to Plaintiff's disciplinary proceeding." ECF No. 71. On October 6, I accepted service of Plaintiff's subpoena to Ms. Roe, which sought documents and communications beyond the Court's June 23 order, including but not limited to call logs between Ms. Roe and Mack Roe. *See* ECF No. 163, Attachment A.

       On October 22, I served Revised Responses and Objections ("R&Os") to Plaintiff's Subpoena, which, consistent with the Court's June 23 order, stated that Ms. Roe would produce all "text messages, recordings, email messages, WhatsApp messages, and voice notes from April 23, 2022 until June 5, 2024 between Ms. Roe and [Mack] Roe related to Plaintiff's disciplinary proceeding." ECF No. 117-1. The R&Os further stated that Ms. Roe would not produce her call logs because the June 23 order "does not authorize Plaintiff to seek, nor require Ms. Roe to produce, any 'telephonic call log' information regarding any 'telephonic communications' between Ms. Roe and Mack Roe." *Id.*

       Following the exchange of several emails, Plaintiff informed me on October 21, 2025 that "[i]n the interest of narrowing the dispute regarding the subpoena directed at your Client, I am withdrawing Item #2" regarding Ms. Roe's call logs. Plaintiff did not state (as he now contends) that he was withdrawing his request "without prejudice" or that he intended to "revisit[] [it] after Plaintiff received Jane Roe's production of documents under Category #1." ECF No. 163 at 2.

       On February 3, 2026, Ms. Roe produced documents to Plaintiff responsive to the subpoena and in accordance with the Court's June 23 order and her R&Os, including "text messages,

recordings, email messages, WhatsApp messages, and voice notes from April 23, 2022 until June 5, 2024 between Ms. Roe and [Mack] Roe related to Plaintiff's disciplinary proceeding," as well as communications with Mr. Roe "that relate to Plaintiff in any way." Ms. Roe agreed to produce the latter category of communications to avoid burdening the Court with further discovery disputes notwithstanding the fact that it was outside the scope of the June 23 order and encompassed communications that are not relevant to this lawsuit.

Unfortunately, Ms. Roe's efforts to resolve discovery disputes with Plaintiff amicably and put this lawsuit—which has perpetuated the trauma that gave rise to Columbia's disciplinary action against Plaintiff—behind her has proven futile. Within days of Ms. Roe's production, Plaintiff sought a variety of additional communications outside the scope of the June 23 order and Plaintiff's own subpoena. In his correspondence, Plaintiff has continued his verbal abuse, accusing Ms. Roe of a litany of unfounded wrongdoing seemingly in a (misguided) attempt to pressure her to turn over wide swaths of personal communications notwithstanding their irrelevance to this lawsuit. In his letter, Plaintiff narrowed his prior broad requests to include only call logs between Ms. Roe and Mr. Roe from April 23, 2022 through June 5, 2024.[1]

Ms. Roe should not be required to produce the call logs. Plaintiff's personal animus toward Ms. Roe—a non-party—does not govern discovery; the Federal Rules do. The production of call logs evidencing private conversations between two non-parties would not demonstrate how *Columbia*—the defendant here—may or may not have violated Plaintiff's rights. In fact, Plaintiff posits that "Jane Roe[] with[eld] from Columbia, her call log data of phone calls with Mack Roe." ECF No. 162 at 2. If that is true, then production of call logs that Columbia did not have in its possession during Plaintiff's disciplinary proceeding could shed no light on whether Columbia's investigation was lawful. But even if she did provide the call logs to Columbia, Plaintiff should first seek those call logs from Columbia, not Ms. Roe, a third-party. *See* Fed. R. Civ. P. 26(b)(2)(C) (prohibiting discovery if it is "unreasonably cumulative or duplicative" or can be obtained from a "more convenient, less burdensome, or less expensive" source); *Athalonz, LLC v. Under Armour, Inc.*, No. 24 Misc. 0047, 2024 WL 1555685, at *2 (S.D.N.Y. Apr. 10, 2024) ("If documents are available from a party, it has been thought preferable to have them obtained pursuant to Rule 34[, which governs discovery between parties,] rather than subpoenaing them from a non-party witness pursuant to Rule 45.") (quoting *Fishon v. Peloton Interactive, Inc.*, 336 F.R.D. 67, 69 (S.D.N.Y. 2020)).

Plaintiff's cited authority, *see* ECF No. 163 at 4, does not counsel otherwise. In *Hughes v. Twenty-First Century Fox*, the Court ultimately *granted* a party's motion to quash a third-party subpoena because it concluded that "[t]he subpoenas are unlikely to elicit information relevant to the" case, and in fact, the information sought could "detract the parties—and later, a jury—from the real issues underlying [Plaintiff's] grievance." 327 F.R.D. 55, 58–59 (S.D.N.Y. 2018). Moreover, in *Perry v. The Margolin & Weinreb Law Group LLP*—a lawsuit involving claims for

---

[1] We disagree with Plaintiff's summary of the communications Ms. Roe produced to Plaintiff, but considering Ms. Roe is not a party to this lawsuit, we will not engage in a battle of interpretation in this discovery letter. In any event, as discussed in more detail in my February 20, 2026 letter to the Court, ECF No. 164, Plaintiff's recitation violates the Protective Order in this case and opens him to potential sanctions.

unpaid overtime—the court considered whether document requests from defendants to plaintiff (not involving a third party) for call records were appropriate where plaintiff's deposition revealed that she used her personal phone to make calls during work hours, thus calling into question how many overtime hours she actually worked. No. 14-3511, 2015 WL 4094352, at *4 (E.D.N.Y. July 7, 2015). The call logs here, however, are not relevant and instead fall into the category outlined in *Hughes*—information that would "detract the parties . . . from the real issues" of whether Columbia lawfully administered Plaintiff's disciplinary proceeding.

Plaintiff plainly seeks Ms. Roe's call logs solely to satisfy his own vendetta. It bears remembering that the complaint that Ms. Roe made against Plaintiff, which led to the underlying Columbia disciplinary proceeding at issue, was based on the fact that Plaintiff "gained unauthorized access to her phone and [] sent himself explicit photos and videos from her phone without her knowledge and consent." Complaint, ECF No. 11, ¶ 310. Plaintiff is now continuing his harassment of Ms. Roe by abusing the discovery process to try to obtain records of private communications from Ms. Roe's phone, even though she is a non-party and a victim of his misconduct. Ms. Roe has reasonably tried to comply with Plaintiff's discovery requests and with this Court's orders. But at this point, enough is enough.

We stand ready to address the above issues, as well as those raised in our February 20 letter motion, ECF No. 164, during the Court conference on February 27. We thank the Court for its attention to these matters.

                                  Respectfully,

By:   */s/ Molly K. Webster*
        Molly K. Webster