# JOHN DOE

PO Box #250050
New York, NY 10025
(917) 450-9050

**Direct Dial: (917) 450-9050**
**Direct Email: johndoe.casemail@gmail.com**

February 23, 2026

<u>**VIA ECF**</u>
The Honorable Robyn F. Tarnofsky
United States District Court
Southern District of New York
500 Pearl Street, Room 703
New York, NY 10007

**EXPEDITE**

Re:   Doe v. Columbia University No. 1:25-cv-02132-DEH-RFT

Dear Judge Tarnofsky:

    I write as Plaintiff in the above-referenced matter, in response to non-party Jane Roe's February 20, 2026 Letter Motion at ECF No. 164  requesting that the Court "order Plaintiff to withdraw his February 18, 2026  Letter Motion at ECF No. 163, and file the Letter under seal". For the reasons stated *infra,* Ms. Roe's request should be **DENIED**.

    Plaintiff's Letter Motion at ECF No. 163 merely summarized motion-relevant facts, and does not reveal any "confidential information" within the meaning of the 86 Protective Order agreed to by the parties and *so ordered*  by the Court, and does not violate any provision of the Protective Order. In relevant part, the plain and unambiguous language of **Provision 2(h) of the Protective Order** provides that "Before any documents are used publicly in this litigation, including but not limited to in a court filing, the names and other PII of any current or former Columbia students including that of Plaintiff must be redacted and/or replaced with a pseudonym (*e.g.*, "Student"), including but not limited to the names of Plaintiff, Jane Roe, and Mack Roe, whose names should be replaced with pseudonyms consistent with the Pseudonym Order" *see PO Prov. 2(H)*. Further, the plain and unambiguous language of  **Provision 13 of the Protective Order** provides that "Notwithstanding the designation of information as "CONFIDENTIAL" in discovery, there is no presumption that such information shall be filed with the Court under seal." *see PO Prov. 13.* However, Jane Roe deliberately leaves this part out of her 164 Letter to the Court. The Court should not be misled by Jane Roe's self-serving cutting and pasting of otherwise plain and unambiguous language of the Protective. *Consistent with the Protective Order*, Plaintiff's 163 letter does not reveal any non-pseudonymized names or any other confidential information or PII of any current or former Columbia students. Jane Roe's assertions to the contrary are illusory and meritless.  What Ms. Roe *actually* seeks from the Court is not enforcement of the Protective Order, but rather, the conversion of a discovery designation into unilateral veto power over public filings. However, the Protective Order does not grant *any* such authority.

Finally, Jane Roe's reliance on *Greer v. Mehiel*, No. 12-CV-6119, 2017 WL 543453, (S.D.N.Y. Feb. 10, 2017) (quoting *Carvalho v. Reid*, 193 F.R.D. 149, 151 (S.D.N.Y. 2000) in so suggesting that the Court should sanction Plaintiff and dismiss the Complaint is unpersuasive. In *Greer*, the Court was cautioning the pro se Plaintiff that if the Plaintiff publicly disseminated, published, or posted any recording of deposition testimony, in violation of the protective order the pro se Plaintiff could face sanctions including dismissal of the complaint. *Here*, Plaintiff did not publicly disseminate, publish, or post any confidential documents subject to the protective order to justify sanctions under *Greer*. Plaintiff merely summarized motion-relevant facts that would assist the Court. Furthermore, Plaintiff was not in any way "willfully intransigent" to the orders of the Court, and was fully compliant therewith. In *Carvalho*, on which *Greer* was relying, the pro se Plaintiff was sanctioned with dismissal of the complaint due to "willful failure to cooperate with discovery orders issued by the Court" by "willfully refusing to provide a copy of discovery objections to opposing counsel and the Court, despite repeated requests by opposing counsel and orders from the Court. Clearly, that is not the case here. *Here,* Plaintiff has not "willfully refused to produce discovery" to Defendant or the Court to justify sanctions under *Carvalho*. Plaintiff merely summarized motion-relevant facts that would assist the Court. Put simply, the cases on which Jane Roe relies are patently inapposite and wholly unpersuasive.

Indeed, Jane Roe's communications with Mack Roe are quite damning, but that is not the fault of Plaintiff. It was *Jane Roe,* who chose to, *inter alia*, collude with a material witness, withhold evidence from Defendant, and make false statements to Defendant, while making *serious and life-altering false accusations* against Plaintiff, and which resulted in an erroneous outcome of Plaintiff's disciplinary proceeding leading to this lawsuit.

Plaintiff's burden to plead error is not onerous—he need only allege specific facts that "cast some articulable doubt on the accuracy of the outcome. *See Feibleman v. Trs. of Columbia Univ. in City of New York*, No. 19-CV-4327 (VEC), 2020 WL 882429, at *11 (S.D.N.Y. Feb. 24, 2020)(quoting *Yusuf v. Vassar Coll.,* 35 F.3d at *715 (2d Cir. 1994). *See also Doe v. Columbia Univ.,* 831 F.3d (2d Cir. 2016)(vacating dismissal of Title IX Erroneous Outcome Claim)

Plaintiff will not be discouraged or deterred from rightfully pursuing his claims for relief in this action, by baseless threats of sanctions by Jane Roe, a material non-party *and an adverse one at that*, for simply revealing the truth.

Accordingly, Jane Roe's request should be **DENIED**.

Respectfully Submitted,

John Doe,
Plaintiff, Pro Se

cc: Molly K. Webster (VIA ECF)
    Anna Collins Peterson (VIA ECF)
    Gabrielle E. Tenzer (VIA ECF)