# JOHN DOE

PO Box #250050<br>
New York, NY 10025<br>
(917) 450-9050

**Direct Dial: (917) 450-9050**
**Direct Email: johndoe.casemail@gmail.com**

February 26, 2026

<u>**VIA ECF**</u>
The Honorable Robyn F. Tarnofsky
United States District Court
Southern District of New York
500 Pearl Street, Room 703
New York, NY 10007

Re: Doe v. Columbia University No. 1:25-cv-02132-DEH-RFT<br>
Motion to Compel the U.S. Department of Education, Office for Civil Rights (OCR)<br>
to Comply with Subpoena Duces Tecum

Dear Judge Tarnofsky:

I write as Plaintiff in the above-referenced matter, Pursuant to Federal Rule of Civil Procedure 45 and Your Honor's Individual Rules, to respectfully move by letter motion for an order compelling the U.S. Department of Education, Office for Civil Rights ("OCR"), a nonparty to this action, to comply with a duly issued Subpoena Duces Tecum by this court and served on OCR on January 5, 2026 seeking documents that are highly relevant to the claims and defenses in this action. Despite proper service, OCR has not responded, produced documents, or served objections by the subpoena's return date of January 15, 2026, warranting Court intervention. Plaintiff has not met-and-conferred with counsel for OCR because OCR has not responded.

### I. Background

On January 5, 2026, Plaintiff effectuated service on OCR of a Subpoena Duces Tecum issued from this Court on December 12, 2025 under Rule 45, seeking *inter alia*, documents and communications related to OCR complaints filed against Defendant Columbia University by Columbia University female students and affiliates related to Defendant's handling of sexual misconduct complaints involving male respondents between April 23, 2022 and June 5, 2024, in addition to documents and communications related to OCR investigations involving Defendant Columbia University related to complaints. **A true and correct copy of the Subpoena is attached hereto as "Attachment A".** The subpoena set a reasonable return date of January 15, 2026. Service was effected in accordance with Rule 45(b) upon OCR. **Proof of Service of the Subpoena is attached hereto as "Attachment B."** To date, OCR has neither responded, produced documents, nor served objections or a motion to quash or modify the subpoena.

## II. Legal Standards

FRCP Rule 45 authorizes a subpoena duces tecum to be served on nonparties for the production of documents that are "relevant to any party's claim or defense" subject to the proportionality limits of FRCP Rule 26(b)(1) which provides that "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information". A nonparty served with a subpoena duces tecum *must* respond, serve timely objections, or move to quash or modify, and Courts in this District routinely enforce Rule 45 subpoenas particularly where the nonparty to which the subpoena is directed, has failed to respond, or lodge timely objections regarding scope or burden *see United States ex rel. Ortiz v. Mount Sinai Hosp.,* 169 F. Supp. 3d 538 (S.D.N.Y. 2016) (providing that "when a non-party fails to comply with a subpoena duces tecum, the remedy for the party seeking compliance with the subpoena is to file a motion to compel the non-party to produce the requested material, made in the district where compliance was required") *id.*

## III. Argument

### A. OCR Documents are Highly Relevant and Proportional Under Rule 26

The OCR documents that Plaintiff seeks are "highly relevant to the claims at issue in this lawsuit" pursuant to Federal Rule of Civil Procedure 26(b)(1). Courts have consistently recognized that federal OCR guidance, investigations, and pressure on universities constitute relevant evidence in Title IX litigation, particularly for establishing claims of institutional gender bias that may have influenced university procedures and decision-making processes see *Doe v. Siena Coll.,* 2023 WL 197461 (N.D.N.Y. Jan. 17, 2023) (finding that allegations relating to federal OCR guidance, investigations, and pressure on universities raised serious questions on the merits as to whether gender bias was a motivating factor behind alleged erroneous outcomes in university sexual misconduct proceedings and noting that such allegations relating to federal pressure on colleges were relevant to establishing whether gender bias was a motivating factor behind alleged erroneous outcomes) id. see also *Doe v. Columbia Univ.,* 831 F.3d 46, 58 (2d Cir. 2016)(holding that "a university that adopts, even temporarily, a policy of bias favoring one sex over the other in a disciplinary dispute, doing so in order to avoid liability or bad publicity, has practiced sex discrimination.") *id. see* also *United States v. Rowe,* 2025 WL 895396 (E.D.N.Y. Mar. 24, 2025) (establishing that to succeed on a motion to compel compliance with a subpoena duces tecum, the moving party must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings, which is analyzed under the familiar standard outlined by Rule 26(b)(1)) *Here*, the requested documents regarding OCR complaints filed by Columbia University female students regarding Defendant's handling of sexual misconduct cases involving male respondents directly relate to whether Columbia adopted biased procedures due to external federal pressure and are highly relevant to the claims at issue in this lawsuit.

### B.  OCR Has Failed to Timely Respond to the Subpoena in Violation of  Rule 45

OCR has provided no timely response, (or any response at all),  objections, or proposal to confer with Plaintiff regarding the subpoena. The deadline to respond has long passed. OCR has not sought an extension to respond to the subpoena, moved to quash or modify the subpoena, or identified any burden, privilege, or statutory constraint that would prevent their timely response to, or compliance with the duly served subpoena. OCR's silence prejudices Plaintiff by impeding timely discovery. Under Federal Rule of Civil Procedure 45, nonparties must timely assert objections, and unexplained noncompliance warrants an order compelling compliance and production by this Court where compliance was required *see United States ex rel. Ortiz v. Mount Sinai Hosp*., 169 F. Supp. 3d 538 (S.D.N.Y. 2016). (providing that when a non-party fails to comply with a subpoena duces tecum, the remedy for the party seeking compliance with the subpoena is to file a motion to compel the non-party to produce the requested material, made in the district where compliance was required) *id.*

### C.  OCR Has Waived all Objections and Court Compulsion is Warranted

OCR's failure to respond to the subpoena within the mandatory 14-day period under Federal Rule of Civil Procedure 45(d)(2)(B) constitutes an automatic waiver of all objections and concedes the merits of this motion to compel. The fourteen-day time limitation to serve written objections to a subpoena is crucial, as failure to do so typically constitutes a waiver of such objections. OCR's unexplained silence for over twenty-four (24) days past the deadline, without any attempt to seek an extension, move to quash, or even acknowledge receipt of the subpoena, demonstrates a blatant disregard for its Rule 45 obligations and obligations to this Court. Courts have consistently held that a commanded party's failure to timely object to a subpoena waives such objections and concedes the merits of the motion to compel *see Chautauqua Com. Park, LLC v. Main St. Am. Assurance Co.,* 2022 WL 15200905 (W.D.N.Y. Oct. 27, 2022) (establishing that it is well-established that a commanded party's failure to timely object to a subpoena, or to oppose a motion to compel compliance waives such objections and concedes the merits of the motion and finding that the non-party's failure to respond to the subpoena without explanation resulted in default of its Rule 45 obligations and ordered production within 30 days *see* also *In re Corso,* 328 B.R. 375 (E.D.N.Y. 2005) (confirming that the fourteen-day time limitation to serve written objections to a subpoena is crucial as failure to do so typically constitutes a waiver of such objections.)

### IV.     Relief Requested

For the foregoing reasons, Plaintiff respectfully requests that the Court (a) Order OCR to comply with the Subpoena Duces Tecum and produce all responsive, non-privileged documents by a date to be determined by the Court, or on such schedule as the Court so directs; (b) Deem any objections not timely served by OCR to be waived, without prejudice to specific privilege assertions supported by a privilege log served contemporaneously with production and (c) Grant such other and further relief as the Court deems just and proper.

I appreciate the Court's time and attention to this matter.

                                            Respectfully Submitted,

                                            John Doe,
                                            Plaintiff, Pro Se

cc: Anna Collins Peterson (VIA ECF)
    Gabrielle E. Tenzer (VIA ECF)

# **<u>ATTACHMENT A</u>**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| JOHN DOE </br> *Plaintiff* </br> v. </br> COLUMBIA UNIVERSITY </br> *Defendant* | ) </br> ) </br> ) Civil Action No. 1:25-cv-02132-DEH-RFT </br> ) </br> ) </br> ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: U.S. DEPARTMENT OF EDUCATION, OFFICE FOR CIVIL RIGHTS (OCR)

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
SEE ATTACHMENT A

| Place: PRODUCED ELECTRONICALLY TO: </br> JOHNDOE.CASEMAIL@GMAIL.COM | Date and Time: </br> 01/15/2026 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/12/2025

*Tammi M. Hellwig*

CLERK OF COURT     OR

_____     _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* JOHN DOE _____, who issues or requests this subpoena, are:
John Doe  PO Box #250050 New York, NY 10025 - Email: johndoe.casemail@gmail.com -Tel: (917) 450-9050

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT A

### DOCUMENTS DEMANDED FOR PRODUCTION
### UNDER SUBPOENA TO THE U.S. DEPARTMENT OF EDUCATION
### OFFICE FOR CIVIL RIGHTS (OCR)

1. All documents and communications sufficient to identify all Office for Civil Rights (OCR) complaints filed against Columbia University, OCR investigations opened into Columbia University, and OCR investigations pending against Columbia University during the period of April 23, 2020 to June 5, 2024 related to Columbia University's handling of sexual misconduct complaints brought by Columbia University female affiliates[1].

2. All documents and communications sufficient to identify, for each Office for Civil Rights (OCR) investigation opened into Columbia University during the period of April 23, 2020 to June 5, 2024 related to Columbia University's handling of sexual misconduct complaints brought by Columbia University female affiliates, the investigation number, and date opened.

3. All documents and communications sufficient to identify all Notices of Investigation, Notices of Complaint, and any other notices sent by the Office for Civil Rights (OCR) to Columbia University during the period of April 23, 2020 to June 5, 2024 related to Columbia University's handling of sexual misconduct complaints brought by Columbia University female affiliates.

4. All documents and communications sufficient to identify all Investigative Findings by the Office for Civil Rights (OCR) during the period of April 23, 2020 to June 5, 2024 related to Columbia University's handling of sexual misconduct complaints brought by Columbia University female affiliates.

5. All documents and communications sufficient to identify the current status and/or final outcomes of all Office for Civil Rights (OCR) complaints filed against Columbia University, OCR investigations opened into Columbia University, and OCR investigations pending against Columbia University during the period of April 23, 2020 to June 5, 2024 related to Columbia University's handling of sexual misconduct complaints brought by Columbia University female affiliates.

---

[1] As used herein, the term "Female Affiliates" means: (i) any female student of Columbia University, whether current or former; (ii) any female employee of Columbia University, whether current or former; and (iii) any other female individual, whether current or former, who is or was affiliated with Columbia University under the jurisdiction of the Office for Civil Rights (OCR).

# **ATTACHMENT B**

# AFFIDAVIT OF PROCESS SERVER

## United States District Court for the Southern District of New York

**John Doe**

        Plaintiff(s),

VS.

**Columbia University**

        Defendant(s).



*348551*

**Case Number: 1:25-cv-02132-DEH-RFT**

Legal documents received on **12/22/2025** at **12:04 PM** to be served upon **U.S. Department of Education Office for Civil Rights (OCR) at 400 Maryland Avenue, SW, Washington, DC 20202**

I, **Latisha Palmer**, swear and affirm that on **January 05, 2026** at **9:53 AM**, I did the following:

Served **U.S. Department of Education Office for Civil Rights (OCR)** by delivering a conformed copy of the **Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action; Attachment A; Federal Rule of Civil Procedure 45** to **June Canada** as **Administrative Assistant & Authorized Agent** of U.S. Department of Education Office for Civil Rights (OCR) at **400 Maryland Avenue, SW, Washington, DC 20202**.

**Description of Person Accepting Service:**
Sex: Female Age: 60 Height: 5ft4in-5ft8in Weight: 161-200 lbs Skin Color: African-American Hair Color: Black & Gray

**Supplemental Data Appropriate to this Service:**


I declare under penalty of perjury that the foregoing information contained in this affidavit is true and correct and that I am a professional process server over the age of 18 and have no interest in the above legal matter.

Date: 1/6/2026

**Latisha Palmer**
Process Server
**Same Day Process Service, Inc.**
1413 K St., NW, 7th Floor
Washington DC 20005
(202)-398-4200
info@samedayprocess.com

Internal Job ID:348551

