UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN DOE,

                Plaintiff,

      -against-

COLUMBIA UNIVERSITY,

                Defendant.

25-CV-2132 (DEH) (RFT)

**ORDER**

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

On March 6, 2026, non-party Jane Roe and Plaintiff jointly filed a letter motion (ECF 180) proposing redactions to Plaintiff's February 20, 2026 pre-motion letter (ECF 163). The parties seek leave to file a version of Plaintiff's pre-motion letter redacting quotations from and summaries of communications produced by Jane Roe that were marked confidential pursuant to the Confidentiality Stipulation and Proposed Protective Order I signed on July 28, 2025 (ECF 86).

There is a presumption of public access to judicial documents, and the Court must find that the presumption has been overcome before sealing a document. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). The Second Circuit has set out a three-step test for determining whether the presumption of public access has been overcome: first, the court determines whether the documents are "judicial documents," meaning documents relevant to the performance of a judicial function and useful in the judicial process; if the documents are judicial documents, the Court then determines the "weight" of the presumption of public access; and finally, the Court must "balance competing considerations against [the presumption of access]," including "privacy interests of those resisting disclosure." *Id.*

Any sealing order must be "narrowly tailored," preserve privacy concerns; this includes allowing the parties to file documents in redacted form or the Court making redactions to the documents at issue. *See id*. at 124; *see also Brown v. Maxwell*, 929 F. 3d, 41, 51 (2d Cir. 2019) (discussing the supervisory powers a court has "over its own records and files," including by granting protective orders, placing filings under seal, and striking material); *Kleftogiannis v. Inline Plastics Corp.*, 411 F. Supp. 3d 216, 232 (D. Conn. 2019) (discussing how the district court's "supervisory power is routinely used to redact or otherwise restrict access to sensitive personally identifying information contained in court documents").

Here, Plaintiff's pre-motion letter is a judicial document given a lesser presumption of public access; courts in this Circuit have consistently held that "[documents] submitted in connection with, and relevant to, discovery motions, motions in *limine*, and other non-dispositive motions" are judicial documents that "are subject to a lesser—but still substantial—presumption of public access." *Brown*, 929 F.3d at 53. *See also Johnson v. Esports Entertainment Group, Inc.*, No, 22-CV-10861 (KHP), 2023 WL 6035668 at *2 (S.D.N.Y. Mar. 30, 2021) (holding that documents "submitted in connection with… a pre-motion letter" were judicial documents with a presumption of public access that is "not particularly great."); *Valassis Communications, Inc. v. News Corporation*, No. 17-CV-7378 (PKC), 2020 WL 2190708 at *2 (S.D.N.Y. May 5, 2020) (holding that documents related to non-dispositive pre-trial motions were "judicial documents [that] enjoy some presumption of public access.").

While Plaintiff's pre-motion letter is a judicial document with some presumption of public access, sealing is still warranted because the letter contains quotations and references to private conversations between two non-parties. *See Fairstein v. Netflix Inc.*, No. 20-CV-8042

2

(PKC), 2024 WL 2326741 at *3 (S.D.N.Y. May 21, 2024) (granting a motion to seal because "the non-party's privacy interests outweigh the presumption of public access" where "[t]he public interest in disclosure of the non-party's [communications] is low and her privacy interest is high."); *Johnson v. L'Oreal USA*, No. 18-CV-9786, 2021 WL 1191443, at #1 (S.D.N.Y. Mar. 30, 2021) ("[T]he privacy interests of non-parties outweigh the presumption of public access."). The sealing request is also narrowly tailored to protect the privacy interests of the non-parties. *See Johnson*, 2021 WL 1191443 at *2 (holding that redactions must be "narrowly tailored to serve [the] purported interests and [] essential to preserve higher values.")

For the foregoing reasons, the parties' motion is GRANTED. The Clerk of Court is respectfully requested to terminate ECF 180.


Dated: March 7, 2026                      SO ORDERED,
       New York, NY

                                          _____
                                          **ROBYN F. TARNOFSKY**
                                          **United States Magistrate Judge**

3