# JOHN DOE

PO Box #250050
New York, NY 10025
(917) 450-9050

**Direct Dial: (917) 450-9050**
**Direct Email: johndoe.casemail@gmail.com**

March 23, 2026

**VIA ECF**
The Honorable Robyn F. Tarnofsky
United States District Court
Southern District of New York
500 Pearl Street, Room 703
New York, NY 10007

# EXPEDITE

**Re:    Doe v. Columbia University No. 1:25-cv-02132-DEH-RFT**

Dear Judge Tarnofsky:

I write as Plaintiff in the above-referenced matter, to respectfully respond in opposition to Mack Roe's Application at ECF 187  for a protective order limiting the production scope of the Family Educational Rights and Privacy Act ("FERPA') documents involving Mack Roe's education records, that are responsive to Plaintiff's discovery requests directed at Columbia. For the foregoing reasons, Mack Roe's request for a Protective Order should be denied, and the Court should order Columbia to produce the documents to Plaintiff on a date decided by the Court.

As a preliminary matter, Your Honor already ordered that Columbia produce the FERPA documents at issue to Plaintiff as reflected in Your Honor's March 9, 2026 order at ECF 184. Your Honor ordered that  "Mack Roe's update "shall include a date by which the production will be made". Despite Counsel for Mack Roe conferring with Columbia, Mack Roe's update does not include a date by which the production will be made, which violates the Order of this Court. Instead, Mack Roe takes his disagreement with the Order of this Court, directly to the docket and argues here at length why the documents should not be produced to Plaintiff. Given the untimeliness of Mack Roe's applications, and Pursuant to the Order of the Court at ECF 184 directing Mack Roe to provide a date by which the production will be made, Plaintiff respectfully submits that a conference is not necessary, and respectfully requests that the Court deny Mack Roe's applications on the papers, and order Columbia to produce to Plaintiff the FERPA documents at issue pursuant to Plaintiff's discovery requests for documents directed at Columbia.

However, should the Court decide to hold a conference with the parties, notwithstanding the Court's March 9, 2026 directive at ECF 184, Plaintiff will participate, and in advance of any scheduled conference, respectfully responds below with a brief factual background as well as written argument in opposition to Mack Roe's applications. Plaintiff assumes the Court's familiarity with the extensive factual and procedural background previously presented on the docket, and therefore addresses only those points necessary to resolve the instant applications.

1

### I.    Factual Background Relevant to the Pending Applications

The FERPA documents at issue are related to Mack Roe's participation[1] in Plaintiff's gender-based misconduct ("GBM") disciplinary proceeding and (3) additional sub-disciplinary proceedings of the GBM proceeding, which gave rise to this lawsuit, all of which are addressed in the Complaint. The first disciplinary proceeding (Proceeding 1) concerned the gender-based misconduct allegations Jane Roe made against Plaintiff. The second disciplinary proceeding (Proceeding 2) was a sub-disciplinary proceeding related to the retaliation allegations that Plaintiff made against Mack Roe concerning Mack Roe's race-based harassment of Plaintiff, Mack Roe's death threats towards Plaintiff, Mack Roe's assault of Plaintiff, Mack Roe's collusion against Plaintiff, and Mack Roe's falsification of evidence. The third disciplinary proceeding (Proceeding 3) was a sub-disciplinary proceeding related to Mack Roe's retaliation allegations against Plaintiff, arising from Plaintiff's retaliation allegations against Mack Roe in Proceeding 2. The fourth disciplinary proceeding (Proceeding 4)[2] was an additional sub-disciplinary proceeding concerning Mack Roe's allegations of retaliation against Plaintiff, for Plaintiff's alleged violation of the no-contact directive (NCD) between Plaintiff and Mack Roe and the Confidentiality Agreement.

On June 27, 2025 Plaintiff served Columbia University with a Request for Production of Documents concerning *inter alia* Mack Roe's participation in all of these proceedings (Proceedings 1-4). On August 27, 2025 Columbia responded to Plaintiff's RFPs agreeing to provide documents responsive to Plaintiff's requests, insofar as any FERPA issues related to Mack Roe's education records were resolved. Subsequently, on October 9, 2025 (ECF 101), counsel for Mack Roe notified the Court that Mack Roe had requested from Columbia, pursuant to the review provisions of FERPA, the production of all documents responsive to Plaintiff's RFPs directed at Columbia that implicate Mack Roe's education records.  On November 17, 2025 (ECF 129) the Court ordered Columbia to produce to Mack Roe the production of all documents responsive to Plaintiff's RFPs directed at Columbia that implicated Mack Roe's education records. The Court ordered Columbia to do so by December 17 2025. On December 17, 2025 pursuant to the review provisions of FERPA and the Court's Order, Columbia produced to Mack Roe documents responsive to Plaintiff's RFPs directed at Columbia that implicate Mack Roe's education records.

### II.    The FERPA Documents at Issue are Relevant to Plaintiff's Title IX Erroneous Outcome Claim and  Discoverable Under FRCP 26(b)(1)

The crux of Mack Roe's application is two-fold. First, Mack Roe contends that the documents at issue, being those related to Mack Roe's participation as a Witness, Respondent, and Complainant in three (3) sub-disciplinary proceedings of the GBM proceeding, are "not relevant" to Plaintiff's claims in this lawsuit and therefore "not discoverable" under Rule 26 of the Federal Rule's of Civil Procedure. Mack Roe is mistaken. The Second Circuit said in *Yusuf* that "a [Title IX] complaint may allege particular evidentiary weaknesses behind the finding of an offense such as a motive to lie on the part of a complainant **or witnesses**, particularized strengths of the defense, or other reason to doubt the veracity of the charge. " *Yusuf v. Vassar College*,35 F.3d 709, 715 (2d Cir. 1994), and FRCP 26(b)(1) provides that "Parties may obtain discovery regarding any

---

[1] The Court reject Mack Roe's attempts through his very competent counsel to divorce himself from Disciplinary Proceedings 2-4. As further explained in detail herein, Proceedings 2-4 would not exist without Mack Roe.

[2] Mack Roe addresses parts of Proceeding 4 briefly in his application, albeit, on **incorrect** "information and belief".

2

nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information". Courts in this district apply a liberal relevance standard in discovery, permitting discovery of information that has any tendency to make a fact more or less probable than it would be without the evidence, provided the fact is of consequence in determining the action *see Hughes v. Twenty-First Century Fox, Inc.*, 327 F.R.D.55 (S.D.N.Y. 2018) (confirming case that Rule 26(b)(1)'s relevance requirement is broad). Accordingly, Mack Roe's attempt to shield these materials from discovery is self-serving and inconsistent with both the law in this Circuit and the broad scope of Rule 26.

### A.    The FERPA Documents at Issue are Interwoven and Cannot be Divorced

It is *undisputed* that the documents related to the disciplinary proceedings that Mack Roe seeks to protect are tightly interwoven. <u>As explained above in Section I in factual background, Proceeding 2, Proceeding 3, and Proceeding 4, would not exist without Proceeding 1</u>, and it was the actions and participation of **Mack Roe** that led to Proceeding 2, Proceeding 3, and Proceeding 4. Moreover, the documents may reveal *clear* procedural irregularities in these proceedings *see Yusuf v. Vassar Coll.,* 35 F.3d 709, 715 (2d Cir. 1994)(vacating dismissal of Title IX erroneous outcome claim holding that allegations of a procedurally flawed proceeding that led to an adverse and erroneous outcome combined with well-pled allegations of gender discrimination are sufficient to state a Title IX Claim). *See also Feibleman v. The Trustees of Columbia University In The City of New York* 1:19-cv-04327 (S.D.N.Y.) (denying Motion to Dismiss Title IX erroneous outcome claim and holding that *Yusuf* directly controls the pleading standard for an erroneous outcome claim in this circuit). Accordingly, the FERPA documents at issue concerning Proceedings 2-4 that Mack Roe seeks to protect are not discrete, separate educational records of Mack Roe that can be excised from this record and prevented from disclosure under FERPA.

### B.    The FERPA Documents at Issue are Relevant to Plaintiff's Title VI Claim

Additionally, the FERPA documents at issue are highly relevant to Plaintiff's title VI claim against Columbia, and could reveal Columbia's actual knowledge of, and subsequent actions (or inactions) in response to Plaintiff's reports of racial harassment from Mack Roe *see Zeno v. Pine Plains Cent. Sch. Dist., 702 F.3d 655, 666 (2d Cir. 2012)*(holding actual knowledge of reported racial harassment is a predicate to liability and that a school's actions are *deliberately indifferent* if they were "clearly unreasonable in light of the known circumstances." Plaintiff alleges in the complaint that Plaintiff reported the racial harassment from Mack Roe to multiple Columbia Administrators. In his application to this Court, Mack Roe states that "[Plaintiff's Fourth] cause of action [for Columbia's deliberate indifference to Plaintiff's reported racial harassment by Mack Roe] does not appear in the Disciplinary Cases at issue before Your Honor." BINGO. Columbia did not commence a disciplinary proceeding in response to Plaintiff's reports of racial harassment by Mack Roe despite having actual knowledge of the harassment, just as Plaintiff has alleged in the Complaint. Was Columbia's decision *not* to respond to Plaintiff's reports of racial harassment and commence a proceeding "clearly unreasonable" in light of the *known* circumstances? **That is a question of fact**, and the FERPA Documents at issue could tell us something *if we listen.*

Mack Roe does complain that Plaintiff's well-pled allegations of deliberate indifference under Plaintiff's Fourth Cause of Action, are "insufficient" to justify discovery. But Mack Roe's opinion on the pleadings does not matter and should be disregarded by the Court. The requested documents bear directly on whether Columbia conducted a procedurally flawed, sex-biased process and responded with deliberate indifference to Plaintiff's reports of racial harassment and discrimination by Mack Roe. Mack Roe's attempts to shield the documents from disclosure to Plaintiff should be rejected by the Court, and Plaintiff should be permitted full discovery into all of the proceedings at issue in this lawsuit and any such interrelated documents.

### C.  The FERPA Documents at Issue are Highly Relevant to Columbia's Defenses

Indeed, the FERPA documents at issue that Mack Roe seeks to protect are *highly* relevant to Plaintiff's claims and proportional to the needs of the case, which is enough, in and of itself. But **the FERPA documents at issue that Mack Roe seeks to protect are also *highly* relevant to Columbia's defenses in this action.**  In its defenses in this action Columbia argues that Plaintiff's Fourth Cause of Action for Deliberate Difference in violation of Title VI should be "dismissed with prejudice" because "Plaintiff fail[ed] to allege actual knowledge [on behalf of Columbia] of any purported harassment [from Mack Roe]" sufficient to state a Title VI Claim *see* Columbia's Motion to Dismiss ECF 41 at *23 section III. *see also* Columbia's Reply Brief in Support of its Motion to Dismiss at ECF 88 at *10. But as Mack Roe has conceded in his application, the documents at issue involve communication between Mack Roe and Columbia regarding "extremely serious accusations" made by Plaintiff to Columbia in relation to Mack Roe. Considering the fact that Columbia's defenses in this action are that it "had no knowledge" of Mack Roe's alleged harassment of Plaintiff and that Columbia's communications with Mack Roe could reveal the opposite, **the FERPA documents at issue also *highly* relevant to Columbia's defenses in this action.**  While Mack Roe may disagree with Plaintiff's litigation, Plaintiff has the right to prosecute his claims as he sees fit. Rule 26 controls the scope. Mack Roe does not.

### III.    Mack Roe's Claims of "Potential Great Harm" are Meritless

Mack Roe posits that he "could potentially suffer great harm should these education records be produced citing what he calls "the specter of Plaintiff's purported prior violations of the confidentiality order". But the Court is well aware, that Plaintiff's prior purported "violation" of the confidentiality order,  was concerning *inter alia* acts of collusion by Mack Roe that were already alleged by Plaintiff publicly in his operative complaint.  The Court is also well aware, that Plaintiff expeditiously resolved any purported "violations", of the confidentiality order, and of which cannot be a basis to deny Plaintiff's access to relevant and proportional discovery. Moreover, Plaintiff already has in his possession, education records related to Plaintiff's allegations against Mack Roe. What Plaintiff does not have, and what he seeks in these education records, is the communications and related documents between Mack Roe and Columbia relating to these accusations to prove that Columbia had actual knowledge of  Mack Roe's alleged race-based harassment of Plaintiff and that Columbia's response to Plaintiff's reports of race-based harassment of Plaintiff by Mack Roe were either nonexistent, or "clearly unreasonable in light of the known circumstances" under *Zeno*. Accordingly, Mack Roe's contentions are self-defeating and disjointed, find no solace in the record, and should be rejected by the Court.

4

## IV.    Plaintiff Has Met His "Heightened" Burden Under FERPA

FERPA does not provide a privilege that prevents the disclosure of student records *Ragusa v. Malverne Union Free Sch. Dist.,* 549 F. Supp. 2d 288, 291 (E.D.N.Y. 2008),. Nor was FERPA intended to abrogate the rules of discovery in civil litigation, or have a preclusive effect *Doe v. Yale Univ.,* 564 F. Supp. 3d 11, 20 (D. Conn. 2021) *see also Stellwag v. Quinnipiac Univ.,* No. 3:09-CV-1031 AWT, 2010 WL 4823355, at *1 (D. Conn. Nov. 18, 2010) (granting motion to compel production of FERPA-protected documents holding that under the Provisions of the FERPA statute FERPA-protected documents may be disclosed pursuant to a judicial order). However, Plaintiff as the movant seeking the disclosure is required under FERPA, to show that Plaintiff's interests, in obtaining disclosure of the FERPA documents at issue, outweighs Mack Roe's interests in keeping the records private *see id.* Indeed, Plaintiff's burden is "heavier" in this regard, *see Yale, supra,* and Plaintiff more than meets his burden under FERPA.

## V.    Mack Roe's Request for Ex-Parte Review is Improper

Finally, Mack Roe's application for an ex parte in-camera review of Mack Roe's education records is improper and wholly inconsistent with the case law in this circuit. First, as Counsel for Mack Roe concedes, in Mack Roe's application to this Court, Counsel for Mack Roe did not meet-and-confer with Plaintiff regarding this request in violation of Rule III(B) of Your Honor's Individual Rules and Practices in Civil Cases. But even if he had, Mack Roe cannot use an in-camera review to substitute his burden under FERPA. *See New York Times Co. v. U.S. Dep't of Just.,* 915 F. Supp. 2d 508, 532 (S.D.N.Y. 2013) (affirming that in camera review is not a substitute for movant's burden). For these reasons, Plaintiff respectfully objects to Mack Roe's application for an ex-parte review, and respectfully requests that Mack Roe's application be denied.

## VI.    Relief Requested from the Court

Based on the foregoing, Plaintiff respectfully requests that the Court (a) **deny** Mack Roe's application for a protective order on the FERPA-protected documents at issue, (b) **deny** Mack Roe's application for an ex-parte in-camera review of the FERPA-protected documents at issue, and (c) **order** Columbia to produce to Plaintiff the requested FERPA-protected documents at issue related to Disciplinary Proceedings 1-4 involving Mack Roe's FERPA-protected education records and (d) **set a date** for Columbia's production of the FERPA documents to Plaintiff.

Your Honor's time and attention to this matter is greatly appreciated.

Respectfully Submitted,

John Doe,
Plaintiff, *Pro Se*

cc: All Counsel of Record **(VIA ECF)**

5