

KKL LLP
350 Fifth Avenue, 77th Floor
New York, NY 10118
+1 212 390 9550
www.KKLllp.com

April 1, 2026

**Via ECF**

The Hon. Robyn F. Tarnofsky
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

> **Re:**    ***John Doe v. Columbia University*, No. 25 Civ. 2132 (DEH)(RFT) (S.D.N.Y.)**

Dear Judge Tarnofsky:

I represent non-party Jane Roe in the above-captioned litigation. Pursuant to Your Honor's Rules regarding Individual Practices in Civil Cases, Section III, I respectfully request a pre-motion conference to discuss Plaintiff's noncompliance with our agreement that he reimburse Ms. Roe for reasonable costs incurred when responding to Plaintiff's subpoena. For the following reasons, Plaintiff should be ordered to reimburse Ms. Roe in the amount of $8,418.68, which represents the total amount that our e-discovery vendor billed my firm for the collection, processing, hosting, and production of Ms. Roe's data. Ms. Roe is not seeking reimbursement for attorneys' fees incurred in connection with the subpoena responses. If Plaintiff has any objection to payment of these costs, he should be directed to file his objection in writing within 30 days.[1]

## Background

### Agreement on Cost Reimbursement

The Court first discussed Plaintiff's obligation to pay the reasonable costs incurred in connection with third-party discovery during a June 6, 2025 status conference. *See* ECF No. 62 at 31:1–5 ("The Court: . . . [T]here are reasonable costs of collection and review."); *id.* at 33:7–11 ("The Court: . . . The way it works is that, you now, in a cost shifting situation, [Ms. Roe's counsel] would send you a bill, and if you think it's not a reasonable bill, you can say this is unreasonable, I shouldn't have to pay all of it."). Plaintiff agreed to pay such costs. *See id.* at 16–18 ("Mr. Doe:

---

[1] Plaintiff and I had a meet and confer regarding his obligation to reimburse Ms. Roe's costs on October 27, 2025. Throughout our interactions, including during a meet and confer on an unrelated topic on February 10, 2026, Plaintiff has called me "unbecoming" and a "thief," has warned me not to "do anything stupid," and stated, "I thought you were a competent attorney." Ex. 1 at 2, 5. Further, he has falsely accused Ms. Roe of defaming him, violating various policies, and colluding with Mack Roe. Ex. 2. Given Plaintiff's increasing volatility and hostility toward my client and me, I do not believe that an additional meet and confer on this issue would have been productive.

April 1, 2026
Page 2 of 5

I'll bear the cost.  I mean, I won't have a choice but to bear the cost, and I'll bear the cost.").  On October 6, 2025, Plaintiff served a subpoena on Ms. Roe.

On October 20, 2025, I reminded Plaintiff of his obligation "to bear the 'reasonable costs' of Ms. Roe's collection, review, and production in response to [Plaintiff's] subpoena."  Ex. 3.  I offered to provide Plaintiff "with an estimate from our vendor for the reasonable cost of collection, review, and production of [Ms. Roe's] documents."  *Id.*  Plaintiff responded that he would "not agree to an arbitrary vendor 'estimate,'" as it would have been "speculative and therefore unreliable" because Ms. Roe was still conducting a reasonable search of any responsive documents.  Ex. 4 at 3.  On October 21, 2025, I clarified that (1) the case law requires a party to pay for "the costs of reviewing and producing the documents," including "the vendor costs and also the attorney costs," *id.* at 2 (quoting *Sonoma Cnty. Ass'n v. Retired Emps. v. Sonoma County*, 2015 WL 10767718, at *1 (S.D.N.Y. Oct. 6, 2015)); and (2) my firm does not have an in-house e-discovery vendor, and thus my intention was "to extend [Plaintiff] the courtesy of first obtaining an estimate from a vendor" before moving ahead with collecting, reviewing, and producing communications, *id.*

On October 27, 2025, Plaintiff and I engaged in a meet and confer, during which we discussed parameters of whether and how Plaintiff would reimburse Ms. Roe for the costs of responding to his subpoena.  I also raised the possibility of producing Ms. Roe's text messages without metadata to avoid a costly collection and production process.  On November 7, 2025, I presented Plaintiff with the option of having us perform either (1) a manual collection and production without metadata, for which I would not seek any costs because we could perform it in-house; or (2) a forensic collection from an independent e-discovery vendor, for which we received an estimate of $3,000 for the collection and an additional $2,000 for production.  Ex. 5.  I clarified that "the total costs could end up being more or less than the estimate."  *Id.*  Plaintiff responded that he would prefer to do the forensic collection, he would reimburse reasonable costs, and he reserved his right "to seek appropriate relief from the Court . . . should [he] determine that the costs are disproportionate to the documents produced."  *Id*.  In either situation, I informed Plaintiff that I would not seek reimbursement for attorney or paralegal time spent responding to Plaintiff's subpoena, which would typically be reimbursable.  *Id.*

After several additional exchanges, Plaintiff and I agreed on a process and timeline for cost reimbursement:

> A deferred payment schedule under which reimbursement for costs associated with compliance with the subpoena, will be due 90 days after full compliance with the subpoena, (including production of the privilege log if any). Any dispute related to costs must be raised within 30 days of any such production (including production of the privilege log if any). Accordingly, if any timely dispute regarding costs is raised with the Court, the payment schedule will reset, and payment will instead be due 90 days from the Court's resolution of any such dispute.

Ex. 6.

Accordingly, I proceeded with collecting, processing, reviewing, and producing Ms. Roe's electronic communications.  A third-party vendor, Epiq eDiscovery Solutions, Inc. ("Epiq"),

April 1, 2026
Page 3 of 5

performed the collection, processing, and platforming (on a Relativity database) of Ms. Roe's communications. We reviewed Ms. Roe's collected communications twice: first, to identify any responsive communications that were "related to Plaintiff's disciplinary proceedings," which the Court defined as the relevant scope, *see* ECF No. 71; and second, to identify any additional responsive communications that may have been "related to Plaintiff in any way," which Plaintiff later requested, ECF No. 143. With Epiq's assistance, I produced Ms. Roe's responsive, non-privileged communications on February 3, 2026.[2]

### *Vendor Costs*

The total cost of Epiq's services in performing the collection, processing, hosting, and production of Ms. Roe's communications in response to Plaintiffs' subpoena is $8,418.68. *See* Ex. 7.

On March 17, 2026, I emailed Plaintiff three invoices from Epiq reflecting these costs and stated that the agreed-upon 30 days to raise disputes regarding cost began to toll that day. Ex. 1 at 10. I asked Plaintiff to direct payment to my law firm, KKL LLP, as we had already arranged payment to Epiq. *Id.* Plaintiff, however, responded that he would not address these costs until Ms. Roe "made [her] final production in response to the subpoena," which could include "additional productions" as Plaintiff deems appropriate. *Id.* at 9. I explained that our agreement did not contemplate that challenges to costs would be reserved until a "final production" was made, only that (1) disputes regarding costs would be made within 30 days of production; and (2) payment would be made "90 days after full compliance with the subpoena." *Id.* at 7–8. Plaintiff, however, again refused and complained about the costs. In response, I explained that the costs here were typical, but agreed "in an effort to avoid burdening the Court, . . . that all disputes regarding costs must be made within 30 days of the production of the call logs." *Id.* at 6.

On March 23, 2026, Judge Ho dismissed Plaintiff's Complaint without prejudice, giving him 30 days to file a motion for leave to file an amended complaint. ECF No. 188. The same day, this Court stayed discovery unless and until a new operative complaint is filed. ECF No. 189. In light of these developments, on March 24, 2026, I emailed Plaintiff stating that "the 30 days that [he] ha[s] to contest the costs of Ms. Roe's response to [his] subpoena started to run on" March 23, and "[b]arring any timely motion to contest those costs, [Plaintiff had] 90 days from [March 23] to make payment." *Id.* at 4. Plaintiff refused, asserting he "cannot pay for an incomplete production," and that even though his Complaint was dismissed, the costs were unreasonable and I was "trying to steal from" him. *Id.* at 2.

---

[2] Following this production, Plaintiff sought additional discovery from Ms. Roe, including call logs during the relevant period. *See* ECF No. 163. On February 27, 2026, the Court ordered that Ms. Roe produce "a log of all calls between Jane Roe and Mack Roe on days on which either Jane Roe or Mack Roe was interviewed by Columbia." ECF No. 170. The collection and production process was underway, but a production was not made prior to the Court's stay of discovery, ECF No. 189, following Judge Ho's dismissal of the Complaint, ECF No. 188.

April 1, 2026
Page 4 of 5

## Discussion

Plaintiff should be ordered to reimburse Ms. Roe in the amount of $8,418.68 for costs incurred responding to Plaintiff's subpoena.

*First*, courts frequently require parties to reimburse reasonable costs for third parties to respond to subpoenas. *See Prescient Acquisition Grp., Inc. v. MJ Publ'g Tr.*, No. 05-CV-6298, 2006 WL 2996645, at *3 (S.D.N.Y. Oct. 13, 2006) (requiring party to reimburse 100% of actual expenses to third party in responding to subpoena); *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma County*, No. 15 Misc. 191, 2015 WL 10767718, at *1 (S.D.N.Y. Oct. 6, 2015) (referencing earlier order requiring party typically to pay for non-party's "costs of reviewing and producing the documents," including "the vendor costs and also the attorney costs"). Moreover, Plaintiff failed to "take reasonable steps to avoid imposing an undue burden or expense on" Ms. Roe, *see* Fed. R. Civ. P. 45(d)(1), because he rejected an offer to manually collect Ms. Roe's text messages. Ex. 5. Instead, understanding a $5,000 quote could underestimate the total cost, Plaintiff chose a forensic collection and production including metadata, and in doing so, agreed to reimburse the costs.

Plaintiff has argued that he need not raise disputes now regarding Ms. Roe's costs until she has produced all documents to his satisfaction, suggesting that he will first review any production of call logs and then unilaterally "determine whether additional productions are warranted." Ex. 1 at 9. But that is not the agreement. Pursuant to the plain terms of our agreement—which Plaintiff himself crafted and to which I agreed—Plaintiff must raise any disputes with respect to costs within 30 days of "any . . . production." *Id.* at 8. This language—within 30 days of "any such production"—is distinct from the time by which Plaintiff must reimburse Ms. Roe's costs—"90 days after full compliance with the subpoena." Ms. Roe made her production on February 3, 2026, and I sent Plaintiff the relevant invoices on March 17, 2026, *id.* at 10.

Moreover, Judge Ho dismissed Plaintiff's Complaint on March 23, 2026, with 30 days to move to amend, ECF No. 188, and Your Honor stayed discovery in the interim, ECF No. 189. Because discovery is stayed and Ms. Roe has already completed her production, it makes sense for Plaintiff to raise any challenges to costs now; we can revisit the cost of any future productions if the Court grants Plaintiff's motion for leave to amend his complaint and discovery resumes.

*Second*, the $8,418.68 spent in responding to Plaintiff's subpoena is reasonable. We are only seeking expenses, not attorneys' fees, to which we would also be entitled. *See Sonoma*, 2015 WL 10767718, at *1 (noting attorneys' fees and expenses were ordered to be reimbursed for responding to subpoena); *Content v. Bank of Am. Corp.*, No. 17-CV-3139, 2020 WL 3260958, at *6 (S.D.N.Y. June 17, 2020) (awarding third party attorneys' fees for responding to subpoena). And $8,418.68 represents typical—if not lower than average—costs for an e-discovery vendor to collect, process, host, and prepare for production data from a cell phone. *Cf., e.g., Match Grp., LLC v. Beazley Underwriting Ltd.*, No. 22-CV-4629, 2023 WL 9603886, at *10 (S.D.N.Y. Dec. 21, 2023) (collecting cases and approving more than $22,000 in e-discovery vendor costs in fee shifting case post judgment); *28th Highline Assocs., LLC v. Roache*, No. 18-CV-1468, 2019 WL 10632851, at *6 (S.D.N.Y. July 29, 2019) (noting party paying monthly fee of over $7,000 for vendor to host data, totaling over $40,000, "[w]hile expensive," was "consistent with this Court's experience and knowledge of the costs of ediscovery vendors").

April 1, 2026
Page 5 of 5

## **Conclusion**

Because Plaintiff explicitly agreed to pay reasonable costs incurred in connection with Ms. Roe's response to his subpoena, and because $8,418.68 in e-discovery vendor costs is reasonable, Plaintiff should be ordered to reimburse Ms. Roe in that amount within 90 days.  If Plaintiff wishes to challenge these costs, he should be directed to file any objection within 30 days.

Respectfully submitted,
KKL LLP


By:    */s/ Molly K. Webster*
Molly K. Webster


Encl.

# EXHIBIT 1

| | |
|---|---|
| **From:** | John Doe <johndoe.casemail@gmail.com> |
| **Sent:** | Tuesday, March 24, 2026 4:51 PM |
| **To:** | Molly Webster (KKL) |
| **Subject:** | Re: Doe v. Columbia - Third Party Cost Reimbursement |

**\*\* EXTERNAL EMAIL \*\***

Ms. Webster,

You are trying to steal from me and I will not let that happen, and I do not think Judge Tarnofksy will let that happen either. Dozens of project managers, meetings, and strategy sessions at hundreds of dollars an hour at 3X the quote at [your] direction and you want me to pay all of that?

....no way thief.

John Doe.

**John Doe, Plaintiff (Pro Se)**
PO Box #250050  New York, New York 10025
**T:** (917) 450-9050 **E:** johndoe.casemail@gmail.com

Information contained in this transmission may be confidential.  It is solely intended for use by the individual or entity named above.  If you have received this communication in error, please immediately notify me by telephone and delete this communication.

On Tue, Mar 24, 2026 at 4:36 PM John Doe <johndoe.casemail@gmail.com> wrote:

Ms. Webster,

I understand that there is no operative complaint. (yet) and I know that you're excited. But Your production is incomplete, Your costs are unreasonable, $8,000+ for few pages of texts and an incomplete production? No way. But like you said, discovery is stayed. When discovery resumes, or when your production is complete, we will address the costs. It is too premature to raise this discovery dispute with Judge Tarnofksy. Discovery is stayed. My Motion to amend will be on the docket before long so hold your horses counsel.

John Doe

**John Doe, Plaintiff (Pro Se)**
PO Box #250050  New York, New York 10025
**T:** (917) 450-9050 **E:** johndoe.casemail@gmail.com

Information contained in this transmission may be confidential.  It is solely intended for use by the individual or entity named above.  If you have received this communication in error, please immediately notify me by telephone and delete this communication.

On Tue, Mar 24, 2026 at 4:00 PM Molly Webster (KKL) <Molly.Webster@kklllp.com> wrote:

Mr. Doe:

Because discovery is stayed, there is no operative complaint, and the Court granting your motion to file a first amended complaint is hypothetical, Ms. Roe's production costs should be reimbursed now.  As I have previously stated, it continues to be our position that the clock should have started from the date of our first production—not when production is complete.  If you disagree, I am happy to raise the issue with the Magistrate Judge.

Thank you,

Molly

**From:** John Doe <johndoe.casemail@gmail.com>
**Sent:** Tuesday, March 24, 2026 3:25 PM
**To:** Molly Webster (KKL) <Molly.Webster@KKLllp.com>
**Subject:** Re: Doe v. Columbia - Third Party Cost Reimbursement

** EXTERNAL EMAIL **

Ms. Webster,

Thank you for your email.

As you are aware, your production is incomplete. I cannot pay for an incomplete production. I will address when discovery resumes, or when production is complete.

Best,

JD

**John Doe, Plaintiff (Pro Se)**

PO Box #250050  New York, New York 10025

**T:** (917) 450-9050 **E:** johndoe.casemail@gmail.com

Information contained in this transmission may be confidential.  It is solely intended for use by the individual or entity named above.  If you have received this communication in error, please immediately notify me by telephone and delete this communication.

On Tue, Mar 24, 2026 at 2:24 PM Molly Webster (KKL) <Molly.Webster@kklllp.com> wrote:

Mr. Doe:

In light of the District Judge's dismissal of your complaint and the Magistrate Judge's stay of all discovery, the 30 days that you have to contest the costs of Ms. Roe's response to your subpoena started to run yesterday.  Barring any timely motion to contest those costs, you have 90 days from yesterday to make payment to KKL.  The total amount owed is **$8,418.68**, as reflected in the attached invoices from Epiq.  You can send a check made out to "KKL LLP" to my attention at the address below.  If you'd like to pay by ACH/wire transfer, please let me know and I will provide my firm's banking details.

Per your request, I've attached versions of Epiq's invoices with task billing included.  I have redacted portions of entries that represent attorney work product.  By providing you with these task billings, we are expressly reserving our rights with respect to attorney-client privilege and the attorney work product doctrines.  By providing you with these task billings, we are not intending to waive any such protections.

Thank you,

Molly

**Molly K. Webster**

KKL

350 Fifth Avenue, 77th Floor | New York, NY 10118

212.390.9562 (w) | 607.227.3398 (c)

molly.webster@KKLllp.com | www.KKLllp.com

**From:** John Doe <johndoe.casemail@gmail.com>
**Sent:** Thursday, March 19, 2026 4:25 PM
**To:** Molly Webster (KKL) <Molly.Webster@KKLllp.com>
**Subject:** Re: Doe v. Columbia - Third Party Cost Reimbursement

**\*\* EXTERNAL EMAIL \*\***

Ms. Webster,

I have treated you with respect throughout this process as well, not to mention the utmost patience. I disagree with your characterization of my language as "inflammatory". Zealous perhaps, but not inflammatory. Your assertion that you offered to produce PDFs free of cost is simply false. Moreover, You quoted me $3,000.00 for the full production which has now increased to $8,000.00 without any justification whatsoever. To the extent you were bilked by your vendor, that's between you and your vendor, and has nothing to do with me. You have also forced me to spend an immense amount of time researching, preparing, filing, and arguing multiple motions to compel your compliance with the subpoena and the Court's orders. I could have moved for fees multiple times but I have not. Should you ultimately decide to move for costs and fees related to your Client's compliance with the subpoena, I will ask Judge Tarnofksy to consider your multiple refusals to comply, and my related motions to compel which were successful. I do not know (yet) who retained your for Jane Roe, or where you even came from, but your behavior is wholly unbecoming.

**John Doe, Plaintiff (Pro Se)**

PO Box #250050  New York, New York 10025

**T:** (917) 450-9050 **E:** johndoe.casemail@gmail.com

_____

Information contained in this transmission may be confidential.  It is solely intended for use by the individual or entity named above.  If you have received this communication in error, please immediately notify me by telephone and delete this communication.

On Wed, Mar 18, 2026 at 2:14 PM Molly Webster (KKL) <Molly.Webster@kklllp.com> wrote:

Mr. Doe:

I have treated you with respect throughout this process, and I would appreciate you do the same and omit the unnecessary inflammatory language.

The production costs associated with extracting and production documents with metadata here are typical. As you know, we gave you the option of doing a more straightforward production wherein we'd produce PDFs without metadata, for which we offered to not charge anything. You chose for us to collect and produce metadata. The costs here are typical of those efforts.

While your interpretation is a rewriting of the plain terms of our agreement, in an effort to avoid burdening the Court, I will agree that all disputes regarding costs must be made within 30 days of the production of the call logs.

Please note that barring extenuating circumstances, I will not agree to produce anything beyond the call logs the Court ordered. Moreover, unlike with respect to Ms. Roe's first production and the production of the call logs, I will seek reimbursement for attorney and paralegal time in challenging and/or responding to any further discovery requests, in addition to vendor costs.

Thank you,

Molly

---

**From:** John Doe <johndoe.casemail@gmail.com>
**Sent:** Wednesday, March 18, 2026 1:45 PM
**To:** Molly Webster (KKL) <Molly.Webster@KKLllp.com>
**Subject:** Re: Doe v. Columbia - Third Party Cost Reimbursement

** EXTERNAL EMAIL **

Respectfully Counsel,

I am not going to argue with you over billing when your production has not been completed. Moreover, it is wholly impractical and a colossal waste of time and resources to have multiple conferences, meet and confers, and potential briefings over cost disputes related to compliance with the same subpoena especially when production pursuant to the subpoena is not even complete, and there is no definitive date for completion of production.

You were ordered by the Court to produce your Client's call-logs under subpoena. You have not done so, and refuse to give me a definitive date when it will be completed.When your production is complete, and you provide to me all associated invoices and costs breakdowns, I will raise any dispute as to costs within 30 days of production as agreed, and if needed, raise the issue with the Court. Rest assured, I will reimburse the firm whatever costs Judge Tarnofksy deems reasonable, but also rest assured that I will aggressively oppose unreasonable costs. $10,000.00 for this production  not including attorney costs and fees is FRAUD. Unless you want to expose your vendor to liability, I suggest you knock it off.

Please give me a date when you will make your production. Do so by Friday.

Thank you,

JD

**John Doe, Plaintiff (Pro Se)**

PO Box #250050  New York, New York 10025

**T:** (917) 450-9050 **E:** johndoe.casemail@gmail.com

_____

Information contained in this transmission may be confidential.  It is solely intended for use by the individual or entity named above.  If you have received this communication in error, please immediately notify me by telephone and delete this communication.

On Wed, Mar 18, 2026 at 9:22 AM Molly Webster (KKL) <Molly.Webster@kklllp.com> wrote:

Mr. Doe:

Your first email does not represent our agreement.  Our agreement—as copy and pasted from what you wrote in the attached email—is:

"A deferred payment schedule under which reimbursement for costs associated with compliance with the subpoena, will be due 90 days after full compliance with the subpoena, (including production of the privilege log if any). Any dispute related to costs must be raised within 30 days of any such production (including production of the privilege log if any). Accordingly, if any timely dispute regarding costs

is raised with the Court, the payment schedule will reset, and payment will instead be due 90 days from the Court's resolution of any such dispute."

The above agreement states that a dispute related to cost "must be raised within 30 days of" production. This language is notably different from that regarding the day of payment, which will be "90 days after full compliance with the subpoena." In other words, disputes related to costs must be raised within 30 days of production, whereas payment will be made within 90 days of "full compliance." I am offering to extend the date by which you must raise any disputes to be within 30 days from today, when I emailed you the invoices, as opposed to 30 days of the production, which was on February 3, 2026. Please explain your change in position.

With respect to your second email, can you please explain what you mean by my "payment arrangement with the vendor"? We can also provide a breakdown of the task billing; we have those invoices in our possession but will need to redact for privilege issues.

Thank you,

Molly

---

**From:** John Doe <johndoe.casemail@gmail.com>
**Sent:** Tuesday, March 17, 2026 3:52 PM
**To:** Molly Webster (KKL) <Molly.Webster@KKLllp.com>
**Subject:** Re: Doe v. Columbia - Third Party Cost Reimbursement

** EXTERNAL EMAIL **

Additionally counsel, I will request your payment arrangement with the vendor. I may also wish to request from the vendor a breakdown of the extensive block billing reflected in the invoices. In light of the fact that the purported costs and fees reflect extensive block billing (which is highly discouraged in the industry) and exceeds the estimated quote by an astounding $5,000 additional information may be required.

Best,

JD

**John Doe, Plaintiff (Pro Se)**

PO Box #250050  New York, New York 10025

**T:** (917) 450-9050 **E:** johndoe.casemail@gmail.com

_____

Information contained in this transmission may be confidential.  It is solely intended for use by the individual or entity named above.  If you have received this communication in error, please immediately notify me by telephone and delete this communication.

On Tue, Mar 17, 2026 at 12:57 PM John Doe <johndoe.casemail@gmail.com> wrote:

Ms. Webster,

I have received your email with the invoices. The invoices will be addressed within 30 days from when you make your final production in response to the subpoena and send your final invoice. Not before. Upon my receipt of the call-log production, I will determine whether additional productions are warranted. I will not address the merits of the purported costs and fees until production is complete.

Thank you,

John Doe

**John Doe, Plaintiff (Pro Se)**

PO Box #250050  New York, New York 10025

**T:** (917) 450-9050 **E:** johndoe.casemail@gmail.com

_____

Information contained in this transmission may be confidential.  It is solely intended for use by the individual or entity named above.  If you have received this communication in error, please immediately notify me by telephone and delete this communication.

On Tue, Mar 17, 2026 at 12:23 PM Molly Webster (KKL) <Molly.Webster@kklllp.com> wrote:

Mr. Doe:

Pursuant to our agreement that you will reimburse the costs of Ms. Roe's response to your subpoena, please see attached the invoices from our eDiscovery vendor for our collection and production efforts to date.  My firm has already arranged payment to the eDiscovery vendor, so you should direct payment to us.  You can send a check made out to "KKL LLP" to my attention at the address below.  If you'd prefer to pay by ACH or wire transfer, please let me know and I can send you our wire transfer details.

You will see that the invoices reflect higher costs than we initially estimated because the eDiscovery vendor spent more time collecting, processing, and producing the data than estimated.  As we agreed, the invoices do not include any fees for attorney or paralegal time spent in connection with Ms. Roe's response to the subpoena (to which we'd otherwise be entitled).

Please note that the invoices do not include the costs of our collection, review, and production of Ms. Roe's call logs.  We've received an estimate for that process, which will be approximately $2,000.  We will send you an invoice for those additional costs after we've collected and produced the call logs.

We previously agreed that you would have 30 days from the date of production to contest the costs.  Because I am transmitting the invoices now, I would agree to 30 days from today for you to contest these costs with the Court, if you wish.

Best,

Molly

# EXHIBIT 2

| | |
|---|---|
| **From:** | John Doe <johndoe.casemail@gmail.com> |
| **Sent:** | Friday, February 6, 2026 11:35 AM |
| **To:** | Molly Webster (KKL) |
| **Subject:** | Re: Doe v. Columbia University, No. 25-cv-02132-DEH-RFT (S.D.N.Y.): Third-Party Production |

## ** EXTERNAL EMAIL **

Ms. Webster,

You can dispute my summary all you want, but that's irrelevant to the plain text of the communications, and what your Client actually did. Your Client inter alia, filed false sexual misconduct accusations against me, defamed me, civilly conspired with Mack Roe and Columbia, grossly violated several Columbia Policies in the process, repeatedly lied to Columbia about material facts, that bears directly on the "outcome" and destroyed my academic and professional career.

I am not harassing your Client through my lawsuit nor am I invading your Client's privacy. I am prosecuting my case against Columbia Your Client, and her communications and surrounding context, are central to this lawsuit and there is no escaping that. Your Client made a choice. Your ire should be directed at Columbia for attempting to defend the truly indefensible, and for dragging your Client through this mess, not at me for exercising my right to seek redress.

The call-log is straight forward.

However would you consent to an in-camera review by Judge Tarnofksy of the communications you've already produced in conjunction with the communications you've withheld on relevance grounds? I will request as such regardless with or without on consent, but thought maybe this could be a middle ground.

We can discuss this more on Tuesday.


**John Doe, Plaintiff (Pro Se)**
PO Box #250050  New York, New York 10025
T: (917) 450-9050 E: johndoe.casemail@gmail.com

Information contained in this transmission may be confidential.  It is solely intended for use by the individual or entity named above.  If you have received this communication in error, please immediately notify me by telephone and delete this communication.

# EXHIBIT 3



KKL LLP
350 Fifth Avenue, 77th Floor
New York, NY 10118
+1 212 390 9550
www.KKLllp.com

October 20, 2025

By E-Mail

John Doe
johndoe.casemail@gmail.com

Re:    *John Doe v. Columbia University*, No. 25 Civ. 02132 (S.D.N.Y.)

Dear Mr. Doe:

Please see enclosed Jane Roe's Responses and Objections to your Subpoena to Produce Documents, Information, or Objects, dated September 22, 2025 and served on October 6, 2025 via email.

Pursuant to Federal Rule of Civil Procedure 45, and as you acknowledged during a June 6, 2025 status conference, you are required to bear the "reasonable costs" of Ms. Roe's collection, review, and production in response to your Subpoena. *See* ECF No. 62 at 31:1–5 ("The Court:  . . . [T]here are reasonable costs of collection and review."); *id.* at 33:7–11 ("The Court:  . . . The way it works is that, you now, in a cost shifting situation, [Ms. Roe's counsel] would send you a bill, and if you think it's not a reasonable bill, you can say this is unreasonable, I shouldn't have to pay all of it."); *id.* at 16–18 ("Mr. Doe:  I'll bear the cost.  I mean, I won't have a choice but to bear the cost, and I'll bear the cost.").

To alleviate any concern about cost, in advance of collecting Ms. Roe's documents, we would be happy to provide you with an estimate from our vendor for the reasonable cost of collection, review, and production of her documents.  As soon as we have your approval with respect to the estimated cost of collection, review, and production, or your confirmation that we should proceed without providing you such an estimate, we will collect Ms. Roe's documents, review them consistent with her Responses and Objections, and produce them.

We look forward to your response.

Respectfully,

By:    */s/ Molly K. Webster*
          Molly K. Webster

Encl.

# EXHIBIT 4

| | |
|---|---|
| **From:** | Molly Webster (KKL) <Molly.Webster@KKLllp.com> |
| **Sent:** | Tuesday, October 21, 2025 2:19 PM |
| **To:** | John Doe |
| **Subject:** | RE: John Doe v. Columbia University, No. 25 Civ. 02132 (S.D.N.Y.) |
| **Attachments:** | 2025.06.16 - Dkt 65 - Order to Modify NCDs.pdf; Sonoma County Association of Retired Employees v Sonoma County.pdf |

Mr. Doe:

You raise several points regarding our responses and objections to your third-party subpoena to Ms. Roe.  We respond to each in turn.

*First*, with respect to cost, we expect you to pay for both vendor and attorneys' fees in connection with the collection, review, and production of any documents—as well as any fees associated with seeking court intervention, if necessary.  You told the Court that you would bear the cost of responding to your third party subpoenas, without raising any caveats, and the Court specified that "[t]he way it works is that . . . [Ms. Roe's counsel] would send you a bill, and if you think it's not a reasonable bill, you can say this is unreasonable."  ECF No. 62 at 33:7-11.  Indeed, the costs that a party must expend in connection with responding to a third-party subpoena typically include "the costs of reviewing and producing the documents," including "the vendor costs and also the attorney costs."  *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma County*, 2015 WL 10767718, at *1 (S.D.N.Y. Oct. 6, 2015) (attached).  As you likely know, the cost of forensically collecting, reviewing, and producing data—even of a small volume of material—is not minimal and can be several thousand dollars.

*Second*, with respect to estimates of collection, review, and production, our firm does not have any in house e-discovery services or vendor.  Instead, we employ third-party vendors to assist in the collection, review, and production of documents.  My suggestion was to reach out to one vendor—or more, if you prefer to compare estimates—to gather an estimate for what a collection of Ms. Roe's text messages would cost.  Those estimates make certain assumptions, such as volume of data, vendor time, and cost of hosting and producing that data.  We have a sense of the volume of text messages we'd collect and could supply that information to our vendor to assist in preparing the estimate.  We obtain such estimates for almost every client, many opposing parties, and third-party witnesses.  Please let us know if you would like to proceed on this basis.

Relatedly, you allege that there are "glaring inconsistencies" in my position regarding obtaining an estimate.  To be clear, we have not yet collected Ms. Roe's text messages because we wanted to extend you the courtesy of first obtaining an estimate from a vendor.  If you prefer that we move forward with collection without an agreed-upon understanding of cost, that is fine, and I can send our bills to you on a rolling basis.  I do expect, however, that given your representations to the Court, the Court's discussion on the record, and the financial burden of collecting Ms. Roe's text messages, you will pay Ms. Roe's costs of collection, review, and production.

*Third*, with respect to Request No. 2, the Court's June 16 Order was clear in permitting you to seek discovery with respect to:  "(a) text messages from April 25, 2022 until June 5, 2024 between Ms. Roe and Mr. Roe related to Plaintiff's disciplinary proceeding, and (b) native-format recordings of conversations between Plaintiff and Mr. Roe" June 16 Order at 2 (attached).  Nowhere on the docket has the Court permitted Plaintiff to issue a subpoena regarding Ms. Roe's "call logs"—nor have you raised any such request with the Court, as far as I can tell—such as are sought in Request No. 2.  Given the fact that Ms. Roe is a third party, and that the Court has already clearly ordered the scope of third-party discovery to her, we will not agree to produce documents in response to Request No. 2, which is a clear attempt to circumvent the Court's order.  If you would like to seek a modification of the Court order, you are free to do so, although we would oppose any such request.  You have provided no rationale for why call logs between two *non-parties* are relevant to your claims against *Columbia*, nor can I think of one.

We have not moved to quash because, as I view it, Request No. 2 is a clear violation of a Court order. We hoped that by raising that to you in the first instance, it would avoid the unnecessary burden on the Court and cost to you of moving to quash. Indeed, as discussed above, if we move to quash, you will bear responsibility for all of our costs stemming from such a motion. If you maintain that Request No. 2 is permissive under the Court's order (it is not), then we will move to quash while reserving all rights, including that you pay for the cost of that motion process. If you do not agree to withdraw your request, then we will send a letter to the Court asking for two weeks' additional time to move to quash. Please let us know if you oppose such a request.

*Fourth*, with respect to Ms. Roe's objections on the basis of privilege, we included those in our responses and objections merely as a means to reserve her rights. I have not yet reviewed the communications and thus do not know if any of them apply. If we withhold any documents on the basis of privilege, we will let you know.

*Finally*, as is likely clear from the above, we will not be in a position to produce documents by tomorrow's return date. We are happy to discuss an appropriate compliance date once the above issues regarding cost and scope are resolved.

Thank you,
Molly

**Molly K. Webster**
KKL
350 Fifth Avenue, 77th Floor | New York, NY 10118
212.390.9562 (w) | 607.227.3398 (c)
molly.webster@KKLllp.com | www.KKLllp.com

---

**From:** John Doe <johndoe.casemail@gmail.com>
**Sent:** Monday, October 20, 2025 10:02 PM
**To:** Molly Webster (KKL) <Molly.Webster@KKLllp.com>
**Subject:** Re: John Doe v. Columbia University, No. 25 Civ. 02132 (S.D.N.Y.)

**\*\* EXTERNAL EMAIL \*\***

Dear Ms. Webster,

Thank you for your email and accompanying letter dated October 20, 2025. I have reviewed your correspondence and your Client's Responses and Objections ("R&Os") to my Subpoena.

First, with respect to your statements regarding the "cost of compliance", your Client has not yet incurred any such costs, as your own letter confirms. I will not agree to an arbitrary vendor "estimate," particularly when your Client is, by your own admission, still "conducting a reasonable search" for responsive documents. Any such "estimate" at this stage would necessarily be speculative and therefore unreliable. Moreover, given the sheer volume of boilerplate objections asserted in your R&Os, the actual scope of production you intend to undertake appears to be extremely narrow. Accordingly, I would expect the cost of production to be minimal, not "unreasonable," or "unduly burdensome." I will not agree to pay for the review of documents that will not ultimately be produced, and nor will I agree to pad the pockets of your "vendor". In addition, many of the asserted privileges are facially inapplicable. Communications between Jane Roe and Mack Roe are plainly, not subject to the spousal privilege, doctor-patient privilege, the work-product doctrine, or the common interest privilege. Should you wish to press those objections in response to a motion to compel, I welcome the opportunity to hear those arguments before the Court.

Regarding your claim that Request No. 2 is "beyond the scope" of the Court's June 16, 2025 Order, I disagree. In any event, if you believe the request is objectionable on that basis, the proper procedure is to move to quash—

which you have not done. Alternatively, if you wish to raise a substantive objection, we can meet and confer in good faith. Otherwise, this is an issue for the Court to resolve. I also note some glaring inconsistencies in your position: if your Client has already completed the search for responsive materials and is prepared to produce them, then you could provide me with an actual cost accounting and not a speculative "estimate".  If, on the other hand, your Client is still in the process of identifying responsive materials, then any discussion of cost estimates is wholly premature. It cannot be both. Please advise in this regard.

Finally, as you know, October 22, 2025 is the commanded date for compliance with the Subpoena. If you intend to seek additional time for your Client to comply, please inform me immediately so that we can address scheduling accordingly.

Keep it real, and please advise on the above.

Kind regards,
John Doe

**John Doe, Plaintiff (Pro Se)**
PO Box #250050  New York, New York 10025
**T:** (917) 450-9050 **E:** johndoe.casemail@gmail.com
_____

Any information contained in this transmission is confidential.  It is solely intended for use by the individual or entity named above.  If you have received this communication in error, please immediately notify me by telephone and delete this communication.

On Mon, Oct 20, 2025 at 8:49 PM Molly Webster (KKL) <Molly.Webster@kklllp.com> wrote:

Mr. Doe:

Please see attached correspondence in connection with, and Responses and Objections to, your subpoena directed to Ms. Roe.  I look forward to your response.

Thank you,

**Molly K. Webster**

KKL

350 Fifth Avenue, 77th Floor | New York, NY 10118

212.390.9562 (w) | 607.227.3398 (c)

molly.webster@KKLllp.com | www.KKLllp.com

_____

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive this message), you may not use, copy, or

disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail or contact KKL LLP at (212) 390-9550, and delete the message. Thank you.

disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail or contact KKL LLP at (212) 390-9550, and delete the message. Thank you.

# EXHIBIT 5

| | |
|---|---|
| **From:** | Molly Webster (KKL) <Molly.Webster@KKLllp.com> |
| **Sent:** | Friday, November 7, 2025 3:16 PM |
| **To:** | John Doe |
| **Subject:** | RE: John Doe v. Columbia University, No. 25 Civ. 02132 (S.D.N.Y.) |

Mr. Doe:

We've received an updated estimate from our e-discovery vendor.

If we were to collect the documents and information that you're seeking from our client manually—which would involve downloading relevant conversations/voice notes and/or taking screen shots, depending on the platform—we would not seek any costs to perform the collection/review/production. As we've discussed, however, this manual collection would not capture all the metadata in the ESI.

The estimated cost for a forensic collection of the documents and information that you're seeking is approximately $3,000. The review and production would cost an additional $2,000. This estimate is based on the approximate volume of ESI that will be collected, vendor time, and production costs (the total costs could end up being more or less than the estimate). If we were to go this route, we would seek the vendor costs from you, but we would not seek any costs associated with attorney/paralegal time for the collection/review/production. We believe this is fair given that we could perform a manual collection without incurring any costs (as described above). If you'd like to proceed with a forensic ESI collection, we are happy to consider a proposed payment arrangement upon your request.

Finally, with respect to your question regarding other messaging platforms, Ms. Roe and Mack Roe did not communicate on any platforms other than those listed in the Court's order during the relevant period.

Please let us know how you would like to proceed. Thank you.

Molly

**Molly K. Webster**
KKL
350 Fifth Avenue, 77th Floor | New York, NY 10118
212.390.9562 (w) | 607.227.3398 (c)
molly.webster@KKLllp.com | www.KKLllp.com

# EXHIBIT 6

**From:** Molly Webster (KKL) <Molly.Webster@KKLllp.com>
**Sent:** Wednesday, November 26, 2025 11:30 AM
**To:** John Doe
**Subject:** RE: John Doe v. Columbia University, No. 25 Civ. 02132 (S.D.N.Y.)

Mr. Doe:

I agree. We will move forward with collecting, reviewing, and producing documents, per our agreement.

Thank you, and Happy Thanksgiving.

Molly

**From:** John Doe <johndoe.casemail@gmail.com>
**Sent:** Tuesday, November 25, 2025 3:29 PM
**To:** Molly Webster (KKL) <Molly.Webster@KKLllp.com>
**Subject:** Re: John Doe v. Columbia University, No. 25 Civ. 02132 (S.D.N.Y.)

**\*\* EXTERNAL EMAIL \*\***

Dear Ms. Webster,

Thank you for your email. Please confirm that we have agreed to the below:

- A deferred payment schedule under which reimbursement for costs associated with compliance with the subpoena, will be due 90 days after full compliance with the subpoena, (including production of the privilege log if any). Any dispute related to costs must be raised within 30 days of any such production (including production of the privilege log if any). Accordingly, if any timely dispute regarding costs is raised with the Court, the payment schedule will reset, and payment will instead be due 90 days from the Court's resolution of any such dispute.

Thanks!

**John Doe, Plaintiff (Pro Se)**
PO Box #250050  New York, New York 10025
T: (917) 450-9050 E: johndoe.casemail@gmail.com

Information contained in this transmission may be confidential. It is solely intended for use by the individual or entity named above. If you have received this communication in error, please immediately notify me by telephone and delete this communication.

# EXHIBIT 7

# epiq

**Invoice**

Page 1 of 4

Epiq eDiscovery Solutions Inc
777 Third Ave, 12th Floor
New York, NY  10017

| | |
|---|---|
| **Remit to** | |
| Epiq eDiscovery Solutions Inc | |
| P.O. Box 674637 | For billing questions, call 913-621-9980 |
| Dallas, TX 75267-4637 | or billing@epiqglobal.com |

**Electronic Payments:**

| | |
|---|---|
| Bank: | PNC BANK, N.A. |
| Wire Routing: | 043000096 |
| ACH Routing: | 031207607 |
| Acct No: | 8026542429 |
| SWIFT/BIC: | PNCCUS33 |

**Bill to**

Krieger Kim Lewin LLP

Attn: Molly Webster

350 Fifth Ave. 77th Floor

New York NY  10118-0110

**Information**

| | | | |
|---|---|---|---|
| Invoice No. | 91117734 | Invoice Date | 01/08/2026 |
| Purchase Order No. | | | |
| Customer No. | 1008566 | | |
| Currency | USD | | |
| Contract No. | 40089815 | | |
| Contract Description | KKN0008 - KKL_ John Doe v Columbia | | |
| Terms of Payment | Net due in 30 days | | |
| Internal Reference No | KKN0008 | | |
| Project Number | P-1136061 | | |

**Comments**

Services for the month of December 2025

| Code | Service | Quantity | Unit | Unit Price | Amount |
|---|---|---|---|---|---|
| PRO419 | All In-Processing | 0.150 | GB | 55.0000 | 8.25 |
| FIL206 | ESI Collection, Weekday | 6.300 | H | 275.0000 | 1,732.50 |
| FIL310 | Forensic Project Manager | 3.300 | H | 195.0000 | 643.50 |
| FIL271 | Mobile Device Exp. Coll. (MDEC) | 1 | EA | 1,325.0000 | 1,325.00 |
| PRO296 | 1TB SSD External | 1 | EA | 99.7800 | 99.78 |
| HST260 | Processing Database Storage | 0.806 | GB | 1.0000 | 0.81 |
| HST756 | Document Review Hosting - Relativity | 0.119 | GB | 8.0000 | 0.95 |
| PRO310 | Client Services Project Manager II | 5.900 | H | 195.0000 | 1,150.50 |
| PRO330 | Technical Analyst/Litigation Support | 2.250 | H | 175.0000 | 393.75 |
| PRO188 | 1TB Internal Hard Drive | 1 | EA | 77.0000 | 77.00 |

--------------------------------------------------------------------------------------------------------------------------------

**Total Amount Due**                                                                                     5,432.04

------------------------------------------------------------------------------------------------------



CONFIDENTIAL



# Invoice

Page 2 of 4

Epiq eDiscovery Solutions Inc
777 Third Ave, 12th Floor
New York, NY  10017

| Information | | | |
|---|---|---|---|
| Invoice No. | 91117734 | Invoice Date | 01/08/2026 |
| Purchase Order No. | | | |
| Customer No. | 1008566 | | |

**Comments**

Services for the month of December 2025

| Code | Service | Quantity | Unit | Unit Price | Amount |
|---|---|---|---|---|---|
| **Open Items for Contract 40089815 as of 01/12/2026** | | | | | |

| Trans. Date | Type | Reference | Due Date | Amount | Curr. |
|---|---|---|---|---|---|
| 01/08/2026 | Invoice | 91117734 | 02/07/2026 | 5,432.04 | USD |
| | | | Total: | 5,432.04 | USD |



CONFIDENTIAL

# Time Detail

| Employee | Code | Activity | Date | Hrs | Description |
|---|---|---|---|---|---|
| Brian Smith | FIL206 | FOR - Collection - Hourly | 12/16/2025 | 3.00 | Remote collection |
| Brian Smith | FIL206 | FOR - Collection - Hourly | 12/17/2025 | 0.50 | Project meeting and Coordination. |
| Chad Stedl | FIL206 | FOR - Collection - Hourly | 12/17/2025 | 0.50 | Corresponded with team regarding in-progress MDEC collection to be continued the following day |
| Chad Stedl | FIL206 | FOR - Collection - Hourly | 12/18/2025 | 0.50 | Performed setup for MDEC collection that was rescheduled. |
| Chad Stedl | FIL206 | FOR - Collection - Hourly | 12/22/2025 | 0.50 | Performed setup for MDEC collection that was rescheduled. |
| Chad Stedl | FIL206 | FOR - Collection - Hourly | 12/23/2025 | 1.00 | Performed export, download, and QC of MDEC collection, copy to media, and completed documentation. |
| Alyssa Buckner | FIL206 | FOR - Collection - Hourly | 12/23/2025 | 0.30 | Perform intake, backup, labeling and transfer of media to evidence team |
| | **FIL206** | | | **Total 6.30** | |
| Thomas Cawley | FIL310 | FOR - Manage engagement, coordinate task | 12/01/2025 | 0.70 | Manage client request for remote collections; provide collection requirements to client; allocate forensic resource; correspond with Forensics regarding instructions/background |
| Thomas Cawley | FIL310 | FOR - Manage engagement, coordinate task | 12/02/2025 | 0.60 | Correspond with client regarding remote collection; finalize scheduling and send invite; introduce Client Services team |
| Thomas Cawley | FIL310 | FOR - Manage engagement, coordinate task | 12/03/2025 | 0.30 | Manage client request for rescheduling of remote collection |
| Thomas Cawley | FIL310 | FOR - Manage engagement, coordinate task | 12/16/2025 | 1.00 | Manage request for rescheduling of remote collection; correspond with Forensics regarding status and need to schedule a follow-up due to slow Wi-Fi; correspond with client regarding scheduling |
| Thomas Cawley | FIL310 | FOR - Manage engagement, coordinate task | 12/17/2025 | 0.50 | Manage client request for rescheduling of MDEC collection; correspond with client, allocate forensic resource and coordinate hand-off |
| Thomas Cawley | FIL310 | FOR - Manage engagement, coordinate task | 12/19/2025 | 0.20 | Correspond with Client Services and Forensics regarding project status and next streps |
| | **FIL310** | | | **Total 3.30** | |
| Rahul Sharma | PRO310 | PM2-Data Management | 12/02/2025 | 0.50 | Coordinated and created work request for DL setup for this new matter. |
| Sameer Rai | PRO310 | PM2-Meetings and Correspondence | 12/02/2025 | 0.10 | Email communication with Molly Webster to confirm further project setup steps and line of action. |
| Sameer Rai | PRO310 | PM2-Meetings and Correspondence | 12/04/2025 | 0.20 | Perform setup and execution of multifaceted custom project tasks and coordination with fervencies for status updates. |
| Sameer Rai | PRO310 | PM2-Special Request | 12/22/2025 | 0.10 | Coordination with forensics to get collection updates and the information about the collection dataset. |
| Mohana Kakani | PRO310 | PM2-Data Management | 12/26/2025 | 1.00 | Environment setup for processing of the collection data; Submitted a ticket with details for creation of processing and Hosting applications for the matter. |
| Mohana Kakani | PRO310 | PM2-Data Management | 12/29/2025 | 0.40 | Verifying the Environment setup for the next steps and submitted the tickets. |
| Mohana Kakani | PRO310 | PM2-Meetings and Correspondence | 12/29/2025 | 0.60 | Project Kick-off Meeting with Molly and Team; Correspondence with Internal team ▮▮▮▮▮▮▮▮▮▮. |
| Sameer Rai | PRO310 | PM2-Meetings and Correspondence | 12/29/2025 | 0.20 | Shared meeting minutes with Molly Webster for the project kick off call and mentioning the further steps to be followed for the project. |

CONFIDENTIAL

# Time Detail

| Employee | Code | Activity | Date | Hrs | Description |
|---|---|---|---|---|---|
| Sameer Rai | PRO310 | PM2-Special Request | 12/29/2025 | 0.30 | Coordination with sales and other required departments as per the requirement of Molly Webster ████████ ███████; getting i nformation on cost estimates, ████████ ████████████ |
| Sameer Rai | PRO310 | PM2-Meetings and Correspondence | 12/29/2025 | 0.30 | Meeting with Molly Webster for the project kick off call and discussing about the project requirements and specifications. |
| Sameer Rai | PRO310 | PM2-Meetings and Correspondence | 12/29/2025 | 0.10 | Email communications with Molly Webster ████████████ ██████████ |
| Sameer Rai | PRO310 | PM2-Meetings and Correspondence | 12/29/2025 | 0.30 | Email communications with Molly Webster regarding the scheduling of the project kick of call and confirming with her the processing specifications followed by scheduling the kick off call and sharing invite. |
| Mohana Kakani | PRO310 | PM2-Data Management | 12/30/2025 | 0.50 | Submitted a work request to stage the media for processing; |
| Mohana Kakani | PRO310 | PM2-Data Management | 12/31/2025 | 0.80 | Preparing the processing tickets for both RSMF and Voice memo data; Setting up the processing instructions and attached Media. |
| Mohana Kakani | PRO310 | PM2-Data Management | 12/31/2025 | 0.50 | Creation of Custodian reference file for staged data; ████████████ |
| | **PRO310** | | | **Total 5.90** | |
| Svetlana Stamatova | PRO330 | PRD-Database Management | 12/29/2025 | 0.50 | WR-4892672 - Perform Environment Setup - LS ESI |
| Joshua Snyder | PRO330 | PRD-Evidence Management | 12/30/2025 | 0.25 | WR-4893601 - Performed Quality Control |
| Joshua Jorgensen | PRO330 | PRD-Evidence Management | 12/30/2025 | 0.30 | WR-4893447 - Performed media intake and report |
| Prasadam Gowtami | PRO330 | PRD-Database Management | 12/30/2025 | 0.70 | WR-4892674 - ##RSMF processing workspace creation##AD creation##Processing profile settings updated as per PMI |
| Howard Dinatale | PRO330 | PRD-Special Request | 12/30/2025 | 0.50 | WR-4893601 - Performed hourly billable work |
| | **PRO330** | | | **Total 2.25** | |

CONFIDENTIAL



# Invoice

Page 1 of 3

Epiq eDiscovery Solutions Inc
777 Third Ave, 12th Floor
New York, NY  10017

| **Remit to** | |
|---|---|
| Epiq eDiscovery Solutions Inc | |
| P.O. Box 674637 | For billing questions, call 913-621-9980 |
| Dallas, TX 75267-4637 | or billing@epiqglobal.com |

**Electronic Payments:**

| Bank: | PNC BANK, N.A. |
|---|---|
| Wire Routing: | 043000096 |
| ACH Routing: | 031207607 |
| Acct No: | 8026542429 |
| SWIFT/BIC: | PNCCUS33 |

**Bill to**

Krieger Kim Lewin LLP

Attn: Molly Webster

350 Fifth Ave. 77th Floor

New York NY  10118-0110

**Information**

| Invoice No. | 91126289 | Invoice Date | 02/08/2026 |
|---|---|---|---|
| Purchase Order No. | | | |
| Customer No. | 1008566 | | |
| Currency | USD | | |
| Contract No. | 40089815 | | |
| Contract Description | KKN0008 - KKL_ John Doe v Columbia | | |
| Terms of Payment | Net due in 30 days | | |
| Internal Reference No | KKN0008 | | |
| Project Number | P-1136061 | | |

**Comments**

Services for the month of January 2026

| Code | Service | Quantity | Unit | Unit Price | Amount |
|---|---|---:|---|---:|---:|
| PRO419 | All In-Processing | 0.233 | GB | 55.0000 | 12.82 |
| HST260 | Processing Database Storage | 0.870 | GB | 1.0000 | 0.87 |
| HST756 | Document Review Hosting - Relativity | 0.359 | GB | 8.0000 | 2.87 |
| HST626 | User Fees - Relativity | 2 | EA | 90.0000 | 180.00 |
| PRO310 | Client Services Project Manager II | 9.700 | H | 195.0000 | 1,891.50 |

----------------------------------------------------------------------------------------------------

**Total Amount Due** 2,088.06

----------------------------------------------------------------------------------------------------

**Open Items for Contract 40089815 as of 02/10/2026**

| Trans. Date | Type | Reference | Due Date | Amount | Curr. |
|---|---|---|---|---:|---|
| 01/08/2026 | Invoice | 91117734 | 02/07/2026 | 5,432.04 | USD |
| 02/08/2026 | Invoice | 91126289 | 03/10/2026 | 2,088.06 | USD |
| | | | Total: | 7,520.10 | USD |



CONFIDENTIAL

# Time Detail

| Employee | Code | Activity | Date | Hrs | Description |
|---|---|---|---|---|---|
| Sameer Rai | PRO310 | PM2-Special Request | 01/01/2026 | 0.20 | Updated coding layout as per the requirements of Molly Webster and created the required fields and choices. |
| Sameer Rai | PRO310 | PM2-Special Request | 01/01/2026 | 0.40 | Created the required searches and batches as per the requirements of Molly Webster for 1L review of the RSMF documents and delivered it to her. |
| Sameer Rai | PRO310 | PM2-Meetings and Correspondence | 01/01/2026 | 0.10 | Email communication with Molly Webster to create batches for 1L review and update the coding layout. |
| Mohana Kakani | PRO310 | PM2-Data Management | 01/01/2026 | 0.30 | Support ticket has been submitted for user access to Julia B Stahlman and Molly webster; Co-ordinating with the team; Email correspondence with details of the access. |
| Rahul Sharma | PRO310 | PM2-Meetings and Correspondence | 01/05/2026 | 0.20 | Corresponded with Molly and acknowledge the request related to coding layout modification and re-creation of batches sort by Parent Date. |
| Rahul Sharma | PRO310 | PM2-Data Management | 01/05/2026 | 0.30 | Modified coding layout and included Parent date field as read-only as requested by Molly. |
| Rahul Sharma | PRO310 | PM2-Data Management | 01/05/2026 | 0.50 | Updated the existing batching base search and sorted it by parebt date, doc id for better chronological accuracy followed by purged the existing batch and recreated the batches as requested by the counsel. |
| Sameer Rai | PRO310 | PM2-Meetings and Correspondence | 01/08/2026 | 0.10 | Email communication with Molly Webster regarding creation of batch for 2L review. |
| Sameer Rai | PRO310 | PM2-Data Management | 01/08/2026 | 0.40 | Prepared the 2LR coding layout as per the requirement of Molly Webster. |
| Sameer Rai | PRO310 | PM2-Data Management | 01/08/2026 | 0.40 | Prepared the required searches and 2LR batches as per the request of Molly Webster. |
| Sameer Rai | PRO310 | PM2-Special Request | 01/14/2026 | 0.10 | As per the request of Molly Webster performed native export ███████████. |
| Sameer Rai | PRO310 | PM2-Special Request | 01/14/2026 | 0.20 | As per the request of Molly Webster performed PDF export in searchable format in individual files for documents ██████████████ |
| Sameer Rai | PRO310 | PM2-Special Request | 01/14/2026 | 0.40 | As per the request of Molly Webster performed PDF export in searchable format in individual files for documents ████████████ |
| Sameer Rai | PRO310 | PM2-Special Request | 01/14/2026 | 0.20 | As per the request of Molly Webster performed PDF export in searchable format in individual files for documents ███████████ |
| Sameer Rai | PRO310 | PM2-Special Request | 01/14/2026 | 0.40 | As per the request of Molly Webster performed PDF export in searchable format in individual files for documents ██████████ |
| Sameer Rai | PRO310 | PM2-Special Request | 01/14/2026 | 0.10 | Email communication with Molly Webster regarding the PDF exports. |
| Sameer Rai | PRO310 | PM2-Meetings and Correspondence | 01/14/2026 | 0.10 | Email communication with Molly Webster to deliver the 4 PDF exports in Zip files via a secure link. |
| Sameer Rai | PRO310 | PM2-Special Request | 01/14/2026 | 0.20 | As per the requirement of Molly Webster performed imaging for documents to later perform PDF export. |
| Rahul Sharma | PRO310 | PM2-Data Management | 01/14/2026 | 0.30 | Review and monitor the client's request for pdf export for this matter to ensure internal coordination, and assigned the task to the resource to work on. |
| Sameer Rai | PRO310 | PM2-Data Management | 01/23/2026 | 0.40 | As per the requirement of Molly Webster prepared QC Review batches and shared batch details with her. |

CONFIDENTIAL

# Time Detail

| Employee | Code | Activity | Date | Hrs | Description |
|---|---|---|---|---|---|
| Sameer Rai | PRO310 | PM2-Data Management | 01/23/2026 | 0.70 | As per the requirement of Molly Webster prepared QC review coding layout with QC Review Complete field for tracking and imported the 1L & 2L review fields in it. |
| Sameer Rai | PRO310 | PM2-Meetings and Correspondence | 01/23/2026 | 0.10 | Email communication with Molly Webster for preparing all the documents for QC review. |
| Rahul Sharma | PRO310 | PM2-Data Management | 01/26/2026 | 0.50 | Identified the documents ███████ ████████████ and followed by creating the 2L review batchset as requested by the client. |
| Sameer Rai | PRO310 | PM2-Meetings and Correspondence | 01/27/2026 | 0.10 | Email communication with Molly Webster to ████████████████ and checked with the project management team for availability and later shared teams invite. |
| Sameer Rai | PRO310 | PM2-Meetings and Correspondence | 01/27/2026 | 0.30 | Identified the extended metadata coding layout fields and added the RSMF fields to it to ███████████████ as per the request of Molly Webster. |
| Sameer Rai | PRO310 | PM2-Meetings and Correspondence | 01/27/2026 | 0.10 | Email communication with Molly Webster regarding ████████████ production to be done by Friday. |
| Sameer Rai | PRO310 | PM2-Special Request | 01/28/2026 | 0.40 | Email communication with Julia B Stahlman regarding the ███████████ ████████████████ |
| Sameer Rai | PRO310 | PM2-Meetings and Correspondence | 01/28/2026 | 0.20 | Team call with Molly Webster & Julia B Stahlman to provide them relativity training ████████████. |
| Sameer Rai | PRO310 | PM2-Special Request | 01/28/2026 | 0.20 | Created Produce field and added it to all the coding layouts for tracking of the documents for production. |
| Sameer Rai | PRO310 | PM2-Production/Disclosure | 01/28/2026 | 0.30 | Did initial production pre work by mapping the metadata fields and other specifications for the production work order. |
| Sameer Rai | PRO310 | PM2-Meetings and Correspondence | 01/29/2026 | 0.20 | Email communication with Molly Webster regarding ███████████████ ████ and updated the required permissions. |
| Sameer Rai | PRO310 | PM2-Special Request | 01/29/2026 | 0.30 | Performed imaging for the documents ████████ to be later exported in PDFs. |
| Sameer Rai | PRO310 | PM2-Special Request | 01/29/2026 | 0.20 | Created a search for documents ██████ ██████ ████████ and shared with Molly Webster. |
| Sameer Rai | PRO310 | PM2-Meetings and Correspondence | 01/29/2026 | 0.10 | Email communication with Molly Webster ████████ ████████ ██████ and perform PDF export. |
| Sameer Rai | PRO310 | PM2-Special Request | 01/29/2026 | 0.30 | Performed PDF export of documents ██████████ along with once native export as per the request of Molly Webster. |
| Sameer Rai | PRO310 | PM2-Special Request | 01/29/2026 | 0.20 | Performed QC on the PDF export of documents ██████████ and delivered to Molly Webster via a secure link.. |
| Sameer Rai | PRO310 | PM2-Meetings and Correspondence | 01/30/2026 | 0.20 | Email communication with Molly Webster, sharing and confirming the production n specifications to be used and sharing the list of metadata. |
| | **PRO310** | | | **Total 9.70** | |

CONFIDENTIAL



# Invoice

Page 1 of 2

Epiq eDiscovery Solutions Inc
777 Third Ave, 12th Floor
New York, NY  10017

**Remit to**
Epiq eDiscovery Solutions Inc
P.O. Box 674637
Dallas, TX 75267-4637

For billing questions, call 913-621-9980
or billing@epiqglobal.com

Electronic Payments:

| | |
|---|---|
| Bank: | PNC BANK, N.A. |
| Wire Routing: | 043000096 |
| ACH Routing: | 031207607 |
| Acct No: | 8026542429 |
| SWIFT/BIC: | PNCCUS33 |

**Bill to**

Krieger Kim Lewin LLP

Attn: Molly Webster

350 Fifth Ave. 77th Floor

New York NY  10118-0110

**Information**

| | | | |
|---|---|---|---|
| Invoice No. | 91135510 | Invoice Date | 03/08/2026 |
| Purchase Order No. | | | |
| Customer No. | 1008566 | | |
| Currency | USD | | |
| Contract No. | 40089815 | | |
| Contract Description | KKN0008 - KKL_ John Doe v Columbia | | |
| Terms of Payment | Net due in 30 days | | |
| Internal Reference No | KKN0008 | | |
| Project Number | P-1136061 | | |

**Comments**
Services for the month of February 2026

| Code | Service | Quantity | Unit | Unit Price | Amount |
|---|---|---|---|---|---|
| FIL310 | Forensic Project Manager | 0.500 | H | 195.0000 | 97.50 |
| PRO234 | Production | 0.018 | GB | 150.0000 | 2.70 |
| HST260 | Processing Database Storage | 0.870 | GB | 1.0000 | 0.87 |
| HST756 | Document Review Hosting - Relativity | 0.439 | GB | 8.0000 | 3.51 |
| HST626 | User Fees - Relativity | 2 | EA | 90.0000 | 180.00 |
| PRO309 | Client Services Project Manager I | 0.500 | H | 195.0000 | 97.50 |
| PRO310 | Client Services Project Manager II | 2.200 | H | 195.0000 | 429.00 |
| PRO330 | Technical Analyst/Litigation Support | 0.500 | H | 175.0000 | 87.50 |

|  |  |
|---|---|
| **Total Amount Due** | 898.58 |

**Open Items for Contract 40089815 as of 03/06/2026**

| Trans. Date | Type | Reference | Due Date | Amount | Curr. |
|---|---|---|---|---|---|
| 01/08/2026 | Invoice | 91117734 | 02/07/2026 | 5,432.04 | USD |
| 02/08/2026 | Invoice | 91126289 | 03/10/2026 | 2,088.06 | USD |
| 03/08/2026 | Invoice | 91135510 | 04/07/2026 | 898.58 | USD |
| | | | Total: | 8,418.68 | USD |



CONFIDENTIAL

# Time Detail

| Employee | Code | Activity | Date | Hrs | Description |
|---|---|---|---|---|---|
| Thomas Cawley | FIL310 | FOR - Manage engagement, coordinate task | 02/27/2026 | 0.50 | Manage client request for targeted remote collection of call log from iPhone; confer with Forensics regarding custom solution using ModeOne |
| | **FIL310** | | | **Total 0.50** | |
| Prashanth Bituku | PRO309 | PM1-Data Management | 02/03/2026 | 0.50 | Production QC,delivererable:Includes final QC on production output and created deliverable and uplaoded to secure link and sent to client. Volume: PROD001 |
| | **PRO309** | | | **Total 0.50** | |
| Mohana Kakani | PRO310 | PM2-Production/Disclosure | 02/03/2026 | 0.60 | Prepared the custom sort order ▇▇▇ ▇▇▇ for production volume "PROD001". |
| Mohana Kakani | PRO310 | PM2-Production/Disclosure | 02/03/2026 | 0.60 | Creation on new work product for preparing the production volume "PROD001"; Escalating the process internally to meet the client dea dline. |
| Mohana Kakani | PRO310 | PM2-Data Management | 02/03/2026 | 1.00 | Email correspondence with Molly webster on the PDF export of the "PROD001" docs; Creation of new PDF profile for Export; Performed PDF export; Downloaded the docs produced the natives; |
| | **PRO310** | | | **Total 2.20** | |
| Prajakta Dattatray Sankpal | PRO330 | PRD-Custom Production/Disclosure | 02/04/2026 | 0.50 | WR-4982736 - Perform custom post-export modifications |
| | **PRO330** | | | **Total 0.50** | |