# JOHN DOE

PO Box #250050
New York, NY 10025
(917) 450-9050

**Direct Dial: (917) 450-9050**
**Direct Email: johndoe.casemail@gmail.com**

April 3, 2026

<u>VIA ECF</u>
The Honorable Robyn F. Tarnofsky
United States District Court
Southern District of New York
500 Pearl Street, Room 703
New York, NY 10007

# EXPEDITE

Re:     Doe v. Columbia University No. 1:25-cv-02132-DEH-RFT
**Letter Motion to Adjourn Conference**

Dear Judge Tarnofsky:

I write as Plaintiff in the above-referenced matter, to respectfully request an adjournment of the May 5, 2026, conference scheduled by the Court (ECF 192). Plaintiff's 193 Letter to the Court opposed Ms. Webster's request for a conference and was received by the pro se clerk's office on April 21st, 2026 at 4:21 PM, but pursuant to Pro Se Clerk's procedure, Plaintiff's 193 Letter to the Court was not immediately docketed, and was not docketed at the time of Your Honor's 192 Order setting the May 5, 2026 conference concerning costs related to discovery.

Plaintiff's 193 Letter to the Court opposed Ms. Webster's request for a conference, and requested that the Court deny as premature, Ms. Webster's request for a conference, and discovery-related orders on the (3) specific grounds: that (1) Ms. Webster has not met and conferred with Plaintiff regarding her various *not to mention extraordinary,* requests for relief as required by Rule III(B) of  Your Honor's Individual Rules and Practices in Civil Cases, (2) that Ms. Webster's production pursuant to the Subpoena is incomplete, and (3) that Your Honor stayed discovery in this matter until filing of a new operative complaint (ECF 189). Per point (1) of Plaintiff's opposition, Ms. Webster has not even *attempted,* much less requested, to meet and confer with Plaintiff in relation to these costs. The last time Ms. Webster met with and conferred with Plaintiff regarding costs was nearly six (6) months ago. Because Ms. Webster has not met and conferred with Plaintiff in relation to these costs, and because Ms. Webster has refused to provide Plaintiff with sufficient information, Plaintiff has many unanswered questions in relation to the costs. For example, at least 23 billing tasks are redacted for what Ms. Webster calls "Attorney Work-product," and which, according to Ms. Webster, will not be disclosed to Plaintiff. There are also a plethora of project billing codes that Ms. Webster has refused to interpret for Plaintiff. Ms. Webster has previously informed Plaintiff that her client Jane Roe has  "invested interest in maintaining the status quo with respect to the outcome and findings of the underlying proceedings, but refuses to disclose to Plaintiff the nature of Ms. Webster's representation of Jane Roe, and whether or not Jane Roe is obligated to pay the costs of Ms. Webster's representation in relation to this matter.

1

Plaintiff declines to disparage Ms. Webster to this Court, trade ad hominem attacks, upload the emails that Ms. Webster strategically omitted, or stoop to counsel's level. But the manner in which Ms. Webster has injected herself into this litigation and repeatedly attempted to disparage Plaintiff, and impugn Plaintiff's character to this Court of Law is inappropriate. But getting back on track, even if Ms. Webster had in fact, met and conferred with Plaintiff in good faith to an impasse being reached, as required by Your Honor's Individual Rules and Practices, Ms. Webster's various requests for relief would *still* be premature. As per point (2) of Plaintiff's opposition, Ms. Webster's production is incomplete, which is an issue for the parties to discuss in a meet-and-confer prior to any motion practice over costs. Per point (3) of Plaintiff's opposition, Your Honor stayed discovery in this matter until Plaintiff's filing of a new operative complaint (ECF 189). Accordingly, Plaintiff respectfully submits that payment of costs related to discovery and disputes over costs should *also* be stayed until the timely filing of a new operative Complaint.

For the reason stated above, and in Plaintiff's 193 Letter to the Court, and in the interest of judicial economy, Plaintiff respectfully requests that the Court adjourn the May 5, 2026, (ECF 192) conference *sine die.* However, should the Court decline to adjourn the conference, Plaintiff *will* participate, and respectfully requests an extension of time until April 28, 2026, to respond to Ms. Webster's Letter Motion for relief at ECF 191.

This is Plaintiff's first request for an adjournment of the May 5, 2026 conference, and Plaintiff's first request for an extension of time to respond to Ms. Webster's April 1st, 2026 Letter Motion at ECF 191 should the Court decline to adjourn the May 5, 2026 conference.

Your Honor's time and attention to this matter is greatly appreciated.

Respectfully Submitted,

John Doe,
Plaintiff, Pro Se

cc: All Counsel of Record (VIA ECF)

2