**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JOHN DOE,

          *Plaintiff*,

    v.

COLUMBIA UNIVERSITY,

          *Defendant*.

No. 1:25-cv-02132 (DEH)

**DEFENDANT COLUMBIA UNIVERSITY'S OPPOSITION TO**
**PLAINTIFF'S MOTION FOR RECONSIDERATION**

Gabrielle E. Tenzer
Anna Collins Peterson
HECKER FINK LLP
350 Fifth Avenue, 63rd Floor
New York, NY 10118
Tel: (212) 763-0883
Fax: (212) 564-0883
gtenzer@heckerfink.com
apeterson@heckerfink.com

April 20, 2026

## PRELIMINARY STATEMENT

Reconsideration is an "extraordinary remedy" appropriate only where there is a change of dispositive law, new evidence, or a clear error or manifest injustice. *Staley v. Smart*, No. 23 Civ. 3546, 2024 WL 4471588, at *1 (S.D.N.Y. Oct. 11, 2024) (Ho, J.) (citation omitted). Plaintiff does not come close to making that showing here. Instead, he seeks reconsideration of this Court's carefully reasoned Order on the basis of an argument that this Court already considered and properly rejected. Plaintiff's motion for reconsideration should be denied.

## LEGAL STANDARD

A motion for reconsideration is "an extraordinary request . . . granted only in rare circumstances." *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 54 (2d Cir. 2019); *see also Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (describing the standard as "strict"). "A motion for reconsideration should be granted only when the [moving party] identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). Where a party fails to "point to controlling decisions or data that the court overlooked . . . that might reasonably be expected to alter the conclusion reached by the court," "reconsideration will generally be denied." *Shrader*, 70 F.3d at 257. Importantly, a motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Ravikant v. Rohde*, No. 21 Civ. 4758, 2026 WL 184614, at *1 (S.D.N.Y. Jan. 23, 2026) (Ho, J.) (quoting *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012)).

1

## **ARGUMENT**

Plaintiff seeks reconsideration of the dismissal of his Title IX erroneous outcome claim on the ground that this Court incorrectly determined that student-respondent Mack Roe's participation in the hearing for Plaintiff's consolidated Gender-Based Misconduct disciplinary proceeding was not a procedural irregularity. Plaintiff argues that the Court overlooked the distinction between Columbia's Interim Title IX Policy and its Gender-Based Misconduct Policy and relied on the inapplicable Interim Title IX Policy in determining that Mack Roe was permitted to participate in the hearing. Mot.[1] at 4, 6.[2] He also argues that the Court erred in taking judicial notice of the Interim Title IX Policy. *Id*. at 5-6. Neither argument has merit.

In his Complaint, his Opposition, and now in his Motion for Reconsideration, Plaintiff contends that Mack Roe's participation in Plaintiff's disciplinary hearing was procedurally irregular because Mack Roe was a witness and therefore prohibited from participating in Plaintiff's hearing under the GBM Policy. Compl. ¶¶ 792-796; Opp'n at 8, 10; *see generally* Mot. This Court correctly concluded, however, that Mack Roe's participation in the hearing was not a clear procedural irregularity because, by Plaintiff's own allegations, "Mack Roe was not merely a witness, but a *respondent* to the proceedings because Doe brought retaliation claims against Mack

---

[1] References to "Mot." are to Plaintiff's Motion For Reconsideration of This Court's March 23, 2026 Order, ECF 196; to "Order" are to this Court's March 23, 2026 Opinion and Order, ECF 188; to "Complaint" or "Compl." are to Plaintiff John Doe's Complaint, ECF 11; to "Motion to Dismiss" or "Mot. to Dismiss" are to the Memorandum of Law in Support of Defendant The Trustees of Columbia University in the City of New York's Motion to Dismiss the Complaint, ECF 41; to "Opposition" or "Opp'n" are to Plaintiff John Doe's Memorandum of Law in Opposition to Defendant's Motion to Dismiss Complaint, ECF 76; to "Reply" are to the Reply Memorandum of Law in Further Support of Defendant The Trustees of Columbia University in the City of New York's Motion to Dismiss the Complaint, ECF 88; and to "GBM Policy" are to Columbia's Gender-Based Misconduct and Interim Title IX Policies and Procedures for Students, ECF 42-1.

[2] Columbia's GBM Policy is a single document encompassing two policies to address gender-based misconduct. *See* Mot. to Dismiss at 2 n.2; GBM Policy at 1.

Roe." Order at 15. In reaching that conclusion, the Court cited Columbia's Interim Title IX Policy, which provides that Title IX complaints by multiple parties may be consolidated "where the allegations arise out of the same facts or circumstances." *Id.* (quoting GBM Policy at 46). Plaintiff now claims the Court's citation to the Interim Title IX Policy was an error warranting reconsideration, because the Interim Title IX Policy did not govern his Gender-Based Misconduct proceeding. Mot. at 2. Plaintiff's argument falls far short of his "heavy burden" on a motion for reconsideration. *Scantibodies Lab'y, Inc. v. Church Dwight Co.*, No. 14 Civ. 2275, 2018 WL 5847403, at *1 (S.D.N.Y. Nov. 7, 2018).

As an initial matter, Plaintiff already made this argument to the Court. That fact alone dooms his motion. *See Walsh v. Townsquare Media, Inc.*, 565 F. Supp. 3d 400, 402 (S.D.N.Y. 2021) (when a motion for reconsideration "merely offers substantially the same arguments . . . offered on the original motion," it "must be denied" (citation omitted)); *see also Wyche v. KM Sys., Inc.*, No. 19 Civ. 7202, 2021 WL 1535529, at *2 (E.D.N.Y. Apr. 19, 2021) (denying motion for reconsideration where the "[p]laintiff's arguments in the motion for reconsideration correspond with those made in plaintiff's" prior brief). Specifically, after Columbia cited the Interim Title IX Policy in its Motion to Dismiss, Plaintiff argued in his Opposition that the "Interim Title IX Policy . . . did not apply to the underlying disciplinary proceeding" and therefore "does not apply here." Opp'n at 8; *see also* Reply at 7; Mot. to Dismiss at 2 n.2, 18-19.

In any event, Plaintiff cannot establish that this Court's citation to the Interim Title IX Policy in its decision was clear error. "Clear error exists only when a court . . . 'is left with the definite and firm conviction that a mistake has been committed.'" *SEC v. Stewart*, No. 98 Civ. 2636, 2024 WL 382370, at *5 (S.D.N.Y. Feb. 1, 2024) (quoting *JPMorgan Chase Bank, N.A. v. Reifler*, No. 11 Civ. 4016, 2016 WL 10570981, at *2 (S.D.N.Y. July 14, 2016)); *see also id.* ("At

3

least one court has held . . . that reconsideration is not warranted unless the prior decision is 'dead wrong.'" (quoting *OGI Oceangate Transp. Co. v. RP Logistics Pvt. Ltd.*, No. 06 Civ. 9441, 2007 WL 2900225, at *1 n.1 (S.D.N.Y. Oct. 4, 2007))). Yet there is nothing clearly erroneous about the Court's consideration of the Interim Title IX Policy, even if it did not expressly govern Plaintiff's proceeding. The fact that the Interim Title IX Policy explicitly permits the consolidation of complaints—as do the federal Title IX regulations upon which it is based, *see* 34 C.F.R. § 106.45(b)(4) (2020)—is directly relevant to whether Mack Roe's participation in Plaintiff's consolidated proceeding was so procedurally irregular that it "raised an inference that the university was motivated, at least in part, by bias." *Menaker v. Hofstra Univ.*, 935 F.3d 20, 31 (2d Cir. 2019). Put simply, it is implausible that a procedural mechanism available under the Interim Title IX Policy and permitted by federal regulations was a tool of gender bias in Plaintiff's disciplinary proceeding.

Furthermore, Plaintiff has not shown—as he must—that the Court's decision would be any different had it not considered the Interim Title IX Policy. *See Shrader*, 70 F.3d at 257. Even if the Court had not considered the Interim Title IX Policy, its conclusion that Plaintiff "failed to adequately plead facts about procedural irregularities along the lines of those identified by the Second Circuit," Order at 14, remains correct. *See Roe v. St. John's Univ.*, 91 F.4th 643, 654, 657 (2d Cir. 2024) (requiring "significant" and "*clear* procedural irregularities in a university's response to allegations of sexual misconduct" to raise "a plausible inference of discrimination" (citation omitted)); *Menaker*, 935 F.3d at 34 n.50 (emphasizing the "standard requires *clear* irregularities to raise an inference of bias" and that "minimal irregularities (absent other indicia of bias) do not suffice to suggest discrimination"). Plaintiff has not, here or in his Opposition, met the Second Circuit's high standard by identifying any provision of the Gender-Based Misconduct

4

Policy—the policy applicable to his proceeding—*disallowing* the consolidation of related complaints or the participation of student-respondents who are also witnesses in hearings on consolidated cases. *See generally* Mot.; Opp'n. Nor has he alleged any facts suggesting that Mack Roe's participation in the hearing as a respondent was procedurally irregular. *Id.* Moreover, even if Mack Roe's participation in the hearing was a clear procedural irregularity (which it was not), Plaintiff's erroneous outcome claim would still fail on the independent basis that "[a] plaintiff must allege a causal connection between the allegedly erroneous outcome and his sex—and . . . Doe has failed to do so here." Order at 16; *see also id.* at 11-13.

Plaintiff also argues that the Court erred in taking judicial notice of the Interim Title IX Policy. But Plaintiff waived this argument when he failed to object to the Court's consideration of the GBM Policy (or the provisions of the Interim Title IX Policy within the GBM Policy) in his Opposition. *See, e.g.*, *RCC Ventures, LLC v. Brandtone Holdings Ltd.*, 322 F.R.D. 442, 445 (S.D.N.Y. 2017) ("[A] party is barred from making for the first time in a motion for reconsideration an argument it could readily have raised when the underlying issue was being briefed but chose not to do so." (quoting *City of Austin Police Ret. Sys. v. Kinross Gold Corp.*, 957 F. Supp. 2d 277, 315 (S.D.N.Y. 2013))); *see also generally* Opp'n. In any event, for all the reasons discussed above, even if the Court had not considered the Interim Title IX Policy provisions of the GBM Policy, the Court's conclusions with respect to Plaintiff's Title IX claim would have been no different. *See Shrader*, 70 F.3d at 257.

## CONCLUSION

For the foregoing reasons, Columbia respectfully requests that the Court deny Plaintiff's motion.

Dated:       April 20, 2026                          Respectfully submitted,

                                                     By: _____
                                                         Gabrielle E. Tenzer
                                                         Anna Collins Peterson
                                                         HECKER FINK LLP
                                                         350 Fifth Avenue, 63rd Floor
                                                         New York, NY 10118
                                                         Tel: (212) 763-0883
                                                         Fax: (212) 564-0883
                                                         gtenzer@heckerfink.com
                                                         apeterson@heckerfink.com

                                                         *Counsel for Defendant The Trustees of
                                                         Columbia University in the City of
                                                         New York*

## CERTIFICATE OF COMPLIANCE

I, Anna Collins Peterson, hereby certify that this memorandum of law complies with the word-count limitations set forth in Local Civil Rule 7.1(c) and Rule 4(c)(ii) of Your Honor's Individual Rules and Practices in Civil Cases and contains 1,694 words and 5 pages, exclusive of the caption, the signature blocks, and this certificate.

Dated: April 20, 2026
New York, New York

_____
Anna Collins Peterson

*Counsel for Defendant The Trustees of Columbia University in the City of New York*

7