**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**---------------------------------------------------------x**

| | |
|---|---|
| **JOHN DOE,** | **Case No. 1:25-CV-02132-** |
| | **DEH-RFT** |
| **Plaintiff,** | |
| **v.** | |
| | |
| **COLUMBIA UNIVERSITY,** | |
| | |
| **Defendant.** | |

**---------------------------------------------------------x**

**PLAINTIFF JOHN DOE'S REPLY IN SUPPORT**
**OF PLAINTIFF'S MOTION FOR RECONSIDERATION OF**
**THIS COURT'S MARCH 23, 2026 ORDER**

**JOHN DOE** *Plaintiff, Pro Se*
PO Box #250050 New York, New York 10025
(917) 450-9050

April 22, 2026

## PRELIMINARY STATEMENT

Reconsideration is a remedy designed for exactly this situation: a court, misled by a party's citation to an inapplicable document, dismissed a well-pleaded claim without ever evaluating it under the correct legal framework. That is what happened here. The Court's March 23, 2026 Order dismissed Plaintiff's Title IX erroneous outcome claim by relying on a consolidation provision drawn from Columbia's Interim Title IX Policy—a policy that Columbia's own counsel concedes did not govern Plaintiff's proceeding. Because the Court's dispositive reasoning rested on that inapplicable provision, the underlying procedural irregularity that Plaintiff actually alleged was never properly evaluated. Reconsideration is appropriate, and Plaintiff respectfully requests that the Court grant it.

## ARGUMENT

I.    **THE COURT OVERLOOKED A MATERIAL FACTUAL DISTINCTION— THE DIFFERENCE BETWEEN COLUMBIA'S GBM POLICY AND ITS INTERIM TITLE IX POLICY—THAT WARRANTS RECONSIDERATION.**

Reconsideration is appropriate where a movant demonstrates that the Court overlooked factual matters that were put before it on the underlying motion and that, had they been considered, might reasonably have altered the result. *In re Refco Capital Markets, Ltd. Brokerage Customer Sec. Litig.,* Nos. 06 Civ. 643, 07 Civ. 8686, 2008 WL 4962985, at *1 (S.D.N.Y. Nov. 23, 2008). Reconsideration is also

appropriate to correct a clear error of law or prevent manifest injustice. *Munafo v. Metro. Transp. Auth.,* 381 F.3d 99, 105 (2d Cir. 2004). Both grounds are satisfied here.

The material factual matter at issue is straightforward: Columbia's Gender-Based Misconduct Policy ("GBM Policy") and its Interim Title IX Policy and Procedures are two distinct instruments governing two different types of proceedings. Plaintiff's disciplinary proceeding was adjudicated under the GBM Policy. The Interim Title IX Policy did not apply. This distinction was squarely before the Court in his Opposition, where Plaintiff explicitly warned this Court that Columbia was citing its Interim Title IX Policy—not the GBM Policy—to defeat the claim and implored the Court not to be misled. ECF 76 at 8.

The Court's Order does not reflect any consideration of that warning. Instead, the Order cited the Interim Title IX Policy's consolidation provision as though it resolved Plaintiff's GBM-based procedural irregularity claim. This Court's entire chain of reasoning rests on a provision that did not govern Plaintiff's proceeding.

Had the Court heeded Plaintiff's warning, and applied the *correct* framework, it would have been required to accept Plaintiff's allegation that the operative GBM Policy prohibited witness participation, and to assess whether that prohibition was violated. That assessment has never been made — warranting reconsideration.

3

**II.    COLUMBIA'S WAIVER ARGUMENT FAILS BECAUSE PLAINTIFF EXPRESSLY RAISED THE POLICY DISTINCTION BELOW, AND THE COURT'S OWN ORDER CONFIRMS IT WAS OVERLOOKED.**

Columbia's threshold defense is that Plaintiff is merely "relitigating" a previously rejected argument. That characterization misreads both the record and the applicable standard, and it fails for a simple reason: the Court's Order itself proves the argument was not considered. Columbia conflates two distinct legal concepts. A motion for reconsideration based on overlooked factual matter is not the same as relitigating a decided argument. The standard under Local Civil Rule 6.3 permits reconsideration where the Court "overlooked . . . matters . . . which counsel believes the court has overlooked." The relevant question *here,* is not whether the argument was *made* — it was. it is whether the Court actually *considered and resolved* it — the Court did not.

Yet, the Court's Order *still* cited the Interim Title IX Policy's consolidation provision as the basis for rejecting Plaintiff's procedural irregularity claim, without addressing Plaintiff's argument that the provision was inapplicable or Columbia's concession that it governed a different proceeding. If the Court had actually considered and resolved the policy distinction—as Columbia now claims—the Order would have grappled with those arguments. It did not.

Columbia's waiver argument fares no better. Columbia contends that Plaintiff waived any objection to the Court's consideration of the Interim Title IX Policy by failing to specifically challenge judicial notice of it in his Opposition. But Plaintiff did object—on the merits. He argued that the Interim Title IX Policy did not apply and urged the Court not to rely on it. ECF 76 at 8. The substance of a judicial notice objection is precisely that the document in question is not what it is claimed to be, or does not govern what it is claimed to govern. Plaintiff made that argument. The form in which he did so does not forfeit the substance.

4

**III.    JUDICIAL NOTICE OF THE INTERIM TITLE IX POLICY WAS IMPROPER UNDER *CHAMBERS*, AND THE ERROR WAS NOT HARMLESS.**

Even setting the waiver argument aside, the Court's consideration of the Interim Title IX Policy was error under controlling Second Circuit precedent, and that error was not harmless.

**A. Consideration of the Interim Title IX Policy Was Improper Under *Chambers*.**

On a Rule 12(b)(6) motion, a court may consider a document outside the complaint only where the plaintiff "rel[ied] on the terms and effect of a document in drafting the complaint." *Chambers v. Time Warner, Inc.,* 282 F.3d 147, 153 (2d Cir. 2002). The Second Circuit was emphatic: "a plaintiff's reliance on the terms and effect of a document in drafting the complaint is a *necessary prerequisite* to the court's consideration of the document on a dismissal motion; mere notice or possession is not enough." (Emphasis added) *Id. Chambers* explained that consideration of extraneous material "is at odds with the liberal pleading standard of  FRCP 8(a)(2)." *Id.*

Plaintiff did not rely on the Interim Title IX Policy. He has never relied on it. Columbia— and Columbia alone—introduced the Interim Title IX Policy, attaching it alongside the GBM Policy as a single combined exhibit in its attorney declaration in support of the motion to dismiss. ECF 42-1. Columbia then cited provisions of the Interim Title IX Policy to argue that the alleged procedural irregularity was authorized by policy. ECF 41 at 18–19. The Court should not have considered the Interim Title IX Policy. *Chambers* controls. Columbia does not.

**B. The Error Was Not Harmless.**

Columbia argues that "the outcome would have been no different" even without consideration of the Interim Title IX Policy. This argument asks the Court to resolve—by assertion

in an opposition brief—the very factual and legal question that was decided on the wrong basis in the first place.

The Court's Order did not conclude, under the GBM Policy, that consolidation was permitted. It concluded that consolidation was permitted because the Interim Title IX Policy said so. Order at 15. Once the inapplicable policy is removed from the analysis, the question remains open: does the operative GBM Policy permit the consolidation of a witness-adverse complaint into a complainant's sexual misconduct hearing? Plaintiff alleged in his Complaint that it does not. Compl. ¶ 793. On a Rule 12(b)(6) motion, that allegation must be accepted as true.

Columbia's fallback argument —that Plaintiff failed to identify a specific GBM Policy provision disallowing consolidation and witness participation — is simply not true. Plaintiff *did* identify a specific GBM Policy provision disallowing consolidation and witness participation Compl. ¶ 793. Plaintiff clearly, and unambiguously alleged that the GBM Policy prohibited witness participation in GBM hearings, that Mack Roe was a witness, that Mack Roe was nonetheless permitted by Columbia to participate and to advocate against Plaintiff and in favor of Jane Roe as a witness and that this policy deviation was a *clear* procedural irregularity designed to disadvantage Plaintiff and advantage Jane Roe. Whether those allegations are sufficient under *Doe v. Columbia Univ.,* 831 F.3d 46, 48 (2d Cir. 2016) applying the GBM Policy—*not the Interim Title IX Policy*—is a question this Court has not yet answered under the *correct* factual framework.

## **<u>CONCLUSION</u>**

For the foregoing reasons, Plaintiff respectfully requests that this Court: (a) grant reconsideration of the March 23, 2026 Opinion and Order to the extent it relied on extraneous material in dismissing Plaintiff's Title IX erroneous outcome claim for failure to state a claim.

6

**Dated: April  22, 2026**
**New York, New York**

   **Respectfully Submitted,**
   **JOHN DOE**

**By:** _____

   **John Doe**
   **PO Box #250050**
   **New York, New York 10025**
   **(917) 450-9050**
   **johndoe.casemail@gmail.com**
   **Plaintiff,** *Pro Se*

7