

KKL LLP
350 Fifth Avenue, 77th Floor
New York, NY 10118
+1 212 390 9550
www.KKLllp.com

April 30, 2026

**Via ECF**

The Hon. Dale E. Ho
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

**Re:**   ***John Doe v. Columbia University*, No. 25 Civ. 02132 (S.D.N.Y.)**

Dear Judge Ho:

I represent non-party Jane Roe in the above-captioned litigation. Pursuant to Rule 6(d) of Your Honor's Individual Rules and Practices in Civil Cases, I write respectfully to request that paragraphs 487 through 517, 963, and 968 through 978 of Plaintiff's proposed amended complaint, *see* ECF Nos. 202, 203, be permanently redacted. Plaintiff consents to this request as to paragraphs 487 through 517, but has not indicated whether he consents to this request as to paragraphs 963, and 968 through 978.

On April 27, 2026, following the Court's dismissal of his Complaint, Plaintiff filed a motion for leave to file an amended complaint, attaching a redlined version of the proposed amended complaint with redactions, ECF No. 202, and filing the unredacted proposed amended complaint under seal, ECF No. 203. Plaintiff redacted several paragraphs that reference the content of communications Ms. Roe produced in response to a subpoena Plaintiff issued to her (¶¶ 487–517), but left unredacted several other paragraphs that also reference these communications (¶ 963 and ¶¶ 968–978). Given the sensitive nature of this lawsuit—which concerns Ms. Roe's complaint to Columbia that Plaintiff accessed and sent himself her private and explicit photographs without her consent—and the content of the communications, Ms. Roe designated the communications she produced in response to Plaintiff's subpoena as Confidential pursuant to the Confidentiality Stipulation and Proposed Protective Order, entered on July 28, 2025, ECF 86 ("Protective Order"). On April 28, 2026, I emailed Plaintiff to request that he replace his public filing with a version that also redacts ¶ 963 and ¶¶ 968–978 pending a determination on this application to seal, as those paragraphs also contained information from Ms. Roe's communications that had been designated as Confidential. On April 30, 2026, I again emailed Plaintiff, following up on my request and asking whether he consents to permanently redact ¶ 963 and ¶¶ 968–978. As of the filing of this letter, Plaintiff has not yet responded to my emails, nor has he indicated whether he consents to permanently redact ¶ 963 and ¶¶ 968–978.

Redacting these paragraphs of Plaintiff's proposed amended complaint comports with the three steps in *Lugosch v. Pyramid Co. of Onondaga*. 435 F.3d 110, 119–21 (2d Cir. 2006) (describing three-step process to determine whether documents may be sealed: (1) whether the

April 30, 2026
Page 2 of 2

documents are judicial; (2) the weight of the presumption of access; and (3) competing considerations).  Where documents involve sensitive personal information of third parties, courts in the Second Circuit have recognized the need to protect third parties' privacy interests and have permitted such documents to be filed under seal.  *See United States v. Amodeo*, 71 F.3d 1044, 1050–51 (2d Cir. 1995) (collecting cases); *United States v. Sattar*, 471 F. Supp. 2d 380, 387 (S.D.N.Y. 2006).

Here, the proposed redactions contain quotations from, and references to, private conversations between two non-parties.  *See Johnson v. L'Oreal USA*, No. 18-CV-9786, 2021 WL 1191443, at *1 (S.D.N.Y. Mar. 30, 2021) ("[T]he privacy interests of non-parties outweigh the presumption of public access.").  Among other things, these paragraphs of the proposed amended complaint reference a non-party's counsel, her reactions to an extremely traumatic period of her life, and sensitive medical information.  Even though Ms. Roe and Mack Roe are pseudonymous in this litigation, the contents of the communications, including the reference to their counsel and Ms. Roe's personal health information, could reveal their identities.[1]  Moreover, there is little, if any, public interest in these paragraphs or the redacted portions of Plaintiff's proposed amended complaint, which reference two non-parties and Plaintiff and his disciplinary proceeding, not a topic with "public ramifications."  *Amodeo*, 71 F.3d at 1051.

Thank you for the Court's attention to this matter.

Respectfully,

By:    */s/ Molly K. Webster*
        Molly K. Webster

Encl.

---

[1] It is worth noting that Plaintiff's allegations plainly misconstrue the underlying communications, painting Ms. Roe in a false light, further necessitating permanent redaction.  For example, the proposed amended complaint alleges that Ms. Roe lied to Columbia about a health issue, when nothing in the underlying communication makes such a suggestion except that it occurred later in the same day when Mack Roe referenced objecting to a particular panelist.  *See* Proposed Amended Complaint ¶¶ 508, 512–13.