BELDOCK LEVINE & HOFFMAN LLP
99 PARK AVENUE, PH/26TH FLOOR
NEW YORK, N.Y. 10016

JONATHAN C. MOORE
DAVID B. RANKIN
LUNA DROUBI
MARC A. CANNAN
JONATHAN K. POLLACK
HENRY A. DLUGACZ
STEPHEN J. BLUMERT
MYRON BELDOCK (1929-2016)
LAWRENCE S. LEVINE (1934-2004)
ELLIOT L. HOFFMAN (1929-2016)

TEL: (212) 490-0400
FAX: (212) 277-5880
WEBSITE: blhny.com

COUNSEL
PETER S. MATORIN
CYNTHIA ROLLINGS
KAREN L. DIPPOLD
JODY YETZER
MARJORY D. FIELDS
EMILY JANE GOODMAN
   (JUSTICE, NYS SUPREME COURT, RET.)
FRANK HANDELMAN

March 20, 2026

REF: 8328.01

WRITER'S DIRECT CONTACT:
(212) 277-5825
drankin@blhny.com

**VIA ECF ONLY**
Robyn F. Tarnofsky
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Mack Roe's application is DENIED as moot, without prejudice to her renewing this application if the discovery stay is lifted and this application is still appropriate. The Clerk of Court is respectfully requested to terminate ECF 187.

SO ORDERED

Dated:  May 6, 2026
        New York, NY

ROBYN F. TARNOFSKY
UNITED STATES MAGISTRATE JUDGE

Re:     **John Doe v. Columbia University**, **25 Civ. 02132 (SDNY)**

Your Honor:

Our office represents Mack Roe, a witness in the above captioned matter. I write at the direction of Dkt. No. 184 to provide a roadmap to production of Mack Roe's Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g ("FERPA") documents and for a pre-motion conference seeking a protective order to limit the scope of this production.

Preliminarily, the documents in Mack Roe's possession are Mack Roe's personal FERPA documents, so his PPI is not redacted, which it would need to be done before any production to John Doe is commenced. It is unclear how long it would take for Columbia to redact Mack Roe's information in compliance with FERPA.

The documents at issue are not as straight forward as they might appear. There are three distinct disciplinary cases contained in the reviewed documents. The lawsuit before Your Honor, as we see it, relates to only one of them.

**Disciplinary Case 1,** (Jane Roe against John Doe for sexual exploitation and stalking). 4/26/2022: Incident Report filed.

**Disciplinary Case 2,** (John Doe against Mack Roe and Jane Roe for retaliation). 1/9/2023: Incident Report filed alleging Jane Roe and Mack Roe threatened,

BELDOCK LEVINE & HOFFMAN LLP

Hon. Robyn F. Tarnofsky
March 20, 2026
Page 2

coerced and harassed him to comply with their "demands" or else they would file a Gender-Based Misconduct claim.

**Disciplinary Case 3,** (Mack Roe against John Doe for retaliation). 2/27/2023: Incident Report filed alleging that John Doe only filed his retaliation claims in Disciplinary Case 2 against Mack Roe because he was participating as a witness in Disciplinary Case 1.

**Disciplinary Case 1** relates to "The Evening of April 23, 2022, and Early Morning Hours of April 24, 2022 (the "Incident")," the incident before Your Honor. Redacted Complaint, Dkt. 11, Pg. 47. The allegations related to the Incident and the subsequent investigation spans 74 pages of the complaint. The alleged injury comes from Case 1, as John Doe was suspended based on these allegations. *Id.*, Pg. 143. Mack Roe does not oppose production of his FERPA documents related to this disciplinary case, assuming his information is redacted and produced under the protective order.

**Disciplinary Case 2** is where the problems begin. John Doe proceeds to make a number of serious, false, and scurrilous allegations against Mack Roe. We respectfully request the opportunity to present a few of these documents to Your Honor *ex parte* so Your Honor can see for yourself the allegations at issue. Additionally, allegations related to Disciplinary Case 2 are found in only six pages of the 187-page complaint. *Id.*, Pgs. 102-104; 106-110.

**Disciplinary Case 3** is a miniscule part of this action. The factual allegations in the Complaint related to Mack Roe's conduct consist of two paragraphs. *Id.*, ¶¶ 604-605. Nothing in these two paragraphs relates to John Doe's race. John Doe does continue to discuss his dissatisfaction with the sanction of being placed on two years of disciplinary probation. *Id.*, ¶¶ 765- 769. On information and belief, these sanctions were subsumed by the sanctions levied in Disciplinary Case 1.

It is now necessary to see if, or how, the allegations in the various disciplinary cases relate to the causes of action before Your Honor.

The First Cause of Action – Erroneous Outcome Title IX, by its own account, relate to, "[t]he discipline of a 3-semester suspension was erroneously imposed. The allegation in Jane Roe's case for which John Doe was found responsible involved Jane Roe intending to hook up with John Doe and seduce him for a sexy photoshoot." *Id.*, ¶¶ 1011-1012. This is Disciplinary Case 1.

The Second Cause of Action – Selective Enforcement, by its own account, relate to "Columbia did not investigate Complainant for sexual harassment or retaliation despite being informed of evidence that she sexually harassed John Doe, coerced him, and retaliated against him for not meeting her pre-complaint demands." *Id.*, ¶ 1033. This is Disciplinary Case 1.

The Third Cause of action – Reasonable Accommodations under the ADA, does not relate to Mack Roe at all, "The actions of Columbia University, through its employees and agents,

BELDOCK LEVINE & HOFFMAN LLP

Hon. Robyn F. Tarnofsky
March 20, 2026
Page 3

including the unauthorized disclosure and subsequent denial of necessary disability accommodations, constitute discrimination against Plaintiff on the basis of his disability." *Id.*, ¶1050. It is unclear which disciplinary case this relates to.

The Fourth Cause of Action – Deliberate Indifference and Violation of Title VI of the Civil Rights Act of 1964 - does relate to Mack Roe's alleged comments made to John Doe of "Mack Roe repeatedly told Plaintiff that as a "black man" he "did not stand a chance" in proceedings at Columbia." *Id.*, ¶1056.[1] This cause of action does not appear to correspond to the allegations related to Mack Roe in the body of the complaint or in the Disciplinary Cases at issue before Your Honor.

The Fifth Cause of Action – Violations of New York City Human Rights law. This action is based on "Columbia's actions were based upon impermissible discrimination based on John Doe's gender, disability, and race..." *Id.*, ¶1070. Again, this cause of action does not appear to relate to Mack Roe's conduct in either Disciplinary Cases 2, or 3.

In short, the nexus between Mack Roe's FERPA records, the Disciplinary Cases, and the lawsuit show that the only FERPA records of Mack Roe's which are properly discoverable are records which relate to Disciplinary Case 1. This matter is not of trifling significance. The allegations against Mack Roe contained in Disciplinary Case 2, which John Doe only tangentially placed before the Court, are extremely serious. Mack Roe could potentially suffer great harm should these records be released and the need for them is small to non-existent. The specter of violations of the confidentiality order has been addressed by this court at Dkt. Nos. 152 and 163.[2]

As stated above, we request a conference on the propriety of a protective order being issued which would bar Columbia University from producing Mack Roe's FERPA documents related to Disciplinary Case 2 and 3. Further, we request the opportunity to provide the court *ex parte* a small selection of documents in Disciplinary Cases 2 and 3.

Columbia University takes no position on the request for a protective order. John Doe opposes the request for a protective order. The request for an *ex parte* submission was not discussed with either party. We thank Your Honor for your consideration of these requests.

Respectfully Submitted,

David B. Rankin

---

[1] Should Your Honor deny the application for a protective order related to Disciplinary Cases 2 & 3, we respectfully request that production only be ordered for items which relate to Mack Roe's alleged statements about John Doe's race.

[2] We do not take a position on if confidential information was placed on the docket.