# JOHN DOE

PO Box #250050
New York, NY 10025
(917) 450-9050

**Direct Dial: (917) 450-9050**
**Direct Email: johndoe.casemail@gmail.com**

May 6, 2026

<u>**VIA ECF**</u>
The Honorable Robyn F. Tarnofsky
United States District Court
Southern District of New York
500 Pearl Street, Room 703
New York, NY 10007

Re:    Doe v. Columbia University No. 1:25-cv-02132-DEH-RFT

Dear Judge Tarnofsky:

I write as Plaintiff in the above-referenced matter to respectfully request leave of this Court to submit to this Court Jane Roe's document production for *in camera* review alongside the unredacted Epiq billing records this Court has already ordered Ms. Roe to produce to this Court.

On May 6, 2026, Your Honor Court ordered an *in camera* review of the unredacted Epiq billing records in connection with Ms. Roe's April 1, 2026 cost-shifting application at ECF 191 to evaluate whether Ms. Roe's purported e-discovery costs are (a) reasonable, (b) necessary to comply with Plaintiff's subpoena, (c) proportional to the documents produced to Plaintiff, and (d) whether the work-product doctrine and attorney-client privilege that Ms. Roe has asserted as a basis to redact 22 billing tasks that Ms. Roe seeks to shift to Plaintiff are legally based and appropriate in context. This inquiry is two-sided. The billing records reflect what Epiq collected, processed, reviewed, hosted, and delivered to Ms. Webster. The production reflects what Plaintiff actually received from Ms. Roe. Without both documents before the Court simultaneously, the Court will have only one side of the comparison necessary to resolve Ms. Roe's application.

Ms. Roe's production yielded 76 pages. The subpoena sought 25 months of communications. The production yielded approximately 2 of those 25 months. Reviewed alongside the unredacted billing records — which reflect collection, processing, hosting, and multi-level review of data volumes substantially in excess of 76 pages by a multitude of Epiq personnel, and multiple deliveries of specific document sets to Ms. Webster via secure link whose contents were redacted — the actual production will allow this Court to assess with *documentary precision* the nexus between the purported costs incurred and the subpoena compliance achieved.

This request is narrow and proportionate. Your Honor has already determined that the existing record is insufficient to resolve Ms. Roe's application. Ms. Roe's production is a missing piece of this record. Plaintiff is prepared to submit it immediately upon the Court's authorization.

1

Your Honor's continued attention to this matter is greatly appreciated.

Respectfully Submitted,

John Doe,
Plaintiff, Pro Se

cc: All Counsel of Record (VIA ECF)

2