Hecker Fink LLP

NEW YORK | WASHINGTON, DC | LOS ANGELES

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118

TEL (212) 763-0883 | FAX (212) 564-0883
WWW.HECKERFINK.COM

apeterson@heckerfink.com

May 11, 2026

**VIA ECF**

The Honorable Robyn F. Tarnofsky
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

           *Re:*    *Doe v. Columbia University*, No. 25-cv-02132-DEH-RFT (S.D.N.Y.)

Dear Judge Tarnofsky:

We write on behalf of Defendant The Trustees of Columbia University in the City of New York ("Columbia") regarding Plaintiff's Proposed Amended Complaint ("PAC"), submitted with his Motion For Leave to File an Amended Complaint. *See* ECF 202, 203. Columbia respectfully requests that (1) Plaintiff's PAC at ECF 202 and 203 be removed from the docket, (2) Plaintiff be required to replace his PAC with a version omitting any discussion of the parties' settlement negotiations, and (3) the Court instruct Plaintiff to refrain from publicly disclosing confidential settlement communications.

In his PAC, Plaintiff describes a confidential settlement communication sent by Columbia to Plaintiff in connection with a requested settlement conference with Your Honor. *See* PAC ¶¶ ████████.[1] The communication itself was clear about its confidential, non-public nature. Moreover, such communications are "strictly confidential" pursuant to Your Honor's Individual Practices. *See* Rule V.A of Judge Tarnofsky's Individual Practices in Civil Cases (providing that settlement conferences and related communications are "strictly confidential"); *see also E-Z Bowz, L.L.C. v. Pro. Prod. Rsch. Co.*, No. 00 Civ. 8670, 2003 WL 22416174, at *2 (S.D.N.Y. Oct. 23, 2003) (where magistrate judge's standing order provided that settlement conference communications were "strictly confidential," "settlement offers could not have been included in any filings with the Court, whether in a sealed record or not").

In connection with Plaintiff's prior public filing of this very same information, Columbia sought relief from the Court and explained that disclosing discussions from settlement conferences is "entirely improper" and sanctionable. *See* ECF 157 (quoting *Lee v. Grand Sichuan E. (N.Y.) Inc.*, No. 12 Civ. 08652, 2014 WL 199512, at *4 (S.D.N.Y. Jan. 17, 2014)); ECF 155. In that prior instance, the Court removed the offending letter over Plaintiff's objection. *See* ECF 156. Shortly thereafter, Plaintiff again filed confidential information on the public docket, this time unredacted communications designated "Confidential" pursuant to the Confidentiality Stipulation and

---

[1] Columbia reserves all rights to respond to Plaintiff's Motion for Leave to File an Amended Complaint and any alleged legal claim purportedly related to these allegations.

## Hecker Fink LLP

Proposed Protective Order entered in this case. *See* ECF 163. Plaintiff again objected to the removal of the confidential information, ECF 169, and the Court ultimately "issued an emergency sealing [order]," *see* Feb. 27, 2026 Conf. Tr. at 9:10-11. Now, in his PAC, in addition to the confidential settlement communications, he *again* included unredacted confidential communications from discovery. *See* ECF 205.

As Columbia has previously explained, stringent restrictions on the disclosure of settlement discussions serve, among other important functions, "to prevent a party's settlement offer from being made part of the record and hence available to the District Judge." *E-Z Bowz, L.L.C.*, 2003 WL 22416174, at *2; *see generally* ECF 155. Removal of confidential settlement communications from the PAC is therefore appropriate. Additionally, as the Second Circuit has concluded, the presumption of public access to settlement negotiations is weak and competing considerations weighing against disclosure are strong. *See, e.g., United States v. Glens Falls Newspapers, Inc.*, 160 F.3d 853, 858 (2d Cir. 1998) ("[T]he presumption of access to settlement negotiations, draft agreements, and conference statements is negligible to nonexistent.").

For these reasons, Columbia respectfully requests that (1) Plaintiff's PAC be removed from the docket entirely, (2) Plaintiff be required to resubmit his PAC without improper description of any confidential settlement communications, and (3) the Court instruct Plaintiff to refrain from filing confidential settlement communications on the Court's docket.

Respectfully submitted,

Anna Collins Peterson

Hecker Fink LLP

3

**AFFIRMATION OF SERVICE**

I, Anna Collins Peterson, declare under penalty of perjury that on May 11, 2026, I caused

to be served a copy of this Letter via electronic and physical mail to the following addresses:

John Doe
PO Box #250050
New York, NY 10025
johndoe.casemail@gmail.com

Dated: May 11, 2026
New York, New York

By: _____
Anna Collins Peterson
HECKER FINK LLP
350 Fifth Avenue, 63rd Floor
New York, NY 10118
Tel: (212) 763-0883
apeterson@heckerfink.com

*Counsel for Defendant The
Trustees of Columbia University
in the City of New York*