## Hecker Fink LLP

**NEW YORK | WASHINGTON, DC | LOS ANGELES**

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118

TEL (212) 763-0883 | FAX (212) 564-0883
WWW.HECKERFINK.COM

apeterson@heckerfink.com

May 11, 2026

**VIA ECF**

The Honorable Robyn F. Tarnofsky
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

> *Re:*    *Doe v. Columbia University*, No. 25-cv-02132-DEH-RFT (S.D.N.Y.)

Dear Judge Tarnofsky:

We write on behalf of Defendant The Trustees of Columbia University in the City of New York ("Columbia") to respectfully request that Columbia be permitted to file a letter with a redaction. In accordance with Rule III.E of Your Honor's Individual Practices in Civil Cases, we are publicly filing the letter with the proposed redaction and filing under seal an unredacted version with the proposed redaction highlighted.

The letter that Columbia seeks to redact relates to Plaintiff's disclosure of confidential settlement communications in Plaintiff's Proposed Amended Complaint ("PAC") submitted with his Motion For Leave to File an Amended Complaint. *See* ECF 202, 203. Because the PAC is currently accessible on the public docket, *see* ECF 202, Columbia seeks to redact the citation in its letter referring the Court to the specific paragraphs of the PAC that contain confidential settlement information.

Redacting this single citation would prevent further dissemination of confidential settlement information and is consistent with the principles articulated in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), and *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132 (2d Cir. 2016). Both the Second Circuit and courts in this District have concluded that, in the context of settlement negotiations, the presumption of public access is weak and competing considerations weighing against disclosure are strong. *See, e.g.*, *United States v. Glens Falls Newspapers, Inc.*, 160 F.3d 853, 858 (2d Cir. 1998) ("[T]he presumption of access to settlement negotiations, draft agreements, and conference statements is negligible to nonexistent."); *Atl. Specialty Ins. Co. v. Royal All. Assocs., Inc.*, No. 23 Civ. 9555, 2023 WL 8600548, at *2-3 (S.D.N.Y. Dec. 12, 2023) (granting motion to redact portions of complaint disclosing confidential settlement negotiations and collecting cases).

Hecker Fink LLP

Accordingly, Columbia respectfully requests that it be permitted to redact on the public docket the very limited portion of its letter to the Court citing to confidential settlement information contained in Plaintiff's PAC.

Respectfully submitted,

*Anna Collins Peterson*

Anna Collins Peterson

Application DENIED as moot, as the Proposed Amended Complaint (ECF 203) has already been sealed. The Clerk of Court is respectfully requested to terminate ECF 210 and to unseal ECF 212.

Dated: May 12, 2026
        New York, NY

SO ORDERED

_____
ROBYN F. TARNOFSKY
UNITED STATES MAGISTRATE JUDGE