# JOHN DOE

PO Box #250050
New York, NY 10025
(917) 450-9050

**Direct Dial: (917) 450-9050**
**Direct Email: johndoe.casemail@gmail.com**

May 12, 2026

<u>**VIA ECF**</u>
The Honorable Robyn F. Tarnofsky
United States District Court
Southern District of New York
500 Pearl Street, Room 703
New York, NY 10007

**Re:    Doe v. Columbia University No. 1:25-cv-02132-DEH-RFT**

Dear Judge Tarnofsky:

I write as Plaintiff in the above-referenced matter to respectfully respond in opposition to Columbia's Application at ECF 211 asking this Court to strike Plaintiff's Proposed Amended Complaint ("FAC") from the docket and issue an admonishment to Plaintiff. Columbia's Application should be denied for three independent reasons: (1) the evidence at issue falls within the wrongful-act exception to Federal Rule of Evidence 408; (2) Rule 408 does not apply to claims distinct from those that were the subject of compromise negotiations; and (3) neither Rule 408 nor this Court's Individual Practices can operate to extinguish Plaintiff's substantive federal rights under Title IX's anti-retaliation provision. Accordingly, Columbia's application should be **denied.**

## I.    The Wrongful-Act Exception to Rule 408 Applies

Rule 408 is not an absolute bar on all evidence touching settlement discussions. It is a targeted rule designed to encourage compromise by preventing a party's settlement offer from being used to prove the validity or invalidity of the claim being negotiated. It was never designed—and has never been interpreted—to immunize wrongful conduct simply because that conduct occurred in a settlement context.

Although the literal language of Rule 408 broadly declares that "[e]vidence of conduct or statements made in compromise negotiations is protected "Rule 408 is inapplicable when the claim is based upon some wrong that was committed in the course of the settlement discussions" and Rule 408 "does not prevent the plaintiff from proving his case" *Uforma/Shelby Bus. Forms, Inc. v. N.L.R.B.,* 111 F.3d 1284, 1293 (6th Cir. 1997). "wrongful acts are not shielded because they took place during compromise negotiations" and "[t]he inapplicability of Rule 408 to suits seeking to vindicate wrongs committed during settlement discussions derives from the more general principle that "Rule 408 only bars the use of compromise evidence to prove the validity or

1

invalidity of the claim that was the  subject of the compromise, not some other claim." *Id.* This principle is not limited to the Sixth Circuit; it reflects the plain text and purpose of Rule 408. The evidence Plaintiff has included in his FAC does not describe a legitimate settlement offer. It describes conduct — conduct that Plaintiff alleges constitutes retaliation in violation of Title IX. The wrongful-act exception to Rule 408 therefore applies, and Rule 408 is no bar to its inclusion.

**II.      Rule 408 Does Not Apply to Plaintiff's Title IX Retaliation Claim, Which is Distinct From the Claims That Were Subject to Compromise Discussions**

Even setting aside the wrongful-act exception, Rule 408 is simply inapplicable here because the claim at issue is not the claim that was the subject of the settlement negotiations. Rule 408 "only bars the use of compromise evidence to prove the validity or invalidity of the claim that was the subject of the compromise, not some other claim." *Uforma/Shelby Bus. Forms, Inc. v. N.L.R.B.,* 111 F.3d 1284, 1293 (6th Cir. 1997) "Evidence of the compromise of a claim different than the claim currently in dispute therefore is admissible unless the compromise evidence requires an inference as to the offeror's belief concerning the validity or invalidity of the compromised claim." *Id.*

The claims that were the subject of purported settlement correspondence were (a) Erroneous Outcome in Violation of Title IX; (b) Selective Enforcement in Violation of Title IX; (c) Violation of the ADA; (d) Deliberate Indifference in Violation of Title VI; and (e) Violation of the NYCHRL. Plaintiff's proposed Title IX retaliation claim is an entirely different cause of action, with distinct elements, a distinct factual predicate, and a distinct temporal basis. Alleging facts concerning Columbia's conduct during those discussions to support a retaliation claim does not require any inference about Columbia's belief as to the validity of the underlying Title IX, ADA, Title VI, or NYCHRL claims. Rule 408's protective scope simply does not extend this far.

**III.      Neither Rule 408 Nor This Court's Individual Rules and Practices Can Extinguish Plaintiff's Substantive Federal Rights Under Title IX**

Columbia also invokes Your Honor's Individual Rules and Practices, which provide that settlement conferences and related communications are "strictly confidential." That rule's purpose is to encourage candor and *good-faith* negotiation by ensuring that what parties say *in good faith* in pursuit of settlement cannot be weaponized against them on the merits of the underlying dispute. Plaintiff *greatly* respects that Rule and the purpose of that rule and does not contest it generally.

But that rule cannot do what Columbia asks it to do here. A court's individual practices are procedural in nature, and govern the conduct of litigation before that court. They do not—and cannot—override or extinguish a party's substantive federal statutory rights. Title IX's anti-retaliation provision is a federal statutory right of the highest order, protecting individuals from being punished for exercising their rights under Title IX. To hold that a confidentiality rule applicable to settlement communications categorically bars a plaintiff from pleading or proving a Title IX retaliation claim arising from conduct that occurred *during* those communications would be to allow a procedural rule to swallow a substantive federal protection. That result is legally untenable — and one that would place Your Honor's Individual Rules and Practices in direct conflict with federal law, an outcome Your Honor never intended.

2

This Court's Individual Rules do not provide a shield behind which a well-resourced defendant may retaliate against a *pro se* Plaintiff through competent counsel and then foreclose any judicial remedy for that wrongful conduct. Plaintiff does not suggest that Your Honor's rules were intended to have that effect. But that is precisely the effect Columbia's Application seeks to achieve. If Columbia engaged in retaliatory conduct during the settlement process, as Plaintiff alleges,the existence of a confidentiality rule applicable to that process cannot insulate that conduct from scrutiny under federal law. The rule protects the negotiation; it does not protect the wrong.

Finally, Columbia's Application to strike Plaintiff's Proposed Amended Complaint — filed without any prior attempt to meet and confer, and two weeks after receiving service of Plaintiff's proposed redactions and Proposed Amended Complaint — is difficult to reconcile with Rule 1 of the Federal Rules of Civil Procedure's mandate that the rules be "construed, administered, and employed by the parties to secure the *just*, *speedy*, and *inexpensive* determination of every action."

## IV.    Conclusion

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Columbia's Application at ECF 211 in its entirety. The evidence Columbia seeks to suppress is not protected by Rule 408 because it describes a wrongful act, relates to a claim distinct from those that were the subject of compromise, and goes to the heart of a substantive federal retaliation claim that this Court has an obligation to allow Plaintiff to pursue. Neither Rule 408 nor this Court's Individual Rules and Practices provide a basis for the relief that Columbia seeks.

Should the Court determine that a conference is in order regarding Columbia's application and in resolving this dispute, Plaintiff is available at the Court's convenience

Your Honor's attention to this matter is greatly appreciated.

Respectfully Submitted,

John Doe,
Plaintiff, Pro Se

cc: All Counsel of Record (VIA ECF)

3