UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOHN DOE,

                Plaintiff,

    -against-

COLUMBIA UNIVERSITY,

                Defendant.

25cv02132 (DEH) (RFT)

**ORDER**

---

**ROBYN F. TARNOFSKY, UNITED STATES MAGISTRATE JUDGE:**

Pending before the Court is (1) non-party Jane Roe's letter-motion to permanently seal certain paragraphs in Plaintiff John Doe's proposed amended complaint (the "PAC") (*See* ECF 205, Jane Roe's Letter-Motion ("Roe's Mot.")) and (2) Defendant Columbia University's letter-motion requesting that (i) Plaintiff John Doe's ("Plaintiff") proposed amended complaint (the "PAC") be stricken from the docket; (ii) Plaintiff be required to resubmit a revised PAC without description of the parties' confidential settlement communications; and (iii) the Court instruct Plaintiff to refrain from filing confidential settlement communications on the Court's docket (*See* ECF 212, Defendant's Letter-Motion ("Def.'s Mot.")).  For the reasons set forth below, Roe's motion is GRANTED and Defendant's motion is GRANTED IN PART and DENIED IN PART.

**I.**

**RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

As relevant here, on March 23, 2026, the Honorable Judge Dale E. Ho issued an opinion and order, granting Defendant's motion to dismiss on all counts, without prejudice to Plaintiff's filing a motion for leave to file an amended complaint. (*See* ECF 188, Order.) On April 23, 2026,

Plaintiff filed a letter-motion for leave to file an amended complaint, the PAC, and a redline of the PAC against the original complaint. (*See* ECF 202, Plaintiff's Mot.; ECF 203, PAC.)

On April 30, 2026, Roe filed a letter-motion to the docket, requesting that paragraphs 487 through 517, 963, and 968 through 978 of the PAC be permanently redacted because they contain quotations from, and references to, private conversations between two non-parties, including herself. (*See* ECF 205, Roe's Mot.) She notes that Plaintiff consented to the redaction of paragraphs 487 through 517 but did not indicate his position as to paragraphs 963 and 968 through 978. (*See id*.) Plaintiff did not file any opposition.

On May 11, Defendant filed a letter to the docket, requesting leave to file a letter with redactions seeking partial sealing of the PAC in the form of redactions to allegedly confidential settlement information. (*See* ECF 210, Leave Request.) That same day, Defendant also filed the letter, with redactions to a citation to the paragraphs of the PAC that allegedly contain confidential settlement communications. (*See* ECF 212, Def.'s Mot.) In its letter, Defendant argues that the settlement communications described in paragraphs 1211 and 1212 of the PAC do not have any presumption of public access and that their inclusion in the PAC violates my Individual Practices; Defendant requests that the PAC be removed from the docket, that Plaintiff be required to resubmit the PAC without descriptions of the parties' settlement communications, and that the Court instruct Plaintiff to refrain from filing settlement communications on the public docket. (*See id*.) On May 12, 2026, having learned that the Pro Se Intake Unit had already sealed the PAC, I denied Defendant's leave request and requested that the Clerk of Court unseal the letter at ECF 212. (*See* ECF 213, Order.)

Also on May 12, 2026, Plaintiff filed a letter to the docket opposing Defendant's motion. (*See* ECF 214, Pl.'s Opp. to Def.'s Letter-Motion ("Pl.'s Opp.").) Plaintiff argues that (1) the settlement information in the PAC falls within the wrongful-act exception to Federal Rule of Evidence 408, (2) that Rule 408 is not applicable because the claim in this action is separate from the claim that was the subject of the parties' settlement negotiations, and (3) Title IX's anti-retaliation provision prevents this Court from barring a plaintiff from pleading or proving a Title IX retaliation claim arising from the substance of the settlement negotiations at issue. (*See id*.) Plaintiff further asks that this Court admonish Defendant, but Plaintiff does not state the grounds on which the Court should issue such an admonishment. (*See id*.)

## II.

### DISCUSSION

A.    <u>Legal Standard</u>

There is a presumption of public access to judicial documents, and the Court must find that the presumption has been overcome before sealing a document. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). The presumption of access is "based on the need for federal courts . . . to have a measure of accountability and for the public to have confidence in the administration of justice." *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995).[1] Applications to seal documents must therefore be "carefully and skeptically review[ed] . . . to insure that there really is an extraordinary circumstance or compelling need"

---

[1]    This order omits internal quotation marks, citations, and alterations from quoted text.

to seal the documents from public inspection. *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994).

The Second Circuit has set out a three-step test for determining whether the presumption of public access has been overcome: first, the court determines whether the documents are "judicial documents" as to which both a common law and a constitutional presumption of public access applies; second, if the documents are judicial documents, the court then determines the "weight" of the presumption of public access; and finally, the court must "balance competing considerations against [the presumption of access]," including "privacy interests of those resisting disclosure." *Lugosch*, 435 F.3d at 119-20*.*

For documents to qualify as "judicial documents," they "must be relevant to the performance of the judicial function and useful in the judicial process." *Id*. at 119. A document is "relevant to the performance of the judicial function if it would reasonably have the tendency to influence a district court's ruling . . . ." *In re Arida, LLC*, No. 19-MC-0522 (PKC), 2020 WL 8513844, at *1 (S.D.N.Y. Dec. 23, 2020) (quoting *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019)).

If a party proposes to seal "judicial documents," the court determines how much weight to assign to the presumption of access. *See Lugosch*, 435 F.3d at 119. As the Second Circuit has explained:

> [T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts. Generally, the information will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to ensure their irrelevance.

*Id*. The court then assesses whether the party seeking sealing demonstrated that there are "countervailing factors," "competing considerations," or "higher values" sufficient to overcome the presumption of access. *Lugosch*, 435 F.3d at 120, 124. Neither "conclusory assertion[s]" of harm nor "[b]road and general findings by the trial court" will suffice. *In re N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987). Rather, a judicial document may be sealed only if "specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch*, 435 F.3d at 120 (quoting *In re N.Y. Times Co.*, 828 F.2d at 116). Thus, any sealing order must be "narrowly tailored" to preserve privacy concerns and may require redactions rather than sealing an entire document. *See Lugosch*, 435 F.3d at 124.

  B.  <u>Discussion</u>

    1.  Roe's Motion

Roe requests that paragraphs 487 through 517, 963, and 968 through 978 of the PAC be permanently redated on the basis that those paragraphs contain quotations from and references to private conversations between two non-parties, Roe and Mr. Mack Roe. Roe also notes that Plaintiff has consented to permanent redactions to paragraphs 487 through 517 of the PAC but has not stated a position to her regarding paragraphs 968 through 978. (*See* ECF 205, Roe's Mot.)

The PAC is a judicial document to which a strong presumption of access attaches under both the common law and the First Amendment. *See Roy v. Gorevic*, No. 24-CV-4651 (KMK), 2026 WL 117901, at *1-2 (S.D.N.Y. Apr. 29, 2026) (holding that a complaint is a judicial document to which a "relatively strong presumption of access" attaches); *Harte v. Pace*

*University*, 22-CV-3820 (JAV) (JW), 2026 WL 865684, at *1 (S.D.N.Y. Mar. 30, 2026) (same);

*Gentile v. Crededio*, No. 21-CV-8528 (LTS), 2023 WL 2535192, at *1 (S.D.N.Y. Mar. 16, 2023)

(same). However, Courts in this District consistently find that "the privacy interests of non-

parties outweigh the right of public access." *Fairstein v. Netflix, Inc.*, No. 20-CV-8042 (PKC),

2023 WL 6164293, at *2 (S.D.N.Y. Sept. 21, 2023); *see also Sec. & Exch. Comm'n v. Telegram*

*Grp. Inc.,* No. 19-CV-9439 (PKC), 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020) ("[P]rotecting

the privacy interests of non-parties . . . represents a legitimate basis for sealing documents.").

Therefore, paragraphs of the PAC referencing and quoting conversations between Roe and

other non-parties should be sealed.

        2.       Defendant's Motion

Defendant argues that paragraphs 1211 and 1212 of the PAC reference settlement

communications between Plaintiff and Defendant; Defendant concludes that the PAC should be

removed from the docket and that Plaintiff should be required refile the PAC without reference

to the parties' settlement communications. (*See* ECF 212, Def.'s Mot.) I note that paragraphs

1448 and 1449 of the PAC also appear to reference the parties' settlement communications.

(*See* ECF 203, PAC ¶¶ 1448-49.) As noted above, the PAC is a judicial document to which a

strong presumption of access attaches under both the common law and the First Amendment.

*See supra* Part II.B.1. However, "protecting the confidentiality of the settlement negotiation

process represents a significant countervailing factor that can outweigh the presumption of

public access and warrant the sealing of settlement negotiations materials." *Telegram Grp.*,

2020 WL 3264264, at *5; *see also United States v. Glens Falls Newspapers, Inc.*, 160 F. 3d 853,

858 (2d Cir. 1998) ("[T]he presumption of access to settlement negotiations, draft agreements, and conference statements is negligible to nonexistent.")

I decline to strike the paragraphs at issue here, as striking portions of a pleading is a "drastic remedy." *Bishop v. Toys "R" Us-NY, LLC*, No. 04-CV-9403 (PKC), 2009 WL 440434, at *3 (S.D.N.Y. Feb. 19, 2009), *aff'd*, 385 F. App'x 38 (2d Cir. 2010). Instead, in light of the negligible presumption of access given to settlement communications, and to protect the confidentiality of the parties' settlement negotiations from the public, the paragraphs referencing the parties' settlement communications should be sealed.

Plaintiff's arguments opposing sealing are unavailing. His arguments related to the admissibility of settlement communications under Federal Rule of Evidence 408 are inapposite; whether the settlement communications are admissible has no bearing on whether the communications should be shielded from the public. Further, Plaintiff's argument that a court's confidentiality rules cannot bar a plaintiff from pleading or proving a Title IX retaliation claim is equally inapposite because that, too, has no bearing on whether the settlement communications at issue should be shielded from the public.

### III.

### CONCLUSION

For the foregoing reasons, Roe's motion is GRANTED and Defendant's motion is GRANTED IN PART and DENIED IN PART, in that the PAC will not be removed from the docket, but the PACs filed at ECF 202 and 203 are sealed. Plaintiff is ORDERED, by **May 29, 2026,** to re-file the PAC and the redline of the PAC against the original complaint, with redactions applied to paragraphs 487 through 517, 963, 968 through 978, 1211 through 1212, 1448 through 1449,

and any other paragraphs in the PAC referencing or quoting (i) conversations between Roe and other non-parties or (ii) settlement communications between the parties.

Plaintiff is further instructed to refrain from filing on the public docket any materials containing references to or quotations from the parties' settlement negotiations. If Plaintiff believes he has cause to file any settlement communications on the docket, he should first request leave from the Court to file such communications under temporary seal. The Clerk of Court is respectfully requested to terminate ECF 205.

Dated: May 21, 2026      SO ORDERED.
      New York, NY

_____
**ROBYN F. TARNOFSKY**
**United States Magistrate Judge**