# JOHN DOE

PO Box #250050
New York, NY 10025
(917) 450-9050

**Direct Dial: (917) 450-9050**
**Direct Email: johndoe.casemail@gmail.com**

May 28, 2026

**VIA ECF**
The Honorable Dale E. Ho
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Re:    Doe v. Columbia University No. 1:25-cv-02132-DEH-RFT
**Motion to Exclude Extraneous Material From Columbia's Brief**

Dear Judge Ho:

I write as Plaintiff in the above-referenced action to respectfully request[1] that Your Honor exclude[2] Exhibits A-B of Columbia's May 27, 2026, letter brief at ECF 219 filed in opposition to Plaintiff's Motion to Amend the Complaint and issue an Order declining to consider Exhibits A-B of Columbia's letter brief in resolving Plaintiff's Motion to Amend the Complaint.

On May 26, 2026 Counsel for Defendant Columbia sent Plaintiff an email informing Plaintiff that Columbia intended to attach Exhibits A-B to Columbia's brief in opposition to Plaintiff's Motion to Amend the complaint and requested Plaintiff's consent to file Exhibits A-B under seal to "protect Plaintiff's privacy". Immediately thereafter, Plaintiff responded, informing counsel for Columbia that Plaintiff did not object to Columbia's anticipated motion to seal Exhibits A-B of Columbia's brief, but that **Plaintiff objected to Columbia's filing of Exhibits A-B in support of Columbia's brief in opposition to Plaintiff's Motion to Amend the Complaint on the grounds that Exhibits A-B are extraneous documents that Plaintiff did not rely on when drafting the amended complaint or incorporate by reference, therefore precluding the Court from considering the documents in resolving Plaintiff's Motion to Amend the Complaint.**

---

[1] Plaintiff reserves all rights to file a reply letter brief in response to Columbia's brief in opposition to Plaintiff's Motion to Amend the Complaint and in support of Plaintiff's Motion to Amend the Complaint.

[2] To the extent the Court is inclined to consider Exhibits A-B, doing so would require converting Columbia's opposition into a motion for summary judgment pursuant to *Chambers v. Time Warner, Inc.,* 282 F.3d 147, 153 (2d Cir. 2002) and FRCP 12(d), with full opportunity for Plaintiff to conduct discovery and present his own material. Clearly, Columbia is *already conducting* discovery while concurrently opposing amendment.

This Court cannot consider Exhibits A-B of Columbia's opposition brief in resolving Plaintiff's Motion to Amend the Complaint without converting Columbia's brief into a motion for summary judgment because Exhibits A-B are extraneous documents on which Plaintiff did not rely in drafting his Proposed Amended Complaint, or incorporate by reference *see Chambers v. Time Warner, Inc.,* 282 F.3d 147, 153 (2d Cir. 2002)(holding that a plaintiff's reliance on the terms and effect of a document in drafting the complaint is a necessary prerequisite to the court's consideration of the document) (and further holding that whenever a district court considers extra-pleading material the conversion requirement is "strictly enforced") Accordingly, the Court should exclude Exhibits A-B from Columbia's brief and issue an order declining to consider them.

It is well established, that in determining whether a motion to amend should be granted, the court may consider the same standards as those governing the adequacy of a filed pleading *Uni-Sys., LLC v. United States Tennis Ass'n, Inc.,* 350 F. Supp. 3d 143, 160 (E.D.N.Y. 2018). However, "Consideration of extraneous material in judging the sufficiency of a complaint is at odds with the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), which requires only that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Chambers v. Time Warner, Inc.,* 282 F.3d 147, 153 (2d Cir. 2002) *Chambers* further held that "Because this standard has been misinterpreted on occasion, we reiterate that a plaintiff's reliance on the terms and effect of a document in drafting the complaint is a necessary prerequisite to the court's consideration of the document on a dismissal motion; mere notice or possession is not enough." *See id.* Plaintiff did not rely on the terms and effect of Exhibits A-B to Columbia's brief in drafting his amended Complaint, nor does Columbia argue or even suggest such reliance in its brief to which the documents attach. Rather**, Columbia offers these cherry-picked and extraneous documents to this Court as forbidden fruit and as an invitation to this Court to resolve material factual disputes in Columbia's favor, and to draw all inferences in Columbia's favor — which this Court is barred from doing at this stage.**

This is not the first time that Columbia has submitted extraneous materials to this Court in an attempt to defeat Plaintiff's claims; *see* Plaintiff's 201 Motion for Reconsideration of This Court's 188 Opinion and Order at ECF 201, which is fully briefed and remains pending *sub judice.*

Accordingly, and because Plaintiff did not rely on the terms and effect of Exhibits A-B of Columbia's brief in opposition to Plaintiff's Motion to Amend the Complaint and because the Court is precluded from considering extraneous documents for the purpose of resolving Plaintiff's Motion to Amend the Complaint, without converting Columbia's brief to a motion for summary judgement, the Court should exclude Exhibits A-B from Columbia's brief in opposition to Plaintiff's Motion to Amend the Complaint and issue an Order declining to consider them.

Your Honor's attention to this matter is *greatly* appreciated.

Respectfully Submitted,

John Doe,
Plaintiff, *Pro Se*

cc: Counsel for Defendant Columbia University (VIA ECF)