# JOHN DOE

PO Box #250050
New York, NY 10025
(917) 450-9050

**Direct Dial: (917) 450-9050**
**Direct Email: johndoe.casemail@gmail.com**

June 10, 2026

VIA ECF
The Honorable Dale E. Ho
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Re:      Doe v. Columbia University No. 1:25-cv-02132-DEH-RFT
  **Plaintiff's Reply in Support of Plaintiff's Motion for Leave to Amend the Complaint**

Dear Judge Ho:

I write as Plaintiff in the above-referenced action to respectfully submit this Reply Letter Brief in support of Plaintiff's Motion for Leave to File an Amended Complaint. For the reasons stated in this Brief, this Court should grant Plaintiff leave to file a First Amended Complaint.

Leave to amend a complaint "should be freely given when justice so requires". Fed.R.Civ.P. 15(a); see *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962) "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief [as they are here ] he ought to be afforded an opportunity to test his claim on the merits" Id. "**This relaxed standard for granting leave to amend applies with particular force to *pro se* litigants**.") (emphasis added) *Pangburn v. Culbertson,* 200 F.3d 65, 70 (2d Cir. 1999) (vacating District Court's denial of leave to amend to a *pro se* plaintiff for abuse of discretion) and (holding that "[A] *pro se* complaint is to be read liberally and should not be dismissed without granting leave to amend at least once when such a reading "gives *any* indication that a valid claim *might* be stated." Id. "While  "futility" is a valid reason for denying a motion to amend,  this is true only where it is beyond doubt that the plaintiff can prove no set of facts in support of his amended claims." Id. (Quoting *Ricciuti v. N.Y.C. Transit Auth*., *941 F.2d 119, 123 (2d Cir.1999)).*

Columbia has failed to show, because it cannot show, that Plaintiff "can prove no set of facts in support of his amended claims" and that Plaintiff's Proposed Amended Complaint is futile. Columbia does *not* accept Plaintiff's factual allegations in his Proposed Amended Complaint as true — it merely disputes them. But those factual disputes are improper at this stage of the litigation and are matters for another day. And while Columbia complains of the length of Plaintiff's PAC, Rule 8 does not prohibit a detailed pleading where the detail is necessary to state the claims *Wynder v. McMahon*, 360 F.3d 73, 81 (2d Cir. 2004). Such is the case here. Therefore, the PAC fully complies with Rule 8, and Plaintiff should be granted leave to file a first amended Complaint.

1

## I.    Plaintiff's Title IX Erroneous Outcome Claim

Columbia has failed to show that Plaintiff's amended Title IX Erroneous Outcome Claim is futile. On the political/public pressure component of this claim Columbia argues that the alleged federal lawsuit Case No. 1:21-cv-05839-ER (S.D.N.Y) that a Columbia female student "Jane Doe" brought against Columbia alleging that Columbia leniently handles sexual misconduct complaints brought by Columbia female students against male students and protects campus predators and demanding that the District Court strip Columbia of its federal funding "was dismissed "years" before Plaintiff's GBM sanction was rendered." Not so. Jane Doe's litigation was dismissed on June 27, 2023 *see Jane Doe v. The Trustees of Columbia University* Case No. 1:21-cv-05839-ER (S.D.N.Y) (ECF No. 86). Columbia sent Plaintiff Notice of Sanction "the decision" on April 2, 2024, only nine (9) months after Jane Doe's lawsuit was dismissed — a far cry from "years before" as Columbia has represented to this Court. Moreover, two days post-dismissal of that case, Jane Doe appealed the dismissal order to the Second Circuit Court of Appeals (ECF No. 87 of that case), which remained pending until July 8, 2024. Jane Doe's Title IX litigation against Columbia *did in fact* remain pending throughout the duration of Plaintiff's sexual misconduct proceeding just as Plaintiff alleges in his PAC — *both* in the District Court, and at the Second Circuit Court of Appeals. Columbia argues that Jane Doe's lawsuit was "meritless" and therefore doesn't count as public pressure — *as if* Columbia would *ever* concede that a federal sex discrimination lawsuit against its Trustees was meritorious. But the merits of the lawsuit *or lack thereof,* is not relevant to the pressure it created on Columbia. Columbia argues that because the @cusurvivors pressure campaign went dark in 2020, it doesn't count as public pressure. But the PAC alleges that Columbia acceded to @cusurvivor's pressure campaign. PAC ¶¶ 147-153, 1264-1265. The pressure campaign's posting frequency *or lack thereof* is not the slightest relevant to the institutional pressure it created to motivate Columbia to discriminate against male students accused of sexual misconduct by female students to avoid legal liability, bad press, and female student scrutiny. In *Doe v. Columbia Univ.*, 831 F.3d 46, 57 (2d Cir. 2016), the Second Circuit held that alleged student op-eds, a New York Post article, a student petition, and OCR complaints filed against Columbia by female students were sufficient contemporaneous pressure to support a plausible inference of sex bias. That is all the Second Circuit needed. *Here,* Plaintiff alleges far more than what the Second Circuit found adequate to state a claim for relief in *Doe v. Columbia Univ.,* 831 F.3d 46, 59 (2d Cir. 2016) "The role of the court at this stage of the proceedings is not in any way to evaluate the truth as to what really happened, but merely to determine whether the plaintiff's factual allegations are sufficient to allow the case to proceed." *Doe v. Columbia Univ.,*

With regard to procedural irregularities, Columbia argues that the PAC "merely adds more details" to the claim and is therefore futile. Columbia is wrong. Columbia merely asks this Court to accept Columbia's characterizations and post-hoc rationalizations of the alleged procedural irregularities as more plausible than Plaintiff's allegations. But this Court cannot do that at this stage, and Columbia "cannot escape its promise of procedural protections by recharacterizing Plaintiff's factual allegations in more generic terms. Nor can it deny an inference of procedural irregularity through post-hoc rationalization" *see Menaker v. Hofstra Univ.*, 935 F.3d 20, 37 (2d Cir. 2019) (vacating District Court's dismissal of Title IX Erroneous Outcome Claim). Plaintiff's allegations *must* be accepted as true at this stage, and all inferences *must* be drawn in his favor. "It is not the district court's province to dismiss a plausible complaint because it is not as plausible as the defendant's theory." *Palin v. N.Y. Times Co.*,940 F.3d 804, 815 (2d Cir. 2019).

2

Columbia argues that Plaintiff's allegation that Columbia's GBM policy did not allow Mack Roe to participate as a witness is a "legal argument disguised as a fact." It is not. What Columbia's policies allow, and prohibit—is *indeed* a factual question, and at this stage of the pleadings *Plaintiff's* factual allegations must be accepted as true. Columbia argues that this Court already resolved this factual question in Columbia's favor and determined that Columbia's Interim Title IX Policy and Procedures applied to Plaintiff's GBM proceeding and defeated Plaintiff's claim. But this Court erred by doing so, because Columbia's Interim Title IX Policy is irrelevant[1] and was extraneous material on which Plaintiff did not rely in drafting the original Complaint or the PAC, precluding judicial notice *see* Plaintiff's Motion for Reconsideration of This Court's 188 Opinion and Order at ECF No. 201, which is fully briefed and remains pending *sub judice*.

While Columbia doubles down on its frivolous argument that its Interim Title IX Policy and Procedures apply to Plaintiff's GBM proceeding, and that its Interim Title IX Policy's provisions defeat Plaintiff's claim, Columbia's Interim Title IX Policy and Procedures mandate Notice and cross-examination rights for Title IX respondents, as do the federal Title IX regulations. Columbia concedes Plaintiff was not provided the requisite notice or permitted to cross-examine Jane Roe or Mack Roe. <u>Columbia cannot selectively invoke its Interim Title IX Policy to defeat an alleged procedural irregularity while simultaneously conceding that Columbia denied Plaintiff the requisite Notice and cross-examination rights that same policy mandates!</u> But even assuming *arguendo* that Columbia's Interim Title IX Policy and Procedures applied, Columbia would have violated its Interim Title IX Policy and Procedures by not providing Plaintiff the requisite Notice and not allowing Plaintiff to cross-examine Jane Roe and Mack Roe. Regardless of which way Columbia wants to cut this cake, Plaintiff's PAC states *clear* procedural irregularities along the lines of *Columbia* 2016 sufficient to sustain a Title IX erroneous outcome claim.

Finally, Columbia argues that "Plaintiff cannot claim that Columbia had actual knowledge" of the coordination between Jane Roe and Mack Roe and Jane Roe's plethora of false statements and fabrications to Columbia during Plaintiff's disciplinary proceeding" citing *Yusuf v. Vassar Coll.*, 35 F.3d 709, 715 (2d Cir. 1994). But Plaintiff can, through the subpoenaed text messages between Jane Roe and Mack Roe uncovered in discovery. The PAC alleges that Columbia's Lead Investigator, Jamie Kleidman, who was a supervisory member of Columbia's disciplinary tribunal, was copied on an email chain concerning that coordination PAC ¶¶ 493-494. That allegation, accepted as true, establishes (a) Columbia's knowledge and (b) that these communications *were in fact* "before the disciplinary tribunal" as required by *Yusuf.* To infer otherwise defies logic. "A defendant institution is not shielded from liability for discrimination practiced by an employee endowed by the institution with supervisory authority or institutional influence in recommending and thus influencing the adverse action by a non-biased decision-maker" *see Doe v. Columbia Univ.,* 831 F.3d 46, 58–59 (2d Cir. 2016) (vacating District Court's dismissal of Title IX erroneous outcome claim and rejecting Columbia's argument that it cannot be held liable for alleged gender-biased conduct of its Title IX investigator). As relevant here, "Plaintiff is "entitled to succeed [on a Title IX Erroneous Outcome Claim, even absent evidence of illegitimate bias on the part of the ultimate decision maker," so long as a biased person endowed with institutional influence "played a meaningful role in the process" *Doe v. Columbia Univ.,* 831 F.3d 46, 59 (2d Cir. 2016)(vacating District Court's dismissal of Title IX Erroneous Outcome Claim for failure to state a claim).

---

[1] "Attachment A" hereto is a true and correct copy of Columbia's Notice of Investigation and Allegations ("NOIA") that Columbia sent to Plaintiff on May 17, 2022. Columbia's argument is frivolous and violates Rule 11 FRCP.

3

## II.    Plaintiff's Title IX Selective Enforcement Claim

Columbia has also failed to show that Plaintiff's amended Title IX Selective Enforcement Claim would be futile. But in trying, Columbia takes an irreconcilable position. On one hand, Columbia concedes that Plaintiff's amended selective enforcement claim *now* alleges that Jane Roe faced a formal Title IX Complaint from Plaintiff — the specific deficiency identified by the Court in its dismissal order. But on the other hand, Columbia argues that Plaintiff's amended allegations are "the same allegations as before" and merely "recycled versions of claims which had already fallen victim to a motion to dismiss". Both cannot be true. Columbia is wrong, and a simple comparison between the PAC the original complaint should end this inquiry. The Court dismissed the selective enforcement claim because Plaintiff had not alleged that Jane Roe faced a formal gender-based misconduct complaint from him. ECF 188 at 17. The PAC now alleges exactly that, PAC ¶¶ 1391"An amendment that directly cures the specific deficiency identified in a dismissal order is the paradigmatic example of a non-futile amendment" *Foman v. Davis*, 371 U.S. 178, 182 (1962). The contradiction in Columbia's assertions speaks for itself. Columbia cites *Bellikoff v. Eaton Vance Corp.,* 481 F.3d 110, 118 (2d Cir. 2007) in support of its position, but *Bellikoff* is inapposite and does not counsel in favor of denying Plaintiff leave to amend his Complaint. The Plaintiff in *Bellikoff* had already amended his complaint twice, and sought leave to amend his complaint a third time, which the District Court denied, and the Second Circuit affirmed holding that "Despite getting two previous opportunities to amend (upon consolidation and in the SAC), plaintiffs seek yet another bite at the proverbial apple." *Id.* Not the case here.

## III.    Plaintiff's Title IX Retaliation Claim

Columbia has also failed to show that Plaintiff's proposed Title IX Retaliation Claim would be futile. But in trying, Columbia argues that Plaintiff's Title IX retaliation claim is futile because Plaintiff's "participation as a respondent" in Columbia's GBM proceeding does not constitute protected activity under *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167 (2005). But Plaintiff's Title IX retaliation claim does not rest solely on his role as a respondent in Columbia's GBM proceeding. The FAC alleges that Plaintiff engaged in protected activity by formally complaining about sex discrimination — specifically, by formally reporting Jane Roe's sexual harassment of Plaintiff to Columbia's mandatory reporters, and by raising sex-based bias in Columbia's investigative process throughout his GBM proceeding. *Jackson* holds that Title IX's private right of action encompasses retaliation for complaints of sex discrimination. Plaintiff's formal report of Jane Roe's sexual misconduct, and his objections to the sex-biased conduct of Columbia's Lead Investigator Jamie Kleidman throughout Columbia's investigation, constitute exactly that protected activity within the meaning of *Jackson*. Columbia then took adverse action against Plaintiff for that protected activity as alleged in the PAC. Columbia also argues that Plaintiff's retaliation claim could have been raised in the original complaint and should therefore be denied. But Plaintiff's retaliation claim crystallized progressively as Columbia's retaliatory conduct developed across two years of disciplinary proceedings and was confirmed by materials obtained through discovery in this very litigation. A claim that depends on facts that emerged over time and through litigation is not belated — it is timely. Moreover, Columbia cites no authority for the proposition that a *pro se* plaintiff must anticipate and plead every retaliation claim before the retaliatory conduct has fully materialized. Plaintiff's PAC states a plausible Title IX retaliation claim that would survive a motion to dismiss, and Columbia has failed to show otherwise.

4

## IV.    Plaintiff's ADA Claim

Columbia has also failed to show that Plaintiff's amended ADA claim would be futile. But in trying, Columbia argues that Exhibits A and B of Columbia's brief in opposition being a cherry-picked emails "contradicts" plaintiff's factual allegations and "proves that Plaintiff's allegations are untrue". But Exhibits A-B do not prove any such thing, and Columbia merely asks this Court to resolve a genuine factual dispute in Columbia's favor which this Court is barred from doing at this stage. At this stage, Plaintiff's allegations must be excepted as true, and all inferences drawn in his favor. These documents do *not* support Columbia's theory. But even if they did, these documents are well outside the pleadings, were not relied on by Plaintiff in drafting the PAC and thus not subject to judicial notice by this Court. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002). The factual disputes those exhibits purport to resolve in Columbia's favor are matters for discovery and ultimately the jury, not a standard briefing opposing a *pro se* Plaintiff's motion to amend the complaint. Put simply, Columbia's disagreement with Plaintiff's factual allegations in his PAC does not render them implausible. It merely confirms that material factual disputes *do in fact* exist, which is reason to allow this case to proceed, not to dismiss it.

## V.    Plaintiff's Title VI Claim

Columbia has also failed to show that Plaintiff's amended Title VI claim would be futile. Columbia argues Plaintiff's amended Title VI claim would be futile "because Plaintiff fails to allege that an 8-month sustained campaign of racially targeted harassment and coercion directed at Plaintiff is sufficiently "severe, pervasive and objectively offensive" to state a Title VI claim. But that is not the standard. Under *Zeno v. Pine Plains Cent. Sch. Dist.*, 702 F.3d 655, 665 (2d Cir. 2012) Plaintiff need only establish that (a) Columbia had substantial control over Plaintiff's harasser (b) the racial harassment was severe, pervasive, and objectively offensive (c) Columbia had actual knowledge of racial harassment and (d) Columbia's response to the known harassment was clearly unreasonable in light of the known circumstances. Plaintiff's PAC clears this standard and aces the 4-part test under *Zeno*. "A school will be subject to liability for third-party conduct if it "exercises substantial control over both the harasser and the context in which the known harassment occurs." *Zeno v. Pine Plains Cent. Sch. Dist.*, 702 F.3d 655, 665 (2d Cir. 2012).

## VI.    Plaintiff's NYCHRL Claim

The Court declined to exercise supplemental jurisdiction over Plaintiff's NYCHRL claim solely because all of Plaintiff's federal claims were dismissed. With five federal claims now sufficiently pleaded in Plaintiff's PAC — each stating a plausible claim sufficient to survive a motion to dismiss — supplemental jurisdiction over Plaintiff's NYCHRL claim is fully restored. "[While] district courts face significant caseloads and real pressure to move cases along, the pressure to close cases must not overshadow the federal courts' paramount role of being a forum where disputes are efficiently and fairly resolved" *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 81 (2d Cir. 2018)

Based on the foregoing, and pursuant to *Foman v. Davis*, 371 U.S. 178, 182 (1962), the Court should **grant** Plaintiff leave to file his Proposed Amended Complaint as the First Amended Complaint and **order** Defendant Columbia University to answer the Amended Complaint.

Respectfully Submitted,

John Doe,
Plaintiff, *Pro Se*

cc:　Counsel for Defendant Columbia University (VIA ECF)

# CERTIFICATION OF JOHN DOE

I John Doe, hereby certify under penalty of perjury under 28 U.S.C. § 1746 that "Attachment A" hereto is a true and correct copy of Columbia's Notice of Investigation and Allegations ("NOIA") that Columbia sent to Plaintiff on May 17, 2022.

**Dated: June 10, 2026**              **Respectfully Submitted,**
**New York, New York**               **JOHN DOE**

By: _____

**John Doe**
**PO Box #250050**
**New York, New York 10025**
**(917) 450-9050**
**johndoe.casemail@gmail.com**
**Plaintiff,** *Pro Se*

# ATTACHMENT A

# COLUMBIA UNIVERSITY
## IN THE CITY OF NEW YORK

STUDENT CONDUCT AND COMMUNITY STANDARDS

May 17, 2022

JOHN DOE

Sent electronically to JOHN DOE @columbia.edu

Dear JOHN

Please see the attached letter.

Sincerely,

Alyssa Anzalone-Newman
Title IX Investigator

CC: Colleen Walsh, Senior Director of Title IX Investigations
    Adrienne Blount, Director, Case Management & Community Engagement
    Student File

May 17, 2022



Sent electronically to JOHN DOE @columbia.edu

Dear JOHN



Due to the currently known facts and circumstances underlying the allegations in this case, the investigation and adjudication of this matter will follow the Gender-Based Misconduct Investigation and Hearing Panel Procedure and not the Interim Title IX Policy Investigation and Hearing Procedure. Importantly, final charges will be assessed based on all of the information gathered, including but not limited to the initial reported allegations. It is the final charges that will be submitted to a Hearing Panel for adjudication, should a Hearing Panel be convened.



---

[1] Non-consensual abuse or exploitation of another person's sexuality for the purpose of sexual gratification, financial gain, personal benefit or advantage, or any other illicit purpose. See Policy at p. 11.

[2] A course of unwanted attention that is repeated or obsessive, directed toward an individual or a group and that is reasonably likely to cause alarm, fear or substantial emotional distress. See Policy at p. 11.