## Hecker Fink LLP

**NEW YORK | WASHINGTON, DC | LOS ANGELES**

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118

TEL (212) 763-0883 | FAX (212) 564-0883
WWW.HECKERFINK.COM

apeterson@heckerfink.com

June 15, 2026

**VIA ECF**

The Honorable Dale E. Ho
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

       *Re:*    *Doe v. Columbia University*, No. 25-cv-02132-DEH-RFT (S.D.N.Y.)

Dear Judge Ho:

We write on behalf of Defendant The Trustees of Columbia University in the City of New York ("Columbia") in response to Plaintiff's Motion to Exclude Extraneous Material From Columbia's Brief ("Motion"), ECF 220. Columbia respectfully requests that the Court deny Plaintiff's Motion, as the Court may consider the two exhibits Columbia submitted with its response to Plaintiff's Motion for Leave to File an Amended Complaint ("Opposition"), ECF 219, 219-1, 219-2.

Courts may deny a motion for leave to amend a complaint for multiple distinct reasons, including undue delay, bad faith or dilatory motive, undue prejudice, and futility. *Knife Rts., Inc. v. Vance*, 802 F.3d 377, 389 (2d Cir. 2015). If a court is determining whether an amendment is futile, that assessment must be made under the same standard governing Rule 12(b)(6) motions, *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2002), which permits consideration of materials beyond the complaint only when those materials are attached to the complaint, incorporated by reference, integral to the complaint, or judicially noticeable, *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002). When a court is assessing whether to deny leave to amend on grounds other than futility, a court has broader discretion to consider material beyond the pleadings without regard to whether that material falls into one of the *Chambers* categories. *See, e.g.*, *Cano v. DPNY, Inc.*, 287 F.R.D. 251, 257, 260-61 (S.D.N.Y. 2012) (declining to consider material outside the pleadings in futility assessment but considering it in assessing undue delay).

Here, the Court may consider the exhibits submitted with Columbia's Opposition because they are integral to Plaintiff's proposed amended complaint ("PAC"), ECF 203. *See Chambers*, 282 F.3d at 153 (a document is "integral" to the complaint when a complaint "relies heavily upon its terms and effect" and plaintiff has notice of the information in the document (citation omitted)). Plaintiff asks the Court to permit him to amend his Americans with Disabilities Act claim to allege that Columbia's Office of Disability Services ("ODS") evaluated his request for a 45-day extension and communicated to Plaintiff that his request was reasonable, but that ODS denied the requested accommodation because Columbia's Gender-Based Misconduct Office ("GBM Office") objected to it. *See* PAC ¶¶ 1477-1479. In seeking leave to make these allegations, Plaintiff relies on the terms and effects of ODS's and the GBM Office's decisions with respect to Plaintiff's 45-day

extension request. The exhibits submitted with Columbia's Opposition contain ODS's and the GBM Office's communications with Plaintiff regarding their assessment and disposition of his request for a 45-day extension—communications Plaintiff clearly had notice of, as he was their recipient. ECF 219-1 & 219-2. Such communications are therefore integral to the PAC and the Court can consider them in assessing the plausibility of Plaintiff's proposed amendment. *See Carnett v. TIAA Ins. Co.*, No. 24 Civ. 9991, 2026 WL 35348, at *1 n.1 (S.D.N.Y. Jan. 6, 2026) (considering accommodation requests when such requests were referenced in complaint and integral to determining whether plaintiff experienced discrimination on account of her disability); *Brown v. S. Shore Univ. Hosp.*, 762 F. Supp. 3d 191, 199 n.6, 200 (E.D.N.Y. 2025) (letter responding to accommodation request, which plaintiff had notice of and relied on in framing the complaint, was integral when complaint brought discrimination claims alleging denial of accommodation); *DeMasi v. Benefico*, 567 F. Supp. 2d 449, 458 n.7 (S.D.N.Y. 2008) (letters from doctor, which were not specifically referenced in complaint, were integral to the complaint when plaintiff had notice of the letters and relied on them to establish his disability was at issue before his benefits were terminated).

To the extent the Court is considering whether to deny Plaintiff leave to amend his complaint on grounds other than futility, the Court may consider the exhibits without regard to whether they are "integral" to the PAC. Courts in the Second Circuit do consider material outside the pleading when assessing whether leave to amend is warranted on grounds of undue delay, bad faith or dilatory motive, or undue prejudice. *See, e.g., Blagman v. Apple, Inc.*, 307 F.R.D. 107, 112 (S.D.N.Y. 2015) (considering defendants' declarations in assessment of bad faith); *Cano*, 287 F.R.D. at 260-61 (considering exhibits in assessment of undue delay); *246 Sears Rd. Realty Corp. v. Exxon Mobil Corp.*, No. 09 Civ. 889, 2012 WL 4174862, at *9-11 (E.D.N.Y. Sept. 18, 2012) (considering exhibits in assessment of undue delay and good cause); *see also Gurvey v. Cowan, Liebowitz & Latman, P.C.*, No. 06 Civ. 1202, 2013 WL 3718071, at *10-11 (S.D.N.Y. July 15, 2013) (considering litigation history in assessment of undue prejudice and bad faith); *Gabayzadeh v. Brafman*, 502 F. App'x 83, 84 (2d Cir. 2012) (declining to consider whether reliance on materials outside the pleadings in a bad faith determination on a motion to amend "comport[s] with the notice requirements of our precedents"). Accordingly, the Court can consider the two exhibits submitted with Columbia's Opposition in assessing whether to deny Plaintiff's motion to amend on the grounds that the proposed new allegations related to his supposed accommodation denial are false. *See* ECF 219 at 5.

For the reasons stated above, Columbia respectfully requests that the Court deny Plaintiff's Motion and that the Court consider the two exhibits submitted with Columbia's Opposition.

Respectfully submitted,

Anna Collins Peterson