PO Box #250050
New York, NY 10025
(917) 450-9050

**Direct Dial: (917) 450-9050**
**Direct Email: johndoe.casemail@gmail.com**

June 19, 2026

<u>**VIA ECF**</u>
The Honorable Dale E. Ho
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Re:    Doe v. Columbia University No. 1:25-cv-02132-DEH-RFT

Dear Judge Ho:

I write as Plaintiff in the above-referenced action to respectfully submit this Reply in support of Plaintiff's Motion to Exclude Exhibits A-B from Columbia's 218 letter brief in Opposition to Plaintiff's Motion for Leave to File an Amended Complaint (ECF 220). Because Columbia's letter brief does not establish that the Court may properly consider Exhibits A and B under *Chambers v. Time Warner, Inc.,* the Court should grant Plaintiff's 220 Motion and decline to consider Columbia's exhibits in resolving Plaintiff's Motion for Leave to Amend the Complaint.

Columbia's arguments are meritless. Columbia argues that Exhibits A and B are "integral" to Plaintiff's proposed amended complaint under *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002), "because Plaintiff relied on two emails he received from its Office of Disability Services ("ODS"), and Columbia's Gender-Based Misconduct Office ("GBMO") regarding Plaintiff's accommodation request in drafting his proposed amended complaint" No way. **Plaintiff's ADA claim relies on the *complete documentary and evidentiary record* of what transpired between Plaintiff, ODS, and the GBM Office, which culminated in Columbia's failure to accommodate a reasonable disability accommodation requested by Plaintiff, not merely two cherry-picked emails from the record.** For Example, Exhibit A of Columbia's brief is a single email plucked from a thread of 6 emails exchanged between Plaintiff, Columbia's Title IX Investigator Jamie Kleidman, Columbia's Disability Services Program Coordinator Sonia Hernandez, and Columbia's Disability Services Associate Director of Student Case Management Laura Dayan over a period of nine (9) days. The *complete* email chain references multiple "consultations" between ODS and GBMO where Plaintiff was not present, regarding Plaintiff's requested disability accommodations, including an emergency Zoom meeting between Plaintiff and ODS *after* Investigator Kleidman notified Plaintiff by email that Plaintiff's request for a disability accommodation was denied *before* Plaintiff had the chance to consult with ODS.

*Why* did ODS fail to accommodate a reasonable disability accommodation requested by Plaintiff? *Why* was Plaintiff's accommodation request initially denied by GBMO? *Why* was it initially approved by ODS, but then denied after ODS met with GBMO? *What* was the basis for Columbia's denial of Plaintiff's request for a *reasonable* disability accommodation?

1

These are *precisely,* matters for discovery — not for resolving Plaintiff's Motion for Leave to Amend the Complaint when "Leave to amend a complaint "should be freely given when justice so requires". Fed.R.Civ.P. 15(a); see *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962) (b) and when "the underlying facts or circumstances relied on by plaintiff are a proper subject of relief where he ought to be afforded an opportunity to test his claim on the merits" and when "**The standard for granting leave to amend is "relaxed" and applies with particular force to *pro se* litigants**.") (emphasis added). *Pangburn v. Culbertson,* 200 F.3d 65, 70 (2d Cir. 1999). Columbia's exhibits merely memorialize Columbia's improper and baseless *denial* of a reasonable disability accommodation requested by Plaintiff. Whether Plaintiff's requested reasonable accommodation was originally approved by ODS and then denied by GBMO — or whether it was never approved by ODS — is not the slightest relevant to whether *the denial* violated Plaintiff's rights under the ADA—and whether Plaintiff has met the Twombly/Iqbal pleading standard sufficient to state a claim under the ADA that is *plausible* on its face.

Columbia also argues that the Court may consider exhibits A-B of Columbia's brief because Plaintiff "had notice of them, as he was their recipient." But that is not the standard under *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002). Under *Chambers* "mere notice or possession is not enough" — "a plaintiff's reliance on the terms and effect of a document in drafting the complaint is a "necessary prerequisite" to the Court's consideration of that document on a motion to dismiss". *Id.* (citing *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42 (2d Cir. 1991)). Columbia cannot make that showing here. The PAC alleges the *outcome* of Plaintiff's accommodation request — a denial — and that the denial violated Plaintiff's rights under the ADA. Plaintiff's PAC does *not* quote, paraphrase, cite, attach, or otherwise anchor itself to the specific language of the two ODS and GBM emails Columbia now proffers. That is the *polar opposite* of "heavy reliance on a document's terms and effect," which *Chambers* requires.

Even Columbia's *own* authorities do not counsel in favor of judicial notice of Columbia's exhibits A-B in resolving Plaintiff's Motion for Leave to File an Amended Complaint. **Not at all.** In *Carnett v. TIAA Ins. Co., No. 24 Civ. 9991, 2026 WL 35348*, at *1 n.1 (S.D.N.Y. Jan. 6, 2026), the court considered the plaintiff's unredacted medical records, two accommodation requests, and a declaration alleging additional facts about her visits to NYC and comments made by Defendants <u>because the Plaintiff had attached those very documents as exhibits to her opposition to the defendant's motion to dismiss the complaint</u>. While *Carnett* is inapposite with respect to Columbia's opposition to Plaintiff's 220 Motion to Exclude Exhibits A-B, ***Carnett* supports Plaintiff's position with respect to the merits of Plaintiff's Proposed Amended failure-to-accommodate claims under the ADA and NYCHRL because the court in *Carnett* ultimately <u>denied</u> the defendant's motion to dismiss the plaintiff's failure-to-accommodate claims under *both* the ADA and NYSHRL and <u>ordered</u> the defendant to answer the claims alleged in the complaint within 14 days of the court's opinion and order.** Accordingly, Carnett does not counsel in favor of judicial notice of Columbia's extraneous emails attached as exhibits to its brief.

In *Brown v. S. Shore University Hospital*, 762 F. Supp. 3d 191, 199–200 (E.D.N.Y. 2025), the court considered an accommodation response letter <u>because the plaintiff (a) heavily relied on the letter in framing his discrimination claims built around that denial and (b) attached the accommodation letter as an exhibit to his opposition to the defendant's motion to dismiss</u>. Not the case here. Accordingly, *Brown* is inapposite and does not counsel in favor of judicial notice.

2

In *DeMasi v. Benefico*, 567 F. Supp. 2d 449, 458 n.7 (S.D.N.Y. 2008) the court considered a "Benefits Agreement" between the plaintiff and defendant <u>because the plaintiff "heavily relied" on the terms and effect of the Benefits Agreement in bringing the lawsuit"</u>. Not the case here. The PAC contains no such reliance. Accordingly, *DeMasi* is inapposite and does not counsel in favor of judicial notice of Columbia's extraneous emails attached as exhibits to its brief.

Columbia's remaining argument — that the Court may consider the exhibits on non-futility grounds — is baseless. Columbia argues in the alternative that even if the exhibits are not integral under *Chambers*, the Court may consider them if it is evaluating grounds other than futility — such as undue delay, bad faith, or undue prejudice. *See* ECF 226 at 2. But Columbia has not actually moved on any of those grounds or made any coherent showing that would require the Court to even reach those questions on the merits. Columbia submitted these exhibits for one purpose and one purpose only — to argue that Plaintiff's ADA allegations are "false" and therefore that amendment would be futile. That is a futility argument — clear as day. And on a futility assessment, the Court is limited to the pleadings and materials properly subject to judicial notice under *Chambers*. Columbia cannot now belatedly reframe its futility argument as an assessment of undue delay or bad faith to use evidence inadmissible under a futility theory. The purpose for which evidence is offered determines whether it is admissible — and Columbia offered these exhibits to "prove Plaintiff's allegations are false" — when Plaintiff's allegations must be accepted as true. The label Columbia now places on the argument *in no way changes* what the argument is.

Furthermore, Columbia's attempts to inject an improper sur-reply to Plaintiff's Reply Brief in support of Plaintiff's Motion for Leave to Amend the Complaint should be rejected by the Court. But to the extent the Court is inclined to consider Columbia's improper sur-reply, Plaintiff respectfully submits that Columbia has failed to effectively impugn the validity of the subject argument contained in Plaintiff's 202 Motion for Leave to File an Amended Complaint.

Finally, the exclusion of Columbia's extraneous exhibits at this juncture does not prejudice Columbia. Columbia will have ample opportunity to contest Plaintiff's factual allegations at the summary judgment stage. At that stage, the Court will have before it a *complete* evidentiary record, developed through discovery rather than a fragmentary and self-serving documentary proffer curated by Columbia. The question presently before the Court is not whether Plaintiff's allegations are "true" — it is whether they are *plausible Ashcroft v. Iqbal*, 556 U.S. 662, 687, 129 S. Ct. 1937, 1954, 173 L. Ed. 2d 868 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). Columbia's attempts to litigate the merits of Plaintiff's ADA claim through an improper evidentiary proffer — before Columbia has produced to Plaintiff *any* document discovery regarding Plaintiff's ADA claim — is merely a procedural gambit.

Because Columbia's response in opposition to Plaintiff's 220 Motion to Exclude does not establish that the Court may properly consider Exhibits A and B of Columbia's 218 letter brief in resolving Plaintiff's Motion for Leave to Amend the Complaint, and because the law and FRCP prohibits their consideration at this juncture of the lawsuit, this Honorable Court should **(a)** grant Plaintiff's 220 Motion to Exclude exhibits A-B of Columbia's brief **(b)** issue an order declining to consider those exhibits in resolving Plaintiff's Motion for Leave to Amend the Complaint and **(c)** award to Plaintiff any other and further relief that the Court deems just and proper.

Your Honor's attention to this matter is *greatly* appreciated.

3

Respectfully Submitted,

John Doe,
Plaintiff, *Pro Se*

cc:  Counsel for Defendant Columbia University  (VIA ECF)