UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN DOE,<br><br>                    Plaintiff,<br><br>          v.<br><br>COLUMBIA UNIVERSITY,<br><br>                    Defendant. | 25 Civ. 2132 (DEH) (RFT)<br><br>**MEMORANDUM<br>OPINION AND ORDER** |

DALE E. HO, United States District Judge:

Before the Court is Plaintiff John Doe's Motion for Reconsideration (the "Reconsideration Motion"), ECF No. 196, of this Court's Order granting dismissal of his claims against Defendant Columbia University ("Columbia" or "the University"), *see* Order (the "Dismissal Order"), ECF No. 188.  For the reasons that follow, the Reconsideration Motion is **DENIED.**

## LEGAL STANDARD

"A motion for reconsideration is an extraordinary request that is granted only in rare circumstances, such as where the court failed to consider evidence or binding authority." *Van Buskirk v. United Grp. Of Cos., Inc.*, 935 F.3d 49, 54 (2d Cir. 2019).[1]  "[T]he . . . standard for a district court to grant such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked and might reasonably be expected to alter the conclusion reached by the court." *Smith v. CVS Albany, LLC*, No. 20 Civ. 4000, 2022 WL 3022526, at *1 (2d Cir. Aug. 1, 2022).  Courts also grant reconsideration to "correct a clear error or prevent manifest injustice." *Schoolcraft v. City of New*

---

[1] All references to Rules are to the Federal Rules of Civil Procedure.  In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

*York*, 298 F.R.D. 134, 136 (S.D.N.Y. 2014).  That said, a motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple."  *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012); *accord Dill v. JPMorgan Chase Bank, N.A.*, No. 19 Civ. 10947, 2021 WL 3406192, at *11 (S.D.N.Y. Aug. 4, 2021).

## DISCUSSION

The Court assumes familiarity with the facts and background of this case as set forth in the Dismissal Order.  On this motion, John Doe argues that the Court erred in its Dismissal Order by relying on Columbia's Interim Title IX Policy to reject his argument that permitting Mack Roe to participate in his hearing constituted a procedural irregularity.  *See* Reconsideration Motion at 5. He contends that the Court's reliance on the Interim Title IX Policy was misplaced for two reasons: (1) that it conflates the Title IX Policy with Columbia's Gender-Based Misconduct Policy and Procedures (the "GBM Policy and Procedures"), which governed his proceeding; and (2) that considering the Interim Title IX Policy was improper because it is an extrinsic document offered by Columbia, which he did not rely on in his Complaint.  *See* Reconsideration Motion at 5-6.

Assuming *arguendo* Plaintiff is correct that the Court should not have considered Columbia's Interim Title IX Policy, reconsideration is not warranted, because excluding that policy from the Court's consideration would not change the outcome here.  As explained in the Dismissal Order, none of the factors that courts have cited to hold that a plaintiff has adequately pled procedural irregularities are present here.  *See* Dismissal Order at 13-14.   In the Reconsideration Motion, Plaintiff focuses on the fact that Mack Roe was permitted to participate in his proceedings, arguing that this was procedurally improper because permitting a witness to participate in a hearing violates Columbia's GBM Policies and Procedures.  *See* Reply in Supp. of Reconsideration Motion at 6, ECF No. 201 (citing Compl. ¶ 793, ECF No. 1).  But as the Court

2

noted in its Dismissal Order, "[b]ased on Doe's allegations, . . . Mack Roe was not merely a witness, but a *respondent* to the proceedings because Doe brought retaliation claims against Mack Roe.  Mack Roe was therefore permitted to be present."  Dismissal Order at 15 (emphasis added). That is, while Mack Roe was a witness to the allegations against John Doe, Mack Roe was also a respondent to the complaint that John Doe initiated against him (and he was also a complainant in his own complaint of retaliation against John Doe).  *See id.* at 6.  Because proceedings were consolidated, Mack Roe was permitted to participate in them—which makes sense given that Mack Roe *was a respondent to John Doe's own complaint*.  *See id.* at 15.

In its Dismissal Order, the Court noted that the Title IX Interim Policy expressly allows consolidation of proceedings where allegations arise out of the same facts or circumstances.  *See id.*  John Doe argues that the Court's reliance on the Title IX Interim Policy was improper for various reasons.[2]  But even assuming *arguendo* he is correct, Plaintiff has still not adequately alleged a procedural irregularity.  He conclusorily describes the consolidated hearing as an "improper global hearing," Reconsideration Motion at 3 (internal citation omitted), but he does not allege or otherwise point to anything in the GBM Policy and Procedures—on which he relies

---

[2] For example, John Doe states that the Court "erroneously concluded that 'Plaintiff relie[d] heavily on [the] terms and effects of Columbia's Interim Title IX Policies and Procedures" [sic]. Motion for Reconsideration at 5 (purporting to quote Dismissal Order at 2).  John Doe's purported quotation of the Dismissal Order is misleading at best.  It notably lacks closing quotation marks, conveying the impression that the Order stated that John Doe relied on the *Interim Title IX Policies* in his Complaint.  In fact, the Dismissal Order on the same page notes that the Interim Policies were "incorporated as *an Exhibit to an attorney declaration in support of Columbia's Motion to Dismiss*."  Dismissal Order at 2 (emphasis added).  And the quotation that John Doe cites is not this Court's language at all, nor is it a reference to him specifically or the Title IX Interim Policies; rather, it is a quotation from another case—*Doe v. Columbia Univ.*, 551 F. Supp. 3d 433, 467 (S.D.N.Y. 2021), which reads, "*Columbia's Gender-Based Misconduct Policy and Procedures* are integral to the Amended Complaint because they are written instruments and Plaintiff relies heavily on their terms and effects" (emphasis added).  The Court cited the unrelated 2021 *Doe* case and quoted this language in a parenthetical, *see* Dismissal Order at 2, because the plaintiffs in both cases relied on the GBM Policy and Procedures.

extensively and acknowledges governed his proceedings—that prohibits such consolidation of proceedings.  As noted above, once the proceedings were consolidated, Mack Roe was a respondent, and thus was permitted to participate in the consolidated proceeding.

In other words, even ignoring the Title IX Interim Policy, the outcome is the same.  Where, as here, a party fails to "point to controlling decisions or data that the court overlooked . . . that might reasonably be expected to alter the conclusion reached by the court," "reconsideration will generally be denied."  *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

## CONCLUSION

For the reasons stated above, John Doe's Reconsideration Motion is **DENIED**.

The Clerk of Court is respectfully requested to terminate ECF No. 196.

SO ORDERED.

Dated: June 25, 2026

New York, New York

_____
DALE E. HO
United States District Judge

4