# JOHN DOE

PO Box #250050
New York, NY 10025
(917) 450-9050

**Direct Dial: (917) 450-9050**
**Direct Email: johndoe.casemail@gmail.com**

July 28, 2026

**<u>VIA ECF</u>**
The Honorable Robyn F. Tarnofsky
United States District Court
Southern District of New York
500 Pearl Street, Room 703
New York, NY 10007

Re:    Doe v. Columbia University No. 1:25-cv-02132-DEH-RFT

Dear Judge Tarnofsky:

I am the Plaintiff in the above-referenced matter, and I write to respectfully request that I be permitted to file portions of the *attached* pre-motion letter and accompanying attachments under seal. Columbia consents to my request. In accordance with Rule III.E of Your Honor's Individual Practices in Civil Cases, I am publicly filing the pre-motion letter and accompanying attachments with the proposed redactions and filing an unredacted version of the letter and accompanying attachments under seal with the proposed redactions highlighted.

The portions of the letter and accompanying attachments that I seek to file under seal relate to (a) confidential settlement communications between the parties and (b) to my confidential education records protected by the Family Educational Rights and Privacy Act ("FERPA"), and the parties' Confidentiality Stipulation and Protective Order signed by Your Honor on July 28, 2025, ECF No. 86 (the "Protective Order"). Redacting these portions of the pre-motion letter and accompanying attachments comports with *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–21 (2d Cir. 2006) and *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132 (2d Cir. 2016). In *Lugo,* the court described the three-step process to determine whether documents may be sealed, describing (1) whether the documents are judicial; (2) the weight of the presumption of access; and (3) competing considerations. As relevant here, there is little, if any, public interest in the redacted portions of my pre-motion letter and accompanying exhibits, because the redacted portions of the letter and accompanying exhibits relate to confidential settlement communications between the parties and my FERPA-protected education records. *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132 (2d Cir. 2016) explained that the court must consider "experience and logic" that is, "whether the documents have historically been open to the press and general public". *Id.* Confidential settlement communications between parties to a lawsuit, and a party's confidential education records have been historically restricted from the public. As relevant here, the parties' confidential settlement communications and my FERPA-protected education records have been restricted from the public docket since this case commenced.

1

Based on the foregoing, I respectfully request that Your Honor grant my application to file the identified portions of the *attached* pre-motion letter and accompanying attachments under seal.

Your Honor's attention to this matter is greatly appreciated.

Respectfully Submitted,

John Doe,
Plaintiff, Pro Se

cc: Counsel for Defendant Columbia University  (VIA ECF)

2

# REDACTED ATTACHMENTS

# JOHN DOE

PO Box #250050
New York, NY 10025
(917) 450-9050

**Direct Dial: (917) 450-9050**
**Direct Email: johndoe.casemail@gmail.com**

July 28, 2026

**<u>VIA ECF</u>**
The Honorable Robyn F. Tarnofsky
United States District Court
Southern District of New York
500 Pearl Street, Room 703
New York, NY 10007

Re:     Doe v. Columbia University No. 1:25-cv-02132-DEH-RFT

Dear Judge Tarnofsky:

I am the Plaintiff in the above-referenced matter and respectfully write to request an Order from the Court clarifying that Your Honor's Settlement Conference Confidentiality Agreement, does not preclude me from disclosing or discussing the attached correspondence **(Attachment A),** marked "Confidential Settlement Correspondence", to appropriate Columbia administrators in connection with my re-enrollment efforts[1] at Columbia University following my suspension from Columbia which expired on January 1, 2026. I have sought Columbia's position on this application, and Columbia does not consent to my application.

Columbia's position is that Your Honor's Settlement Conference Confidentiality Agreement bars me from disclosing or discussing Attachment A with any other person or entity other than Your Honor or legal counsel that I may retain in the future in connection with this matter. However, my position is that I should not be precluded from disclosing or discussing the attached correspondence with appropriate Columbia administrators in connection with my re-enrollment efforts because Attachment A is directly relevant to my current relationship with Columbia. Specifically, the attached correspondence reflects that (a) I did not withdraw as a student from Columbia University during my suspension and maintained my enrollment as a student

---

[1] "Re-enrollment" refers to Plaintiff's re-enrollment in *classes* at Columbia. Plaintiff ▨▨▨▨▨▨▨ ▨▨▨▨ remains actively enrolled as a *student* at Columbia — albeit restricted from re-enrolling in classes.

1

In other words, Columbia is indicating, and has *repeatedly* indicated, on the same issue, one thing to me through its legal counsel in this action, and something different to me through its administrators, including through my "re-enrollment advisor" at Columbia, which has created confusion for me, and *clearly* for the administrators in charge of processing my re-enrollment at Columbia. Columbia's dysfunction should not be borne by me. Nor should I be precluded from maintaining a full and accurate record in connection with my education record and my legal rights, nor should I be punished for exercising my legal right ████████████████████

████ Albeit wrongly, Columbia has tied my re-enrollment to *this* litigation, as further evidenced by an October 6, 2025 email that I received from Columbia's Associate Vice President and Title IX Coordinator Marjory Fisher, indicating that Ms. Fisher "has no idea what comes next" with regard to my re-enrollment post-suspension "considering the pending litigation".

Indeed, Your Honor's Settlement Conference Confidentiality Agreement serves an important purpose. It protects compromise settlement negotiations made in *good* faith — a rule and practice that I deeply respect. However, I do *not* read Your Honor's Settlement Conference Confidentiality Agreement as a general gag order that would bar disclosure of vital information to the *same party* for a separate, non-litigation purpose.

Because Columbia has tied my re-enrollment to the pending litigation, and because my disclosure and discussion of the attached correspondence to and with Columbia's administrators in connection with my re-enrollment efforts[2] at Columbia University post-suspension is necessary to maintain a full and accurate record, and to protect my legal rights, I most respectfully request an Order from the Court clarifying, that Your Honor's Settlement Conference Confidentiality Agreement, does not preclude me from disclosing or discussing the attached correspondence **(Attachment A),** marked "Confidential Settlement Correspondence", to appropriate Columbia administrators in connection with my re-enrollment efforts at Columbia University following the January 1, 2026 expiration of my suspension.

I am available for a conference at the Court's convenience.
Your Honor's time and attention to this matter are greatly appreciated.

Respectfully Submitted,

John Doe,
Plaintiff, *Pro Se*

cc: Counsel for Defendant Columbia University  (VIA ECF)

---

[2] "Re-enrollment" refers to Plaintiff's re-enrollment in *classes* at Columbia. Plaintiff ████████████ ████████ remains actively enrolled as a *student* at Columbia — albeit restricted from re-enrolling in classes.

# Hecker Fink LLP

NEW YORK | WASHINGTON, DC | LOS ANGELES

350 FIFTH AVENUE | 63ᴿᴰ FLOOR
NEW YORK, NEW YORK 10118

TEL (212) 763-0883 | FAX (212) 564-0883
WWW.HECKERFINK.COM

apeterson@heckerfink.com

## \*\*\* CONFIDENTIAL SETTLEMENT COMMUNICATION \*\*\*

## SUBJECT TO FRE 408 & STATE EQUIVALENTS

January 15, 2026

**VIA EMAIL**

John Doe
PO Box #250050
New York, NY 10025
johndoe.casemail@gmail.com

> *Re:*    *Doe v. Columbia University*, No. 25-cv-2132 (S.D.N.Y.) —
> **Confidential Settlement Communication**

Dear Mr. Doe:



# Hecker Fink LLP



Very truly yours,

Anna Collins Peterson

*** CONFIDENTIAL SETTLEMENT COMMUNICATION ***
SUBJECT TO FRE 408 & STATE EQUIVALENTS



JOHN DOE

## Current Activity

Student ID Number: JOHN DOE
Student Name: JOHN DOE
Program Code: █████
Payment Due Date: ████████

| Date | Term | Description | Charges | Credits(CR) | TOTAL |
|------|------|-------------|---------|-------------|-------|
| **OPENING BALANCE (as of June 07, 2026)** | | | | | ████ |
| | | | | | |
| **CHARGES AND CREDITS** | | | | | |
| | | | | | |
| **AMOUNT DUE** | | | | | ████ |