# JOHN DOE

PO Box #250050
New York, NY 10025
(917) 450-9050

**Direct Dial: (917) 450-9050**
**Direct Email: johndoe.casemail@gmail.com**

July 28, 2026

**VIA ECF**
The Honorable Robyn F. Tarnofsky
United States District Court
Southern District of New York
500 Pearl Street, Room 703
New York, NY 10007

Re:    Doe v. Columbia University No. 1:25-cv-02132-DEH-RFT

Dear Judge Tarnofsky:

I am the Plaintiff in the above-referenced matter and respectfully write to request an Order from the Court clarifying that Your Honor's Settlement Conference Confidentiality Agreement, does not preclude me from disclosing or discussing the attached correspondence **(Attachment A),** marked "Confidential Settlement Correspondence", to appropriate Columbia administrators in connection with my re-enrollment efforts[1] at Columbia University following my suspension from Columbia which expired on January 1, 2026. I have sought Columbia's position on this application, and Columbia does not consent to my application.

Columbia's position is that Your Honor's Settlement Conference Confidentiality Agreement bars me from disclosing or discussing Attachment A with any other person or entity other than Your Honor or legal counsel that I may retain in the future in connection with this matter. However, my position is that I should not be precluded from disclosing or discussing the attached correspondence with appropriate Columbia administrators in connection with my re-enrollment efforts because Attachment A is directly relevant to my current relationship with Columbia. Specifically, the attached correspondence reflects that (a) I did not withdraw as a student from Columbia University during my suspension and maintained my enrollment as a student ▨▨ ███████████████████████████████████████████████████████████████████

---

[1] "Re-enrollment" refers to Plaintiff's re-enrollment in *classes* at Columbia. Plaintiff ▨▨▨▨▨▨▨▨▨ ▨▨▨▨▨▨ remains actively enrolled as a *student* at Columbia — albeit restricted from re-enrolling in classes.

1

In other words, Columbia is indicating, and has *repeatedly* indicated, on the same issue, one thing to me through its legal counsel in this action, and something different to me through its administrators, including through my "re-enrollment advisor" at Columbia, which has created confusion for me, and *clearly* for the administrators in charge of processing my re-enrollment at Columbia. Columbia's dysfunction should not be borne by me. Nor should I be precluded from maintaining a full and accurate record in connection with my education record and my legal rights, nor should I be punished for exercising my legal right ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓    Albeit wrongly, Columbia has tied my re-enrollment to *this* litigation, as further evidenced by an October 6, 2025 email that I received from Columbia's Associate Vice President and Title IX Coordinator Marjory Fisher, indicating that Ms. Fisher "has no idea what comes next" with regard to my re-enrollment post-suspension "considering the pending litigation".

Indeed, Your Honor's Settlement Conference Confidentiality Agreement serves an important purpose. It protects compromise settlement negotiations made in *good* faith — a rule and practice that I deeply respect. However, I do *not* read Your Honor's Settlement Conference Confidentiality Agreement as a general gag order that would bar disclosure of vital information to the *same party* for a separate, non-litigation purpose.

Because Columbia has tied my re-enrollment to the pending litigation, and because my disclosure and discussion of the attached correspondence to and with Columbia's administrators in connection with my re-enrollment efforts[2] at Columbia University post-suspension is necessary to maintain a full and accurate record, and to protect my legal rights, I most respectfully request an Order from the Court clarifying, that Your Honor's Settlement Conference Confidentiality Agreement, does not preclude me from disclosing or discussing the attached correspondence **(Attachment A),** marked "Confidential Settlement Correspondence", to appropriate Columbia administrators in connection with my re-enrollment efforts at Columbia University following the January 1, 2026 expiration of my suspension.

I am available for a conference at the Court's convenience.
Your Honor's time and attention to this matter are greatly appreciated.

Respectfully Submitted,

John Doe,
Plaintiff, *Pro Se*

cc: Counsel for Defendant Columbia University  (VIA ECF)

---

[2] "Re-enrollment" refers to Plaintiff's re-enrollment in *classes* at Columbia. Plaintiff ▓▓▓▓▓▓▓▓ ▓▓▓▓▓ remains actively enrolled as a *student* at Columbia — albeit restricted from re-enrolling in classes.

2

# ATTACHMENT A

# Hecker Fink LLP

NEW YORK | WASHINGTON, DC | LOS ANGELES

350 FIFTH AVENUE | 63ᴿᴰ FLOOR
NEW YORK, NEW YORK 10118

TEL (212) 763-0883 | FAX (212) 564-0883
WWW.HECKERFINK.COM

apeterson@heckerfink.com

## \*\*\* CONFIDENTIAL SETTLEMENT COMMUNICATION \*\*\*

## SUBJECT TO FRE 408 & STATE EQUIVALENTS

January 15, 2026

**VIA EMAIL**

John Doe
PO Box #250050
New York, NY 10025
johndoe.casemail@gmail.com

> *Re:*   *Doe v. Columbia University*, No. 25-cv-2132 (S.D.N.Y.) —
> **Confidential Settlement Communication**

Dear Mr. Doe:



# Hecker Fink LLP



Very truly yours,

Anna Collins Peterson

**\*\*\* CONFIDENTIAL SETTLEMENT COMMUNICATION \*\*\***
**SUBJECT TO FRE 408 & STATE EQUIVALENTS**

# ATTACHMENT B



**JOHN DOE**

## Current Activity

Student ID Number: **JOHN DOE**
Student Name: **JOHN DOE**
Program Code:
Payment Due Date:

| Date | Term | Description | Charges | Credits(CR) | TOTAL |
|------|------|-------------|---------|-------------|-------|
| **OPENING BALANCE (as of June 07, 2026)** | | | | | ███ |
| | | | | | |
| **CHARGES AND CREDITS** | | | | | |
| | | | | | |
| **AMOUNT DUE** | | | | | ███ |