## Hecker Fink LLP

**NEW YORK | WASHINGTON, DC | LOS ANGELES**

350 FIFTH AVENUE | 63ᴿᴰ FLOOR
NEW YORK, NEW YORK 10118

TEL (212) 763-0883 | FAX (212) 564-0883
WWW.HECKERFINK.COM

apeterson@heckerfink.com

August 3, 2026

**VIA ECF**

The Honorable Robyn F. Tarnofsky
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

> *Re:*   *Doe v. Columbia University*, No. 25-cv-02132-DEH-RFT (S.D.N.Y.)

Dear Judge Tarnofsky:

We write on behalf of Defendant, The Trustees of Columbia University in the City of New York ("Columbia"), in response to Plaintiff's July 28, 2026 letter requesting clarification that the Court's Settlement Conference Confidentiality Agreement does not preclude him from disclosing confidential settlement communications to Columbia administrators. *See* ECF 231. Columbia respectfully requests that the Court deny Plaintiff's application.

Plaintiff has improperly disclosed confidential settlement communications and other confidential information several times. *See* ECF 152 (letter disclosing settlement communications, which the Court removed from the docket over Plaintiff's objection, *see* ECF 156); ECF 163 (letter containing confidential information, resulting in an "emergency sealing [order]," Feb. 27, 2026 Conf. Tr. at 9:10-11); ECF 202 & 203 (proposed amended complaint including confidential settlement communications and unredacted confidential material, which the Court ordered sealed, *see* ECF 216 at 7). The Court has rejected Plaintiff's arguments purporting to justify his disclosures and has instructed him to refrain from further disclosures on the public docket. *See* ECF 216 at 8.

Plaintiff now asks the Court to order that Your Honor's Settlement Conference Confidentiality Agreement permits him to disclose confidential settlement communications to Columbia employees who were not involved in the settlement conference before this Court. He does not justify his request with any specific facts showing his purported need for disclosure, nor does he ground his request in any relevant legal standard. *See, e.g.*, *In re Teligent, Inc.*, 640 F.3d 53, 58-60 (2d Cir. 2011) ("Were courts to cavalierly set aside confidentiality restrictions on disclosure of communications made in the context of mediation, parties might be less frank and forthcoming during the mediation process or might even limit their use of mediation altogether.").

Plaintiff's repeated insistence on disclosing confidential settlement communications wastes the resources of this Court and of Columbia, who now writes to the Court for the fourth time regarding the confidentiality of communications in connection with Your Honor's settlement conferences. Columbia respectfully requests that the Court deny Plaintiff's request at ECF 231.

Respectfully submitted,

Anna Collins Peterson