# JOHN DOE

PO Box #250050
New York, NY 10025
(917) 450-9050

**Direct Dial: (917) 450-9050**
**Direct Email: johndoe.casemail@gmail.com**

August 3, 2026

<u>**VIA ECF**</u>
The Honorable Robyn F. Tarnofsky
United States District Court
Southern District of New York
500 Pearl Street, Room 703
New York, NY 10007

Re:    Doe v. Columbia University No. 1:25-cv-02132-DEH-RFT

Dear Judge Tarnofsky:

I write as Plaintiff in the above-referenced matter in advance of the August 4, 2026 conference scheduled by Your Honor to respectfully respond to Columbia's letter at ECF 235, written in response to my request at ECF 231.

Columbia's assertion that my application "wastes the resources of Columbia and the Court" is deeply troubling, and should be rejected by the Court. Columbia is fully aware of the myriad issues that led to my application, because Columbia, and Columbia *alone,* created these issues in the first place in an attempt to gain some sort of leverage in this litigation. It was *Columbia's* decision—not mine, to link my reenrollment post-suspension to this litigation. Columbia appears to infer that Columbia's administrators, including senior administrators, at a very high level, who are purportedly in charge of, and tasked with, lifting Columbia's "discretionary" holds on my student account, including suspension-linked financial holds, that prevent me from registering for classes post-expiration of my fixed-term suspension, and processing my reenrollment *in* those classes, are oblivious to my current status as a student. If true, this *supports* my position in my application, and counsels in favor of my application being granted by the Court.

Columbia cites *In re Teligent, Inc.*, 640 F.3d 53, 58-60 (2d Cir. 2011) purportedly, in support of its position. But a simple reading of that case, reveals the movant *there* "sought a blanket lift of the confidentiality provisions in the Protective Orders" **in the course of civil discovery**, **in a separate litigation** which the Court denied "based on the court's conclusion that [the movant (a well-recoursed law firm)], (a) failed to demonstrate a compelling need for the discovery, (b) failed to show that the information was not otherwise available, (c) failed to establish that the need for the evidence was outweighed by the public interest in maintaining confidentiality", and (d) failed to submit any evidence to support its argument that there was a special need for disclosure of any specific communication [despite having ample opportunity to do so]" *Id.*

1

*Here,* my application is *not* made in relation to any discovery in this case, and I do not seek "a blanket lift of the confidentiality provisions in the Protective Orders" that were ordered in this case, or seek to file the confidential settlement communications[1] on the public docket. I simply seek to disclose and discuss the communications with appropriate administrators at *Columbia*—the *same party* that authored the communications in the first place, to ensure that I (a) maintain a complete and accurate education record, (b) expedite the process in re-registering for classes, and (c) complete the few remaining classes needed to complete my academic program at Columbia. Accordingly, *Teligent* is inapposite, and does not counsel in favor of denying my application.

Finally, I would be remiss, if I did not respectfully submit that *any* "waste" of Columbia's resources in relation to this matter is the result of *Columbia's* own conduct and its irrational positions it has taken in this case. Moreover, Columbia should be the *last* to leverage its purported use of "institutional recourses" in relation to civil rights complaints considering it spent 2 years and 1 month prosecuting (and now (17) months defending an unfounded gender-based misconduct complaint, and paid the Trump Administration $200,000,000.00 to end its inquiry into Columbia's gross violations of federal civil rights laws and individual civil rights of its students and staff[2].

I respectfully request that Your Honor grant my Application at ECF 231.

Respectfully Submitted,

John Doe,
Plaintiff, Pro Se

cc: Counsel for Defendant Columbia University (VIA ECF)

---

[1] I question whether the settlement communications at issue should even be characterized as "compromise settlement negotiations made in good faith" but I digress.

[2] Columbia disputes that it violated any civil rights laws in relation to this matter. Columbia also disputes that it violated any individual civil rights of students or staff.

2