UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN DOE,<br><br>                         Plaintiff,<br><br>          -against-<br><br>COLUMBIA UNIVERSITY,<br><br>                         Defendant. | 25cv02132 (DEH) (RFT)<br><br>**ORDER** |

**ROBYN F. TARNOFSKY, UNITED STATES MAGISTRATE JUDGE:**

Pending before the Court are (a) Defendant's letter motion to seal (ECF 155) Plaintiff's letter reply (ECF 152), which is currently under temporary seal; and (b) Plaintiff's request for clarification whether he may share confidential settlement material shared with him by Defendant with administrators at Columbia (ECF 231). Plaintiff opposes the Defendant's letter-motion to seal (ECF 155). (ECF 156.) Defendant filed a reply in further support of that letter motion. (ECF 157.) And Defendant opposes Plaintiff's request to be permitted to share settlement information with Columbia administrators (ECF 231). (ECF 234.) Plaintiff filed a reply in further support of his application. (ECF 236.) As to Defendant's letter motion, settlement offers may not be included in court filings. *See, e.g., E-Z Bowz v. Pro. Prod. Rsch. Co.,* No. 00-CV-8670 (LTS) (GWG), 2003 WL 22416174, at *2 (S.D.N.Y. Oct. 23, 2003). Accordingly, Defendant's letter motion to seal (ECF 155) is GRANTED.

As to Plaintiff's request for clarification (ECF 231), as I explained at the non-public conference held on August 4, 2026, there are important policy considerations supporting the requirement that settlement communications remain confidential. *See, e.g., In re Teligent, Inc.,* 640 F.3d 53, 58-60 (2d Cir. 2011) (explaining that permitting the sharing of settlement offers

with third parties would chill parties' frankness during settlement conferences). While *Teligent,* unlike here, involved a third party, as Defendant explained at the conference, there are many different departments at Columbia, and sharing confidential settlement information even with a different arm of Columbia would make Columbia's office of general counsel reluctant in the future to be forthcoming during settlement conferences. Moreover, Plaintiff's explanation for why he needs to share the document – that it supposedly demonstrates his status at the school – is based on a faulty premise. Accordingly, Plaintiff's request to be permitted to share confidential settlement communications with Columbia administrators is DENIED.

The Clerk of Court is respectfully requested to terminate ECF 155.

DATED:  August 12, 2026
        New York, NY

SO ORDERED.

_____
**ROBYN F. TARNOFSKY**
**United States Magistrate Judge**

2