# JOHN DOE

PO Box #250050
New York, NY 10025
(917) 450-9050

**Direct Dial: (917) 450-9050**
**Direct Email: johndoe.casemail@gmail.com**


August 31, 2026

**VIA ECF**
The Honorable Robyn F. Tarnofsky
United States District Court
Southern District of New York
500 Pearl Street, Room 703
New York, NY 10007

Re: Doe v. Columbia University No. 1:25-cv-02132-DEH-RFT

Dear Judge Tarnofsky:

I write as Plaintiff in the above-referenced matter to respectfully submit this letter[1] to request a pre-motion conference with Your Honor to discuss what action is appropriate to remedy some matters that have come to light following Your Honor's August 28, 2026 Report and Recommendation ("R&R) on Plaintiff's [202] Motion to Amend the Complaint (ECF 240) and Your Honor's August 28, 2026 Order denying Plaintiff's [220] Motion to Exclude Extraneous Exhibits from Columbia's [218] letter brief filed in opposition to Plaintiff's Motion to Amend the Complaint. Plaintiff has not met and conferred with counsel for Columbia regarding this request because Plaintiff believes that any such meet and confer would not be approached by Columbia in good faith, and would therefore be a waste of time and counterproductive to resolving this matter.

On August 28, 2026, Your Honor issued an Order denying Plaintiff's [220] Motion to Exclude Extraneous Exhibits from Columbia's [218] letter brief that it filed in opposition to Plaintiff's Motion to Amend the Complaint. In denying Plaintiff's Motion Honor's Order stated:

> "I address below the extent to which the letters may be considered by the Court – to take note of what they state only or to contradict Plaintiff's allegation that Defendant denied his accommodation request – in connection with my analysis whether the PAC adequately pleads a claim under the ADA." (R&R at 9)

[1] For clarity, and the avoidance of doubt, the Court should not construe this letter as Plaintiff's 28 U.S.C. § 636(B)(1) and Rule 72(b) Objections to Your Honor's August 28, 2026 R&R, and Plaintiff expressly reserves all rights to timely file any and all appropriate objections to Your Honor's August 28, 2026 R&R, and nothing herein shall be construed as limiting or waiving that right or those objections. Nor should the Court construe this letter as a Local Rule 6.3 Motion for Reconsideration of Your Honor's August 28, 2026 Order denying Plaintiff's [220] Motion to Exclude Extraneous Exhibits from Columbia's [218] letter brief. Plaintiff expressly reserves all rights to timely seek reconsideration of that Order, to the extent permitted by applicable law, and nothing in this letter shall be construed as limiting or waiving that right, or any other rights that are available to Plaintiff in connection with this matter.

Therein the R&R, Your Honor recommended to Judge Ho that Plaintiff's Motion to Amend his ADA Claim be denied on futility grounds —because Your Honor had concluded that Plaintiff's well-pled allegations in his Proposed Amended Complaint (the "PAC") that Columbia denied Plaintiff's reasonable disability accommodation request of an additionally 45 days were contradicted by the extraneous exhibits proffered by Columbia — namely, communications from Columbia's ODS and GBMO, the very exhibits that Plaintiff sought to exclude on the grounds that the exhibits did not prove that Plaintiff's allegations were "false" as Columbia contended and that Columbia was attempting to mislead the Court. In support of its Recommendation to Judge Ho that Plaintiff's Motion to Amend his ADA Claim be denied on futility grounds, the R&R stated the following verbatim:

> "The PAC founders on Plaintiff's assertion that ODS denied his reasonable accommodation request because the GBM Office objected" (R&R at 25)
>
> "Communications from ODS and GBM Office to Plaintiff…reflect that Plaintiff was granted a 45-day extension and received an additional 11 days to complete his review of Columbia's factual summary and to write a response." (compl. citations omitted) (R&R at 25)
>
> "Because Plaintiff's new allegations are directly contradicted by the emails, those allegations would be insufficient to defeat a motion to dismiss" (R&R at 25)

Plaintiff respectfully submits that Your Honor's interpretation of the extraneous exhibits is incorrect, and that Your Honor's R&R regarding Plaintiff's proposed ADA claim is based on fraudulent information proffered by Columbia. In support of this contention, Plaintiff respectfully directs Your Honor to **Attachment A** hereto. **Attachment A hereto** is a true and correct copy of Columbia's November 14, 2025 sworn and verified Response to Plaintiff's First Set of Interrogatories served on Columbia University and signed by counsel for Columbia University Anna Collins Peterson, and Gabrielle E. Tenzer, and verified and signed by Columbia's Deputy Title IX Coordinator and Senior Director of Title IX Investigations, Colleen Walsh.

**Columbia's November 14, 2025 sworn and verified Supplemental Response to Plaintiff's Interrogatory No. 8 submitted herewith as Attachment A indicates unambiguously that Plaintiff's well-pled allegations in his PAC — that Columbia *denied* Plaintiff's request for a reasonable disability accommodation of 45 additional days are <u>true.</u>**

As Your Honor has acknowledged, Plaintiff has previously advised the Court that the exhibits proffered by Columbia did not establish that Plaintiff's allegations were false and did not support the theory proffered by Columbia. The R&R nevertheless sided with Columbia, accepted its characterizations and overarching theory that Plaintiff's allegations were "false", and concluded that Columbia's exhibits directly contradicted Plaintiff's allegations in the PAC. Attachment B is significant because Columbia's own sworn discovery response expressly describes the underlying decision as one to grant Plaintiff 11 additional days "rather than the 45 additional days requested by Plaintiff." Thus, the issue Plaintiff previously raised to the Court concerning Columbia's characterization of these exhibits and Plaintiff's allegations is supported by Columbia's own verified discovery response to Plaintiff's interrogatory in relation to this issue.

Columbia's repeated bad faith, vexatious, willful, and fraudulent misrepresentations to this Court through very competent counsel constitute a fraud upon the Court, are sanctionable[2], and have resulted in a fraudulent brief opposing amendment and an R&R recommending a final judgment of dismissal on a well-pled claim— based on false information and strategic misrepresentations proffered by Defendant Columbia University— *sub judice* before Judge Ho. Plaintiff anticipates seeking reconsideration of Your Honor's August 28, 2026 Order denying Plaintiff's Motion to Exclude the Extraneous Exhibits and further anticipates seeking appropriate sanctions concerning Columbia's repeated misrepresentations to this Court through its competent counsel. Plaintiff does not seek adjudication of either issue through this letter and expressly reserves the right to present the factual and legal bases for such relief by appropriate motion.

Based on the foregoing, Plaintiff respectfully requests a conference with Your Honor to address the appropriate course of action to remedy these matters. And because Plaintiff should not be prejudiced and burdened by having to file R&R objections or a motion for reconsideration on a shortened briefing schedule and due to Columbia's misrepresentations and fraud upon this Court, Plaintiff further requests that the fourteen-day deadlines for Plaintiff to (a) file any objections to the August 28, 2026 R&R or (b) to file any Motion for Reconsideration of Your Honor's August 28, 2026 Order on Plaintiff's[220]Motion to Exclude be heldd in abeyance pending the Court's resolution of these matters and commence anew upon the Court's resolution thereof.

Plaintiff is available for a conference at the Court's convenience.
Your Honor's time and attention to this matter are greatly appreciated.

Respectfully Submitted,



John Doe,
Plaintiff, *Pro Se*

cc: Counsel for Defendant Columbia University (VIA ECF)

[2] *See* e.g, *Universe Antiques, Inc. v. Vareika*, 826 F. Supp. 2d 595, 611 (S.D.N.Y. 2011)(awarding sanctions against defendant party finding that defendant's repeated misrepresentations to the Court constituted "fraud upon the Court" warranting sanctions)

# ATTACHMENT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOHN DOE,<br><br>*Plaintiff*,<br><br>v.<br><br>COLUMBIA UNIVERSITY,<br><br>*Defendant*. | No. 1:25-cv-02132 (DEH) (RFT) |

**DEFENDANT THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (together, the "Rules"), Defendant The Trustees of Columbia University in the City of New York ("Columbia"), by and through its attorneys, submits these responses and objections (the "Responses") to Plaintiff's First Set of Interrogatories Directed at Defendants [sic], dated June 27, 2025 (the "Interrogatories").

**GENERAL OBJECTIONS AND RESPONSES**

[redacted]

[redacted] [redacted]

[redacted]

[redacted]

**Interrogatory No. 8**

**Please describe in detail the role that Columbia University's Title IX/Gender- Based Misconduct (GBM) Office played in the evaluation, handling, involvement with, or denial of Plaintiff's requests for disability accommodations during the gender-based misconduct disciplinary proceedings. For each requested accommodation, please:**

1. **Identify the nature of the accommodation requested by Plaintiff (e.g., academic, procedural, support-related);**
2. **State the date the request was made and the means by which it was communicated;**
3. **Identify all individuals involved in reviewing, evaluating, granting, or denying the request, including their titles and departments;**
4. **Indicate whether the accommodation was granted, denied, or modified;**
5. **Provide the rationale or stated justification for any denial or limitation imposed on the requested accommodation; and**
6. **Identify and describe any communication, documentation, or internal record concerning the request or the decision rendered.**

**Supplemental Response to Interrogatory No. 8**

Subject to and without waiving its General and Specific Objections, and consistent with Columbia's agreement by email dated September 30, 2025, to provide a supplemental response, Columbia identifies the following individuals with the most direct, relevant, non-privileged knowledge about a decision to grant Plaintiff a time-based accommodation of 11 additional days to review the Factual Summary and Evidence and submit a written response, rather than the 45 additional days requested by Plaintiff:

| Name | Title |
|---|---|
| Colleen Lewis | Senior Executive Director, Disability Services |
| Laura Dayan | Director of Student Case Management, Disability Services |
| Sonia Hernandez | Program Coordinator, Disability Services |

**Interrogatory No. 9**

[redacted]

[redacted]

**Response No. 9**

[redacted]

[redacted]

Dated: November 14, 2025
New York, New York

By: [signature]

Gabrielle E. Tenzer
Anna Collina Peterson
HECKER FINK LLP
350 Fifth Avenue, 63rd Floor
New York, NY 10118
Telephone: (212) 763-0883
gtenzer@heckerfink.com
apeterson@heckerfink.com

*Attorneys for Defendant Trustees of Columbia University in the City of New York*

# VERIFICATION

I, Colleen Walsh, Senior Director of Title IX Investigations, Gender-Based Misconduct Office, at Columbia University in the City of New York, have reviewed The Trustees of Columbia University in the City of New York's Supplemental Responses and Objections ("Responses and Objections") to Plaintiff's First Set of Interrogatories Directed at Defendants. The Responses and Objections are based upon information provided by multiple persons, and neither I nor any other single individual has personal knowledge of all the information set forth therein or considered in their preparation. The Responses and Objections are also necessarily limited by the records and information reviewed thus far, which may change during the course of the preparation of this case. For these reasons, The Trustees of Columbia University in the City of New York reserves its rights to amend, correct, supplement, modify, edit, change, or alter these Responses and Objections at any time. Subject to these limitations, I verify under penalty of perjury under the laws of the United States of America that I am authorized by The Trustees of Columbia University in the City of New York to answer these Interrogatories on its behalf, and that the answers to Interrogatory Nos. 1, 2, 8, 9, and 10 therein are true and correct to the best of my knowledge, information, and belief.

Executed this 14th day of November, 2025.

Colleen S. Walsh
Colleen S. Walsh (Nov 14, 2025 16:01:14 EST)

Colleen Walsh