Hecker Fink LLP

NEW YORK | WASHINGTON, DC | LOS ANGELES

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118

TEL (212) 763-0883 | FAX (212) 564-0883
WWW.HECKERFINK.COM

apeterson@heckerfink.com

September 3, 2026

**VIA ECF**

The Honorable Robyn F. Tarnofsky
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

*Re:* *Doe v. Columbia University*, No. 25-cv-02132-DEH-RFT (S.D.N.Y.)

Dear Judge Tarnofsky:

We write on behalf of Defendant The Trustees of Columbia University in the City of New York ("Columbia") in response to Plaintiff's August 31, 2026 letter ("Plaintiff's Letter," ECF 241) requesting a conference "to discuss what action is appropriate to remedy some matters that have come to light following" the Court's recent Report and Recommendation ("R&R," ECF 240). ECF 241 at 1. No conference is necessary. The discovery responses submitted with Plaintiff's Letter long pre-date the R&R, and Plaintiff does not identify any "new matters." More importantly, as explained below, Plaintiff's complaints about the Court's statements in the R&R are appropriately raised in objections consistent with Rule 72, and Plaintiff's meritless accusations against Columbia do not warrant a conference.

The Court was correct in its R&R that, with respect to his request for disability accommodations, "Plaintiff's new allegations are directly contradicted by the emails" submitted to the Court. ECF 240 at 25. Nothing Columbia submitted on this point was inconsistent or misleading.

In his Proposed Amended Complaint, Plaintiff alleged that Columbia's Office of Disability Services ("ODS") "concluded that his request for a 45 day extension of time was 'reasonable'" but that Columbia's "Gender-based Misconduct Office would not honor ODS's recommended disability accommodation of a 45-day extension" for Plaintiff to review the investigative report. ECF 203 ¶¶ 774, 778.

In its letter opposing Plaintiff's motion for leave to amend his complaint, Columbia explained that ODS records reflected that, when Plaintiff requested a 45-day extension of his time to review the Factual Summary of the Investigative Report, [redacted] and [redacted] ECF 219 at 5. The documents attached to Columbia's letter reflect the same information: [redacted]

[redacted] ECF 219-1. [redacted] *Id.* [redacted] ECF 219-2.

Contrary to Plaintiff's claims in Plaintiff's Letter, nothing in Columbia's Supplemental Response to Plaintiff's Interrogatory Number 8 is inconsistent with the information and argument Columbia submitted to the Court in connection with Plaintiff's motion for leave to amend his complaint. In that Supplemental Response, Columbia identified individuals with knowledge about "a decision to grant Plaintiff a time-based accommodation of 11 additional days to review the Factual Summary and Evidence and submit a written response, rather than the 45 additional days requested by Plaintiff." ECF 241 at 7.

In the R&R, the Court summarized the documents submitted with Columbia's letter in opposition to Plaintiff's motion for leave to amend, noting: "Communications from ODS and GBM Office to Plaintiff . . . reflect that Plaintiff was granted a 45-day extension and received an additional 11 days to complete his review of Columbia's factual summary and to write a response." ECF 240 at 25. In Plaintiff's Letter, he claims that the Court's "interpretation of the extraneous exhibits is incorrect." ECF 241 at 2. To the extent that Plaintiff takes issue with the Court's summary of the record on this point, Plaintiff may raise that concern in an objection to the Court's R&R. But nothing in Plaintiff's Letter necessitates a conference or justifies his request that his deadline for filing such objections "be held[ ] in abeyance." *See id.* at 3.

Although he points to no actual misinformation provided by Columbia, Plaintiff claims that the Court's R&R "is based on fraudulent information proffered by Columbia," *id.* at 2, and that "Columbia's repeated bad faith, vexatious, willful, and fraudulent misrepresentations to this Court through very competent counsel constitute a fraud upon the Court, are sanctionable, and have resulted in a fraudulent brief opposing amendment . . . ," *id.* at 3 (footnote omitted). Throughout this litigation, Plaintiff has baselessly accused Columbia and/or its counsel of bad faith, misleading the Court, or other improper conduct. *See, e.g.*, ECF 45 at 3; ECF 53 at 2; ECF 66 at 3; ECF 76 at 1 & 8; ECF 78 at 2-3; ECF 156 at 2; ECF 196 at 2. These are serious accusations against both Columbia and its attorneys, and Plaintiff has no reasonable basis for these harassing and unfounded accusations. *See Nath v. Select Portfolio Servicing, Inc.*, No. 15 Civ. 8183, 2017 WL 782914, at *13 (S.D.N.Y. Feb. 28, 2017) (cautioning pro se plaintiff "against flinging baseless accusations of fraud at opposing counsel merely for taking a position adverse to Plaintiff's" (cleaned up)), *aff'd*, 732 F. App'x 85 (2d Cir. 2018).

Accordingly, Columbia respectfully requests that the Court deny Plaintiff's request for a conference.

Respectfully submitted,

Anna Collins Peterson

Anna Collins Peterson