UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN DOE,

Plaintiff,

-against-

COLUMBIA UNIVERSITY,

Defendant.

25cv02132 (DEH) (RFT)

**ORDER**

**ROBYN F. TARNOFSKY, UNITED STATES MAGISTRATE JUDGE:**

Pending before the Court is Plaintiff's letter requesting a pre-motion conference to "discuss what action is appropriate to remedy" what Plaintiff asserts are Defendant's "repeated bad faith, vexatious, willful, and fraudulent misrepresentations to this Court"; Plaintiff argues that Defendant has committed "a fraud upon the Court" and requests to hold in abeyance deadlines for him to file objections to my August 28, 2026 report and recommendation (ECF 240) and a motion for reconsideration of my August 28, 2026 opinion and order denying his motion to strike (ECF 240). (*See* ECF 241.) Defendant filed a redacted response on September 3, 2026 (ECF 244) as well as a complete version of the response (ECF 243) with an application to seal (ECF 242). I granted the sealing application. (ECF 245.)

Based on Plaintiff's letter, which correctly notes that my original report and recommendation and opinion and order incorrectly reported the number of additional days Defendant gave him to respond to the Factual Summary, on September 8, 2026, I withdrew the original report and recommendation and opinion and order and issued a corrected one (ECF 246) that accurately reports the amount of additional time Defendant gave Plaintiff to respond to the Factual Summary, as reflected in email correspondence between Defendant and Plaintiff:

the email correspondence states that Plaintiff was initially granted a 24-day extension of his deadline, from June 26, 2023 to July 20, 2023, and was then granted an additional 11-day extension to July 31, 2023, for a total extension of 35 days. (*See* ECF 219-1.) Plaintiff's time to object to the report and recommendation and/or to move for reconsideration of the denial of the motion to strike runs from the filing of the corrected report and recommendation and opinion and order on September 8, 2026.

To the extent that Plaintiff needs additional time to seek reconsideration of the corrected opinion and order denying his motion to strike (ECF 246), he may file a request for an extension of time. I decline to hold in abeyance the deadline to seek reconsideration of the corrected opinion and order. To begin with, because the Court may not advise any party on "what action is appropriate to remedy" the matters raised in Plaintiff's letter (ECF 241, Pl.'s Letter at 1), there is no need for a conference on that topic. Plaintiff may of course file any motion he believes to be appropriate under the circumstances. Moreover, as set forth below, Plaintiff's letter does not lead me to believe that Defendant has engaged in fraud. And, as indicated in both my original report and recommendation and the corrected one, if Plaintiff wishes for additional time to object, he must address his request to Judge Ho.

Plaintiff contends that Defendant's brief opposing his motion for leave to amend relies on "false information and strategic misrepresentations" in the exhibits attached to Defendant's opposition, including the email correspondence concerning the extension request. (*Id*. at 3.) Plaintiff supports this position by arguing that Defendant's interrogatory responses are inconsistent with its position in opposition to the motion to amend: the interrogatory responses indicate that Defendant granted Plaintiff "a time accommodation of 11 additional

days to review the Factual Summary and Evidence and submit a written response" rather than the requested 45 days (*id*. at 7), while Defendant's opposition to the motion to amend asserts that Defendant gave Plaintiff an original extension of "approximately one[ ]month" and later gave him an additional 11 days (*id.* at 5). To the extent that Defendant's interrogatory response focused on the second extension of time given to Plaintiff, there is no inconsistency. Even if the interrogatory response addressed the full extent of the extension, there is no indication that the response was fraudulent as opposed to a mistake.

## CONCLUSION

For the foregoing reasons, Plaintiff's requests for a pre-motion conference and to hold his deadline to file a motion for reconsideration in abeyance are DENIED without prejudice to Plaintiff moving for a reasonable extension of time to file a motion for reconsideration of my corrected opinion and order (ECF 246) denying his motion to strike (ECF 220). IF PLAINTIFF WISHES FOR AN EXTENSION OF TIME TO FILE OBJECTIONS TO THE CORRECTED REPORT AND RECOMMENDATION (ECF 246), HE MUST ADDRESS HIS REQUEST TO JUDGE HO.

DATED: September 8, 2026
New York, NY

SO ORDERED.

**ROBYN F. TARNOFSKY**
**United States Magistrate Judge**