# JOHN DOE

PO Box #250050
New York, NY 10025
(917) 450-9050

**Direct Dial: (917) 450-9050**
**Direct Email: johndoe.casemail@gmail.com**

September 18, 2026

**VIA ECF**
The Honorable Robyn F. Tarnofsky
United States District Court
Southern District of New York
500 Pearl Street, Room 703
New York, NY 10007

**Re:** ***Doe v. Columbia University*** **No. 1:25-cv-02132 (DEH) (RFT); Motion for Reconsideration of this Court's September 8, 2026 Corrected Opinion and Order (ECF 246) Denying Plaintiff's Motion to Exclude**

Dear Judge Tarnofsky:

Plaintiff John Doe proceeding *pro se,* respectfully moves by Letter Motion[1] pursuant to Local Rule 6.3 and Rule III(C) of Your Honor's Individual Rules and Practices in Civil Cases for reconsideration of Your Honor's September 8, 2026 Corrected Opinion and Order (the "Corrected Order" or "Order") denying Plaintiff's May 28, 2026 [220] Motion to Exclude ("Strike") extraneous or ("extrinsic") Exhibits from Columbia's [218 & 219] brief in opposition to Plaintiff's April 23, 2026 Motion to Amend the Complaint (ECF 202). Columbia objects to this application.

## I. BACKGROUND

Plaintiff assumes the Court's familiarity with the relevant factual and extensive procedural background on the docket and presented in Plaintiff's Motion to Amend the Complaint (ECF 202), and Proposed Amended Complaint[2] ("the PAC") (ECF 203), Defendant's brief in opposition, accompanying exhibits, and declaration in response to Plaintiff's Motion to Amend the Complaint (ECF 218, 219) Plaintiff's Reply in Further Support of Plaintiff's Motion to Amend the Complaint (ECF 224) Plaintiff's Motion to Exclude (ECF 220), Defendant's brief in opposition to Plaintiff's Motion to Exclude (ECF 226), Plaintiff's Reply in Further Support of Plaintiff's Motion to Exclude (ECF 227) and Your Honor's September 8, 2026 Corrected Opinion & Order denying Plaintiff's [220] Motion to Exclude (ECF 246). Plaintiff therefore addresses only those points necessary to resolve the instant Motion for Reconsideration of Your Honor's September 8, 2026 Corrected Opinion & Order denying Plaintiff's Motion to Exclude.

1 Plaintiff does not seek through this motion for reconsideration, reconsideration of Your Honor's Corrected Report and Recommendation ("R&R") concerning Plaintiff's Motion to Amend, and expressly preserves his right to timely file his objections thereto pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure.

## II. LEGAL STANDARD

Local Civil Rule 6.3 provides that a party may submit a motion for reconsideration of an Order issued by the Court "by setting forth concisely the matters or controlling decisions which [a party] believes the court has overlooked." *See* Loc. Civ. R. 6.3. Courts have clarified that reconsideration is appropriate where the movant "demonstrate[s] that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion, which had they been considered might reasonably have altered the result reached by the court." *In re Refco Capital Markets. Ltd. Brokerage Customer Sec. Litig.,* Nos. 06 Civ. 643, 07 Civ. 8686, 07 Civ. 8688, 2008 WL 4962985, at *1 (S.D.N.Y. Nov. 23, 2008), quoting *Keiser v. CDC Inv. Mgmt. Corp.,* No. 99 Civ. 12101, 2004 WL 516212, at *1 (S.D.N.Y. Mar. 17, 2004). Reconsideration is also appropriate "to correct a clear error of law or prevent manifest injustice." *Munafo v. Metro. Transp. Auth.,* 381 F.3d 99, 105 (2d. Cir. 2004) *see also Schoolcraft v. City of New York*, 298 F.R.D. 134, 136 (S.D.N.Y. 2014) (explaining that a motion for reconsideration is properly granted where the moving party can point to controlling data that the court overlooked that might reasonably be expected to alter the conclusion reached by the court)

## III. ARGUMENT

### A. The Court Overlooked Material Facts Demonstrating That the *Broder* Provision and *Glob. Network Commc'ns*, *Inc*. exception Does Not Apply to Plaintiff's Motion to Exclude and That Columbia's Exhibits Are Extrinsic to the PAC

In denying Plaintiff's Motion to Exclude, Your Honor invoked a *Broder*[3] provision and a *Glob. Network Commc'ns*, *Inc*. exception to the *Chambers*[4] rule that extrinsic evidence may not be considered on a motion to amend a complaint, and for the proposition that *Glob. Network Commc'ns*, *Inc.*[5]exception is appropriate to "prevent[] [P]laintiff from generating [a] complaint[] invulnerable to Rule 12(b)(6) simply by clever drafting" (Order at 7). Your Honor's application of *Glob. Network Commc'ns*, *Inc* is incorrect because in *Glob. Network Commc'ns*, *Inc,* the 2d Cir. vacated the district's court's dismissal of the Plaintiff's claims for failure to state a claim stating "we agree with appellant that the district court committed reversible error when, in ruling that the complaint failed to state a claim for which relief could be granted, it considered matters outside plaintiff's complaint" *See Glob. Network Commc'ns, Inc. v. City of New York,* 458 F.3d 150, 156 (2d Cir. 2006). (explaining that the district court erred by considering extraneous external material in its ruling, and it relying on those materials to make a finding of fact that *controverted* the plaintiff's own factual assertions set out in its complaint, and that even limited quotation from material outside complaint does not constitute incorporation by reference). *Glob. Network Commc'ns, Inc* therefore cuts in Plaintiff's favor. Its *actual* holding prohibits using the integral-document doctrine as a vehicle for resolving disputed facts through extrinsic evidence. Plaintiff respectfully submits that the latter principle governs here. Applying the exception to Columbia's Exhibits A and B would permit Columbia to obtain a pleading-stage factual determination through selected evidence outside the PAC—the precise result *Global Network Communications* reversed.

---

[3] *Broder v. Cablevision Sys.Corp*., 418 F.3d 187, 196 (2d Cir. 2005)
[4] *Chambers v. Time Warner, Inc.,* 282 F.3d 147, 153 (2d Cir. 2002)
[5] Glob. Network Commc'ns, Inc. v. City of N.Y., 458 F.3d 150, 157 (2d Cir. 2006)

That is precisely the error addressed here in Plaintiff's Motion for Reconsideration. Your Honor based your contention on an erroneous finding that "Plaintiff necessarily relied on… the ODS and GBM Office communications that Columbia attached to its brief]…in framing the PAC"(Order at 9). As a matter of law, Your Honor erred by doing so. As Plaintiff already put before the Court in Plaintiff's Motion to Exclude, and in Plaintiff's Reply in Support of Plaintiff's Motion to Exclude "Plaintiff did not rely "necessarily" much less *heavily* on the terms and effect of Exhibits A-B to Columbia's brief in drafting his amended Complaint" (*See* ECF 220, Pl.'s Mot. To Exclude at 2) and that "Plaintiff's ADA claim relies on the *complete documentary and evidentiary record* of what transpired between Plaintiff, ODS, and the GBM Office, which culminated in Columbia's failure to accommodate a reasonable disability accommodation requested by Plaintiff, not merely two cherry-picked emails from the record." (*See* ECF 227, Pl.'s Exclude Reply at 1) *see Wyche v. KM Sys., Inc.,* No. 19-CV-7202(KAM), 2021 WL 1535529, at *1 (E.D.N.Y. Apr. 19, 2021) quoting *Rollins v. N.Y. State Div. of Parole, No. 03-CV-5952, 2007 WL 539158, at 2 (E.D.N.Y. Feb. 16, 2007)*(holding that granting a motion for reconsideration is appropriate if a court overlooked factual matters that were put before it on the underlying motion).

That distinction is *not only* dispositive under *Glob. Network Commc'ns, Inc.* but also under *Chambers v. Time Warner, Inc.,* 282 F.3d 147, 153 (2d Cir. 2002). In *Chambers* the Second Circuit explored the question of what documents a district court may consider when disposing of a Rule 12(b)(6) motion. The Second Circuit emphasized that "Because this standard has been misinterpreted on occasion, "We reiterate that a plaintiff's reliance on the terms and effect of a document in drafting the complaint is a necessary prerequisite to the court's consideration of the document on a dismissal motion; mere notice or possession is not enough." *See id. Chambers* also held that "Consideration of extraneous material in judging the sufficiency of a complaint is at odds with the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2)." The relevant inquiry is not whether Plaintiff possessed, knew of, or referenced the underlying communications, but whether Plaintiff <u>relied</u> upon the *terms and effect of <u>the particular documents</u>* <u>Columbia submitted</u> in framing the PAC. Plaintiff expressly placed before the Court that he did not. Accordingly, Your Honor's conclusion that Plaintiff "necessarily relied upon Columbia's Exhibits A-B in framing his PAC" cannot be reconciled with the controlling *Chambers* standard in light of the cherry-picked and materially misleading nature of the email exhibits that Columbia submitted in conjunction with its amendment opposition.

**<u>Attached Exhibits A-H</u>**

Plaintiff bases his contentions on Exhibits A-H submitted herewith, which are true and correct copies of (a) the *complete* email correspondence between Plaintiff and Columbia's Gender-based Misconduct Office ("GBMO") and Office of Disability Services ("ODS") that Columbia strategically omitted, regarding Plaintiff's multiple requests for a disability accommodation[6] of 45 additional days to respond to Columbia's Investigative Report's Factual Summary and evidence file including Exhibits A-B that Columbia submitted in conjunction with its brief in opposition to Plaintiff's Motion to Amend the Complaint and (b) Columbia's November 14, 2025 Supplemental Response to Plaintiff's Interrogatory No. 8 in relation to this matter. Exhibits A-H establish (i) that

[6] Plaintiff respectfully acknowledges that Section Heading AAA of the PAC at 139 and PAC ¶ 767 and ¶1476 contain immaterial scrivener's error in dates. The reference to "March 1, 2023" in the heading of Section AAA should read "July 7, 2023," and the reference to "March 1, 2023" in PAC ¶ 767 and ¶1476 and should read "June 15, 2023."

Plaintiff did not receive a 45-day disability accommodation extension followed by an additional 11 days as concluded by Your Honor (ii) that Plaintiff received only an eleven (11) day disability accommodation and (iii) that Columbia's cherry-picked exhibits do not contradict Plaintiff's allegations in the PAC that Columbia denied Plaintiff's request for disability accommodation of a 45-day extension of time to review and respond to the Factual Summary and Evidence file of Columbia's Investigative Report.

**B. The Complete Correspondence Confirms That Plaintiff's Earlier Extension Was Unrelated to Plaintiff's Disability-Accommodation Request**

**Attached Exhibit A (Omitted by Columbia)**

[redacted]

**Attached Exhibit B (Omitted by Columbia)**

[redacted]

**C. Plaintiff's June 15, 2023 Request Was His First Request for a Disability Accommodation of Additional Time**

**Attached Exhibit C (Omitted by Columbia)**

[redacted]

[redacted]"

**D. The Record Confirms That the July 20 Deadline Resulted From an Extension <u>Granted to Another Party—not From Plaintiff's Disability Accommodation</u>**

**<u>Attached Exhibit D (Omitted by Columbia)</u>**

[redacted]

**<u>Attached Exhibit E (Omitted by Columbia)</u>**

[redacted]

[redacted]

**E. Plaintiff's Allegation in his PAC that Columbia's ODS Determined That Plaintiff's requested 45-day disability accommodation was reasonable, but that Columbia's GBMO objected to Plaintiff receiving a 45-day time-based Disability Accommodation, is not contradicted by the Emails.**

Plaintiff alleges in the PAC ¶¶ 779,1478 Columbia's ODS informed Plaintiff in that meeting that it was in a "difficult position" because Columbia's GBMO objected to ODS's prior recommendation to GBMO that GBMO provide to Plaintiff a disability accommodation of a 45-day extension of time to review and respond to Columbia's factual summary and evidence file. ODS informed Plaintiff that notwithstanding GBMO's objections, ODS would "recommend" and "strongly advocate" to Columbia's GBMO that Columbia's GBMO provide to Plaintiff a disability accommodation of a 45-day extension of time to review and respond to Columbia's factual summary and evidence file. This distinction is material to the Order under reconsideration. Treating time Plaintiff received incidentally because of scheduling decisions or an extension granted to another participating party as though that time constituted Plaintiff's requested disability accommodation necessarily resolves a disputed factual question concerning the nature, purpose, and effect of those extensions. That question cannot be resolved merely from Columbia's selected Exhibits A-B, particularly where Plaintiff expressly alleged and argued that those exhibits did not constitute the complete documentary record underlying his ADA allegations.

**Attached Exhibit F (Submitted by Columbia)**

[redacted]

**F. The Complete Email Correspondence Demonstrates That Columbia Ultimately Provided Plaintiff Only Eleven Additional Days as a Disability Accommodation**

[redacted]

[redacted]

**G. Columbia's Exhibits at Most, Present Competing Factual Disputes That Cannot Be Resolved in Columbia's Favor at the Pleading Stage Warranting Reconsideration of this Court's September 8, 2026 Corrected Opinion & Order denying Plaintiff's May 28, 2026 [220] Motion to Exclude**

The overlooked distinction is material to Your Honor's September 8 Order. Columbia's Exhibits A-B do not establish that Plaintiff received a 45-day disability accommodation followed by an additional eleven days, nor do they contradict Plaintiff's allegations in the PAC. The *complete* chronology of email correspondence confirms that the July 20 deadline existed *independently* of the disability accommodation ultimately provided to Plaintiff. Thus, consideration of Columbia's selected exhibits would require the Court to choose between that characterization and Plaintiff's pleaded account. And this is precisely why the *Chambers* rule exists and matters here. To the extent Columbia disputes what ODS communicated to Plaintiff during Plaintiff's June 28, 2023 confidential meeting with Columbia's ODS, regarding ODS's prior "consultation" with Columbia's GBMO, that is not an issue properly resolved at the pleading stage in favor of Columbia, by crediting Columbia's cherry-picked emails over Plaintiff's well-plead factual allegations. Rather, it is a factual dispute for a later stage on a fully developed evidentiary record. And even assuming *arguendo* that Columbia's exhibits meet the twin requirements of integrality— which they do not — "a court still may not consider it on a motion to dismiss if there is a dispute "regarding the authenticity or accuracy of the document" or "the relevance of the document" to the dispute." *Faulkner v. Beer,* 463 F.3d 130, 134 (2d Cir.2006) (quoting *DeLuca v. AccessIT Grp., Inc*., 695 F. Supp. 2d 54, 60 (S.D.N.Y. 2010)

**<u>Attached Exhibit G (Submitted by Columbia)</u>**

[redacted]

**<u>Attached Exhibit H (Omitted by Columbia)</u>**

Exhibit H is a true and correct copy of Columbia's November 14, 2025 Supplemental Response to Plaintiff's Interrogatory No. 8 concerning Plaintiff's request for a time-based disability accommodation served on Columbia pursuant to a discovery request. Critically, Columbia served Plaintiff with this verified discovery response on November 14, 2025, more than six months before filing its May 27, 2026 opposition and extraneous exhibits to Plaintiff's Motion to Amend the Complaint. In this verified response, Columbia, under penalty of perjury, expressly characterized the accommodation provided to Plaintiff as "a time accommodation of 11 additional days," "rather than the 45 additional days Plaintiff requested." Columbia's discovery response is consistent with what Plaintiff alleges in the PAC. Columbia's verified discovery response does not

merely describe a second "extension"; it expressly identifies the eleven additional days as the **disability accommodation** provided to Plaintiff.

**When Columbia's two (2) extrinsic exhibits are placed back into the complete correspondence from which they were selectively extracted, the picture becomes clear. The omitted emails — Attached Exhibits A-H supply the very context Columbia concealed from this Court: the July 20 deadline existed independently of Plaintiff's disability-accommodation request. Columbia ultimately provided only eleven (11) additional days as a disability accommodation to Plaintiff. Viewed in context, Columbia's extraneous exhibits do not contradict Plaintiff's allegations in the PAC—they corroborate them.**

### H. Reconsideration of this Court's September 8, 2026 Corrected Opinion and Order denying Plaintiff's May 28, 2026 [220] Motion to Exclude is Warranted to Prevent Manifest Injustice to Plaintiff

It would be manifest injustice to Plaintiff if the Court is permitted to consider Defendant's cherry-picked, out-of-context, misleading, and extrinsic exhibits in adjudicating Plaintiff's Motion to Amend the Complaint in determining whether Plaintiff's ADA claim is futile as a matter of law; *see Munafo v. Metro. Transp. Auth.,* 381 F.3d 99, 105 (2d. Cir. 2004) (reconsideration is appropriate to prevent manifest injustice). That is *not* to say that Columbia cannot recycle its arguments at the summary judgment stage, or to the Jury. It can. But converting those disagreements with Plaintiff's factual allegations into a basis for rejecting those well-pleaded allegations at the pleading stage by crediting Columbia's extrinsic evidence over Plaintiff's well-pleaded account of what *actually* occurred would be manifestly unjust and improper at *this* stage.

Finally, in denying Plaintiff's August 31, 2026 Motion for a Conference concerning this matter, Your Honor characterized Columbia's misrepresentations to the Court as possibly indicative of a "mistake," rather than "fraud upon the Court." But the glaring fact remains, that Columbia knew the *actual* facts long before filing its May 27, 2026 brief in opposition to Plaintiff's Motion to Amend the Complaint as evidenced by Columbia's November 14, 2025 Supplemental Response to Plaintiff's Interrogatory No. 8—issued more than six months before Columbia filed its opposition. Columbia therefore possessed its own verified account of the relevant facts before representing a materially different characterization of those facts to this Court. And rather than accepting Plaintiff's well-pleaded allegations as true and contesting those factual allegations on a developed evidentiary record, Columbia invites this Court to reject Plaintiff's well-pled factual allegations at the pleading stage based upon its selective and misleading presentation of extrinsic evidence. Whether Columbia's misrepresentations to the Court were the product of "mistake" or something more is ultimately beside the point for the purpose *this* motion.

And even assuming *arguendo* that Columbia's initial misrepresentation resulted from an innocent "mistake", an innocent mistake does not explain Columbia's continued adherence to that misrepresentation after Plaintiff specifically identified the discrepancy and placed Columbia's own contrary interrogatory response before the Court. What matters *here* is that Columbia's representations to this Court were materially inaccurate and misleading, and that Columbia possessed the information demonstrating that inaccuracy before making the representation, and upon that misrepresentation being challenged, refused to correct it, and objects to reconsideration.

## IV. CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that Your Honor (a) reconsider Your Honor's September 8, 2026 Corrected Opinion and Order denying Plaintiff's Motion to Exclude exhibits A-B and any references to those exhibits from Columbia's brief in Oppositon to Plaintiff's Motion to Amend the Complaint, (b) grant Plaintiff's Motion to Exclude exhibits A-B and any reference to those exhibits from Columbia's brief in Oppositon to Plaintiff's Motion to Amend the Complaint, (c) order that Columbia's brief in Opposition to Plaintiff's Motion to Amend the Complaint be stricken from the docket and refiled solely for the purpose of removing Exhibits A-B and all references to, characterizations of, and arguments derived therefrom, with the opposition otherwise unchanged and without supplementation or the addition of new or substitute arguments, authorities, evidence, or factual assertions (d) take such further action Your Honor deems appropriate in light of these determinations and (e) grant Plaintiff further and such other relief as the Court deems just and proper.

Your Honor's attention to this matter is *greatly* appreciated.

Respectfully Submitted,

John Doe,
Plaintiff, *Pro Se*

cc: Counsel for Defendant Columbia University (VIA ECF)

# Exhibit A

LIONMAIL
@COLUMBIA

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

# Exhibit B

COLUMBIA UNIVERSITY
IN THE CITY OF NEW YORK

GENDER-BASED MISCONDUCT OFFICE

[redacted]

[redacted]

[redacted]

# Exhibit C

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

# Exhibit D

[redacted]

[redacted]

# <u>Exhibit E</u>

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

# Exhibit F

[redacted]

# Exhibit G

[redacted]

# Exhibit H

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN DOE,<br>*Plaintiff*,<br>v.<br>COLUMBIA UNIVERSITY,<br>*Defendant*. | No. 1:25-cv-02132 (DEH) (RFT) |

**DEFENDANT THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (together, the "Rules"), Defendant The Trustees of Columbia University in the City of New York ("Columbia"), by and through its attorneys, submits these responses and objections (the "Responses") to Plaintiff's First Set of Interrogatories Directed at Defendants [sic], dated June 27, 2025 (the "Interrogatories").

**GENERAL OBJECTIONS AND RESPONSES**

[redacted]

[redacted] [redacted]

[redacted]

[redacted]

**Interrogatory No. 8**

**Please describe in detail the role that Columbia University's Title IX/Gender- Based Misconduct (GBM) Office played in the evaluation, handling, involvement with, or denial of Plaintiff's requests for disability accommodations during the gender-based misconduct disciplinary proceedings. For each requested accommodation, please:**

1. **Identify the nature of the accommodation requested by Plaintiff (e.g., academic, procedural, support-related);**
2. **State the date the request was made and the means by which it was communicated;**
3. **Identify all individuals involved in reviewing, evaluating, granting, or denying the request, including their titles and departments;**
4. **Indicate whether the accommodation was granted, denied, or modified;**
5. **Provide the rationale or stated justification for any denial or limitation imposed on the requested accommodation; and**
6. **Identify and describe any communication, documentation, or internal record concerning the request or the decision rendered.**

**Supplemental Response to Interrogatory No. 8**

Subject to and without waiving its General and Specific Objections, and consistent with Columbia's agreement by email dated September 30, 2025, to provide a supplemental response, Columbia identifies the following individuals with the most direct, relevant, non-privileged knowledge about a decision to grant Plaintiff a time-based accommodation of 11 additional days to review the Factual Summary and Evidence and submit a written response, rather than the 45 additional days requested by Plaintiff:

| Name | Title |
|---|---|
| Colleen Lewis | Senior Executive Director, Disability Services |
| Laura Dayan | Director of Student Case Management, Disability Services |
| Sonia Hernandez | Program Coordinator, Disability Services |

**Interrogatory No. 9**

[redacted]

**Response No. 9**

[redacted]

[redacted]

Dated: November 14, 2025
New York, New York

By: ______________________

Gabrielle E. Tenzer
Anna Collina Peterson
HECKER FINK LLP
350 Fifth Avenue, 63rd Floor
New York, NY 10118
Telephone: (212) 763-0883
gtenzer@heckerfink.com
apeterson@heckerfink.com

*Attorneys for Defendant Trustees of Columbia University in the City of New York*

# VERIFICATION

I, Colleen Walsh, Senior Director of Title IX Investigations, Gender-Based Misconduct Office, at Columbia University in the City of New York, have reviewed The Trustees of Columbia University in the City of New York's Supplemental Responses and Objections ("Responses and Objections") to Plaintiff's First Set of Interrogatories Directed at Defendants. The Responses and Objections are based upon information provided by multiple persons, and neither I nor any other single individual has personal knowledge of all the information set forth therein or considered in their preparation. The Responses and Objections are also necessarily limited by the records and information reviewed thus far, which may change during the course of the preparation of this case. For these reasons, The Trustees of Columbia University in the City of New York reserves its rights to amend, correct, supplement, modify, edit, change, or alter these Responses and Objections at any time. Subject to these limitations, I verify under penalty of perjury under the laws of the United States of America that I am authorized by The Trustees of Columbia University in the City of New York to answer these Interrogatories on its behalf, and that the answers to Interrogatory Nos. 1, 2, 8, 9, and 10 therein are true and correct to the best of my knowledge, information, and belief.

Executed this 14th day of November, 2025.

Colleen S. Walsh
Colleen S. Walsh (Nov 14, 2025 16:01:14 EST)

Colleen Walsh