UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN DOE,

Plaintiff,

-against-

COLUMBIA UNIVERSITY,

Defendant.

25-CV-02132 (DEH) (RFT)

**ORDER**

**ROBYN F. TARNOFSKY, UNITED STATES MAGISTRATE JUDGE:**

1. On September 18, 2026, my chambers received a telephonic communication from Plaintiff, requesting guidance on how to file a motion for reconsideration with redactions and sealed exhibits in this matter. My courtroom deputy told Plaintiff to (a) file his motion for reconsideration and related exhibits with his proposed redactions, (b) file a motion to seal for his unredacted motion for reconsideration and related exhibits, and (c) email to Chambers and opposing counsel the unredacted version for the Court to file; he requested that, pending consideration of his motion to seal, access be restricted to only him, Defendant, and Court personnel. Plaintiff did so. Attached hereto as Exhibits 1 and 2 are (1) Plaintiff's transmission email and (2) the unredacted versions of his motion for reconsideration and related exhibits.

2. Pending before the Court is Plaintiff's motion to seal the unredacted version of his motion for reconsideration (the "MFR") of my opinion and order denying his May 28, 2026 motion to strike extraneous exhibits from Defendant Columbia University's ("Columbia") opposition to his motion for leave to amend the complaint (the "MTS") and to seal to seal seven of the eight exhibits filed with his MFR, which consist of Plaintiff's education records concerning his requests to Columbia for accommodations. (*See* ECF 253, MFR Exs. A-G at 10-

39).[1] The version of the MFR on the public docket (ECF 254) redacts references to Plaintiff's requests for accommodation as well as to Exhibits A through G to the MFR. The unredacted version of the MFR along with Exhibits A through G thereto, are attached hereto as Exhibit 2.

Plaintiff argues that the redacted portions of his MFR and Exhibits A through G thereto are or reference confidential education records under the Family Education Rights and Privacy Act ("FERPA") and confidential health records under the Health Insurance Portability and Accountability Act. (*See* ECF 254, Mot. To Seal at 1.) He further argues that there is little public interest in the redacted portions of his MFR and those Exhibits, because they "reveal [his] true name and identity, and relate to [his] confidential . . . education and disability records." (*Id*.) He does not advance any arguments specific to a particular document or portion of his MFR. (*See* ECF 254, Mot. To Seal.)

For the reasons set forth below, Plaintiff's Motion to Seal (ECF 254) is **GRANTED**.

a. The redacted text referencing Exhibits A through G cites, quotes, and summarizes educational records that are protected under the FERPA (*see* ECF 253, Pl.'s MFR at 4-7), which is the type of information that courts in this Circuit routinely place under seal based on the *Lugosch* factors. *See Chapman v. Ouellette*, 200 F. Supp. 3d 303, 311 (D. Conn. 2016) (granting a motion to seal an unredacted memorandum of law referencing confidential education records where the moving party also filed a redacted public version of the memorandum of law that redacted the references to

[1] Plaintiff's motion for reconsideration and the accompanying exhibits are filed as one document. (*See* ECF 253.) However, Plaintiff separates the exhibits within the filing by letter (i.e., "Exhibit A") and I refer and cite to the individual exhibits by letter for ease of reference.

the education records). Accordingly, the unredacted version of the MFR at Exhibit 2 to this Order should remain sealed.

b. Exhibits A through E were filed with Plaintiff's MFR but were not filed with his MTS. I anticipate that Defendant will take the position that the Court should not consider those documents on reconsideration, which would lead to the conclusion that the documents are not judicial documents. *See Moshell v. Sasol Ltd.*, No. 20-CV-1008 (JPC), 2021 WL 3163600, at *1 (S.D.N.Y. Jul. 24, 2021) (granting motion to seal exhibits filed with the plaintiff's opposition to a motion for reconsideration because the exhibits were not relied on to resolve the motion for reconsideration and were therefore not judicial documents to which a right of public access attached). I need not determine at this time whether I will consider the new documents: if I do not consider them, they may be sealed. If I do consider them, such that they are judicial documents, the presumption of public access is overcome because the documents consist of educational records that are protected under the FERPA, which is the type of information that courts in this Circuit routinely place under seal based on the *Lugosch* factors. *See, e.g.*, *Z.C. v. New York City Dept. of Educ.*, No. 23-CV-8399 (JHR) (VF), 2024 WL 4068799, at *1 (S.D.N.Y. Sept. 5, 2024).

c. Exhibits F and G to the MFR were previously submitted to the Court (*see* ECF 253, Pl.'s MFR Exs. F-G at 36-39) and were placed under seal; sealing is again warranted for the reasons set forth in my corrected opinion and order and report and recommendation. (*See* ECF 246, Corrected Opinion & Order and Report & Recommendation at 5-6.)

* * * * *

The Clerk of Court is respectfully requested to (a) permanently seal Exhibit 2 to this filing, with access only to Plaintiff, Defendant, and Court personnel; and (b) terminate ECF 254.

DATED: September 29, 2026
New York, NY

SO ORDERED.

______________________________
**ROBYN F. TARNOFSKY**
**United States Magistrate Judge**