Hecker Fink LLP

NEW YORK | WASHINGTON, DC | LOS ANGELES

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118

TEL (212) 763-0883 | FAX (212) 564-0883
WWW.HECKERFINK.COM

gtenzer@heckerfink.com

October 2, 2026

**VIA ECF**

The Honorable Robyn F. Tarnofsky
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

*Re:* *Doe v. Columbia University*, No. 25-cv-02132-DEH-RFT (S.D.N.Y.)

Dear Judge Tarnofsky:

We write on behalf of Defendant The Trustees of Columbia University in the City of New York ("Columbia") in response to Plaintiff's September 18, 2026 letter-motion ("Plaintiff's Letter-Motion," ECF 253) seeking reconsideration of Your Honor's Corrected Opinion and Order ("Order," ECF 246). Plaintiff has not identified any error in the Order, let alone one that would alter the Court's conclusions, and reconsideration is therefore unwarranted.

A motion for reconsideration is "an extraordinary request . . . granted only in rare circumstances." *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 54 (2d Cir. 2019). The moving party must "identif[y] 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (citation omitted). Courts will deny reconsideration where a party fails to "point to controlling decisions or data that the court overlooked . . . that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

The alleged error Plaintiff identifies is the Court's application of *Global Network Communications, Inc. v. City of New York*, 458 F.3d 150 (2d Cir. 2006). *See* ECF 253 at 2-3. The Court's Order quoted a single sentence from *Global Network* for a general legal principle: that consideration of documents integral to complaints "prevents plaintiffs from generating complaints invulnerable to Rule 12(b)(6) simply by clever drafting." ECF 246 at 7 (quoting *Glob. Network*, 458 F.3d at 157). Of course, citing *Global Network* for this common proposition did not require the Court to also reach the same fact-specific conclusion as in *Global Network* as to whether particular documents are integral to a particular complaint. *See, e.g.*, *Doe v. Nat'l Ramah Comm'n, Inc.*, No. 16 Civ. 6869, 2018 WL 4284324, at *6 (S.D.N.Y. Sept. 7, 2018) (quoting *Global Network* for the same proposition, concluding the document was integral to the complaint, and dismissing with prejudice).

Plaintiff's other arguments recycle those he made previously, often verbatim—that the PAC did not rely on the "terms and effect" of the email exhibits because it did not quote or paraphrase them, *compare* ECF 220 at 2; ECF 227 at 2, *with* ECF 253 at 3; that the email exhibits were "cherry-picked," *compare* ECF 227 at 1, *with* ECF 253 at 2, 7; and that considering them would amount to impermissible fact-finding, *compare* ECF 220 at 2; ECF 227 at 1-2, *with* ECF

253 at 6-7. Indeed, Plaintiff describes these arguments as "already put before the Court." ECF 253 at 3. They therefore do not warrant reconsideration. *See Ravikant v. Rohde*, No. 21 Civ. 4758, 2026 WL 184614, at *1 (S.D.N.Y. Jan. 23, 2026) (Ho, J.) (motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple" (citation omitted)). Moreover, to the extent Plaintiff seeks to refine his arguments based on the new email exhibits attached to his Letter-Motion, *see* ECF 253 Exs. A-E, they should not be considered, because those emails were readily available to Plaintiff when he filed his motion to strike and he chose not to rely on them. *See, e.g.*, *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021) (affirming denial of reconsideration where movants sought to rely on evidence that was "readily available at the time of the earlier briefing"); *Liberty Mut. Ins. Corp. v. N.Y. & Gen. Ins. Co.*, 590 F. Supp. 3d 597, 603 (S.D.N.Y. 2022) (denying reconsideration where the additional information presented was "plainly available to [the movant] at the time of the motion; [the movant] simply chose not to present the information to the Court").

Finally, and most fundamentally, none of Plaintiff's arguments would alter the Court's recommendation on the motion to amend. Plaintiff's argument seems to be that because [redacted] ECF 253 Ex. D, it was inaccurate to describe it as an [redacted] ECF 219 at 5. *But see* ECF 253 Ex. D [redacted][1] Whether [redacted] does not change any facts that matter. In the PAC, Plaintiff alleged that (1) ODS concluded Plaintiff's requested 45-day extension was reasonable, and (2) Columbia denied his request for a reasonable extension. *See* PAC ¶¶ 774, 778, 781, 1477, 1479. Both are required elements of Plaintiff's ADA claim. In its recommendation on Plaintiff's motion to amend, the Court considered the exhibits because they directly contradicted Plaintiff's allegations. *See* ECF 246 at 25 ("The PAC founders on Plaintiff's assertion that ODS denied his reasonable accommodation request because the GBM Office objected."). Like those exhibits, the additional materials Plaintiff submits with his Letter-Motion (should the Court chose to consider them, *see supra*) consistently reflect that ODS did *not* recommend that Plaintiff's 45-day request be granted, and that Plaintiff was, in fact, granted an 11-day extension at ODS's recommendation, beyond the considerable additional time he had already received.

Accordingly, Columbia respectfully requests that the Court deny Plaintiff's Letter-Motion.

Respectfully submitted,

Gabrielle E. Tenzer

---

[1] Plaintiff acknowledges that his PAC misstates the dates on which Plaintiff requested or received a decision on disability-related accommodations—which he characterizes as an "immaterial scrivener's error." ECF 253 at 3 n.6; *see also* ECF 215 at 5 (noting inaccuracies in dates and substance). Plaintiff's arguments for reconsideration demand a level of precision from the Court and Columbia that is not only absent from the PAC, but also impossible based on Plaintiff's own allegations as drafted.