# JOHN DOE

PO Box #250050
New York, NY 10025
(917) 450-9050

**Direct Dial: (917) 450-9050**
**Direct Email: johndoe.casemail@gmail.com**


October 9, 2026

**VIA ECF**
The Honorable Robyn F. Tarnofsky
United States District Court
Southern District of New York
500 Pearl Street, Room 703
New York, NY 10007

**Re:** ***Doe v. Columbia University*** **No. 1:25-cv-02132 (DEH) (RFT); Plaintiff's Reply in Further Support of Plaintiff's [253] Motion for Reconsideration**

Dear Judge Tarnofsky:

I am the Plaintiff in the above-referenced action, and I respectfully write in reply and in further support of Plaintiff's [253] Motion for Reconsideration of Your Honor's September 8, 2026 Corrected Opinion and Order (the "Corrected Order" or "Order") denying Plaintiff's May 28, 2026 [220] Motion to Exclude ("Strike") extraneous or ("extrinsic") Exhibits from Columbia's [218 & 219] brief in opposition to Plaintiff's April 23, 2026 Motion to Amend the Complaint (ECF 202).

Columbia's October 2, 2026 opposition does not cure the error identified in Plaintiff's Motion for Reconsideration. It confirms it. Nor does Columbia's opposition explain *why* it would *not* be improper for the Court — , in adjudicating Plaintiff's Motion to Amend the Complaint — to consider its two extrinsic emails plucked from a vastly larger chain of communications, stripped of the surrounding emails that supplied their context, and selectively presented by Columbia for the sole purpose of contradicting Plaintiff's well-pled allegations. As *Plaintiff's* Exhibits confirm, Columbia's exhibits were not standalone documents upon which Plaintiff necessarily relied in framing the PAC. They were *fragments* of a broader evidentiary record concerning Plaintiff's accommodation request—a record Columbia possessed, selectively excerpted, and then asked the Court to treat as dispositive of what actually occurred. But once Columbia removed those two emails from the larger chain and offered them to establish that Plaintiff's allegations were "false," the Court cannot determine the meaning, significance, or effect of those excerpts without examining the communications surrounding them and resolving competing factual inferences about the accommodation process. Columbia cannot extract the portions of an evidentiary record favorable to its defense, label those excerpts "integral" to Plaintiff's pleading, and thereby convert its own selective evidentiary presentation into a basis for contradicting the PAC at the pleading stage. **The integral-document doctrine is not a vehicle for a defendant to curate the evidentiary record that the Court will use to decide whose version of disputed facts is true.** And Columbia's present opposition to reconsideration exposes precisely why that matters.

Faced with the surrounding communications Plaintiff submitted on reconsideration, Columbia does not contend that those communications are meaningless. Instead, Columbia asks the Court to consider Plaintiff's Exhibits and to conclude that the expanded record "consistently reflect[s]" Columbia's interpretation of what ODS recommended and what accommodation Plaintiff received. Def.'s Opp. at 2. That is *precisely* Plaintiff's point. The moment the parties are debating what a larger chain of communications "reflects," the Court is no longer merely determining what Plaintiff pleaded —it is being asked to determine what the evidence proves. That is a merits inquiry, not a pleading-stage basis for rejecting Plaintiff's well-pled allegations.

Columbia argues that reconsideration is unwarranted because Plaintiff previously argued that he did not rely upon the terms and effect of Columbia's cherry-picked extrinsic exhibits in framing the PAC, that those exhibits were out of context and selectively extracted by Columbia from a broader evidentiary record, and that consideration of those exhibits would require impermissible fact-finding by the Court. **Columbia's argument *wholly* misrepresents the legal basis for reconsideration**. The fact that (a) Plaintiff previously presented these matters to the Court on the underlying motion and (b) that the Court overlooked them is reason to grant reconsideration — not to deny it. Indeed, Columbia itself acknowledges that reconsideration is appropriate "where the Court overlooked data or matters" that might reasonably alter the result." Def.'s Opp. at 1 (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). Columbia's opposition also ignores a fundamental principle: reconsideration exists to *correct* judicial error, not to preserve it. Indeed, in *Gerard v. 1199 Nat'l Benefit Funds,* No. 23 CIV. 7950 (DEH), 2025 WL 3120752, (S.D.N.Y. Nov. 7, 2025), Judge Ho himself granted a motion for reconsideration, vacated portions of his prior dismissal order, and reinstated a pro se plaintiff's ADA reasonable-accommodation claims upon recognizing that his earlier ruling rested on an erroneous application of law. As Judge Ho explained, reconsideration was warranted "to correct a clear error and to prevent manifest injustice." *Id.* Columbia offers no persuasive reason why an alleged legal error arising from reliance on disputed, selectively extracted extrinsic evidence should be insulated from the same corrective scrutiny merely because the error benefited Columbia. Plaintiff seeks no special treatment—only the application of the governing pleading standards and correction of an error that threatens to dispose of his ADA claim before discovery.

More fundamentally, Columbia's opposition proves Plaintiff's underlying point. Columbia now asks the Court to conduct a Rule 56-style merits analysis and to conclude that Plaintiff's supporting exhibits attached to his Motion for Reconsideration "consistently reflect[s]" that ODS did not recommend Plaintiff's requested 45-day accommodation and that Plaintiff instead received an 11-day extension beyond other time previously afforded to him. Def.'s Oppp. at 2. But that is not an argument concerning whether Columbia's extrinsic exhibits were integral to the PAC, or sufficient to defeat Plaintiff's well-pled allegations at the pleadings stage. It's a merits argument concerning what the evidence proves. That distinction is dispositive. Indeed, there exists a question of fact over which Columbia administrative office *specifically* objected to Plaintiff's disability accommodation request leading to its ultimate denial. The PAC alleges that it was Columbia's GBMO. Columbia contends that it was Columbia's ODS. But resolving that question of fact is unnecessary *now* as it is wholly irrelevant to Plaintiff's legal theory of liability or the pleading stage analysis required of this Court. Whether it was Columbia's ODS or Columbia's GBMO that objected to Plaintiff's requested reasonable disability accommodation simply does not matter. What's relevant, is that the PAC sufficiently alleges that *Columbia* failed to provide Plaintiff with

a reasonable disability accommodation during Plaintiff's disciplinary proceeding. Plaintiff's allegations *must* be accepted as true at this stage, and all reasonable inferences drawn in *Plaintiff's* favor. There is nothing in the ODS/GBMO communications, when viewed together, in context, and in the light most favorable to Plaintiff, that contradicts Plaintiff's PAC well-pled allegations.

Furthermore, Columbia's argument that Plaintiff's failure to submit his supporting exhibits with his underlying Motion to Exclude precludes reconsideration is circular and misses the point entirely. Plaintiff was not required to submit *more* evidence at the pleading stage to prove that *Columbia's* extrinsic cherry-picked evidence should not be considered in the first place. Plaintiff squarely argued on the underlying motion that Columbia's Exhibits A–B were not integral to the PAC, were selectively extracted from a broader evidentiary record, and could not properly be used to contradict Plaintiff's well-pled allegations at the pleading stage. That is the error Plaintiff asks the Court to reconsider—not some newly discovered theory of liability. Plaintiff's supporting exhibits merely expose the *Chambers* consequence of permitting Columbia to litigate disputed facts through extrinsic and selectively submitted documents at the pleading stage. Columbia cannot manufacture an incomplete extrinsic record, obtain a ruling in its favor based upon its characterization of that record, and then fault Plaintiff for failing to complete the evidentiary record that, in the *first* place, should not have been before the Court. Rule 12 did not require Plaintiff to litigate the merits of his ADA claim in order to preserve his objection that the Court could not reach those merits at the pleading stage through Columbia's extrinsic exhibits.

Moreover, contrary to Columbia's assertions, Plaintiff's legal theory with respect to his ADA claim — that Columbia failed to accommodate a reasonable disability accommodation Plaintiff requested, which violated the ADA and resulted in damages to Plaintiff — has remained consistently the same. And there is nothing in the record showing otherwise. But it is however evident that, in light of Plaintiff's Motion for Reconsideration and attached supporting exhibits, **Columbia has abandoned its theory that Plaintiff's allegations that Columbia failed to provide Plaintiff with a disability accommodation of a 45-day time extension are "false"**— the very theory Your Honor expressly adopted in erroneously concluding that Columbia's extrinsic exhibits established that Columbia granted Plaintiff a disability accommodation of a 45-day time extension, defeated Plaintiff's allegations in the PAC, and could thus, be properly considered by the Court in adjudicating Plaintiff's Motion to Amend the Complaint.

Finally, Columbia's footnote concerning Plaintiff's acknowledged scrivener's errors fares no better. Columbia argues that Plaintiff demands a "level of precision" from Columbia and the Court that is supposedly absent from the PAC. Def.'s Opp. at 2 n.1. But **Columbia has the pleading standard backwards**. Rule 8(a)(2) requires Plaintiff to provide "a short and plain statement of the claim showing that the pleader is entitled to relief"—not a perfectly dated, evidentiary reconstruction of every communication among Plaintiff, ODS, and the GBMO. Plaintiff acknowledged and corrected two immaterial date errors. Those errors do not transform Columbia's extrinsic exhibits into documents integral to the PAC, authorize the Court to credit Columbia's interpretation of disputed evidence, or defeat Plaintiff's well-pled allegation that Columbia failed to provide him with reasonable disability accommodation that he requested. Columbia cannot convert Rule 8's "short and plain statement" requirement into a demand that Plaintiff plead his evidentiary record with post-discovery summary judgment-level precision—and then use a purported absence of that precision as justification for resolving disputed extrinsic

evidence against him. If anything, Columbia's footnote further illustrates the problem. The PAC was required to plead a plausible claim, not anticipate and rebut Columbia's evidentiary defenses document-by-document date-by-date. Whether Plaintiff can ultimately prove his allegations is a merits question for a later stage of this litigation; it is not a basis for replacing Plaintiff's well-pled allegations with Columbia's preferred interpretation of a cherry-picked and selectively presented extrinsic evidentiary record. Columbia will have ample opportunity to attack the merits of Plaintiff's well-pled ADA claim on a fully developed evidentiary record at the summary judgment stage of this proceeding after discovery concludes. If, after discovery concludes, Columbia believes that (a) there is "no genuine dispute as to any material fact" and (b) that Columbia is "entitled to judgment as a matter of law," Columbia can make that motion *then*. But as of *now,* Plaintiff's ADA claim is sufficiently pled as a matter of law, and is entitled to proceed.

Plaintiff declines to address Columbia's remaining arguments, which Plaintiff construes as an invitation by Columbia to relitigate the merits of Your Honor's September 8, 2026 Corrected R&R through briefing on Plaintiff's Motion for Reconsideration of the separate Order denying Plaintiff's Motion to Exclude. Plaintiff declines to do so here. Plaintiff has separately and timely objected to the Corrected R&R and expressly preserves all arguments and rights raised therein. The narrow issue presented *here* is whether Columbia's extrinsic Exhibits attached to its opposition to Plaintiff's Motion to Amend the Complaint can be properly considered by the Court in adjudicating Plaintiff's Motion to Amend the Complaint. Plaintiff contends that they cannot, **as a matter of law** *see Chambers v. Time Warner, Inc.,* 282 F.3d 147, 153 (2d Cir. 2002) (exploring the question of what documents a district court may consider when analyzing the pleading sufficiency of a complaint and reiterating that "a plaintiff's reliance on the terms and effect of a document in drafting the complaint is a necessary prerequisite to the court's consideration of the document on a dismissal motion; mere notice or possession is not enough." and "consideration of extraneous material in judging the sufficiency of a complaint is at odds with the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2)." Id. Should Your Honor determine that reconsideration of the Order warrants any corresponding modification of the Corrected R&R, Columbia will have the opportunity to file any timely objections thereto pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure.

Based on the foregoing, reconsideration is warranted, and Plaintiff therefore respectfully requests that Your Honor **(a) grant** Plaintiff Motion for Reconsideration and **(b) reconsider** Your Honor's September 8, 2026 Corrected Opinion and Order denying Plaintiff's Motion to Exclude exhibits A-B and any references to those exhibits from Columbia's brief in Oppositon to Plaintiff's Motion to Amend the Complaint, **(c) grant** Plaintiff's Motion to Exclude exhibits A-B and any reference to those exhibits from Columbia's brief in Oppositon to Plaintiff's Motion to Amend the Complaint, **(d) order** that Columbia's brief in Opposition to Plaintiff's Motion to Amend the Complaint be stricken from the docket and refiled solely for the purpose of removing Exhibits A-B and all references to, characterizations of, and arguments derived therefrom, with the opposition otherwise unchanged and without supplementation or the addition of new or substitute arguments, authorities, evidence, or factual assertions **(e) take such further action** Your Honor deems appropriate in light of any determinations or reconsiderations by Your Honor, and **(f) grant Plaintiff further and such other relief** as the Court deems just and proper.

Your Honor's attention to this matter is greatly appreciated.

Respectfully Submitted,

John Doe,
Plaintiff, *Pro Se*

cc: Counsel for Defendant Columbia University (VIA ECF)