**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOHN DOE,<br><br>*Plaintiff*,<br><br>v.<br><br>COLUMBIA UNIVERSITY,<br><br>*Defendant*. | No. 1:25-cv-02132 (DEH) (RFT) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT**

Gabrielle E. Tenzer
Anna Collins Peterson
HECKER FINK LLP
350 Fifth Avenue, 63rd Floor
New York, NY 10118
Tel: (212) 763-0883
Fax: (212) 564-0883
gtenzer@heckerfink.com
apeterson@heckerfink.com

October 14, 2026

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........ ii
LEGAL STANDARD ........ 1
ARGUMENT ........ 2
I. Plaintiff's Title IX Erroneous Outcome Claim ........ 2
II. Plaintiff's Title IX Selective Enforcement Claim ........ 7
III. Plaintiff's Title IX Retaliation Claim ........ 8
IV. Plaintiff's ADA Claim ........ 10
V. Plaintiff's Title VI Claim ........ 12
VI. Plaintiff's NYCHRL Claim ........ 13
CONCLUSION ........ 13

# TABLE OF AUTHORITIES

***CASES***

*246 Sears Rd. Realty Corp. v. Exxon Mobil Corp.*,
No. 09 Civ. 889, 2012 WL 4174862 (E.D.N.Y. Sept. 18, 2012) ..................................... 11

*Ashford Locke Builders v. GM Contractors Plus Corp.*,
No. 17 Civ. 3439, 2020 WL 6200169 (E.D.N.Y. Oct. 22, 2020) ...................................... 1

*Bellikoff v. Eaton Vance Corp.*,
481 F.3d 110 (2d Cir. 2007) ............................................................................ 4, 13

*Blagman v. Apple, Inc.*,
307 F.R.D. 107 (S.D.N.Y. 2015) .......................................................................... 11

*Cano v. DPNY, Inc.*,
287 F.R.D. 251 (S.D.N.Y. 2012) .......................................................................... 11

*Chambers v. Time Warner, Inc.*,
282 F.3d 147 (2d Cir. 2002) .............................................................................. 12

*Champion Titanium Horseshoe, Inc. v. Wyman-Gordon Inv. Castings, Inc.*,
925 F. Supp. 188 (S.D.N.Y. 1996) ......................................................................... 1

*DeMasi v. Benefico*,
567 F. Supp. 2d 449 (S.D.N.Y. 2008) ..................................................................... 12

*DiPilato v. 7-Eleven, Inc.*,
662 F. Supp. 2d 333 (S.D.N.Y. 2009) .................................................................... 1, 3

*Doe v. Columbia Univ.*,
831 F.3d 46 (2d Cir. 2016) ................................................................................ 3

*Fielding v. Tollaksen*,
510 F.3d 175 (2d Cir. 2007) ............................................................................... 1

*Fischer v. Forrest*,
968 F.3d 216 (2d Cir. 2020) ............................................................................... 9

*Gabayzadeh v. Brafman*,
502 F. App'x 83 (2d Cir. 2012) ........................................................................... 11

*Gurvey v. Cowan, Liebowitz & Latman, P.C.*,
No. 06 Civ. 1202, 2013 WL 3718071 (S.D.N.Y. July 15, 2013) .................................... 11

*Kilcullen v. N.Y. State Dep't of Transp.*,
55 F. App'x 583 (2d Cir. 2003) ........ 1

*In re Lifetrade Litig.*,
No. 17 Civ. 2987, 2023 WL 2569873 (S.D.N.Y. Mar. 20, 2023) ........ 1

*Marks-Ellis v. NYU Langone Health Sys.*,
No. 23 Civ. 9618, 2025 WL 1784814 (S.D.N.Y. June 27, 2025) ........ 4

*Marsh v. Sheriff of Cayuga Cnty.*,
36 F. App'x 10 (2d Cir. 2002) ........ 1

*McAllan v. Von Essen*,
517 F. Supp. 2d 672 (S.D.N.Y. 2007) ........ 2

*Menaker v. Hofstra Univ.*,
935 F.3d 20 (2d Cir. 2019) ........ 6

*Perez-Dickson v. Bridgeport Bd. of Educ.*,
801 F. App'x 811 (2d Cir. 2020) ........ 6

*Prasad v. Cornell Univ.*,
No. 15 Civ. 322, 2016 WL 3212079 (N.D.N.Y. Feb. 24, 2016) ........ 8

*Prosper v. Thomson Reuters Inc.*,
No. 18 Civ. 2890, 2021 WL 535728 (S.D.N.Y. Feb. 11, 2021) ........ 1

*Riaz v. Comm'r of Soc. Sec.*,
No. 20 Civ. 8418, 2022 WL 4482297 (S.D.N.Y. Sept. 27, 2022) ........ 2

*Rienzi & Sons, Inc. v. Puglisi*,
638 F. App'x 87 (2d Cir. 2016) ........ 1

*Roe v. St. John's Univ.*,
91 F.4th 643 (2d Cir. 2024) ........ 3, 6

*United States ex rel. Hayes v. Allstate Ins. Co.*,
686 F. App'x 23 (2d Cir. 2017) ........ 11

*United States v. Gladden*,
394 F. Supp. 3d 465 (S.D.N.Y. 2019) ........ 2, 11, 13

*United States v. U.S. Gypsum Co.*,
333 U.S. 364 (1948) ........ 2

*Verint Sys. Inc. v. Red Box Recorders Ltd.*,
183 F. Supp. 3d 467 (S.D.N.Y. 2016)........................................................................ 2

*Whimsicality, Inc. v. Battat*,
27 F. Supp. 2d 456 (S.D.N.Y. 1998)........................................................................ 11

*Winfield v. City of New York*,
No. 15 Civ. 5236, 2017 WL 5054727 (S.D.N.Y. Nov. 2, 2017) ....................................... 2

*Xie v. JPMorgan Chase Short-Term Disability Plan*,
No. 15 Civ. 4546, 2018 WL 501605 (S.D.N.Y. Jan. 19, 2018)............................... 1, 2, 11

*Yusuf v. Vassar Coll.*,
35 F.3d 709 (2d Cir. 1994)........................................................................................ 8

***FEDERAL STATUTES***

28 U.S.C. § 636.................................................................................................... 1, 2

***FEDERAL RULES***

Fed. R. Civ. P. 72 ................................................................................................ 1, 2

Pursuant to Local Civil Rule 72.1(b), Defendant The Trustees of Columbia University in the City of New York ("Columbia" or "the University") respectfully submits this response to Plaintiff's Objections, ECF 258 ("Objections" or "Obj."), to Magistrate Judge Tarnofsky's Corrected Report and Recommendation, ECF 246 ("R&R"), which recommended denying Plaintiff's Motion for Leave to File an Amended Complaint, ECF 202 ("Motion" or "Mot."); *see* ECF 203 ("PAC").

As the R&R correctly concluded, and for the reasons set forth in Columbia's opposition to Plaintiff's Motion, *see* ECF 219 ("Opp'n"), Plaintiff's proposed amendments do not remedy his claims' deficiencies. Plaintiff's PAC presents the same basic claims that this Court already rejected when it dismissed his original complaint, *see* ECF 188, and only adds allegations that are irrelevant, conclusory, have no plausible factual basis, or, in some instances, are simply false. In these circumstances, it was not erroneous—let alone clearly erroneous—for the R&R to find that Plaintiff's proposed amendment to his complaint is futile and should be denied.

## LEGAL STANDARD

A report and recommendation on a motion for leave to amend is "treated as a nondispositive matter." *Xie v. JPMorgan Chase Short-Term Disability Plan*, No. 15 Civ. 4546, 2018 WL 501605, at *1 (S.D.N.Y. Jan. 19, 2018).[1] "It is well-settled that a magistrate judge's

[1] Judges in this district routinely treat motions to amend as non-dispositive matters "regardless of the outcome." *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 341 (S.D.N.Y. 2009); *see also Prosper v. Thomson Reuters Inc.*, No. 18 Civ. 2890, 2021 WL 535728, at *1 n.1 (S.D.N.Y. Feb. 11, 2021) (collecting additional cases); *In re Lifetrade Litig.*, No. 17 Civ. 2987, 2023 WL 2569873, at *1 (S.D.N.Y. Mar. 20, 2023) (same). And the Second Circuit has, on multiple occasions, described motions to amend as non-dispositive. *See, e.g.*, *Marsh v. Sheriff of Cayuga Cnty.*, 36 F. App'x 10, 11 (2d Cir. 2002); *Kilcullen v. N.Y. State Dep't of Transp.*, 55 F. App'x 583, 584–85 (2d Cir. 2003); *Fielding v. Tollaksen*, 510 F.3d 175, 178 (2d Cir. 2007); *Rienzi & Sons, Inc. v. Puglisi*, 638 F. App'x 87, 92 (2d Cir. 2016). A minority of decisions, however, suggest that the denial of a motion to amend should be treated as a dispositive matter. *See, e.g.*, *Champion Titanium Horseshoe, Inc. v. Wyman-Gordon Inv. Castings, Inc.*, 925 F. Supp. 188, 190 (S.D.N.Y. 1996); *Ashford Locke Builders v. GM Contractors Plus Corp.*, No. 17 Civ. 3439, 2020 WL 6200169, at *1 (E.D.N.Y. Oct. 22, 2020). For dispositive matters, properly objected-to portions of an R&R are reviewed *de novo*. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). Here, the standard of review does not ultimately change the outcome because, for the reasons set forth herein, Plaintiff does not identify any error in the R&R's recommendations, clear or otherwise.

resolution of a non-dispositive matter should be afforded substantial deference and may be overturned only if found to have been an abuse of discretion." *Id.* (citing *McAllan v. Von Essen*, 517 F. Supp. 2d 672, 678 (S.D.N.Y. 2007)). When a party objects to a magistrate judge's ruling on a non-dispositive matter, the district court will "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *accord* 28 U.S.C. § 636(b)(1)(A). A finding is "clearly erroneous" when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Xie*, 2018 WL 501605, at *1 (citing *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). A finding is "contrary to law" if it "'fails to apply or misapplies relevant statutes, case law or rules of procedure.'" *Id.* (citing *Winfield v. City of New York*, No. 15 Civ. 5236, 2017 WL 5054727, at *2 (S.D.N.Y. Nov. 2, 2017)).

In reviewing objections to a report and recommendation, "a district judge should not consider factual evidence that was not presented to the magistrate judge," *id.* (internal quotation marks omitted) (citing *Verint Sys. Inc. v. Red Box Recorders Ltd.*, 183 F. Supp. 3d 467, 470 (S.D.N.Y. 2016)), or "new arguments . . . that could have been raised before the magistrate but were not," *United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019). In addition, "[t]o be proper, an objection must be clearly aimed at particular findings," "may not be conclusory or general," and must not merely "regurgitate the original briefs to the magistrate judge." *Riaz v. Comm'r of Soc. Sec.*, No. 20 Civ. 8418, 2022 WL 4482297, at *2 (S.D.N.Y. Sept. 27, 2022) (cleaned up).

## ARGUMENT

### I. Plaintiff's Title IX Erroneous Outcome Claim

The R&R correctly determined that Plaintiff's PAC, like his original complaint, does not state a Title IX erroneous outcome claim because it does not allege the type of "clear procedural

irregularities" that, when combined with a concrete motive to discriminate based on gender,[2] could support a plausible inference of gender bias. *Roe v. St. John's Univ.*, 91 F.4th 643, 657 (2d Cir. 2024) (citation omitted); *see* R&R 12–16.

Plaintiff's Objections fail to identify any error, let alone clear error, in the R&R's conclusions with respect to his erroneous outcome claim. Plaintiff's primary grievance is with the R&R's "analytical framework," which, he claims, looked at the alleged irregularities "in isolation," rather than "collectively." *See* Obj. 3–7. In fact, the R&R thoroughly considered Plaintiff's new allegations, explaining why each of them failed to establish a clear procedural irregularity, *see* R&R 12–16, before concluding that the PAC failed to sufficiently allege "any procedural irregularities in Columbia's response to the sexual misconduct allegations against Plaintiff," *id.* at 16. Plaintiff does not, and cannot, identify any authority for the proposition that this framework—which mirrors this Court's own approach to analyzing Plaintiff's original allegations, *see* ECF 188 at 14–16—was clearly erroneous.

Plaintiff's other critiques of Judge Tarnofsky's methodology are equally meritless. Plaintiff repeatedly insists that the R&R should have found a plausible inference of gender bias based on the combination of alleged procedural irregularities and alleged public pressure. *See, e.g.*, Obj. ¶¶ 16, 20, 27–28. But the R&R determined that there were no procedural irregularities, and Plaintiff's disagreement with the R&R's conclusions is not a basis for this Court to set them aside. *See DiPilato*, 662 F. Supp. 2d at 340 ("[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior

[2] Columbia submits that, contrary to the R&R's conclusions, Plaintiff's PAC also does not adequately allege contemporaneous pressure on Columbia akin to that alleged in *Doe v. Columbia University*, 831 F.3d 46 (2d Cir. 2016). *See* Opp'n 3. The Court need not reach this issue, however, because Plaintiff's failure to allege clear procedural irregularities is dispositive of his Title IX erroneous outcome claim.

argument.”). Plaintiff also complains that the R&R drew improper inferences in Columbia’s favor, *see, e.g.*, Obj. ¶¶ 21, 36, 47, 57, 70–72, but what Plaintiff labels an “improper inference” is simply a well-reasoned and appropriate determination that Plaintiff’s allegations, even when accepted as true, fell short of satisfying the pleading standard. *Compare, e.g.*, Obj. 14 (claiming R&R improperly “resolve[d] against Plaintiff the factual question whether [Dean Alonso and Jane Roe’s] alleged advisory relationship was sufficiently close to constitute an actual or potential conflict”), *with* R&R 13 (accepting as true PAC’s allegations but finding them too conclusory to plead a conflict of interest under the GBM Policies). It is not an error for Judge Tarnofsky to ascribe a different legal significance to Plaintiff’s factual allegations than the one for which he advocates. *See Marks-Ellis v. NYU Langone Health Sys.*, No. 23 Civ. 9618, 2025 WL 1784814, at *4 (S.D.N.Y. June 27, 2025) (“[E]ven in the *pro se* context, the court is not bound to accept conclusory allegations or legal conclusions masquerading as factual conclusions.” (citation and quotation marks omitted)).

Setting aside his broad critiques of Judge Tarnofsky’s analytical approach, Plaintiff expressly chooses not to engage with most of the R&R’s substantive analysis of his specific procedural irregularity allegations. *See* Obj. 5 n.6 (“declin[ing] to address each alleged procedural irregularity”). The few arguments Plaintiff does raise are without merit.

*First*, Plaintiff argues that the R&R “wrongly ignores” his allegation that a Title IX Investigator told him he had “no rights under Title IX.” Obj. 7–8. However, this allegation was included in the original complaint that this Court considered and dismissed. *See* ECF 11 ¶ 679. As a result, there was no new allegation for Judge Tarnofsky to consider in assessing whether to grant Plaintiff leave to amend. *See Bellikoff v. Eaton Vance Corp.*, 481 F.3d 110, 118 (2d Cir. 2007) (affirming denial of leave to amend where “proposed amendments merely recycled versions of

claims which had already fallen victim to a motion to dismiss"); *see also* Mot. 3–4 (enumerating "specific, named, policy-grounded irregularities" in the new PAC without reference to this allegation).

*Second*, Plaintiff argues that, in finding Mack Roe's hearing participation was not a clear procedural irregularity, the R&R incorrectly relied on language from Columbia's Interim Title IX Policy, just as this Court did in its opinion granting Columbia's motion to dismiss. *See* Obj. 9–10. Of course, as the R&R acknowledges, Plaintiff's allegation regarding Mack Roe's hearing participation is not new, despite his effort to include additional allegations relating to it in the PAC, *see* R&R 12, and this Court has already ruled that Mack Roe's participation in the misconduct hearing was not irregular, *see* ECF 188 at 15; ECF 228 at 2–4. In any event, Plaintiff's objection to the R&R's reference to the Interim Title IX Policy, which he contends did not apply to his proceeding, recycles arguments that Plaintiff has previously raised on multiple occasions, and that both this Court and Judge Tarnofsky have previously rejected—including in his briefing on the motion to dismiss, *see* ECF 76 at 8; on his motion for reconsideration, *see* ECF 196 at 5–6; ECF 201 at 3–6; and on his motion for leave to amend, *see* Mot. 3; ECF 224 at 3. There is no reason for the Court to revisit this argument yet again. *See* ECF 228 at 2 (explaining that even "[a]ssuming *arguendo* Plaintiff is correct that the Court should not have considered Columbia's Interim Title IX Policy . . .[,] excluding that policy from the Court's consideration does not change the outcome here"); *see also* ECF 200 at 3–5 (explaining that the Court's reliance on the Interim Title IX Policy was not erroneous and that, in any event, Plaintiff has not identified any authority disallowing consolidation of related complaints).

*Third*, Plaintiff argues that it was erroneous for the R&R to conclude that "[e]ven if the appellate panel composition was irregular, this type of minor procedural deviation would not

support an inference of gender bias," Obj. 11 (quoting R&R 14), because whether an alleged irregularity is "minor" "is not appropriately resolved against Plaintiff at the pleading stage," *id*. But that is flatly contradicted by the caselaw, which requires allegations of "*clear* procedural irregularities" to support an inference of bias. *St. John's*, 91 F.4th at 657 (quoting *Menaker v. Hofstra Univ.*, 935 F.3d 20, 33 (2d Cir. 2019)) (emphasis in original); *see also id.* at 660 (concluding that alleged irregularities were "not serious enough to support a claim of sex-based discrimination").

*Fourth*, Plaintiff argues that it was erroneous for the R&R to reject his argument that Dean Alonso's purported "personal relationship" with Jane Roe was an undisclosed conflict of interest giving rise to an inference of bias. *See* R&R 13; Obj. 12–15. But Plaintiff cannot circumvent the deficiencies this Court found in his original pleading regarding Dean Alonso, *see* ECF 188 at 15 (finding no conflict of interest because no "personal relationship" was at issue), by changing his story and adding into his PAC a conclusory allegation with no factual underpinning, *see* PAC ¶¶ 1086–1087 (claiming "a personal relationship" existed without alleging any specific facts). Holding Plaintiff to the well-established standard of pleading specific facts is not the same as requiring him to prove them and was not clear error. *See Perez-Dickson v. Bridgeport Bd. of Educ.*, 801 F. App'x 811, 813 (2d Cir. 2020) (affirming denial of leave to amend because an "unsupported, conclusory assertion . . . cannot render [a plaintiff's] claim plausible"); Opp'n 2.

*Finally*, Plaintiff argues that the R&R erred in finding that his arguments that the contents of subpoenaed text messages between Jane Roe and Mack Roe show coordination between the two were "unrelated to whether there were procedural irregularities in Columbia's process." *See* R&R 15–16; Obj. 15–19. But this finding was correct: because Plaintiff does not, and cannot, claim that Columbia knew about the text messages at the time of his GBM proceeding, Plaintiff's allegation

that those text messages contradict a finding by Columbia's Investigator during the proceeding has no bearing on the existence of any procedural irregularity. The R&R also correctly concluded that, although Plaintiff argued in his briefing that a Title IX Investigator was copied on an email chain concerning the alleged coordination by Jane Roe and Mack Roe, the paragraphs of the PAC that he cited in support stated that the Investigator had been removed from the email chain. *See* R&R 16 (citing PAC ¶¶ 493–494). Plaintiff now argues that the Investigator could have acquired knowledge of the alleged coordination before being removed from the email chain. Obj. 16. But a plaintiff must plead facts, not speculations, and the PAC does not identify any communication the Investigator received that would have alerted her to purported collusion between Jane Roe and Mack Roe.

In sum, Plaintiff's Objections fail to establish any error, let alone clear error, in the R&R's conclusion that granting Plaintiff leave to amend his Title IX erroneous outcome claim would be futile.

## II. Plaintiff's Title IX Selective Enforcement Claim

The R&R correctly determined that Plaintiff's PAC, like his original complaint, does not sufficiently allege that Plaintiff and Jane Roe were similarly situated for purposes of stating a Title IX selective enforcement claim; specifically, Plaintiff still "does not allege that he made an official complaint with the GBM Office" or "that Jane Roe faced misconduct complaints from multiple students." R&R 20. Plaintiff's Objections restate arguments he has raised on numerous previous occasions: that in the course of his GBM proceeding, he alleged to mandatory reporters that Jane Roe sexually harassed him, and that therefore, they both faced sexual misconduct reports. Obj. 21–22; *see also* ECF 45 at 11; ECF 76 at 23; Mot. 4; ECF 224 at 4. But Plaintiff still has not alleged, and cannot allege, that he and Jane Roe faced comparable disciplinary charges, which is essential

for alleging a selective enforcement claim. *See* ECF 41 at 21 (citing *Yusuf v. Vassar Coll.*, 35 F.3d 709, 715 (2d Cir. 1994); *Prasad v. Cornell Univ.*, No. 15 Civ. 322, 2016 WL 3212079, at *18 (N.D.N.Y. Feb. 24, 2016)). Indeed, while Plaintiff argues that Columbia *should* have investigated Jane Roe based on the remarks he made to mandatory reporters, he concedes that there was no "separate GBM investigation" into Jane Roe. Obj. 21. This Court has already concluded that Plaintiff could not state a selective enforcement claim based on these same facts. *See* ECF 188 at 17. It was therefore not clearly erroneous for the R&R to reach the same conclusion.

**III. Plaintiff's Title IX Retaliation Claim**

The R&R correctly concluded that the PAC fails to adequately allege a Title IX retaliation claim because (1) such a claim requires a plaintiff to allege he was retaliated against because he engaged in the protected activity of complaining of sex discrimination, and (2) Plaintiff "does not allege that any of Plaintiff's allegedly protected activity had any causal connection to retaliatory, adverse school-related actions by Columbia." R&R 21–23. The R&R correctly rejected Plaintiff's argument that Columbia retaliated against him for alleged complaints of gender-based discrimination made during the GBM process, because in the PAC, "Plaintiff attributes Columbia's alleged retaliatory acts to his *participation* in the GBM process"—which does not constitute protected activity—and not to any "complaints about gender-based discrimination." *Id.* at 23 (emphasis added).

The R&R's conclusion rests on firm ground, and Plaintiff's argument that the "R&R draws an artificial distinction between Plaintiff's protected complaints of sex discrimination and Plaintiff's 'participation,' 'contestation,' and 'opposition' to the GBM proceeding" is unfounded. Obj. 22. The PAC unequivocally states that Plaintiff's alleged "protected activity under Title IX consisted of his participation as a respondent in Columbia's Gender-Based Misconduct proceeding

initiated against him, and his exercise of the specific rights afforded to respondents under Title IX and Columbia's GBM Policy throughout that proceeding"—not any complaint of gender-based discrimination. PAC ¶ 1426; *see also id.* ¶ 1427. And the PAC clearly attributes the alleged adverse actions to Plaintiff's participation as a respondent in the proceedings against him—not to any complaints of gender-based discrimination. *See, e.g.*, PAC ¶¶ 1461–1466. Simply put, participation in a gender-based misconduct investigation as a respondent is not protected activity, and Plaintiff has therefore failed to state a Title IX retaliation claim as a matter of law. *See* R&R 22–23 (citing cases).

Plaintiff's post-hoc attempts to revise his allegations in his Objections fail. Plaintiff now argues that two allegations demonstrate his "protected complaints of gender-discrimination and the adverse actions were causally connected." Obj. 23. *First*, Plaintiff contends that certain "employment restrictions were imposed immediately after he exhausted the appellate process through which he had repeatedly complained of Columbia's discriminatory treatment of Plaintiff." *Id.* And *second*, he contends that "Columbia subsequently relied upon the very GBM findings Plaintiff had continuously challenged in revoking his scholarship and stripping Plaintiff's rights to appeal under Columbia's Gender-based Misconduct Policy and imposing additional adverse consequences." *Id.*

As an initial matter, Plaintiff did not raise these arguments in his briefing on the motion to amend. They are therefore waived and the Court should not consider them. *See*, *e.g.*, *Fischer v. Forrest*, 968 F.3d 216, 221 (2d Cir. 2020) (affirming decision to disallow objections advancing an argument that "had not been raised during summary judgement proceedings before the Magistrate Judge").

In any event, Plaintiff's new arguments lack merit. Plaintiff appears to ask the Court to draw the inference that his employment restrictions were imposed because he complained of discrimination during the appellate process—but the PAC does not allege that Plaintiff complained of *gender-based* discrimination in the appellate process. *See, e.g*., PAC ¶¶ 1128–1131, 1136 (alleging Plaintiff complained on appeal that the "Investigative Team was biased against me and biased in favor of [Jane Roe]"—but not based on gender (quotation marks omitted)). Plaintiff's next argument—that Columbia based certain alleged adverse actions on the findings from the GBM proceeding that he contested—does not support the notion that Columbia took any adverse action against Plaintiff because of a complaint of gender-based discrimination. Regardless, Plaintiff cannot escape the plain fact that he clearly alleged in his PAC that his "protected activity" was his participation and exercise of his rights in the GBM proceeding as a respondent and that the alleged adverse actions were causally related to that activity. *See, e.g*., PAC ¶¶ 1426–1466.

## IV. Plaintiff's ADA Claim

Plaintiff objects to the R&R's finding on his ADA claim that "Plaintiff was granted a 45-day extension and received an additional 11 days." Obj. 24. But in doing so, Plaintiff objects to the original R&R, ECF 240—rather than the Corrected R&R, ECF 246, which does not contain such a finding. Plaintiff is well aware that Judge Tarnofsky published a corrected opinion. He notes on the very first page of his Objections that he is objecting to "Magistrate Judge Tarnofsky's September 8, 2026 *Corrected* Report and Recommendation (R&R)." Obj. 1 (emphasis added). That corrected R&R clarified that Plaintiff was "granted a 24-day extension (for a total of 45 days to complete his review of Columbia's factual summary and to write a response) and received an

additional 11-day extension," R&R 25, and thereby resolved Plaintiff's objection. The Court, therefore, need not consider Plaintiff's now moot objection.[3]

The Corrected R&R correctly concludes that Plaintiff should be denied leave to amend his ADA claim because his allegations regarding the purported denial of his accommodation request—namely that Columbia's Office of Disability Services ("ODS") informed him that his 45-day extension request was reasonable but that the GBM Office refused to accept the recommendation, PAC ¶¶ 1477–1478—are "directly contradicted" by documents integral to the PAC. R&R 25–26. [redacted] *See* ECF 219-1.[4] [redacted] *See* ECF 219-2. Accordingly, the R&R correctly determined that Plaintiff's ADA claim could not stand. R&R 25–26. Plaintiff should be denied leave to amend his ADA claim based on such false allegations. *See Gurvey v. Cowan, Liebowitz & Latman, P.C.*, No. 06 Civ. 1202, 2013 WL 3718071, at *10–11 (S.D.N.Y. July 15, 2013) (denying motion to amend where pro se plaintiff's misrepresentations were "intended to mislead the Court"); *Whimsicality, Inc. v. Battat*, 27 F. Supp. 2d 456, 465 (S.D.N.Y. 1998); *United States ex rel. Hayes v. Allstate Ins. Co.*, 686 F. App'x 23, 28 (2d Cir. 2017).[5]

---

[3] In objecting to the finding from the original R&R, ECF 240, Plaintiff also refers to a series of purported facts regarding his extension request, *see* Obj. 25–26. Plaintiff cites no documents or paragraphs of the PAC in support of these propositions, nor are they contained in his PAC or his briefing on his motion to amend. *Id*. The Court therefore should not consider them. *See, e.g.*, *Gladden*, 394 F. Supp. 3d at 480; *Xie*, 2018 WL 501605, at *1.

[4] Consistent with the R&R's order that "redactions of references to the exhibits [ECF 219-1 and 219-2] is appropriate," R&R 6, Columbia is redacting such references on the public docket.

[5] To the extent the Court would deny Plaintiff leave to amend on grounds other than futility, the Court may consider the exhibits without regard to whether they are "integral" to the PAC. *See, e.g.*, *Blagman v. Apple, Inc.*, 307 F.R.D.

Plaintiff objects to Judge Tarnofsky's consideration of these documents. Obj. 26. But the R&R was plainly correct in determining that the two documents—ODS's and the GBM Office's communications with Plaintiff regarding their assessment and disposition of his accommodation request—were integral to Plaintiff's PAC. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (a document is "integral" to the complaint when a complaint "relies heavily upon its terms and effect" and plaintiff has notice of the information in the document (citation and quotation marks omitted)). Plaintiff clearly had notice of both communications, as he was their recipient. *See* ECF 219-1 & 219-2. And Plaintiff relied on the terms and effects of ODS's and the GBM Office's decisions and communications to him with respect to his 45-day extension request by basing his ADA claim on the premise that ODS evaluated his extension request and communicated to Plaintiff that the request was reasonable, but denied the requested accommodation because the GBM Office objected to it. *See* PAC ¶¶ 1477–1479; R&R 9 (citing *DeMasi v. Benefico*, 567 F. Supp. 2d 449, 458 n.7 (S.D.N.Y. 2008)).

## V. Plaintiff's Title VI Claim

The R&R correctly determined that the allegations in the PAC do not amount to "sufficiently severe, pervasive, and objectively offensive" harassment under Title VI. R&R 27–28 (citation omitted). Plaintiff appears to take issue with the R&R's holding because the R&R compares the alleged harassing statements in the PAC to allegations of harassment in other cases, thereby purportedly "strip[ping] the alleged harassment of the very context that gives the conduct its pleaded severity." Obj. 27–28. But the R&R simply conducted a survey of relevant case law and properly concluded that "courts in this Circuit have found that allegations of more severe racial

107, 112 (S.D.N.Y. 2015); *Cano v. DPNY, Inc.*, 287 F.R.D. 251, 260–61 (S.D.N.Y. 2012); *246 Sears Rd. Realty Corp. v. Exxon Mobil Corp.*, No. 09 Civ. 889, 2012 WL 4174862, at *9–11 (E.D.N.Y. Sept. 18, 2012); *see also Gabayzadeh v. Brafman*, 502 F. App'x 83, 84 (2d Cir. 2012).

harassment spanning longer periods were not sufficiently severe or pervasive to plead a deliberate indifference claim." R&R 28. This is a routine method of analysis and represents no error.

Plaintiff additionally argues that he "endured not only verbal racially discriminatory harassment from Mack Roe, but that Plaintiff also endured a physical attack and death threats from Mack Roe." Obj. 29 (citing PAC ¶¶ 214, 629, 729, 735–736). These allegations were included in Plaintiff's original complaint, which "had already fallen victim to a motion to dismiss," and therefore did not warrant leave to amend. *Bellikoff*, 481 F.3d at 118. Moreover, Plaintiff did not raise this argument in his briefing on the motion to amend, precluding review at this late juncture. *See Gladden*, 394 F. Supp. 3d at 480. In any event, Plaintiff does not allege in his PAC or argue in his Objections that Mack Roe's "physical attack" and "death threats" were in any way related to Plaintiff's race, rendering them incapable of supporting a Title VI claim. *See* Obj. 29 (citing PAC ¶¶ 214, 629, 729, 735–736).

**VI. Plaintiff's NYCHRL Claim**

The R&R reasonably recommended that the Court decline to exercise supplemental jurisdiction over Plaintiff's NYCHRL claim because Plaintiff has failed to sufficiently allege any of his federal claims. *See* R&R 28. Plaintiff's sole objection to this recommendation is that because he should be granted leave to amend his federal claims, he should also be granted leave to file an amended NYCHRL claim. *See* Obj. 30. Because, for the reasons set forth above, the Court should adopt Judge Tarnofsky's recommendations as to Plaintiff's federal claims, it should also adopt her recommendation to decline to exercise supplemental jurisdiction over his NYCHRL claim.

**CONCLUSION**

For the foregoing reasons, Columbia respectfully requests that the Court adopt the R&R's finding that granting Plaintiff leave to amend would be futile and deny Plaintiff's Motion for Leave

to Amend. If the Court grants Plaintiff's Motion, Columbia respectfully requests the opportunity to fully brief a motion to dismiss and reserves all arguments, defenses, and objections it may assert in response to the PAC.

Dated: October 14, 2026
New York, New York

By: ______________________

Gabrielle E. Tenzer
Anna Collins Peterson
HECKER FINK LLP
350 Fifth Avenue, 63rd Floor
New York, NY 10118
Tel: (212) 763-0883
Fax: (212) 564-0883
gtenzer@heckerfink.com
apeterson@heckerfink.com

*Counsel for Defendant The Trustees of Columbia University in the City of New York*

## CERTIFICATE OF COMPLIANCE

I, Anna Collins Peterson, hereby certify that this brief complies with the word-count limitations set forth in Local Civil Rule 7.1(c) and Rule 4(c)(ii) of Your Honor's Individual Rules and Practices in Civil Cases because it contains 4,461 words and 14 pages, exclusive of the caption, the table of contents, the table of authorities, the signature blocks, and this certificate.

Dated: October 14, 2026
New York, New York

*/s/ Anna Collins Peterson*
Anna Collins Peterson

*Counsel for Defendant The Trustees of Columbia University in the City of New York*