# JOHN DOE

PO Box #250050
New York, NY 10025
(917) 450-9050

**Direct Dial: (917) 450-9050**
**Direct Email: johndoe.casemail@gmail.com**

October 16, 2026

**VIA ECF**
The Honorable Dale E. Ho
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

**Re:** ***Doe v. Columbia University*** **No. 1:25-cv-02132 (DEH) (RFT); Motion For Leave to File a Response to Columbia's Opposition to Plaintiff's Rule 72(b) Objections**

Dear Judge Ho:

I am the Plaintiff in the above-referenced action, and I write pursuant to Rule 4(v) of Your Honor's Individual Rules and Practices in Civil Cases[1] to respectfully request leave to file a limited response to three discrete arguments advanced by Defendant Columbia University in its October 14, 2026 opposition to Plaintiff's Objections (ECF No. 258) to Magistrate Judge Tarnofsky's September 8, 2026 Corrected Report and Recommendation ("R&R") (ECF No. 246). Plaintiff requested Columbia's position on this request, and as of the filing of this letter, counsel for Columbia has not responded to Plaintiff's request.

Columbia's opposition advances three consequential issues that go far beyond the scope of Plaintiff's written objections to Judge Tarnofsky's R&R — not to mention frivolous[2] — and that warrant a response before Your Honor adjudicates Plaintiff's objections:

First, Columbia argues that Judge Tarnofsky's R&R recommending denial of Plaintiff's motion for leave to amend his complaint as to all proposed claims on futility grounds constitutes a "non-dispositive matter" subject to the deferential "clearly erroneous or contrary to law"

[1] Your Honor's Individual Rules and Practices in Civil Cases do not address sur-reply memoranda. Plaintiff therefore seeks relief pursuant to the "good cause" provision of Rule 4(v) of Your Honor's Individual Rules and Practices in Civil Cases regarding sur-reply memoranda.

[2] Plaintiff expressly reserves his right to move for sanctions by separate motion, against counsel for Columbia pursuant to Federal Rule of Civil Procedure 11(b) and (c), arising from what Plaintiff contends are counsel's repeated bad-faith, frivolous, and materially misleading representations to this Court, including representations concerning the factual record, applicable legal authorities, and Plaintiff's allegations. Plaintiff's present motion requesting leave to file a limited response should not be construed as a waiver, abandonment, or relinquishment of Plaintiff's right to seek those sanctions or pursue any other relief available under applicable law

standard under Federal Rule of Civil Procedure 72(a), rather than de novo review under Rule 72(b)(3) and 28 U.S.C. § 636(b)(1). See Deff.'s Resp. (ECF 266) at 1–2 & n.1. Columbia relies upon numerous authorities arising from materially different procedural postures, while simultaneously acknowledging decisions recognizing the dispositive nature of denials of leave to amend a complaint that effectively disposes of claims. Id. at 1 n.1. By way of two examples[3], Columbia cites *Xie v. JPMorgan Chase Short-Term Disability Plan*, 2018 WL 501605, at *1 (S.D.N.Y. Jan. 19, 2018), for the proposition that a magistrate judge's recommendation denying leave to amend constitutes a non-dispositive matter subject to deferential review under Federal Rule of Civil Procedure 72(a). Columbia invokes *Xie's* observation that a magistrate judge's resolution of a non-dispositive matter should be afforded substantial deference and overturned only upon a showing of abuse of discretion. Columbia's reliance upon *Xie* strategically omits the critical distinction readily apparent from the procedural history of that very case.

Notably, and what Columbia's response omits, is that before the *Xie* court even addressed the plaintiff's motion for leave to file a second amended complaint, the Plaintiff had already amended her complaint once as a matter of course, and District Judge Lorna G. Schofield had already denied the defendants' Rule 12(b)(6) motion to dismiss the plaintiff's operative First Amended Complaint, permitting the plaintiff's existing claim to proceed. See *Xie v. JPMorgan Chase Bank, N.A.*, No. 15-cv-4546 (S.D.N.Y. July 20, 2016). Thereafter, the magistrate judge granted the plaintiff's motion for leave to amend in part and recommended denying it in part. *Xie*, 2018 WL 501605, at *1–2. Thus, the denial of certain proposed amendments in *Xie* did not extinguish the plaintiff's existing cause of action or terminate the litigation. As such, the procedural posture in *Xie* was materially different than the procedural posture *here,*. Columbia's citation of this holding for its purported proposition is highly problematic and warrants a response.

Columbia also cites *Marsh v. Sheriff of Cayuga Cnty.*, 36 F. App'x 10, 11 (2d Cir. 2002); *Kilcullen v. N.Y. State Dep't of Transp.*, 55 F. App'x 583, 584–85 (2d Cir. 2003) (a summary order from the second circuit) — and a plethora of other cases for the proposition that the Second Circuit generally described motions to amend as non-dispositive *See* Deff.'s Resp. (ECF 266) at 1–2 & n.1. But a simple reading of the Second Circuit's Summary Order in *Marsh* establishes that the Court in *Marsh* treated the Plaintiff's motion to amend as non -dispositive under Rule 72(a) rather than dispositive under rule 72(b) because the Plaintiff's Motion *there* was "a pretrial matter not dispositive of a claim or defense of a party" Id — which is clearly not the case here, as Plaintiff's motion to amend and related R&R is clearly dispositive of Plaintiff's claims in their entirety.

Plaintiff therefore seeks an opportunity to fully brief Columbia's authorities regarding the appropriate standard of review of Plaintiff's timely and specific written objections to Judge Tarnofsky's R&R to fully respond to Columbia's frivolous attempt to subject Magistrate Judge Tarnofsky's R&R, effectively recommending a final dismissal of every proposed claim as legally futile, to a *clearly* inapplicable Rule 72(a) deferential standard of judicial review.

[3] Plaintiff cites these two examples to demonstrate "good cause" for his motion to file a response, as contemplated by the "good cause" provision of Rule 4(v) of Your Honor's Individual Rules and Practices in Civil Cases regarding sur-reply memoranda.

*Second,* Columbia contends that Plaintiff's ADA objections are "moot" because Magistrate Judge Tarnofsky corrected her original R&R on Plaintiff's ADA claim. See Def.'s Resp. at 10–11 & n.3. But Plaintiff has not conceded that Judge Tarnofsky is now "correct" on the facts notwithstanding Judge Tarnofsky's "corrected" R&R and expressly contends that Judge Tarnofsky is *still* wrong on the facts notwithstanding the "corrected" R&R. Columbia's position improperly conflates a correction to the R&R's factual description with resolution of Plaintiff's substantive objections. Obviously, a "corrected" factual description does not, by itself, resolve those distinct objections. Plaintiff seeks leave to explain *why* Columbia's mootness argument does not eliminate the need for *de novo* judicial review of Plaintiff's proposed ADA claim.

*Third,* and most seriously, Columbia affirmatively characterizes Plaintiff's ADA allegations as "false" and urges denial of leave to amend on that basis, citing decisions involving gross misrepresentations by vexatious litigants "intended to mislead the Court." See Def.'s Resp. at 11. These are serious accusations — far from ordinary arguments about pleading sufficiency. Columbia has gone far beyond contending that Plaintiff failed to state an ADA claim as a matter of law and now invokes authorities concerning intentional deception to persuade the Court to reject Plaintiff's allegations and close the case. Plaintiff vigorously disputes that characterization and seeks an opportunity to address the factual and legal premises underlying Columbia's unfounded accusations, including its reliance upon selected communications whose context and legal significance remain hotly disputed.

Finally, to the extent that Columbia suggests that Plaintiff's pro se status and/or the nature of the underlying misconduct allegations leveled against him by Columbia may consciously or unconsciously influence the Court's assessment of Plaintiff's legal claims, Plaintiff respectfully emphasizes that neither his status as an unrepresented litigant nor the allegations made against him diminish his entitlement to equal treatment under the law, meaningful access to the federal courts, and the fair and impartial adjudication of his claims. Plaintiff is entitled to the same procedural protections, judicial consideration, and application of governing law as any other litigant, regardless of the identity of his adversary or the nature of the accusations underlying this litigation.

Accordingly, and with good cause being shown, Plaintiff respectfully requests that Your Honor grant Plaintiff leave to file a response not exceeding ten (10) pages, within seven (7) days of the Court's order, limited to the three discrete issues identified above, and defer adjudication of Plaintiff's objections until that response has been timely submitted and considered by the Court.

Your Honor's attention to this matter is greatly appreciated.

Respectfully Submitted,

John Doe,
Plaintiff, *Pro Se*

cc: Counsel for Defendant Columbia University (VIA ECF)