UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN DOE,

Plaintiff,

-against-

COLUMBIA UNIVERSITY,

Defendant.

25-CV-2132 (DEH) (RFT)

**ORDER**

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

Pending before the Court is Plaintiff's motion for reconsideration (the "MFR") of my corrected report and recommendation and opinion at order at ECF 246. Specifically, Plaintiff argues that I overlooked material facts in denying his motion to exclude extrinsic documents submitted by Defendant in opposition to his motion to amend the complaint and that as a result, it would be manifestly unjust to decline to reconsider my recommendation that his motion to amend should be denied. (*See generally* ECF 256 Ex. 2, MFR.)[1] For the reasons set forth below, the MFR is **DENIED**.

## I. Factual Allegations

This order assumes familiarity with the allegations in the Complaint, which are described in Your Honor's March 23, 2026 opinion and order granting Defendant's motion to dismiss as to all claims (*see* ECF 188, Op. & Order on Def.'s Mot. To Dismiss ("MTD Order") at 2-8) as well as the new allegations in Plaintiff's proposed amended complaint ("PAC").

[1] This citation is to the sealed and unredacted version of the MFR. The unsealed and redacted version of the document appears at ECF 253.

## II. Relevant Procedural History

Plaintiff filed this action on March 14, 2025, bringing five claims against Defendant: (1) erroneous outcome to a disciplinary proceeding pursuant to Title IX of the Education Amendments of 1972 ("Title IX"), (2) selective enforcement pursuant to Title IX, (3) failure to provide reasonable accommodations pursuant to the Americans with Disabilities Act ("ADA"), (4) deliberate indifference to a student pursuant to Title VI of the Civil Rights Act of 1964 ("Title VI"), and (5) impermissible discrimination in violation of the New York City Human Rights Law ("NYCHRL"). (*See* ECF 1, Compl. ¶¶ 957-1075.)

On March 23, 2026, Your Honor issued an opinion and order granting Defendant's motion to dismiss as to all claims. (*See* ECF 188, MTD Order.) Your Honor held that (i) Plaintiff did not sufficiently allege procedural irregularities in his disciplinary proceedings as required for a Title IX erroneous outcome claim where, according to Plaintiff's allegations, Defendant followed its internal procedures; (ii) Plaintiff did not sufficiently allege that he and Jane Roe were similarly situated as required for a selective enforcement claim under Title IX, because he did not allege that they were both subject to formal gender-based misconduct complaints and Plaintiff faced multiple such complaints; (iii) Plaintiff did not sufficiently allege an ADA claim because he did not sufficiently allege that he has a disability or how his disability necessitated accommodations; (iv) Plaintiff did not sufficiently allege harassment that was adequately severe, pervasive, and objectively offensive as required under Title VI; and (v) upon dismissal of all Plaintiff's federal law claims, it was not appropriate to exercise supplemental jurisdiction over Plaintiff's NYCHRL claim. (*See id.* at 9-20.) Your Honor also ordered that Plaintiff could file a motion seeking leave to file an amended complaint within 30 days. (*See id.* at 20.)

On April 23, 2026, Plaintiff timely filed his Motion To Amend, which included the PAC. (*See* ECF 202, Pl.'s Mot. To Am.; ECF 203, PAC.) On August 28, 2026, I issued a report that recommended that Your Honor deny the motion to amend (ECF 240), and on September 8, 2026, I issued a corrected report making the same recommendation (ECF 246). On September 18, 2026, Plaintiff filed the MFR. (*See* ECF 256 Ex. 2, MFR.) Defendant filed its opposition to the MFR on October 2, 2026. (*See* ECF 261, Def.'s MFR Opp.)[2]

**III. Legal Standards for a Motion for Reconsideration**

To prevail on a motion for reconsideration, the moving party must "identif[y] an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013); *see also Munafo v. Metro. Trans. Auth.*, 381 F.3d 99, 105 (2d Cit. 2004).[3] In this context, new evidence must actually be new – it is not sufficient for a movant to rely for the first time on evidence that was "readily available at the time of the earlier briefing." *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021); *see also Liberty Mut. Ins. Corp. v. N.Y. & Gen. Ins. Co.*, 590 F. Supp. 3d 597, 603 (S.D.N.Y. 2022) (denying reconsideration where the additional information presented was "plainly available to [the movant] at the time of the motion; [the movant] simply chose not to present the information to the Court").

---

[2] This citation is to the sealed and unredacted version of the opposition. The unsealed and redacted version of the document appears at ECF 260.

[3] Unless otherwise indicated, this order omits internal quotation marks, citations, and alterations from quoted text.

Courts routinely deny reconsideration where the moving party fails to "point to controlling decisions or data that the court overlooked . . . that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc*., 70 F.3d 255, 257 (2d Cir. 1995). As Judge Ho has held, a motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Ravikant v. Rohde*, No. 21-CV-4758 (DEH), 2026 WL 184614, at *1 (S.D.N.Y. Jan. 23, 2026) (quoting *Analytical Survs., Inc. v. Tonga Partners, L.P.,* 684 F.3d 36, 52 (2d Cir. 2012)).

## IV. Analysis

Plaintiff argues that I erred in denying his motion to exclude certain extrinsic documents submitted by Defendant that contradicted the allegations underlying his ADA claim, because in his view, I incorrectly applied *Broder v. Cablevision Sys. Corp*., 418 F.3d 187 (2d Cir. 2005, *Chambers v. Time Warner, Inc.*, 282 F.3d 147 (2d Cir. 2002), and *Glob. Network Communications, Inc. v. City of N.Y.*, 458 F.3d 150 (2d Cir. 2006). (*See* ECF 256 Ex. 2, MFR at 2.) However, my citations to those cases set forth general principles of governing law, and Plaintiff MFR points to nothing other than the outcome of those cases on different facts to support his argument that I misapplied the law. Notwithstanding that Plaintiff says he did not rely on the correspondence about the requested extension, his ADA claim challenges the denial of the extension request, which necessarily rests on the back-and-forth in the correspondence about the extension request.

Plaintiff goes on to assert that I incorrectly concluded that, in drafting the PAC, he necessarily relied on the extrinsic communications submitted by Defendant, and he denies any

such reliance. (*See id.* at 3.) He submits exhibits that he says complete the record and demonstrate that Defendant cherry-picked the correspondence it supplied in support of its motion to amend. (*See id.* at 3-4) He says his exhibits show that the 24-day extension of his deadline from June 26 to July 20 was granted at the request of another party, and that Plaintiff received only an 11-day extension as a disability accommodation (rather than the 45 days he requested). (*See id.* at 4-5.)

Defendant argues that Plaintiff should not be permitted to submit the additional exhibits on which he relies in the MFR because those materials were available to him when he originally moved to exclude Defendant's documents and to amend his complaint. (*See* ECF 218, Def.'s MFR Opp. at 2.) Defendant is correct that courts deny motions for reconsideration based on evidence available to the movant at the time of the original briefing. *See Cho*, 991 F.3d at 170; *Liberty Mut. Ins.*, 590 F. Supp. 3d at 603. Nevertheless, in light of Plaintiff's pro se status, I consider Plaintiff's exhibits as though they included newly available evidence.

However, the additional materials do not lead me to conclude that I erred in denying the motion to exclude Defendant's submissions, or that I erred in recommending that Judge Ho should deny Plaintiff's motion to amend his ADA claim as futile. The documents, taken together, reflect that, contrary to Plaintiff's allegation in the PAC (ECF 203, PAC ¶¶ 767-81)[4], the Office of Disability Services ("ODS") did not recommend granting a 45-day extension to Plaintiff as a reasonable accommodation and that the extension request was denied based on

[4] This citation is to the sealed and unredacted version of the PAC. The unsealed and redacted version of the document appears at ECF 221.

the objection of the Gender-based Misconduct ("GBM") Office. (*See* ECF 219-1, ODS Email; ECF 219-2, GBM Office Email.)[5] As such, the documents contradict Plaintiff's allegation in the PAC.

Where, as here, extrinsic "documents properly considered on a motion to dismiss contradict the pleadings, the Court need not accept those pleadings as true." *A.V.E.L.A., Inc. v. Est. of Marilyn Monroe, LLC*, No. 12-CV-4828 (KPF), 2018 WL 1273343, at *8 n.4 (S.D.N.Y. Mar. 5, 2018) (considering on a motion to dismiss documents that were integral to the complaint and that were referenced therein) (quoting *Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1095 (2d Cir. 1995)); *see also Roth v. Jennings,* 489 F. 3d 499, 505 (2d Cir. 2007) (concluding that the defendants' public statements in documents referred to in the complaint could not be contradicted by the plaintiff's unsupported allegations to the contrary); *Poindexter v. EMI Rec. Grp. Inc.*, No. 11-CV-0559 (LTS) (JLC), 2012 WL 1027639, at *2 (S.D.N.Y. Mar. 27, 2012) (explaining that "[i]f a document relied on in the complaint contradicts allegations in the complaint, the document, not the allegations, control, and the court need not accept the allegations in the complaint as true" and dismissing a claim based on the language of a contract that was the basis of the plaintiff's claim but that was not attached to the amended complaint); *DeMasi v. Benefico*, 567 F. Supp. 2d 449, 458 n.7 (S.D.N.Y. 2008) (relying on the letter from the plaintiff's doctor, which was considered integral because "the complaint relie[d] heavily upon its terms and effect" and described the plaintiff's disability in less severe terms than alleged by the plaintiff in the complaint, to dismiss the plaintiff's failure to accommodate claim); *Bristol-Myers Squibb Secs. Litig.,* 312 F. Supp. 2d 549, 569 (S.D.N.Y. 2004) (rejecting allegations by the

---

[5] These citations are to the sealed versions of the ODS and GBM Office Emails. The documents at ECF 218-1 and ECF 218-2 are placeholders for the ODS and GBM Office Emails.

plaintiff that were shown to be "demonstrably false" by documents integral to the complaint); *Matusovsky v. Merrill Lynch,* 186 F. Supp. 2d 397, 400 (S.D.N.Y. 2002) (stating that if a plaintiff's allegations are contradicted by a document that may be considered on a motion to dismiss, the allegations are insufficient to defeat the motion, and dismissing a claim based on the terms of a general release discussed in the complaint).

**CONCLUSION**

For the foregoing reasons, the Motion (**ECF 256-2**) is **DENIED**. The Clerk of Court is respectfully requested to terminate **ECF 253**.

Dated: October 23, 2026
New York, NY

SO ORDERED.

______________________________
**ROBYN F. TARNOFSKY**
**United States Magistrate Judge**