# JOHN DOE

PO Box #250050
New York, NY 10025
(917) 450-9050

**Direct Dial: (917) 450-9050**
**Direct Email: johndoe.casemail@gmail.com**


November 9, 2026

**VIA ECF**
The Honorable Robyn F. Tarnofsky
United States District Court
Southern District of New York
500 Pearl Street, Room 703
New York, NY 10007

**Re: *Doe v. Columbia University* No. 1:25-cv-02132 (DEH) (RFT); Plaintiff's Motion to Correct Material Errors and Inaccuracies in this Court's October 23, 2026 Order (ECF 269) Denying Plaintiff's [253] Motion for Reconsideration**

Dear Judge Tarnofsky:

Plaintiff writes to respectfully request that Your Honor issue a correction of two (2) material errors and inaccuracies in Your Honor's October 23, 2026 Order (ECF 269) denying Plaintiff's [253] Motion for Reconsideration.

The first material error that Plaintiff requests to be corrected in Your Honor's order is the material misrepresentation of Plaintiff's arguments contained in Plaintiff's MFR. In denying Plaintiff's Motion for Reconsideration your honor stated "[s]pecifically, Plaintiff argues that…it would be manifestly unjust to decline to reconsider my recommendation that his motion to amend should be denied [] ECF 256 Ex. 2, MFR" (*See* MFR at 1). This statement by Your Honor is materially inaccurate. Plaintiff did not argue *any* such thing in his MFR or in his Reply in further support of his MFR. Rather, what Plaintiff *actually* argued on his MFR's manifest injustice theory was that "[r]econsideration of this Court's September 8, 2026 Corrected Opinion and Order denying Plaintiff's May 28, 2026 [220] Motion to Exclude is Warranted to Prevent Manifest Injustice to Plaintiff." (*See* MFR at 8). Plaintiff further argued that " [i]t would be manifest injustice to Plaintiff if the Court is permitted to consider Defendant's cherry-picked, out-of-context, misleading, and extrinsic exhibits [to contradict Plaintiff's allegations] in adjudicating Plaintiff's Motion to Amend the Complaint in determining whether Plaintiff's ADA claim is futile as a matter of law" *Id.* Plaintiff further argued that "converting [Columbia's] disagreements with Plaintiff's factual allegations into a basis for rejecting those well-pleaded allegations at the pleading stage by crediting Columbia's extrinsic evidence over Plaintiff's well-pleaded account of what *actually* occurred would be manifestly unjust" *See* Id. Further, in Plaintiff's Reply in further support of Plaintiff's MFR Plaintiff argued that " As Judge Ho explained [in *Gerard v. 1199 Nat'l Benefit Funds,* No. 23 CIV. 7950 (DEH), 2025 WL 3120752, (S.D.N.Y. Nov. 7, 2025)] reconsideration was warranted "to correct a clear error and to prevent manifest injustice".

*Never,* in did Plaintiff argue in his MFR that it would be manifestly unjust for Your Honor to decline to reconsider Your Honor's Report and Recommendation that his motion to amend should be denied. Plaintiff expressly declined to challenge Your Honor's R&R through his MFR stating the following verbatim in his Reply in further support of his MFR:

> "Plaintiff declines to address Columbia's remaining arguments, which Plaintiff construes as an invitation by Columbia to relitigate the merits of Your Honor's September 8, 2026 Corrected R&R through briefing on Plaintiff's Motion for Reconsideration of the separate Order denying Plaintiff's Motion to Exclude. Plaintiff declines to do so here." (*See* Pl.'s Reply ECF 264 at 4). Plaintiff expressly argued that "Should Your Honor determine that reconsideration of the Order warrants any corresponding modification of the Corrected R&R, Columbia will have the opportunity to file any timely objections thereto pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure." *See* Id.

The second, and perhaps more troubling material error and inaccuracy that Plaintiff requests to be corrected in Your Honor's order denying Plaintiff's MFR is the Court's material misrepresentation of the Second Circuit's holding in *Roth v. Jennings*, 489 F. 3d 499, 505 (2d Cir. 2007). Your Honor cited *Roth* for its purported holding that "Where...extrinsic "documents properly considered on a motion to dismiss contradict the pleadings, the Court need not accept those pleadings as true *see*…*Roth v. Jennings*, 489 F. 3d 499, 505 (2d Cir. 2007) (concluding that the defendants' public statements in documents referred to in the complaint could not be contradicted by the plaintiff's unsupported allegations to the contrary)" Order at 6. But the Second Circuit did not hold *any* such thing in *Roth*. It held the opposite[1].Your Honor's quote is taken from the Second Circuit's *discussion on appeal* of the district court's reasoning in *Roth* — which the Second Circuit rejected in *Roth* and expressly declined to adopt stating:

> "The cases cited by the district court for the proposition that "*if a plaintiff's allegations are contradicted by a document* considered in determining a Rule 12(b)(6) motion, *those allegations are insufficient* to defeat the motion," *id.* (citing *Matusovsky v. Merrill Lynch,* 186 F.Supp.2d 397, 400 (S.D.N.Y.2002)) (emphases ours), *i.e.,* that "when documents contain statements that contradict the allegations in the complaint, *the documents control* and the court need not accept as true the allegations contained in the complaint," **District Court Opinion**, 2006 WL 278135, at *5 (citing *Rapoport v. Asia Electronics Holding Co.,* 88 F.Supp.2d 179, 184 (S.D.N.Y.2000)) (emphasis ours) are not applicable to the present case. These cases fall squarely within the principle that the contents of the document are controlling **where a plaintiff has alleged that the document contains, or does not contain, certain statements…However, such documents may properly be considered only for "what" they contain, "not to prove the truth" of their contents"** *See Roth v. Jennings*, 489 F.3d 499, 510–11 (2d Cir. 2007).

[1] In *Roth* the Second Circuit *actually* held that the contents of the document are controlling "where a plaintiff has alleged that the document contains, or does not contain, certain statements" and that "such documents may properly be considered *only* for "what" they contain, "not to prove the truth" of their contents" *See Roth v. Jennings*, 489 F.3d 499, 510–11 (2d Cir. 2007) — which is *binding,* and highly relevant to Plaintiff's MFR.

Your Honor’s order clearly attributes a holding to the Second Circuit Court of Appeals that the Second Circuit did not hold in that case, and relied on said nonexistent holding to reject Plaintiff’s Motion for Reconsideration. As discussed *supra* what the Second Circuit *actually* held in *Roth* was that that “the contents of the document are controlling **where a plaintiff has alleged that the document contains, or does not contain, certain statements**”. Id. And further held that “such documents may properly be considered **only for “what” they contain, “not to prove the truth” of their contents”** *See Roth v. Jennings*, 489 F.3d 499, 510–11 (2d Cir. 2007). With this being said, Plaintiff most respectfully submits that Your Honor would be hard-pressed to find *any* alternative authority in this circuit that would support Your Honor’s conclusion that Columbia’s extrinsic documents offered to prove the truth of its contents can be used by *this* Court to contradict Plaintiff’s well-pled allegations in Plaintiff’s PAC at the pleading stage — because no such alternative authority exists in this circuit. And *Roth v. Jennings* is binding on this Court.

Plaintiff further respectfully submits that neither his arguments nor binding Second Circuit precedent should be characterized in a manner wholly inconsistent with their actual contents and therefore respectfully requests that Your Honor correct the two material errors and inaccuracies identified herein. Plaintiff specifically requests that Your Honor correct Your Honor’s characterization of Plaintiff's MFR to accurately reflect that Plaintiff sought reconsideration of the Court's September 8, 2026 Corrected Opinion and Order denying Plaintiff's Motion to Exclude, not reconsideration of the Court's separate R&R that Plaintiff's Motion to Amend the Complaint be denied. Plaintiff further respectfully requests that Your Honor correct Your Honor’s characterization of the Second Circuit's holding in *Roth v. Jennings*, 489 F.3d 499 (2d Cir. 2007), to accurately reflect its *actual* holding, as well as the distinction it expressly recognized between considering extrinsic documents for what they contain versus considering them for the purpose of contradicting a plaintiff's well-pleaded factual allegations at the pleading stage. Accordingly, Plaintiff requests that Your Honor issue an appropriate correction to the October 23, 2026 Order (ECF 269) to ensure that the record accurately reflects Plaintiff's arguments and the governing law.

Plaintiff emphasizes that this application is not a successive motion for reconsideration, nor does Plaintiff seek to relitigate the merits of his previously denied Motion for Reconsideration. Rather, Plaintiff seeks the correction of two material errors and inaccuracies in Your Honor’s October 23, 2026 Order — the mischaracterization of the arguments Plaintiff actually advanced in support of his MFR and the mischaracterization of the Second Circuit's holding in *Roth v. Jennings*. Plaintiff submits that these corrections are warranted independently of whether the Court ultimately adheres to its decision denying Plaintiff’s MFR. Indeed, the accuracy of the Court's characterization of Plaintiff's arguments and controlling Second Circuit precedent is no less important merely because the Court has declined to grant the relief Plaintiff requested.

Respectfully Submitted,

John Doe,
Plaintiff, *Pro Se*

cc: Counsel for Defendant Columbia University (VIA ECF)