# JOHN DOE

PO Box #250050
New York, NY 10025
(917) 450-9050

**Direct Dial: (917) 450-9050**
**Direct Email: johndoe.casemail@gmail.com**


November 12, 2026

**VIA ECF**
The Honorable Robyn F. Tarnofsky
United States District Court
Southern District of New York
500 Pearl Street, Room 703
New York, NY 10007

**Re: *Doe v. Columbia University* No. 1:25-cv-02132 (DEH) (RFT)**

Dear Judge Tarnofsky:

Plaintiff writes in response to a question Your Honor raised in Your Honor's November 10, 2026 Order (ECF 271) granting in part and denying in part Plaintiff's November 10, 2026 Motion to Amend/Correct (ECF 270).

On September 8, 2026 Your Honor issued a now-stricken Report and Recommendation ("R&R") (ECF 246) recommending that Plaintiff's Motion to Amend his ADA claim be denied on futility grounds. Contained therein, was a *separate* Order denying Plaintiff's Motion to Exclude/Strike Columbia's extrinsic exhibits attached to its opposition to Plaintiff's Motion to Amend the Complaint *(See* ECF 246 at 6-10), which Columbia offered to the Court for the truth of their contents and for the purpose[1] of contradicting Plaintiff's well-pled allegations in the PAC.

Your Honor's Order denied Plaintiff's Motion to Correct Your Honor's characterization of Plaintiff's [253] Motion for Reconsideration ("MFR") which Your Honor inaccurately characterized as a challenge to Your Honor's now-stricken [246] R&R on Plaintiff's Motion to Amend the Complaint — rather than as a challenge to the *separate* Order contained in the now-stricken R&R denying Plaintiff's Motion to Exclude/Strike Columbia's extrinsic exhibits attached to its opposition to Plaintiff's Motion to Amend the Complaint. Your Honor's Order stated that the grounds for Your Honor's denial decision, was that Your Honor "do[es] not understand the distinction that Plaintiff seeks to make" between Your Honor's now-stricken [246] R&R denying Plaintiff's Motion to Amend the Complaint — specifically Plaintiff's proposed ADA claim — and the separate Order contained therein, denying Plaintiff's Motion to Exclude/Strike Columbia's extrinsic exhibits attached to its opposition to Plaintiff's Motion to Amend the Complaint.

[1] In *Roth v. Jennings*, 489 F.3d 499, 510–11 (2d Cir. 2007) the Second Circuit held that the contents documents are controlling "where a plaintiff has alleged that the document contains, or does not contain, certain statements" and that "such documents may properly be considered *only* for "what" they contain, "not to prove the truth" of their contents".

With respect to Your Honor's question concerning the "distinction Plaintiff seeks to make", **Your Honor's Order denying Plaintiff's Motion to Exclude Columbia's extrinsic exhibits and Your R&R recommending denial of Plaintiff's proposed ADA claim as futile were two separate judicial determinations by Your Honor**, although contained within the same docket entry (ECF 246). Plaintiff's MFR (ECF 253) challenged the former, not the latter. **Even Your Honor's own September 8, 2026 and September 23, 2026 Orders characterized Plaintiff's Motion for Reconsideration as "reconsideration of [Your Honor's] corrected opinion and order denying [Plaintiff's motion to strike (ECF 220)." (*See* ECF 247 at 2, 3 and ECF 253 at 1).** Accordingly, Plaintiff is correct, that Your Honor's characterization of Plaintiff's MFR as a challenge to Your Honor's R&R is materially inaccurate. And Your Honor's contention that Your Honor now, somehow, "does not see the distinction" seems implausible to Plaintiff, considering that Your Honor expressly recognized this very distinction in Your Honor's own very recent prior rulings (*See again* ECF 247 at 2, 3 and ECF 253 at 1). Plaintiff instead challenged the R&R's ADA futility recommendation through separate and timely filed objections to Judge Ho for *de novo* review pursuant to Federal Rule of Civil Procedure 72(b). Thus, the distinction concerns the specific ruling being challenged, the procedural mechanism through which it is challenged, and the relief requested through that challenge, notwithstanding the overlapping legal issues.

Indeed, if your Honor determines upon further review, that the basis for Your Honor's now-stricken R&R on Plaintiff's Proposed ADA claim was based on a misapplication of law, Your Honor could also determine that Your Honor's R&R on Plaintiff's Motion to Amend his ADA Claim warrants a correction and *sua sponte* issue whatever correction Your Honor deems appropriate. As a matter of logic indeed, **a legal conclusion premised on an erroneous application of law cannot be sustained on that same erroneous premise**. Rather, Your Honor must determine whether the conclusion that Plaintiff's Proposed ADA claim is futile as a matter of law *remains* legally supportable under the *correct* application of the law i.e., *Roth v. Jennings*. Plaintiff respectfully submits that this distinction is *particularly* consequential here, where Your Honor's R&R on Plaintiff's Proposed ADA claim rises and falls with Your Honor's application of the law — as it bears *directly* upon whether Columbia's extrinsic exhibits may properly be considered by this Court for the truth of their contents and to contradict Plaintiff's well-pleaded factual allegations in the PAC when determining whether Plaintiff's proposed ADA claim is futile as a matter of law. Indeed, if upon further review Your Honor determines that Columbia's extrinsic exhibits may *not* properly be considered by this Court at this stage for the truth of their contents and to contradict Plaintiff's well-pleaded factual allegations in the PAC when determining whether Plaintiff's proposed ADA claim is futile, such a determination would logically warrant a correction to the R&R insofar as the R&R premised its conclusion on an erroneous application of the law.

Your Honor's continued attention to this matter is greatly appreciated.

Respectfully Submitted,

John Doe,
Plaintiff, *Pro Se*

cc: Counsel for Defendant Columbia University (VIA ECF)